JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-VKD |
| Plaintiff, | **ADMINISTRATIVE MOTION TO REPLACE THE COMPLAINT AT DKT. NO. 1-1 WITH DKT. NO 9-2 AND THE CIVIL COVER SHEET AT DKT NO. 1-2 WITH DKT. NO 9-3** |
| v. | |
| THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*, | |
| Defendants. | |

Pursuant to Civil L.R. 7-11, the Plaintiff moves this Court to grant the Plaintiff an administrative remedy.

As set in the Plaintiff's declaration under the penalty of perjury in support thereof filed concurrently herewith, the initial complaint mailed out to this Court was not the final version of the complaint the Plaintiff intended to file in this Court. This was caused because this District Court does not allow *pro se* litigants to initiate new cases through PACER, and the Plaintiff had to ask a friend to mail out the complaint and other case-initiating documents because the Plaintiff is not in the United States. And it seems like the old version of the complaint was improvidently mailed out

1

ADMINISTRATIVE MOTION TO REPLACE THE COMPLAINT AT DKT. NO. 1-1 WITH DKT. NO 9-2 AND THE CIVIL COVER SHEET AT DKT NO. 1-2 WITH DKT. NO 9-3

5:26-cv-03809-VKD

to this Court. *See generally* Decl. of Jane Doe in Support. There is only a minor difference in these versions, mostly relating to this Court's diversity jurisdiction, driven from 28 U.S.C. § 1332.

As such, the Plaintiff moves for an Order that will replace the Complaint at Dkt. No. 1 with the Complaint provided at Dkt. No. 9-2. Courts in this district routinely grant such relief. *See, e.g., Kovalenko v. Kirkland*, No. 22-cv-05990-HSG, 2026 LX 112432, at *5 (N.D. Cal. Mar. 26, 2026); *see also Sierra Club v. United States EPA*, 505 F. Supp. 3d 982, 990 (N.D. Cal. 2020).

The Plaintiff also moves this Court for an Order that will replace the Civil Cover Sheet at Dkt. No. 1-2 with what is provided to this Court at Dkt. No. 9-3 as that was also the old version of the Civil Cover Sheet that was improvidently filed in this Court.

Finally, given the minuteness of this clerical error, it would probably be in order for the Clerk to file-stamp the corrected Complaint nunc pro tunc to April 30, 2026, when the Clerk of the Court actually received the Complaint. "Federal courts may issue nunc pro tunc orders, or 'now for then' orders, . . . to 'reflect the reality' of what has already occurred." Roman Catholic Archdiocese of San Juan v. Feliciano, 589 U.S. 57, 65, 140 S. Ct. 696, 206 L. Ed. 2d 1 (2020). "In other words, nunc pro tunc relief corrects clerical errors so the record accurately reflects actions taken[.]" *Fernandez v. Duarte*, No. 3:22-cv-00446-BAS-VET, 2024 LX 94525, at *2 (S.D. Cal. Dec. 18, 2024).

And because the error is purely typographical/clerical, it is the undersigned's contention that this does not constitute an amendment to the Complaint under Federal Rules of Civil Procedure 15 as it is a simple *administrative* remedy for replacement.

If the Court grants the Plaintiff leave to proceed *in forma pauperis* after screening the complaint for sufficiency under 28 U.S.C. § 1915(e)(2) and orders service of it thereto by U.S.

ADMINISTRATIVE MOTION TO REPLACE THE COMPLAINT AT DKT. NO. 1-1 WITH DKT. NO 9-2 AND THE CIVIL COVER SHEET AT DKT NO. 1-2 WITH DKT. NO 9-3

5:26-cv-03809-VKD

Marshal's Service, the undersigned contends that the replaced Complaint be served on the defendants.

Respectfully submitted,

DATED: May 1, 2026.

/s/ Jane Doe

JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION TO REPLACE THE COMPLAINT AT DKT. NO. 1-1 WITH DKT. NO 9-2 AND THE CIVIL COVER SHEET AT DKT NO. 1-2 WITH DKT. NO 9-3

5:26-cv-03809-VKD