JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809 |
| Plaintiff, | **NOTICE OF PENDENCY OF OTHER STATE COURT ACTION AS PER CIVIL L.R. 3-13** |
| v. | |
| THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*., | (Filed Concurrently with a copy of the Petition in compliance with Civil L.R. 3-13 (b)(2)] |
| Defendants. | |

**COMES NOW BEFORE THIS HONORABLE COURT** the Plaintiff and, in addition to her request for judicial notice at Docket No. 5, provides notice herein of the pendency of other state court action as per Civil Local Rule 3-13.

Pursuant to Civil L.R. 3-13 (b), the Plaintiff shall provide notice as required by the forenamed Local Rule for each individual factor requiring notice.

### 1. A description of the other action

A petition for writ of administrative mandate under California Code of Civil Procedure 1094.5 was filed on here-Defendant (there-Respondent) The Board of Trustees of Leland Stanford Junior University's ("Stanford") decision to expel the Plaintiff. Such a petition for administrative writ of

1

mandate is the appropriate vehicle to challenge a private university's adverse/disciplinary action against a student. *See Boermeester v. Carry,* 15 Cal. 5th 72, 86 (2023) ["We have never previously applied section 1094.5 to a private university's disciplinary decisions. We nevertheless find that section 1094.5 writ review is appropriate[.]"] (*Boermeester*). *See also Doe v. Regents of Univ. of Cal.,* 118 Cal. App. 5th 1245, 342 Cal. Rptr. 3d 263 (2026); *see also Doe v. Claremont McKenna Coll.,* 25 Cal. App. 5th 1055, 236 Cal. Rptr. 3d 655 (2018). The failure to file a petition for writ of administrative mandate is considered a failure to exhaust administrative remedies and will bar any future action. *See Gupta v. Stanford University* 124 Cal.App.4th 407 (2004).

"Judicial review [in such cases] is limited to 'whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.' (§ 1094.5, subd. (b).)" *Boermeester, supra,* at p. 85.

In "such cases" "the common law doctrine of fair procedure applies[.]" *Boermeester, supra,* at p. 86.

### 2. <u>A brief statement of the procedural posture of the other action</u>

The petition was filed on November 26, 2025. The there-respondents filed an answer to the petition on February 26, 2026. No brief has been filed on the petition and the petition is pending disposition.

### 3. <u>The relationship of the other action to the action or proceeding pending in this district, and the nature of the overlap of subject matter and/or parties</u>

Other than the overlap of parties (Defendants The Board of Trustees of Leland Stanford Junior University, Richard H. Shaw, Michael Devlin) and the plaintiff (Jane Doe), the overlap ends there. As explained *infra*, this action is *completely different* than the state court action. No abstention, no exhaustion, no claim-splitting affect this action. As such, the state petition is, other than including

the same parties, totally irrelevant. Indeed, the Plaintiff initially contemplated not filing this notice, but because the defendants keep bringing up the state action claim, the Plaintiff thought it best that this notice is filed forthwith.

### IV. The other action is pending before California state court, but proceedings should not be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action

#### a. Abstention and Exhaustion Doctrines Do Not Apply

The doctrine of exhaustion of administrative remedies do not apply on Section 1983 claims. "When federal claims are premised on [§ 1983] — as they are here — [the Supreme Court] [has] not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights[.]" *Steffel v. Thompson*, 415 U. S. 452, 472-473 (1974); *accord Patsy v. Board of Regents of Fla.*, 457 US 496, 501 (1982).

*Ohio Civil Rights Comm'n v. Dayton Christian School, Inc.*, 477 U.S. 619 (1986) found that some form of (*Younger*) abstention may still apply if a state proceeding is underway, the movant is able to vindicate their constitutional claims in the state proceeding, and the state has an interest in the proceeding. Here, none of those considerations exist. Indeed, the Plaintiff will not be allowed "litigate [her] constitutional claim" in a petition for writ of administrative mandamus, as review is only limited to whether substantial evidence supports the findings of the inferior corporation. *Id.*, at p. 620. *See infra* at pp. 3-5. *As* such, none of the abstention doctrines apply herein.

#### b. *Colorado River* Does Not Apply

Although "*Colorado River* is not an abstention doctrine, … it shares the qualities of one." *United States v. State Water Resources Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021). A stay or dismissal under *Colorado River* is reserved for "exceptional" circumstances in which the presence of a "concurrent state proceeding" provides "the clearest of justifications" for surrendering federal jurisdiction. *Id.* at 1202–03 (citations and alterations omitted). The Ninth Circuit has instructed

NOTICE OF PENDENCY OF OTHER STATE COURT ACTION AS PER CIVIL L.R. 3-13

Case no. 5:26-cv-03809

courts to consider the following factors in determining whether to stay or dismiss a case under Colorado River: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Id.* at 1203.

