UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE,

        Plaintiff,

    v.

BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,

        Defendants.

Case No.  5:26-cv-03809-BLF

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

[Re:  ECF Nos. 9, 11]

Pro se Plaintiff, proceeding under pseudonym, has filed an *ex parte* application for a temporary restraining order ("TRO") directing Defendants—administrators and staff at Leland Stanford Junior University ("Stanford")—to reinstate her admission, provide her with transportation to Stanford, and renew her original housing contract.  ECF No. 11 ("App."). Plaintiff also moves to "replace" her original complaint.  ECF No. 9.  As she is entitled to amend the complaint as of right, the motion is GRANTED, and the Court construes the exhibit attached thereto as the operative pleading in this action.  *See* ECF No. 9-2 ("Compl.").

For the following reasons, the application is DENIED.

## I.   BACKGROUND

Plaintiff is a former undergraduate student at Stanford who alleges that she was expelled in retaliation for filing a federal complaint against Stanford.  Compl. ¶¶ 1, 2.  She filed the complaint in this judicial district on April 21, 2025, alleging that Defendants deprived her of her federal constitutional rights after she was mistreated by a police officer employed by the Stanford Department of Public Safety ("SPDS").  *Id.* ¶ 22; *see also Doe v. Smith*, No. 25-cv-03490-PCP,

ECF No. 1 (filed April 21, 2025) ("*Doe I*").[1]  Plaintiff alleges that, after she filed suit against Stanford and other Defendants, Defendants began to "investigate [her] admissions application [sic] into the university because of [her] suing them in this Court" on April 21, 2025.  Compl. ¶ 24.

Defendants' investigation apparently revealed that Plaintiff, who was admitted to Stanford as a first-year student, failed to disclose in her application that she was previously matriculated at William Marsh Rice University ("Rice") in Houston, Texas.  Compl. ¶ 38.  Following the investigation, which lasted several months and caused Plaintiff "intense anxiety and turmoil," *id.* ¶ 73, Defendants expelled her on August 21, 2025, without "providing [her] a hearing to contest the allegations[] [or] providing [her] the opportunity to respond to the evidence," *id.* ¶ 74.  Following Plaintiff's expulsion, Defendants revoked her Student and Exchange Visitor Program enrollment (thereby "effectively annulling" her student visa) and cancelled her rental contract for on-campus housing.  *Id.* ¶¶ 80–81.

The complaint alleges eighteen causes of action against Defendants Stanford, Stanford administrators and university officials, and SPDS officers and deputies, including deprivation of constitutional rights pursuant to 42 U.S.C. § 1983, violation of the Tom Bane Civil Rights Act, various common law torts, and breach of contract.  Compl. ¶¶ 2–14, 61–160.  Plaintiff filed the TRO application on May 2, 2026, shortly after initiating this action.

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

---

[1] The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b)(2).  The Court may accordingly take judicial notice of Plaintiff's prior suit against Defendants and the pleadings in that action.  *See, e.g.*, *Burbank–Glendale–Pasadena Airport Authority v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998).  That said, the Court limits its judicial notice to the existence and contents of such pleadings without accepting as true the facts found or alleged therein.  *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1159 (C.D. Cal. 2011).

United States District Court
Northern District of California

entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## III.    DISCUSSION

Plaintiff is not entitled to a TRO—a remedy reserved for "emergency situations"—because she has unnecessarily delayed in seeking relief. *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 20 n.33 (1980). "Parties facing the threat of immediate and irreparable harm generally seek a restraining order as quickly as possible." *Lee v. Haj*, No. 16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016). "A plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, No. 21-cv-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying TRO application where plaintiff waited "a full month" before seeking relief).

In the Ninth Circuit, delays of one month or more is a "common ground[]" for denying TRO applications. *UnifySCC v. Cody*, No. 22-cv-01019-BLF, 2022 WL 686310, at *1 (N.D. Cal. Mar. 8, 2022) (collecting cases). Here, Plaintiff waited much longer. Stanford expelled Plaintiff on August 21, 2025, Compl. ¶ 74, but Plaintiff did not file the original complaint in this case until April 30, 2026, more than eight months after her expulsion. *See* ECF No. 1. Plaintiff's delay is only exacerbated by her failure to seek timely relief in *Doe I*, which she in fact dismissed with prejudice the day of her expulsion and in which, since April of this year, she appears to have filed more than a dozen lengthy motions for administrative relief. *See* No. 25-cv-03490-PCP ECF No. 65 (order dated August 21, 2025, granting stipulation of dismissal with prejudice); *see also id.* at ECF Nos. 68, 69, 72, 75, 81, 82. Her delay in seeking the "extraordinary remedy" of temporary injunctive relief "counsels against a finding of 'immediate and irreparable harm' and is thus

United States District Court
Northern District of California

grounds alone for denying the motion." *UnifySCC*, 2022 WL 686310 at *2 (quoting *Winter*, 555 U.S. at 22).

Because Plaintiff's TRO request is untimely, the Court need not reach the merits of the claims alleged in the complaint. This denial is without prejudice to filing a noticed motion for a preliminary injunction giving Defendants (who have not yet appeared in this action) an opportunity to be heard.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion to "replace" the original complaint is GRANTED. The Court deems the filing at ECF No. 9-2 as the first amended complaint.

(2) The *ex parte* application for a temporary restraining order is DENIED without prejudice to filing a motion for preliminary injunction after Defendants have been properly served with the summons and complaint.

(3) There being no Defendants appearing in this action to object, the concurrently filed motion to file under seal certain exhibits in connection with the application is GRANTED. Defendants may object to such sealing upon appearing in this action.

(4) This order terminates ECF Nos. 9, 11.

Dated:  May 4, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4