JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*,<br><br>Defendants. | Case No.:  5:26-cv-03809-BLF<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN UNNOTICED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND ADMINISTRATIVE MOTION FOR LEAVE TO EFFECTUATE CHAMBER COPIES ON THIS COURT VIA ELECTRONIC MAILING OR RELIEF FROM EFFECTUATING CHAMBER COPIES**<br><br>Before the Honorable Beth L. Freeman |

Pursuant to Civil L.R. 7-11, the Plaintiff hereby respectfully moves this Court for "miscellaneous administrative" relief.

As averred earlier to this Court, *see* ECF No. 6, the Plaintiff intended to, pursuant to the provisions of *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), file a motion for leave to proceed pseudonymously in this action. That motion is likely to be ready mid-next week. The Plaintiff complied with this Court's Civil Standing Order, ordering parties to "reserve" hearing dates "by contacting Judge Freeman's Courtroom Deputy Clerk" (*Id*., at p. 1) earlier this morning (the Court's time). The Plaintiff did so; however, she noticed that, as this Court

1

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN UNNOTICED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND ADMINISTRATIVE MOTION FOR LEAVE TO EFFECTUATE CHAMBER COPIES ON THIS COURT VIA ELECTRONIC MAILING OR RELIEF FROM EFFECTUATING CHAMBER COPIES

5:26-cv-03809-BLF

recognizes, since no "Defendants have […] yet appeared in this action" (ECF No. 18, at p. 4), it would be quite *counterintuitive* to file a noticed motion at this procedural juncture. The Plaintiff writes this with the cognizance that this Court orders that a "final brief" ought not be filed less than "14 days before the hearing [date] [,]" (Civil Standing Orders of the Honorable Beth L. Freeman, at p. 1) and, as such, any noticed motion filed herein would likely result in the final brief's filing date not complying with this Court's standing order, since it is unclear when the Defendants will appear in this action, provided that the Court finds the operative complaint sufficient under 28 U.S.C. § 1915(e)(2)(B)[1]. *See also* Civil L.R. 7-2 (finding that a noticed motion be "served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion"). As such, the Plaintiff seeks leave from this Court to be able to file the said motion to proceed pseudonymously *unnoticed* at this procedural juncture and *re-notice* it appropriately when the defendants appear in this action, provided that the Complaint meets the "the low threshold for proceeding past the screening stage." *Mullin v. City of Mt. View*, No. 25-cv-02191-BLF, 2025 LX

---

[1] As far as the Plaintiff is aware, the Court has not issued any Order screening the Complaint as per 28 U.S.C. § 1915(e)(2)(B). The Plaintiff understands this Court's order at Dkt. No. 25 as only granting leave to proceed *in forma pauperis*, which is a different inquiry than the pre-screening of complaints.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN UNNOTICED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND ADMINISTRATIVE MOTION FOR LEAVE TO EFFECTUATE CHAMBER COPIES ON THIS COURT VIA ELECTRONIC MAILING OR RELIEF FROM EFFECTUATING CHAMBER COPIES

5:26-cv-03809-BLF

165668, at \*6 (N.D. Cal. June 6, 2025) (order of Freeman, J.), citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)[2].

But because a noticed motion cannot technically be filed without a *noticed hearing date*, the Plaintiff seeks leave from this Court to be able to do so, given the precocious procedural juncture of this action.

