JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*.,<br><br>                    Defendants. | Case No.:  5:26-cv-03809-BLF<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO AND AN ADVANCED HEARING DATE THEREON**<br><br>Before the Honorable Beth Labson Freeman<br><br>**[PUBLIC COPY OF MOTION SUBMITTED CONDITIONALLY UNDER SEAL]** |

Pursuant to Civil L.R. 7-11, the Plaintiff hereby respectfully moves this Court for "miscellaneous administrative" relief.

The Court previously and rightly denied the Plaintiff's motion for temporary restraining order ("TRO") because it was untimely and *ex parte,* citing, in part, *UnifySCC v. Cody*, No. 22-cv-01019-BLF, 2022 WL 686310, at *1 (N.D. Cal. Mar. 8, 2022) (collecting cases as to untimeliness of TRO motions). *See* ECF No. 18. The Court specifically indicated that its Order of "denial [was] without prejudice to filing a noticed motion for a preliminary injunction[.]" *Id*., at p. 4.

1

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO

5:26-cv-03809-BLF

Indeed, as the Supreme Court has elucidated, this Court's order rightly "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439, 94 S. Ct. 1113, 1124 (1974). And, of course, since much of the Plaintiff's underlying claims about procedural due process are about an absence of proper notice and hearing while depriving the Plaintiff of a protected liberty and property interest, the Plaintiff is cognizant of the inconsistency in her position to this Court before in her motion for leave to reconsider (which was improvidently unclear to the Plaintiff at the time the initial motion for leave was filed because the Plaintiff was unsure if the Court reviewed the docket of the previous case against the defendants in this District Court, which the Court confirmed it has[1]).

But the notice requirements for the issuance of a preliminary injunction under Fed R Civ P 65, as far as the undersigned is aware[2],  do not require that the defendants enter their formal appearance in this action for this Court to hear the preliminary injunction matter after proper notice and an

---

[1] The Court is a much faster reader than the Plaintiff and her rather feeble mind and reading speed, which ought to be improved in law school, doubtlessly and obviously. The Plaintiff remains embarrassed for assuming and suggesting that the Court did not review the docket of the previous case.

[2] The only case the Plaintiff could find that suggests otherwise is *Lewis v. IRS*, No. 1:21-cv-1653 JLT EPG, 2022 U.S. Dist. LEXIS 83417, at *9, 129 A.F.T.R.2d (RIA) 2022-1735 (E.D. Cal. May 9, 2022), which cites *Waterbury v. Scribner*, 2007 U.S. Dist. LEXIS 17411, 2007 WL 781877, at *1 (E.D. Cal. Mar. 13, 2007). But those cases (both) seem to be about *pro se* imprisoned plaintiffs who were not even granted leave to proceed *in forma pauperis* because of the "three strike rule" under 28 U.S.C.S. § 1915(g). But, of course, "That [district court] decision is no more binding on this Court than any other district court decision that disagrees with this Court's interpretation of the applicable statutes." *Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 U.S. Dist. LEXIS 12056, at *6 (E.D. Cal. Jan. 22, 2026).

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO

5:26-cv-03809-BLF

opportunity to be heard. The persuasive case in this Circuit on this question seems to the Plaintiff to be *Armstrong v. Brown*, 768 F.3d 975 (9th Cir. 2014) (*Armstrong*). "Before issuing injunctive relief, the court must provide the affected party with  notice and an opportunity to be heard." *Armstrong,* 768 F.3d. at p. 979-80. "The district court here did so. At a June 7, 2012, hearing on Plaintiffs' contempt motion, the district court provided the State with oral notice that it intended to modify the injunction. During that hearing, it identified its specific concerns with the State's accountability system and explained the particular changes it intended to make. This oral notice, which made the State aware of the changes contemplated, was sufficient." *Armstrong*, at p 980. *See also Williams v. Navarro,* No. 3:18-cv-01318-DMS-RBM, 2019 U.S. Dist. LEXIS 113947, at *7 (S.D. Cal. July 9, 2019) ["Pursuant to the Federal Rules of Civil Procedure and *Armstrong*, the Court cannot order preliminary injunctive relief until Defendants are provided with notice and an opportunity to be heard on the same. Fed. R. Civ. P. 65(a)(1); *Armstrong*, 768 F.3d at 979-980."].

