**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>　　　　　Defendants. | Case No.  5:26-cv-03809-BLF<br><br>**ORDER SCREENING COMPLAINT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re:  ECF No. 19] |

Pro se Plaintiff, proceeding under pseudonym and *in forma pauperis* ("IFP"), initiated this action against Defendants on April 30, 2026.  ECF No. 1.  Plaintiff filed an amended complaint on May 2, 2026.  ECF No. 19 ("Compl.").  On May 5, 2026, Court granted Plaintiff's IFP application but reserved ordering service on Defendants until the Court completed its initial screen of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  ECF No. 25.

For the following reasons, the complaint is DISMISSED WITH LEAVE TO AMEND.

## I.    BACKGROUND

Plaintiff is a former undergraduate student at Leland Stanford Junior University ("Stanford") who alleges that she was expelled on August 21, 2025, in retaliation for filing a federal complaint in this judicial district on April 21, 2025.  Compl. ¶¶ 1, 2 *see also Doe v. Smith*, No. 25-cv-03490-PCP (filed April 21, 2025) ("*Doe I*").[1]  Plaintiff asserts claims against

[1] The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b)(2).  The Court may accordingly take judicial notice of Plaintiff's prior suit against Defendants and the pleadings in that action.  *See, e.g.*, *Burbank–Glendale–Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).  That said, the Court limits its judicial notice to the existence and contents of such pleadings without accepting as true the facts found or alleged therein.  *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1159 (C.D. Cal. 2011).

United States District Court
Northern District of California

(1) Stanford; (2) the Stanford University Department of Public Safety ("SPDS"), which Plaintiff alleges "acquired its policing authority from a memorandum of understanding" with the County of Santa Clara; (3) SDPS police officers Laura Wilson and Jason Smith; and (4) Stanford administrators and employees Richard Shaw, Jr., Michael Devlin, Jen Casebeer-Blum, Debra Zumwahlt, Parinaz Zartoshty, Shirley Everett, and James Jacobs.  Compl. ¶¶ 2–12.  Plaintiff filed the original complaint in *Doe I* against Mr. Smith and SPDS, alleging that Mr. Smith (acting on behalf of SPDS) deprived her of her constitutional rights while investigating Plaintiff's alleged impersonation of another party in state court.  *Id.* ¶ 22; *see also Doe I*, No. 25-cv-03490-PCP, at ECF No. 1 ¶¶ 9–55.

Here, Plaintiff alleges that, after she filed the complaint in *Doe I*, Defendants began to "investigate [her] admissions application [sic] into the university because of [her] suing them in this Court" on April 21, 2025.  Compl. ¶ 24.  Defendants' investigation apparently revealed that Plaintiff, who was admitted to Stanford as a first-year student, failed to disclose in her application that she was previously matriculated at William Marsh Rice University ("Rice") in Houston, Texas.  *Id.* ¶ 38.  Defendants expelled Plaintiff on August 21, 2025, without "providing [her] a hearing to contest the allegations[] [or] providing [her] the opportunity to respond to the evidence."  *Id.* ¶ 74.  Following Plaintiff's expulsion, Defendants revoked her Student and Exchange Visitor Program ("SEVP") enrollment (thereby "effectively annulling" her student visa) and cancelled her rental contract for on-campus housing.  *Id.* ¶¶ 80–81.

The complaint alleges eighteen causes of action.  Claims 1–6 allege violations of Plaintiff's federal and state constitutional rights:  Claims 1, 2, 3, and 4 are asserted against all Defendants (except Mr. Jacobs) for deprivation of federal constitutional rights under 42 U.S.C. § 1983, claim 5 is asserted against all Defendants for conspiracy to interfere with federal constitutional rights under 42 U.S.C. § 1985, and claim 6 is asserted against all Defendants for violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1.  Claims 7–8, 13, 16–18 allege common law tort actions:  Claim 7 is asserted against various Defendants for intrusion upon seclusion, claim 8 is asserted against Mr. Shaw for defamation, claim 13 is asserted against various Defendants for tortious interference with contract, claim 16 is asserted against all

United States District Court
Northern District of California

Defendants (except Mr. Jacobs) for fraud, claim 17 is asserted against all Defendants for negligence, and claim 18 is asserted against various Defendants for negligent and intentional infliction of emotional distress.  Claims 9–12, 14–15 allege common law contract and contract-adjacent actions:  Claim 9 is asserted against Stanford and Ms. Everett for breach of contract, claim 10 is asserted against Stanford and Ms. Zartoshty for breach of implied-in-fact contract, claim 11 is asserted against Stanford for implied-in-law contract, claim 12 is asserted against Stanford, Ms. Everett, and Ms. Zartoshty for breach of implied covenant of good faith and fair dealing, claim 14 is asserted against various Defendants for promissory estoppel, and claim 15 is asserted against various Defendants for equitable estoppel.

