JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE OF THE COURT TO REPLACE DOE DEFENDANTS WITH THEIR ACTUAL NAMES IN THE SECOND AMENDED COMPLAINT AND TO TWO CAUSES OF ACTION**<br><br>Before the Honorable Beth Labson Freeman |

Pursuant to Civil L.R. 7-11, the Plaintiff hereby moves this Court for "miscellaneous administrative" remedy.

This Court's order at ECF No. 31 dismissed the complaint without prejudice and granted the Plaintiff leave to amend the complaint, but in its Order, the Court noted that "[n]o new claims or parties may be added without leave of the Court" (*Id.*, at p. 13). The Plaintiff hereby comes now to seek that leave. Although the Plaintiff is cognizant that she should have sought leave before filing the amended complaint at Dkt No. 33, given the time constraints as identified in ECF No. 30, the

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE OF THE COURT TO REPLACE DOE DEFENDANTS WITH THEIR ACTUAL NAMES IN THE SECOND AMENDED COMPLAINT AND TO TWO CAUSES OF ACTION

5:26-cv-03809-BLF

Plaintiff thought it might be more beneficial for the sustenance of judicial economy for this leave to be sought concurrent with filing the second amended complaint.

The first two complaints filed with this Court was originally the supplemental complaint that the Plaintiff intended to file if her Motion for Leave to Amend under Fed R Civ P 15(d) was going to be granted in the case *Doe v. Smith, et al.*, case no. 5:25-cv-03490-PCP (N.D. Cal 2025) (*Doe I*). That complaint was <u>*barebones*</u>, at best, written under intense time constraints in a day, while full briefing on the Plaintiff's Rule 60(b) motion was ongoing and while the Plaintiff was also attempting to move swiftly to write a substantial motion for temporary restraining order. *See, e.g.,* Dkt No.s. 91, 92 (citing, *inter alia*, *BLOM Bank SAL* v. *Honickman*, 605 U.S. 204 (2025)). When the Court indicated intent to deny the Rule 60(b) motion during the April 28, 2026, Complaint, the Plaintiff had to move swiftly to be able to open a new case in this Court. As such, the complaints filed in this case were just that supplementary complaint with the caption page changed. As such, it was significantly underdeveloped as a stand-alone complaint, as it was imagined to supplement the original complaint in *Doe I*.

While drafting the second amended complaint, the Plaintiff realized that she was acquire the name of three DOES 1-15 that the first amended complaint identified as Doe defendants. As such, the Plaintiff seeks a modest leave from this Court to be able to name them as proper Defendants, not Doe defendants. These defendants are Defendants Barnes, Hernandez, and Morgan-Hermann. The Plaintiff also realized that she should have added Doe defendants for subordinates that worked under Defendant Zumwahlt but failed to do so due to typographical errors. As such, the Plaintiff also seeks leave to add ROES 1-10.

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE OF THE COURT TO REPLACE DOE DEFENDANTS WITH THEIR ACTUAL NAMES IN THE SECOND AMENDED COMPLAINT AND TO TWO CAUSES OF ACTION

*Second*, the Plaintiff realized that she never *actually* plead *respondeat superior* claims. This was improvident, as the Plaintiff named Defendants Wilson, Shaw, and Zumwahlt as supervisory officers. Given the high threshold that exists to hold a supervisory officer vicariously liable for the conduct of their subordinate under 42 U.S.C. § 1983 claims pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)[1], the Plaintiff only seeks leave to plead *respondeat superior* claims on her common law claims. *See* Second Amended Complaint (Compl.), at p. 1, at ¶ 19 (cause of action)[2]. Because a theory of *respondeat superior* will likely have passed this Court's screening process, the Plaintiff thought that this would be a modest request for leave and, as such, respectfully requests such leave thereto.

*Third*, the Plaintiff realized that she completely forgot to claim a violation under Unruh Civil Rights Act (California Civil Code, section 51.), *in addition* to her Tom Bane Civil Rights Act claim. This was completely improvident on the Plaintiff's part. The Plaintiff noted that there exists *some* controversy as to what constitutes a "business entity" within the meaning of Unruh Civil Rights Act, *see* Compl., at p. 36, n. 27, especially in light of *Brennon B. v. Superior Court*, 13 Cal. 5th 662, 296 Cal. Rptr. 3d 360, 513 P.3d 971 (2022), but the Plaintiff considers this motion for leave to be quite modest, too, given that the that cause of action would have likely survived the Court's screening process, and the Plaintiff contends that the question as to whether a private university who charges

---

[1] Of course, if discovery leads to information that these individual supervisory officers, *by their own conduct*, infringed upon the Plaintiff's constitutional claims, then the Plaintiff will promptly seek leave to hold them vicariously liable for Section 1983 causes of action as well.

[2] Although *respondeat superior* is only a *theory* for vicarious liability, it can be plead as an additional cause of action. *See, e.g., Day v. Western Loan & Building Co.,* 42 Cal. App. 2d 226 (1940). And it stylistically made more sense to do so herein.

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE OF THE COURT TO REPLACE DOE DEFENDANTS WITH THEIR ACTUAL NAMES IN THE SECOND AMENDED COMPLAINT AND TO TWO CAUSES OF ACTION

students tuition to be able to be on campus with housing facilities that also charges occupants rent is likely a question that be left for briefing.

For all the foregoing reasons, the Plaintiff seeks concurrent leave to be able to add Defendants Barnes, Hernandez, Morgan-Herman, ROES 1-10 to the Complaint as additional defendants and seeks leave to add the nineteenth cause of action for *respondeat superior* and the seventh cause of action for a violation of Unruh Civil Rights Act.

Respectfully submitted,

DATED: May 12, 2026.

*/s/ Jane Doe*

JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION FOR CONCURRENT LEAVE OF THE COURT TO REPLACE DOE DEFENDANTS WITH THEIR ACTUAL NAMES IN THE SECOND AMENDED COMPLAINT AND TO TWO CAUSES OF ACTION

5:26-cv-03809-BLF