JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>THE BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*.,<br><br>    Defendants. | Case No.:  5:26-cv-03809-BLF<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION AND AN ADVANCED HEARING DATE THEREON**<br><br>Before the Honorable Beth Labson Freeman |

Pursuant to Civil L.R. 7-11, the Plaintiff hereby respectfully moves this Court for "miscellaneous administrative" relief.

This administrative motion resembles the Plaintiff's previous administrative motion at ECF No. 30. That motion was filed before this Court's order dismissing the First Amended Complaint with leave to amend. *See* ECF No. 31. The Court denied that administrative motion because there was no operative complaint at that time. *See* ECF No. 32. Because the Court solely denied the motion because "there being no operative pleading in this action[,]" the Plaintiff construes the Court's denial of that motion as a denial without prejudice to filing an operative complaint. Plaintiff,

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION AND AN
ADVANCED HEARING DATE THEREON

5:26-cv-03809-BLF

shortly thereafter, with leave to add defendants and causes of action[1], filed a substantially-improved Second Amended Complaint. *See* ECF No. 33. The Court found that complaint sufficient to pass the screening process found at 28 U.S.C. § 1915(e)(2)(B). The Court directed the Clerk to issue summons, pending the Plaintiff providing addresses of service of defendants. The Plaintiff did so. *See* ECF No. 40.

Of course, it is well-settled that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-8 (1999). "In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id*. at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Ibid*. "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or

_____

[1] Although the Plaintiff acknowledged in her own pleading that she *should have* sought leave of the Court before filing the amended complaint with added defendants and causes of action, the "time-constraints" mentioned in that Administrative Motion were not "imposed on [the Plaintiff] by the Court's prior order" (ECF No. 38 at 1) but, rather, the expedient need to seek injunctive relief herein, given the imminent irreparable harm the Plaintiff might face absence injunctive relief from this Court, as identified in ECF No. 30 and previously on the Plaintiff's motion for temporary restraining order. Indeed, that time-constrain is the reason why the Plaintiff "fil[ed] the second amended complaint eleven days prior to her deadline to file" (ECF No. 38 at 1) because "[p]arties facing the threat of immediate and irreparable harm generally seek" relief from our courts "[as] quickly as possible." *Lee v. Haj*, No. 16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016). At any event, the Plaintiff shall properly seek leave before filing any moving papers that requires leave in the future. To clear the record, however, because of the time difference between this Court and the Plaintiff, the Plaintiff did file the motion for leave and the second amended complaint on the same day *in her time zone*, and not "the next day" (but, of course, it was the next day in the Court's time zone. *See* ECF No. 38 at 1. The Plaintiff is nonetheless grateful for the Court's grace in granting the Plaintiff's administrative motion but wants to underscore the fact that she does not seek—or will never seek—special treatment from any court based on her *pro se* status.

2

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION AND AN ADVANCED HEARING DATE THEREON

5:26-cv-03809-BLF

entity to participate in a civil action or forgo procedural or substantive rights." *Id* at 351. Although Plaintiff asked counsel who has represented to the Plaintiff that he will representing the defendants herein whether his clients would forego personal service and agree to a waiver of service, she has not heard back from the counsel. The Plaintiff does not expect the defendants to waive service, as they seem, based on past experience, to be quite content in abusing service of process rules to attempt to *de facto* extend their time to answer or otherwise respond to a complaint even when it is *absolutely clear* that they have received actual service of an action. Of course, "[s]ervice of process may not be upheld solely on the ground that the defendant received actual notice when service does not 'substantial[ly] comply'" with Fed R Civ P 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). But nonetheless "service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant[.]" *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2021 WL 3037701, *16 (N.D. Cal. July 19, 2021). Defendants, of course, did receive actual notice of this action because an Administrative Motion to Relate these cases was filed in *Doe v. Smith, et al.* (*Doe I*), case no. 5:25-cv-03490-PCP (N.D. Cal. 2025), and the defendants became appraised of the existence of this action when an Electronic Notice of Service was delivered upon them in *Doe I*.

The Plaintiff is bringing this motion because when the U.S. Marshal's Service returns the summons executed to this Court, the Court, it is the Plaintiff's view, should not wait until counsel enters their appearance on this action for his Court to rule on the Plaintiff's motion for preliminary injunction. The counsel will likely enter his appearance on the last day possible, given the counsel's past conduct. As explained at ECF No. 30, defendants had *ample* time to review the contents of the Plaintiff's motion for preliminary injunction. Plaintiff should not be denied relief in equity because

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION AND AN ADVANCED HEARING DATE THEREON

5:26-cv-03809-BLF

of counsel's desire to unnecessarily delay this Court hearing the Plaintiff's injunctive relief motion. The Plaintiff also suspects that counsel has been attempting to delay the courts hearing the injunctive relief motion in part because if the Plaintiff is actually deported, that will weaken the Plaintiff's arguments regarding irreparable harm absent injunctive relief from this Court.

As such, pursuant to the provisions of *Armstrong v. Brown*, 768 F.3d 975, 980 (9th Cir. 2014), the Plaintiff now respectfully seeks leave to be able to file a motion for preliminary injunction now. When the U.S. Marshal's service effectuates service of the summons and the complaint on the defendants—*i.e.* when the defendants are brought to this Court's jurisdiction hereto—the Plaintiff respectfully requests an expedited hearing date on that Motion for Preliminary Injunction. As set in *Armstrong*, an that "oral notice" of the preliminary injunction is "sufficient." *Ibid*. As the court in *Doe I* contemplated, *see* ECF No. 145 in *Doe I*, defendants could orally respond to the Plaintiff's motion for preliminary injunction, rather than having the Plaintiff await receiving equitable relief from this Court.

But because the U.S. Marshal's service has not yet returned the summons executed, the Plaintiff understands that the Court might wish to grant the Plaintiff leave to file a motion for preliminary injunction now while deferring setting a hearing date on that motion until and after the summons are returned executed.

As also recognized at ECF No. 30, "[i]n normal course of events, the Plaintiff adheres to the most literalist and strictest reading of our procedural law because of the deeply-held belief that our substantive law matters as much as our procedural law[,]" but the extrinsic exigent circumstances herein, it is the Plaintiff's contention, warrant more expedient relief, while still satisfying the rigid notice and oppurtunity-to-be-heard standards set forth in this Circuit in *Armstrong*. The Plaintiff will

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION AND AN ADVANCED HEARING DATE THEREON

5:26-cv-03809-BLF

certainly be grateful for this Court's understanding of the less-than-ideal life circumstances the defendants intentional constitutional violations have resulted in for the Plaintiff.

The Plaintiff would also be remiss if she did not note that since the beginning of this Nation, our courts have "close[d] the door[s] of a court of equity to one tainted with inequitableness or bad faith relative to the matter" at hand. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 807, 65 S. Ct. 993, 994 (1945). The Plaintiff contends that someone who expels a student from college without providing them with *even a* hearing to contest the charges of misconduct and one whose counsel plays such grand procedural gambits should not be permitted to delay the Plaintiff receiving equitable relief from this Court any longer—especially when they had notice of the contents of the underlying motion for preliminary injunction for almost *three weeks now*.

Respectfully submitted,

DATED: May 13, 2026.

/s/ Jane Doe
_____

JANE DOE
In Propria Persona

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A MOTION FOR PRELIMINARY INJUNCTION AND AN ADVANCED HEARING DATE THEREON

5:26-cv-03809-BLF