# EXHIBIT B IN SUPPORT OF THE ADMINISTRATIVE MOTION

JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:25-cv-03490-PCP |
| Plaintiff, | ) **GENERAL DECLARATION OF JANE DOE IN SUPPORT OF HER REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO SET ASIDE DISMISSAL** |
| v. | ) |
| JASON A. SMITH, *et al.*, | ) |
| Defendants. | ) Judge:  The Honorable P. Casey Pitts  Dept:    8 |

I, JANE DOE, hereby declare as follows:

1. I am the Plaintiff in this action and am, therefore, authorized to execute this declaration hereof. This declaration is executed based on my personal knowledge of the events and facts, except as to those matters where assertions are made on information and belief, and if caßlled to testify on these facts before any court of law, I would and could competently do so.

2. I make this declaration to address some of the matters contained in the defendants' opposition papers.

3. This declaration supplements all of my other declarations, which were tailored to the specific declaration it was addressing.

//

1

## SERVICE OF THE INITIAL COMPLAINT
## AND THE STIPULATION THERETO

4. On April 20, 2025, at around 9 PM, I finished writing the initial complaint that was later filed in this Court.

5. I was going to file it with the Court in person the day after, after my classes were over, which was around 1 PM.

6. When I got the first draft of the Complaint ready, I emailed it to Chief of Police Wilson.

7. I wanted to do this so that she would be appraised of Defendant Smith's conduct because I was afraid if Defendant Smith would attempt to enter my dorm room again.

8. I also carbon copied Defendant Smith to the email.

9. I also carbon copied Ms. Wilson's supervisor, who was an individual at the Board of Trustees whose name I do not recall.

10. If I recall correctly, this email was sent either very late at night on April 20 or very early morning on April 21.

11. I cannot supplement a copy of the email to this Court because it was sent from my Stanford email.

12. On May 14, 2025, I received an email from Nan McGarry. A true and correct copy of this email is appended to this Declaration as Appendix A.

13. The email was largely related to the proofs of service of the initial complaint filed in this Court.

14. Ms. McGarry maintained that the proofs of service by U.S. Marshal's Service were defective because they did not "actually check any box certifying that service was made." This refers to the proofs of service filed on this Court's docket at ECF No. 7.

15. I understand that corrected summons, after directed by the Clerk of the Court to U.S. Marshal's service to 'check the boxes', were filed on this Court's docket at ECF No. 22.

16. Because I thought it would be a waste of judicial resources for the Court to address a motion to quash on a summons served by the U.S. Marshal's service, I agreed to enter into a stipulation, extending the defendants' time to answer or otherwise respond to the complaint, provided that they waived any additional formal service. *See* ECF No. 9.

17. I bring this fact up for two reasons: (1) Defendants were aware of the Complaint on April 21, 2025.

18. And (2) bevause Ms. McGarry made material mirepresentations to me while obtaining this stipulation, too.

2

GENERAL DECLARATION OF JANE DOE IN SUPPORT OF HER REPLY

Case no. 5:25-cv-03490-PCP

19. To go over the stipulation, I and Ms. McGarry met over Zoom.

20. I think Ms. McGarry's colleague, Nathan Wexler, was also present in the Zoom meeting.

21. During this meeting, I asked Ms. McGarry whether they were contesting to the legal sufficiency of service or whether they were maintaining that the defendants were not appraised of the complaint and the issued summons thereto.

22. Ms. McGarry indicated that it was the latter.

23. Again, because it would have wasted judicial resources for a motion to quash U.S. Marshal's Service's proof of service to be filed, I agreed to stipulate.

24. During what the Defendants have termed the ████████ lawsuit, Ms. McgGarry also contested to the legal sufficiency of service.

25. She filed a motion to quash proof of service but then moved to demur the complaint 2 weeks later.

26. I could only assume that she did this to 'effectively' extend her deadline to answer or otherwise respond to the complaint.

27. Indeed, had Ms. McGarry told me that she needed time to file her first moving papers, I would have been much more susceptible to stipulating to extend her time to answer or otherwise respond to the complaint.

28. I see that Defendant Smith notes that he was provided a copy of the Complaint served by the U.S. Marshal's service on April 26, 2025. *See* Exhibit A in Support of Barnes Decl., at p. 15: 6.