"We have held that 'the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes' a *Colorado River* stay or dismissal. *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011), citing *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005), which quotes *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)).

As will be elucidated *infra*, in this instant case, there is substantial—indeed, *clear*—doubt that state proceedings will not resolve—and are not even able to *reach*—the federal claims herein presented. And, needless to note, neither will the state court proceeding be able to "resolve all issues before the federal court", nor will it be able to adequately protect the Plaintiff's constitutional claims and rights secured therein as the proceeding therein will not touch those considerations.

### c.  There is No Claim-Splitting

Plaintiffs "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)[1] (citation omitted) (*Adams*). To determine

---

[1] Partially overruled on other grounds as stated in *Taylor v. Sturgell,* 553 U.S. 880, 904, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

when such improper claim-splitting is present, "we borrow from the test for claim preclusion." *Id*. Under the federal claim-preclusion principles that apply in these federal-question-based suits, the bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies. *Id*. at 689. Closely related to claim preclusion, "the bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and  (2) the same parties or their privies." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (*Mendoza*). *See also Valtrus Innovations, Ltd. v. Google LLC*, No. 25-cv-07063-PCP, 2026 WL 734528, at *23-24 (N.D. Cal. Mar. 16, 2026) (opn. of Pitts, J.).

In cases of claim splitting, a district court may, "[a]fter weighing the equities of the case ... exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d, at p. 688.

To ascertain whether successive causes of action are the same in the context of claim-splitting, courts "use the transaction test, developed in the context of claim preclusion." *Adams,* 487 F.3d at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id*. at 689.

Courts examine four criteria when applying the transaction test: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Ibid*.

The Ninth Circuit has "often held the common nucleus criterion," the last of these criteria, "to be outcome determinative." *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 988 (9th Cir. 2005).

5

"In most cases, the inquiry into the same transactional nucleus of facts is essentially the same as **whether the claim could have been brought in the first action**." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (emphasis added).

As such, the (*semi-*)dispositive question here is "the claim could have been brought in the first action" *Ibid*. The answer is no. And that means that the doctrine of claim-splitting does not bar this action.

Some state-law context is needed herein. It is undeniable that a writ of mandamus is a proceeding in equity. *Ex Parte Whitney* 38 U.S. 404 (1839). California is the only state (as far as the undersigned is aware) that has a codified writ of administrative mandate. The novelty of it was developed in *Standard Oil Co. v. State Board of Equilization* 6 Cal 2d 557 (1936) and some successive cases thereto.

Under California Code of Civil Procedure, section 1094.5, "'[t]he general rule is that a hearing on a writ of administrative mandamus is conducted solely on the record of the proceeding before the administrative agency."' *Cooper v. Kizer* (1991) 230 Cal.App.3d 1291, 1300. As such, the claim therein is one that is of a common-law due-process claim. "An application for a writ of administrative mandamus is a 'special proceeding of a civil nature' governed by the provisions of part 3 of the Code of Civil Procedure." *Dhillon v. John Muir Health*, 2 Cal. 5th 1109, 1115, 218 Cal. Rptr. 3d 119, 123, 394 P.3d 1048, 1051 (2017). Generally, unless another standard applies, courts "review the administrative record to determine whether substantial evidence supports the agency's findings." *Benetatos v. City of L.A.*, 235 Cal. App. 4th 1270, 1281, 186 Cal. Rptr. 3d 46, 56 (2015).

As such, no constitutional claim can be *brought on a writ of administrative mandate petition*. The petition can only challenge whether the evidentiary record supports the findings of the "inferior agency" and cannot grant *any other* relief, including relief in equity.

And, at any event, "same **causes of action** as the first [action]" are not present herein. *Mendoza*, at p. 886 (emphasis added). The *only* cause of action in a petition for writ of administrative mandamus is common-law due-process claims, ones that make the state court review the administrative record for a finding as to whether it will support the findings of the inferior agency. But the Plaintiff's *Fourteenth Amendment* due process claims are not analogue to those common-law *due process* claims.  *See, e.g., Int'l Tech. & Univ. Found. v. Wasc Senior Coll. & Univ. Comm'n, No.* 25- 17 cv-08277-PCP, 2026 LX 146810 (N.D. Cal. Mar. 13, 2026) (opn. of Pitts, J.) (adopting the reasoning of *William Loveland Coll.v. Distance Educ. Accreditation Comm'n,* 347 F. Supp. 3d 1, 12 19 n. 11 (D.D.C. 2018) (collecting cases), *aff d sub nom. William Loveland Coll. v. Distance Educ. 20 Accrediting Comm'n,* 788 F. App'x 5 (D.C. Cir. 2019) (finding that in a common-law due-process claim, a court will only review the matter on the administrative record and will not 'doubt' the findings of an administrative officer unless unsupported by the administrative record before the court).