*Second*, the Plaintiff respectfully seeks leave from this Court's Civil Standing Order, mandating parties: "Chambers copies shall be delivered to the Court within one business day of filing for the following documents: pleadings; briefing related to substantive motions; and evidence related to substantive motions." (Civil Standing Order, at p. 7). Although the Plaintiff would be *elated* to be able to follow this Honorable Court's standing orders to the letter (and would ordinarily do so with much gusto), it appears that logistical constraints would make it extremely difficult (and impossible) for the Plaintiff to be able to mail out copies of substantive motions where they will be "delivered to the Court within one business day of filing" *Ibid*. This appears to be a logistical

---

[2] Of course, the Plaintiff understands that this Court's pre-screening of the Complaint might nevertheless be complicated given that the Plaintiff is attempting to bring private parties as those acted under the color of law for the purposes of 42 U.S.C. § 1983 violations under a symbiotic relationship test. "The determination of whether a nominally private person or corporation acts under color of state law 'is a matter of normative judgment, and the criteria lack rigid simplicity.'" *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001)). Courts must engage in "sifting facts and weighing circumstances" to answer what is "necessarily a fact-bound inquiry." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982). Indeed, "[no] one fact can function as a necessary condition across the board . . . nor is any set of circumstances absolutely sufficient." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Of course, jurisdictional discovery herein might be useful to be able to plead more detailed facts about the Stanford defendants' relation to its police department and the police department's relation to the County and the State of California. *See* Compl. at ¶ 86 (indicating intent to rely on discovery to plead more detailed facts). But, of course, it is this Court's discretion to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) if the Court finds that the Complaint is not sufficiently plead.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN UNNOTICED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND ADMINISTRATIVE MOTION FOR LEAVE TO EFFECTUATE CHAMBER COPIES ON THIS COURT VIA ELECTRONIC MAILING OR RELIEF FROM EFFECTUATING CHAMBER COPIES

5:26-cv-03809-BLF

impossibility since the Plaintiff is not in the United States. *See* Compl. At ¶ 1 (noting that the Plaintiff is outside the U.S. at the time of filing the complaint). Any mailing, regardless of mailing class, that would be effectuated to the Robert F. Peckham Federal Building would likely arrive too late to be of any practical use to this Honorable Court. Put differently, as far as the Plaintiff is informed and is aware, the fastest carrier service would be able to deliver mail from the Plaintiff's location to the courthouse in about a *week,* maybe longer.

The Plaintiff has also been granted leave by this Court to proceed *in forma pauperis*. *See* ECF No. 25. It is likely that such high postage costs would be burdensome to the Plaintiff, and the Plaintiff is skeptical of her ability to be able to cover such costs.

As such, respectfully, the Plaintiff seeks leave from that portion of this Honorable Court's Civil Standing Order and moves this Court, given the exigent circumstances present herein, requiring physical Chamber copies to be mailed out to the Court. The Plaintiff instead seeks leave to be able to effectuate chamber copies on this Court via electronic mailing at blfpo@cand.uscourts.gov, if the Court will grant the Plaintiff leave. Of course, the Plaintiff does not intend to use this limited leave (if granted by this Court) to establish any form of *ex parte* communication with this Court. *See* Civil Standing Orders of the Honorable Beth L. Freeman, at p. 1) (prohibiting *ex parte* communication with Chambers). To that extend, if the Court sees it fit to grant the Plaintiff this leave, the Plaintiff respectfully proposes that she shall carbon copy opposing counsels on such electronic mailing, when they enter their appearance on this Court's docket, to avoid any semblance of *ex parte* communication. The Plaintiffwould certainly be grateful to this Court's grace in understanding the logistical and financial concerns imposed upon the Plaintiff by extrinsic factors.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN UNNOTICED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND ADMINISTRATIVE MOTION FOR LEAVE TO EFFECTUATE CHAMBER COPIES ON THIS COURT VIA ELECTRONIC MAILING OR RELIEF FROM EFFECTUATING CHAMBER COPIES

5:26-cv-03809-BLF

//

//

Respectfully submitted,

DATED: May 7, 2026.

/s/ Jane Doe
_____

JANE DOE
In Propria Persona

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN UNNOTICED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY AND ADMINISTRATIVE MOTION FOR LEAVE TO EFFECTUATE CHAMBER COPIES ON THIS COURT VIA ELECTRONIC MAILING OR RELIEF FROM EFFECTUATING CHAMBER COPIES

5:26-cv-03809-BLF