As the Court recognizes, the Plaintiffs were served with an identical copy of the motion for temporary restraining order in the previous case on April 20, 2026. *See Doe v. Smith, et al.*, (*Doe I*) case no. 5:25-cv-03490-PCP, Dkt. 106 (motion for temporary restraining order). *See also* ECF No. 11-11 in this case (attaching a copy of the Notice of Electronic Service). And pursuant to the orders of the Honorable P. Casey Pitts, the defendants were ordered to respond to the motion for TRO in 14 days after its filing. *See* ECF No. 78 in *Doe I*, at pp. 1-2 ["The Court therefore grants Doe leave to file her proposed application for a TRO. The Court orders the defendants subject to Doe's request for emergency relief to respond to Doe's application within 14 days of the filing thereof. The Court shall rule on the TRO application only if it grants Doe's Rule 60(b) motion."]. *See also* ECF No. 145 in *Doe I*, wherein the Court noted:

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO

Having reviewed Doe's [ECF No.] 144 ex parte application for clarification, the Court advises the parties that the April 28, 2026 hearing shall begin with argument on Doe's motion to set aside the stipulated dismissal under Rule 60(b). The Court will hear argument on the motion for leave to amend only if it concludes that the Rule 60(b) motion will likely be granted. And the Court will hear argument on the motion for a temporary restraining order (TRO) only if the Court concludes that both the Rule 60(b) motion and the motion for leave to amend will likely be granted. Given that defendants' deadline to respond to the TRO motion has not yet passed, defendants may elect to respond to Doe's oral arguments concerning that motion in their forthcoming opposition, rather than at the hearing.

*Ibid.*

As such, the defendants had notice of this motion for injunctive relief for 18 days now. The Plaintiff wonders if the Court would permit the previous service on the defendants to be construed as notice of the motion for preliminary injunctive relief, as that motion is also going to be the identical as the TRO motion filed in the previous case. And the Plaintiff is curious if the Court would permit the defendants to be ordered to appear for a hearing on the motion for preliminary injunction hearing (if the Court grants the Plaintiff leave to file the motion at this procedural juncture, of course) to be provided with an opportunity to be heard. Of course, instead, it might also be sensible to order the defendants to file their written opposition, which they have conceded they have been preparing. *See* Dkt. No. 109, at p. 15, n. 9.

In normal course of events, the Plaintiff adheres to the most literalist and strictest reading of our procedural law because of the deeply-held belief that our substantive law matters as much as our procedural law[3], if not more. But there are "exigent circumstances" present herein. ECF No. 78 in *Doe I*, at p. 1. ████████████████████████████████████████

████████████████████████████████████████████

---

[3] Some childhood trauma in Sunday School while being forced to read/learn about הֲלָכָה at 7 AM of every Sunday might have contributed to the (sometimes unbearable) adherence to the most strict reading of laws, writ large, but that is a conversation proper with the undersigned's rabbi, not this Court, of course.

████████████████████████████████████████████

4

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

Given these exigent circumstances, the Plaintiff wanted to inquire if the Court will grant the Plaintiff leave to file a motion for preliminary injunction at this procedural juncture. If the Court grants the Plaintiff leave, the Plaintiff wonders if it will order expedite briefing on it, since the defendants have had notice of the *content* of the motion for 18 days now. If the Court grants such leave, the Plaintiff wonders if the Court can set an advanced hearing date on the motion. Unless, of course, the Court sees it fit to deem the matter submitted without oral arguments.

The Plaintiff is deeply *embarrassed* for asking so many leaves and departures from established procedure, but the Plaintiff [REDACTED] If the Court grants such leaves, the Plaintiff can provide notice of this Court's orders and the hearing date on the opposing counsels via electronic mailing. It appears that this Court permitted email service before. *See Boaventura v. Mullin*, No. 26-cv-04119-BLF, 2026 U.S. Dist. LEXIS 100844, at *8 (N.D. Cal. May 6, 2026) ["Email service is permitted."].

//

//

//

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO

5:26-cv-03809-BLF

Respectfully submitted,

DATED: May 8, 2026.

/s/ Jane Doe

JANE DOE
In Propria Persona

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION, FOR LEAVE TO EFFECTUATE SERVICE ON THE DEFENDANTS VIA ELECTRONIC MAILING AND FOR LEAVE FOR EXPEDITED BRIEFING SCHEDULE THERETO

5:26-cv-03809-BLF