## II.   LEGAL STANDARD

IFP applications are governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees."  28 U.S.C. § 1915(a).  When a district court grants IFP status, the court must screen the complaint and dismiss the action if it is frivolous.  *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000).  If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.    DISCUSSION

The complaint pleads jurisdiction as follows: "This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction), and 28 U.S.C. § 1332 (diversity jurisdiction).  For any state law claims, this court retains jurisdiction over this action under 28 U.S.C. § 1367 (supplemental jurisdiction) because the state law violation allegations involve the same nuclei of events as the federal law claims."  Compl. ¶ 15.  The Court would decline to exercise supplemental jurisdiction over the state-law claims because the vast majority are based on California common law and thus better suited to state court.

### A.    Civil Rights Claims

#### 1.    Section 1983 (Claims 1, 2, 3, 4)

To state a section 1983 claim, a plaintiff must allege that (1) a person violated a right secured by the Constitution or laws of the United States and (2) said person acted under the color of state law when they committed the alleged violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).  It is well established that a private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Private conduct, no matter how wrongful, is not covered under § 1983.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).

Plaintiff's first and second action allege that Defendants violated her First Amendment rights by retaliating against her to "intimidate and silence [Plaintiff] in her constitutionally protected petitioning activity" and "constitutionally protected speech."  Compl. ¶¶ 64–65, 70. Plaintiff's third cause of action alleges that Defendants violated her procedural due process rights because she was expelled from Stanford without "notice, an opportunity to be heard, and a decision made by a neutral decision-maker."  *Id.* ¶ 73.  Plaintiff's fourth cause of action alleges that Defendants violated her substantive due process rights by "depriv[ing] [her] of her reputation, good name, honor, integrity, property, and liberty while deliberately violating her fundamental rights."  *Id.* ¶ 79.  Each of these claims is subject to dismissal because they fail to plausibly allege

4

United States District Court
Northern District of California

that any individual Defendant was acting under color of state law. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff's vague assertions regarding SPDS do not satisfy the state action requirement. Recognizing that "Stanford is a private university" that ordinarily "cannot be liable under 42 U.S.C. § 1983," Plaintiff alleges that "SPDS is an extension of Santa Clara Sheriff's Office while still being a department of Defendant Stanford" and Defendants "were in a joint action with the government." Compl. ¶¶ 86, 87. While the Court is mindful of Plaintiff's status as a pro se litigant and its concomitant obligation to construe her pleadings liberally, the complaint is utterly devoid of any factual allegations plausibly suggesting that any Defendant purported to act under authority of state law with respect to the underlying alleged constitutional violations, which are based on the termination of her status as an undergraduate student at Stanford. Plaintiff does not suggest that SDPS possesses any authority to make admission decisions (or even discipline students in any capacity), nor does the complaint allege any coordination between Defendants beyond its conclusory assertion that has been a "meeting-of-the-minds to expel [her] as soon as possible." *Id.* ¶ 87.

### 2. Section 1985 (Claim 5)

Section 1985 creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (quoting 42 U.S.C. § 1985(3)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *accord Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam).

Plaintiff's fifth cause of action asserts that Defendants jointly acted to conspire with one another to deprive Plaintiff of her First Amendment and Fourteenth Amendment rights. Compl. ¶ 82. As a preliminary matter, Plaintiff's failure to plausibly allege an underlying section 1983

claim against any individual Defendant precludes the claim, since "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Claudio v. PIA Indus., Inc.*, No. 23-cv-01965-JAH-VET, 2024 WL 348521, at *7 (S.D. Cal. Jan. 30, 2024) (quoting *Thornton*, 425 F.3d at 1168).