29. I am unsure why Ms. McGarry told me that defendants were not aware of the complaint.

### THE ISSUE OF CHANGED IP ADDRESSES ON PILLSBURY'S SECURE FILE UPLOADER

30. On April 18, 2026, to serve a document that was filed in PACER under seal on opposing counsel, I got in touch with them. A true and correct copy of this communication is appended here as Appendix B.

31. I told counsels that "Exhibits A.1 and A.2 are too large to be transmitted over email. Please provide what alternative way you are amenable to receiving it."

32. I got a link from Emily Young to Pillsbury's secure file uploader.

33. I uploaded the documents there, but it seems like one document did not properly go through.

34. Ms. Young asked me to send it again.

35. I did so.

3

GENERAL DECLARATION OF JANE DOE IN SUPPORT OF HER REPLY

Case no. 5:25-cv-03490-PCP

36. During this time, however, when I logged back into their portal, I noticed something strange.

37. One message I sent to Ms. Young over the portal was geotagged by my IP address to ████████ ████████

38. The other message was geotagged to (United States).

39. A true and correct copy of this screen is attached as Appendix C.

40. Normally I wouldn't have noticed this, but it struck me as curious because it was the only two countries I cannot travel to now.

41. ████████████████████████████████████████████████ ████████████

42. Knowing that IP geotagging can sometimes be inaccurate, I googled "IP address locator."

43. A true and correct copy what I received from that website is appended as Appendix D.

44. It shows my location as ████████████

45. Normally I would not read too much into this but after having reviewed the Declaration at 109-3, I became suspicious that the opposing counsels may have tampered with their records to indicate to the Court ████████████████████████████

46. I do not know if this was intentional or accidental, but I found it odd that my IP address would tagged to those two specific locations.

47. I emailed Ms. Young asking if she might know the reason.

48. At the time of executing this declaration, I have not received a response from her.

I hereby declare *under the penalty of perjury* under the laws of the United States of America that the foregoing is, to the best of my knowledge and ability, true.

DATED: April 26, 2026.

*/s/ Jane Doe*
JANE DOE
*In Propria Persona*

GENERAL DECLARATION OF JANE DOE IN SUPPORT OF HER REPLY
Case no. 5:25-cv-03490-PCP

# EXHIBIT A

# M Gmail

Jane Doe <janedoejane0303@gmail.com>

# Doe ████ v. Smith et al. (Case No. C-25-03490-VKD)

7 messages

**McGarry, Nan** <nan.mcgarry@pillsburylaw.com>                Wed, May 14, 2025 at 3:36 AM
To: "janedoejane0303@gmail.com" <janedoejane0303@gmail.com>, ████████████████████
Cc: "Sorensen, Jacob R." <jake.sorensen@pillsburylaw.com>

████████

We will be representing Defendants Stanford, Sgt. Fenton, and Officer Smith (the Stanford Defendants) in the above-captioned litigation.  Going forward, please direct all communications related to this matter to us.

We wanted to alert you that service has not been properly effected on any of the Stanford Defendants to date.  I understand from the proof of service on the docket that the U.S. Marshal served the summons for all three defendants on a person named Linda Saunders at the Stanford Department of Public Safety (DPS), 233 Bonair Siding Road, Stanford, CA 94305, but the proof does not actually check any box certifying that service was made.  Stanford DPS is also not a legal entity capable of being sued; rather, it is a department of Stanford University.  Service on Stanford must be made on Stanford's Office of General Counsel  (450 Jane Stanford Way, Building 170, 3rd Floor, Main Quad Stanford, CA 94305-2038).  (This is the same address you used to serve your recent state court action against the university.)  DPS is also not authorized to accept service on behalf of the individual officers and the proofs do not allege that that the officers were personally served.

We also note from the docket that the County was not served until the week after, resulting in a different response deadline of May 28.  Because underlying facts as to the County and the Stanford Defendants are the same, having these matters heard separately would not be an efficient use of time for the Court.  In the interest of judicial economy, our clients would be amenable to waiving service via notice and acknowledgment to work with you and the County to develop a unified briefing schedule for all parties.  We're certain the Court will appreciate the Parties' cooperation on this matter, particularly in light of the local guidelines for professional conduct.

We are also representing Stanford and the individual respondents in the recent state court action you filed seeking a writ of mandate.  We will follow up on that matter separately.

Best,

Nan