As such, in the instant case, "two suits [do not] involve infringement of the **same right**" *Adams*, at p. 689 (emphasis added), as the claim herein involves a right gained from the federal constitution, the other from the common law tradition and as it was perceived under the banner of doctrine of *in loco parentis* (among others).

### d.  There Will Be Conflicts at Any Event

*First*, this petition does not *only* raise Fourteenth Amendment procedural due process claims. But it does raise them, indeed. At any event, there will not be any conflict because **the state court is unable to reach to the question as to whether the Plaintiff's _Fourteenth Amendment due process_** rights were violated.

NOTICE OF PENDENCY OF OTHER STATE COURT ACTION AS PER CIVIL L.R. 3-13

Case no. 5:26-cv-03809

If the state court adjudges to set aside the there-Respondent Stanford's administrative decision, it will only do so because common-law due process claims would warrant so.

Indeed, the California Supreme Court could not have made this more clear: "The principles of common law fair procedure are **similar** to those of constitutional due process[.]" *Boermeester, supra*, at p. 87. But "**[t]his is not to say that fair procedure and due process are identical.** Due process is a constitutional right designed to protect citizens from abuses of state power, and it does not apply here since no state action is involved. Fair procedure, on the other hand, is a more flexible judicially created concept applicable to private organizations in limited situations." *Boermeester, supra,* at p. 87 (emphasis added).

As such, *this* action would only be *related* to the state proceeding *if—and only if—*the Plaintiff brought herein also common-law due-process claims. She did not do so, however. This action does not bear upon the state action.

### e. Conservation of Resources and Promoting an Efficient Determination of the Action Would Warrant this Action to Proceed As Is

Again, "[w]hen federal claims are premised on [§ 1983] — as they are here — [the Supreme Court] [has] not required exhaustion of state judicial or administrative remedies, **recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights**[.]" *Steffel v. Thompson*, 415 U. S. 452, 472-473 (1974) (*Steffel*); *accord Patsy v. Board of Regents of Fla.*, 457 US 496, 501 (1982) (citing the same) (emphasis added).

Requiring the Plaintiff to await adjudication of that state petition **to be able to vindicate her constitutional claims and the injury she suffers because the defendants elected the violate the United States Constitution is** *against* **"paramount role Congress has assigned to the federal courts to protect constitutional rights"** *Ibid*.

"[I]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976)).

Conservation of judicial resources do not apply to simultaneous proceeding were *completely different* rights are being vindicated.

And an **efficient administrative of justice would require the defendants to be enjoined from preventing the Plaintiff from enjoying the rights and liberties our federal Constitution has bestowed upon her as a 'person'.** *See generally* U.S. CONST., amend. XIV. "[T]he respect the Constitution demands for the autonomy of the person" will be eviscerated to shreds if the defendants are delayed from being enjoined violating the Plaintiff's rights secured under our Constitution. *Lawrence v. Texas*, 539 U.S. 558, 574 (2003).

### V. Conclusion

For the foregoing reasons, this action should proceed on its own pace with **no regard** given to the irrelevant state proceeding. Not doing so would **eviscerate to shreds** the "paramount role Congress has assigned to the federal courts to protect constitutional rights[.]" *Steffel, supra*, at p. 472-473. More importantly, it would allow administrative proceedings in inferior corporations to be permitted to delay the vindication of constitutional rights for eons, **tying these fragile constitutional protections to the arbitrary whims of the very inferior corporations that encroach upon them in the first place.**

Our Constitution requires—*nay*, **demands**—fast resolution of constitutional claims and quickest enjoinment of any encroachment upon our inalienable rights secured thereunder. **<u>Allowing a private corporation to *interfere* with that right…would annul our Constitution *de facto*</u>**. **<u>It would *abdicate* its protection to the arbitrary whims and desires of that very private</u>**

**corporation that had encroached upon the Plaintiff's constitutional liberties and rights in the first place.** In this case, and in any other similarly-situated case, such an outcome would be a *travesty*.

Once again, "it is well established that the deprivation of constitutional rights **'unquestionably constitutes irreparable injury**.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (emphasis added). Such injury exists here, and this Court should not delay itself from enjoying it thereto, reminding the defendants that the Plaintiff is a 'person' under our Constitutional order, one that cannot be taken away by bully bandits like Defendant Shaw.

Respectfully submitted,

DATED: May 4, 2026.

/s/ Jane Doe

JANE DOE

In Propria Persona

NOTICE OF PENDENCY OF OTHER STATE COURT ACTION AS PER CIVIL L.R. 3-13

Case no. 5:26-cv-03809