Plaintiff's section 1985 claim is additionally subject to dismissal because it does not adequately plead factual allegations establishing the elements of such a claim. As described above, the complaint fails to include facts sufficient to show an agreement or meeting of the minds to violate her constitutional rights beyond the conclusory (and not credible) assertion that the Defendants arrived at an agreement to deprive Plaintiff of her rights. The complaint also does not plead discriminatory animus, instead asserting only that Plaintiff was "singled out as a 'class of one' and targeted because of her status as a member of that class." Compl. ¶ 83. "While equal protection claims may be brought by a class of one, where the plaintiff alleges that [s]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference treatment[,] Plaintiff has not alleged as much here." *Mancini v. City of Cloverdale Police Dep't*, No. 15-cv-02804-JSC, 2015 WL 3993216, at *4 (N.D. Cal. June 30, 2015) (second alteration in original) (internal quotation marks and citation omitted) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).

### 3. Bane Act (Claim 6)

The Bane Act punishes any "person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal Civ. Code § 52.1(a). In order to state a claim under the Bane Act, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015).

Plaintiff's sixth cause of action is largely duplicative of her federal civil rights claims but additionally alleges that the predicate acts underlying those claims violated her rights under

Article I of the California Constitution.  Compl. ¶ 84.  The claim is subject to dismissal because it does not plead threats, intimidation, or coercion.  *See, e.g.*, *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1118 (E.D. Cal. 2012) ("Although a complaint need not use the statutory terms 'threats, intimidation, or coercion,' it must allege facts from which the presence of threats, intimidation, or coercion may be inferred.").  To the extent any of Defendants are construed to be a state actor, "there is no indication that Plaintiff presented a written claim for damages under the Bane Act to the County before bringing the instant lawsuit" pursuant to the Government Claims Act.  *See Inman v. Anderson*, 294 F. Supp. 3d 907, 925 (N.D. Cal. 2018) (citing Cal. Gov. Code § 911.2).

**B. Tort Claims**

**1. Intrusion Upon Seclusion (Claim 7)**

"To state a claim for intrusion upon seclusion under California common law, a plaintiff must plead that (1) a defendant 'intentionally intruded into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy,' and (2) the intrusion 'occurred in a manner highly offensive to a reasonable person.'"  *In re Facebook, Inc. Intern. Tracking Litig*, 956 F.3d 589, 601 (9th Cir. 2020) (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009) (alterations omitted)).

Plaintiff's seventh cause of action alleges that Defendants "intentionally intruded upon the plaintiff's seclusion or private concerns, including abusing and fraudulently invoking federal statute of 34 CFR § 99.31(a)(2) when it was not appropriate to do so and invoking it through fraud and by sharing Plaintiff's personal identification card."  Compl. ¶ 82.  The claim is subject to dismissal for failure to plead a reasonable expectation of privacy.  To the extent that the expectation of privacy was allegedly violated by the "fraudulent[]" invocation of 34 C.F.R. § 99.31 (a Department of Education regulation providing for educational institutions' disclosure of personally identifiable information of education records without consent), Plaintiff fails to plead fraud with particularity.  *See* Fed. R. Civ. P. 9(b).  A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, to provide defendants with sufficient information to defend against the charge.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

United States District Court
Northern District of California

### 2. Defamation (Claim 8)

To state a claim for defamation, a plaintiff must allege facts sufficient to show "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). A plaintiff can bring a claim for either libel per se or libel per quod. *Bartholomew v. YouTube, LLC*, 17 Cal. App. 5th 1217, 1226 (2017). A statement is considered libel per se when it "is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact." Cal. Civ. Code § 45a. "But if the reader would be able to recognize a defamatory meaning only by virtue of his or her knowledge of specific facts and circumstances, extrinsic to the publication, which are not matters of common knowledge rationally attributable to all reasonable persons, then . . . the libel . . . will be libel per quod." *Bartholomew*, 17 Cal. App. 5th at 1227 (citation omitted).

Plaintiff's eighth cause of action alleges that Mr. Shaw defamed Plaintiff by stating that "Plaintiff lied in her application to Defendant Stanford" to someone other than Plaintiff. Compl. ¶ 92. The claim is subject to dismissal because the complaint does not allege the falsity of the defendant's statement. *Taus*, 40 Cal. 4th at 720; *Cuttino v. Walmart W. Union*, No. 23-cv-01111-BAS-JLB, 2023 WL 4878786, at *2 (S.D. Cal. July 31, 2023).

### 3. Fraud (Claim 16)

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997)).

Plaintiff's sixteenth cause of action asserts as follows: "Defendants, at every turn, made knowingly false representation of facts. Defendants intended to induce reliance. The Plaintiff's reliance thereto was justifiable. The Plaintiff's damage was directly related to the justifiable reliance." Compl. ¶¶ 148–51. The sixteenth cause of action on its face fails to satisfy Rule 9's particularity requirement because it fails to identify which statements were allegedly false, which

8

Defendants made which statements, why Plaintiff relied on the statements, why such reliance was justifiable, and how she was injured by such reliance.

### 4. Negligence (Claim 17)

To state a claim for negligence, a plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiff's seventeenth cause of action, like the sixteenth cause of action, simply recites the elements of the claim: "Defendants had a legal duty to use due care.  Defendants breached such a legal duty.  The breach was the proximate or legal cause of the resulting injury."  Compl. ¶¶ 153–55.  The claim is subject to dismissal for failure to adduce any supporting factual allegations.

### 5. Negligent and Intentional Infliction of Emotional Distress (Claim 18)

To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts to sufficient to show "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quoting *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007)).

Plaintiff's eighteenth cause of action is subject to dismissal for the same reason as the sixteenth and seventeenth causes of action, as it does not contain any factual allegations.  *See* Compl. ¶¶ 157–59 ("Defendants' conduct was beyond the bounds of what is tolerated in civil society.  Defendants acted with reckless disregard of the probability that the Plaintiff would suffer emotional distress.  The Plaintiff suffered suffered [sic] severe emotional distress.").

### C. Contract Claims

### 1. Breach of Contract (Claim 9)

Under California law, to plead a claim for breach of contract, a plaintiff must allege facts establishing (1) the existence of a contract; (2) the plaintiff's performance of her duties under that contract or an excuse for nonperformance; (3) the defendant's breach of their contractual duties; and (4) resulting damages. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  To

United States District Court
Northern District of California

survive a motion to dismiss, a claim for breach of contract must identify the terms of the contract allegedly be breached.

Plaintiff's ninth cause of action appears to allege two separate breaches: (1) breach by Stanford in expelling Plaintiff and (2) breach by Ms. Everett in terminating Plaintiff's housing contract. Compl. ¶¶ 99, 100. The claim is subject to dismissal for failure to identify an express contract. Plaintiff's claim for Stanford's alleged breach is not cognizable as currently pleaded because there are no allegations plausibly showing the existence or formation of a "a contract wherein the Plaintiff's admission will not be revoked unless she provided 'false' information on the application." *Id.* ¶ 99. Plaintiff's claim for Ms. Everett's alleged breach appears to be based on her lease with Stanford, *see id.* 100 (alleging contract whereby Defendant "was going to provide the Plaintiff with housing for the academic year of 2025-2026"), the complaint does not plead that Ms. Everett was a party to Plaintiff's lease.

### 2. Breach of Implied-In-Fact Contract (Claim 10)

A "contract implied in fact 'consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words.'" *Retired Employees Ass'n of Orange Cnty., Inc. v. Cnty. of Orange*, 52 Cal. 4th 1171, 1178 (2011) (quoting *Silva v. Providence Hosp. of Oakland*, 14 Cal. 2d 762, 773 (1939)). "In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Plaintiff's tenth cause of action alleges that Stanford and Ms. Zartoshty breached an implied contract to "provide the Plaintiff with a college education and a bachelor's degree." Compl. ¶ 107. The claim is subject to dismissal because it is duplicative of Plaintiff's claim for express breach of contract. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 999–1000 (N.D. Cal. 2014).

10

### 3. Breach of Implied-In-Law Contract/Quantum Meruit (Claim 11)

"Quantum meruit permits the recovery of the reasonable value of services rendered.  To state a quantum meruit claim, a plaintiff must plausibly allege both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant."  *Mapsong PC v. Blue Shield of California Life & Health Ins. Co.*, 780 F. Supp. 3d 939, 946 (C.D. Cal. 2024) (internal quotation marks and citation omitted).

Plaintiff's eleventh cause of action alleges that Stanford breached an implied contract created when it "requested, by its offer of admission and enrolling the Plaintiff, that she takes courses within its institution for Defendant Stanford's benefit of maintaining itself as an institution of higher learning."  Compl. ¶ 107.  The claim is subject to dismissal for failure to nonfrivolously allege that Plaintiff rendered services to Stanford or that Stanford benefited from such services.

### 4. Breach of Implied Covenant of Good Faith and Fair Dealing (Claim 12)

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement."  *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (2012) (quoting *Careau & Co. v. Security Pac. Bus. Credit, Inc.* 222 Cal. App. 3d 1371, 1393 (1990)).  "The implied covenant may not, however, duplicate a breach of contract claim."  *Richards v. Centripetal Networks, Inc.*, 709 F. Supp. 3d 914, 922 (N.D. Cal. 2024).

Plaintiff's twelfth cause of action alleges that Plaintiff, Stanford, Ms. Everett, and Ms. Zartoshty "entered into an implied covenant whereby the Defendant Stanford was agreed to provide the Plaintiff with a college education" and "whereby the Defendant Zartoshty was agreed to not terminate the Plaintiff's SEVIS status."  Compl. ¶¶ 118, 119.  The twelfth cause of action is subject to dismissal because it does not identify any contract from which the covenant of good faith and fair dealing could be implied.  As a matter of California law, parties cannot "enter" into an implied covenant.

### 5. Tortious Interference with Contract (Claim 13)

"To state a viable claim for tortious interference with existing contracts, a plaintiff must plead: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this

United States District Court
Northern District of California

11

contract; (3) defendant's intentional acts to induce a breach of the contractual relationship; (4) actual breach of the contractual relationship; and (5) resulting damage." *Orchard Supply Hardware LLC v. Home Depot USA, Inc.*, 967 F. Supp. 2d 1347, 1364 (N.D. Cal. 2013).

Plaintiff's thirteenth cause of action, like many of her other common law tort claims, merely recites the elements of the claim in conclusory fashion:  "Defendants Shaw, Devlin, Casebeer-Blum, Zumwahlt, SDPS, Wilson, Smith, and DOES knew about the contract. Defendants engaged in conduct that prevented and hindered performance of the contract.  The defendants intended this result and knew it was likely.  This conduct harmed the Plaintiff.  The defendants' conduct substantially caused this harm."  Compl. ¶¶ 127–31.  The claim is subject to dismissal because the complaint fails to allege with particularity the existence of the contract or that Defendants had knowledge of such contract.

### 6. Promissory Estoppel (Claim 14)

Under California law, the elements of a claim for promissory estoppel are: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. 07-cv-02864-JSW, 2007 WL 3232276, at *6 (N.D. Cal. Nov. 1, 2007) (quoting *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976)).

Plaintiff's fourteenth cause of action alleges that "Defendants Shaw, Devlin, Casebeer-Blum, and Stanford made a clear and unambiguous promise to not revoke the Plaintiff's admission unless she provided false information on her application," that she relied on this promise to her detriment, and that Defendants broke this promise by expelling her.  Compl. ¶ 134.  The claim is subject to dismissal because the complaint does not contain any factual allegations showing that either Stanford or any of the individual Defendants made such a promise to Plaintiff.

### 7. Equitable Estoppel (Claim 15)

Under California law, a party urging equitable estoppel must demonstrate "(a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or

*United States District Court*
*Northern District of California*

virtual, that the ignorant party act on it, and (e) that party was induced to act on it." *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1462 (2011) (quoting 13 Witkin Summary of Cal. Law § 191 (10th ed. 2005)).

Plaintiff's fifteenth cause of action is functionally identical to her promissory estoppel claim. *See* Compl. ¶ 141 ("Defendants Shaw, Devlin, Casebeer-Blum, and Stanford made a clear and unambiguous promise to not revoke the Plaintiff's admission unless she provided false information on her application."). The claim is subject to dismissal because California law does not recognize an independent cause of action for equitable estoppel. *CinemaCloudWorks, Inc. v. Comscore, Inc.*, No. 25-cv-04471-AB-BFM, 2026 WL 84020, at *14 (C.D. Cal. Jan. 6, 2026) ("California courts repeatedly have held that 'a stand-alone cause of action for equitable estoppel will not lie as a matter of law.'" (quoting *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1462 (2011))).

Amendment being futile, the Court will not grant leave to amend as to Plaintiff's fifteenth cause of action.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Claims 1–14, 16–18 are DISMISSED WITH LEAVE TO AMEND. Claim 15 (equitable estoppel) is DISMISSED WITHOUT LEAVE TO AMEND.

(2) Plaintiff SHALL file a second amended complaint within fourteen days of the date of this order.

(3) No new claims or parties may be added without leave of the Court. Amendment shall be limited to remedying the defects identified in this order.

Dated:  May 8, 2026

_____
BETH LABSON FREEMAN
United States District Judge