JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | Before the Honorable Beth Labson Freeman |
| Defendants. | (Filed Concurrently with Exhibit A as the Proposed Motion for Preliminary Injunction) |

Pursuant to Civil L.R. 7-11, Plaintiff hereby moves the Court and seeks a "miscellaneous administrative" remedy.

This administrative motion supplements the Plaintiff's administrative motion at ECF No. 41 and is written with the assumption that the Court granted the Plaintiff leave to file a motion for preliminary injunction.

Ordinarily, a temporary restraining order without a motion for preliminary injunction is governed by Civil L.R. 65-1, which does not impose any page limitation on such a motion for temporary restraining order. But, when a stand-alone motion for preliminary injunction is contemplated to be filed, Civil L.R. 7-2 applies. *See* Civil L.R. 65-2. And Civil L.R. 7-2 imposes a

1

25-page limitation on such a motion. This Court's standing order similarly provides, "**Absent leave of Court**, the page limits for the following types of motions and proceedings shall be 25 pages for the motion or opening brief[.]" (Civil Cases Standing Order of the Honorable Beth Labson Freeman, at p. 2).

Although not much of a standard exists for granting a leave to file an over-length brief, it is generally assumed that such a request for leave (like all requests for leave) are to be left to the sound discretion of a court. It is generally assumed that the complication and novelty of issues raised in a motion is a proper ground to seek leave to file an over length brief. *See, e.g.,* Ames v. Lindquist, No. C16-5090BHS, 2016 U.S. Dist. LEXIS 94876, at *3 (W.D. Wash. July 20, 2016 ["the parties are hereby informed that, in unique and complicated cases, the undersigned rarely denies motions to file overlength briefs."]. Relief from the default "page limit[s]" might be "warranted due to the procedurally complicated claims [and] myriad of questions of law" *Est. of Torres v. Cal. Dep't of Corr. & Rehab.*, No. 1:24-cv-00731-KES-SAB, 2024 U.S. Dist. LEXIS 187983, at *2 (E.D. Cal. Oct. 10, 2024). "The Court recognizes the complicated nature of the case and agrees that an extension of page limits for briefing the respective motions for summary judgment is warranted." *Wagafe v. Trump*, No. 2:17-cv-00094-RAJ, 2020 U.S. Dist. LEXIS 202057, at *3 (W.D. Wash. Oct. 29, 2020) (granting 90-pages per brief).

Of course, "page limits are not mere formalities. They are important. Page limits promote judicial economy and encourage litigants to hone their arguments and to eliminate excessive verbiage. *Lacomba v. Eagle Home Loans & Inv., LLC,* No. 2:23-cv-00370-KJM-DB, 2023 U.S. Dist. LEXIS 169433, at *2 (E.D. Cal. Sep. 21, 2023) (inner citations omitted). *See also N/S Corp. v. Liberty Mut. Ins*. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) ("[R]esources are limited. In order to

give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief. Hence we have briefing rules.").

The Plaintiff contends that there exists good cause herein to grant the Plaintiff leave because of the novelty and complexity of the issues involved herein for the Plaintiff's proposed motion for preliminary injunction, which is currently 53 pages of memorandum of points and authorities. Although the Plaintiff is cognizant that is *twice* as many pages as the local rules permit, the Plaintiff has spent a maddening number of hours trying to shorten the motion to no avail. To that extent, the Plaintiff provides a copy of the *proposed* Motion for Preliminary Injunction as Exhibit A to this pleading so that the Court can observe for itself that the motion's over-length nature do not stem from it being "a slubby mass of words" (*N/S Corp, ibid*)—nor is the proposed over length brief meant to disrespect the sustenance of judicial resources or this Honorable Court's time.

To that extent, Plaintiff provides a brief summary of the novel and complex issues raised in the brief, with the hopes that the Court recognizes that the motion truly touches upon complicated and novel questions (some questions of first impression, it appears).

1. Since *Goss v. Lopez*, 419 U.S. 565 (1975), there has been substantial debate as to whether university students are encapsulated within its reach because *Goss* addressed high school students who were mandated by law to attend high school. This Circuit resisted finding as such, and district courts within this Circuit reached extraordinarily disparate results in applying *Goss* to non-high school students. *See, e.g., Doe v. White*, 440 F. Supp. 3d 1074 (N.D. Cal. 2020) (collecting cases and finding that there is no definitive Ninth Circuit precedent holding that a student has a property interest in their college education, refusing to follow other circuits' opinions.). The Ninth Circuit *very recently* joined First, Sixth, Tenth, and Eleventh Circuits in concluding that *Goss* applies to university students, effectively overruling cases like *White*. That case is *Dudley v. Boise State Univ.,* 152 F.4th 981 (9th Cir. 2025). Because *Dudley* changes what was assumed in this Circuit for the past half-a-century, the Plaintiff contends that explaining the relevance of *Dudley*, a novelty, is necessarily complicated.

2. But *Dudley* did not just end its analysis there. It also found that *Wood v. Strickland*, 420 U.S. 308 (1975) is also applicable to university students, although it found that Plaintiff Dudley, in her case, did not meet the threshold to allege a substantive due process violation. This is a true novelty that revolutionized the way in which *Wood* has been read.

3. The first 10 pages of the motion is dedicated to various theories and tests for assessing government actor status. A colleagues of this Court, in *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996), found persuasively that "municipal department" cannot be named as a separate defendant in a Section 1983 claim. In *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005), the Ninth Circuit reasoned that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983." But, of course, this inquiry is complicated herein because SDPS is not a *municipal police department*. As such, the question of first impression is whether deputization under California Penal Code, Section 830.6 satisfies the test found in *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995)—*i.e.*, whether there was some "inten[tion] to create a separate legal entity subject to suit" herein. This is a complicated question. *See, e.g., Streit v. County of Los Angeles,* 236 F.3d 552, 565-566 (9th Cir. 2001). *See further Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 n.2 (9th Cir. 1988); *see also Shaw v. Cal. Dep't of Alcoholic Beverage Control,* 788 F.2d 600 (9th Cir. 1986). *See also Morales v. City of Delano,* No. 1:10-cv-1203-AWI-JLT, 2010 U.S. Dist. LEXIS 84657, at *10 (E.D. Cal. July 23, 2010).

4. After that, the Plaintiff had to address three separate tests for holding a purportedly private party as one that acted under the color of law: government-nexus test, joint action test, symbiotic relationship test. All of these tests, but at the very least, the last is incredibly complex and requires "sifting facts and weighing circumstances[,]" *see Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982), and, indeed,  "[no] one fact can function as 23 a necessary condition across the board . . . nor is any set of circumstances absolutely sufficient." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). The symbiotic relationship test, in particular, is known to be particularly difficult to pin down. The joint action test, similarly, has been complicated by *Mathis v. Pacific Gas & Electric Co.*, 75 F.3d 498, 504 (9th Cir. 1996).

5. In *Engquist v. Oregon Department of Agriculture*, 478 F.3d 985, 997 (9th Cir. 2007), the Ninth Circuit declared that right to pursue an occupation could be a basis for a substantive due process claim, as was recognized by the Supreme Court in *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). But the particular contours of this claim, as also acknowledged in *Armstrong v. Reynolds*, 22 F.4th 1058 (9th Cir. 2022) is particularly difficult to pin down.

6. An equal protection claim under substantive due process, relying on *Hecox v. Little*, 104 F.4th 1061, 1079 (9th Cir. 2024) (en banc), is also quite a difficult and complex claim to make, as the Ninth Circuit, itself, recognized in granting *en banc* review in *Hecox*.

7. Some claims involving a violation of the California constitution do not need a state actor. *See, e.g., Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1 (1994). In *Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352, 367, 113 Cal. Rptr. 449, 458, 521 P.2d 441, 450

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR PRELIMINARY INJUNCTION

5:26-cv-03809-BLF

(1974) and in *Garfinkle v. Superior Court of Contra Costa Cty.*, 21 Cal. 3d 268, 281, 146 Cal. Rptr. 208, 217, 578 P.2d 925, 934 (1978), the California Supreme Court found that Article I, section § 7 requires a state actor. But both of those cases only addressed *procedural* due process, not *substantive* due process. As such, it is a question of first impression, one that may require certification pursuant to California Rules of Court, Rule 29.5, to determine whether substantive due process rights would require a state actor to be violated under the California Constitution. There are some successive decisions that applied the right to privacy (which does not require a state actor, as set in *Hill*) to rights that have categorically been branded as substantive due process rights. *See, e.g., Am. Acad. of Pediatrics v. Lungren*, 16 Cal. 4th 307 (1997) (right to an abortion for minors); *Comm. to Defend Reprod. Rights v. Myers*, 29 Cal. 3d 252, 172 Cal. Rptr. 866, 625 P.2d 779 (1981) (right to an abortion of any age and right to an abortion while pauperized). This is a highly complex issue.

8. There is also the unsettled caselaw of whether California Education Code, section 94367 can be used as a means to enforce a First Amendment retaliation claim, if standing to a plaintiff is provided by some other statute (*e.g.,* diversity jurisdiction or Bane Civil Rights Act). *See, cf., Antebi v. Occidental Coll.*, 141 Cal. App. 4th 1542, 47 Cal. Rptr. 3d 277 (2006). This is also quite a nuanced question.

For all these foregoing reasons, provided that the Court grants the Plaintiff leave at ECF No. 41, the Plaintiff respectfully requests leave to be able to file a motion for preliminary injunction with a 53-page memorandum. Given that the Plaintiff is requesting mandatory injunction from this Court, the Plaintiff's burden is high to be able to acquire the preliminary injunction she desires. The Plaintiff cannot cary that heavy burden in 25 pages. Although the Plaintiff was unable to seek a response from the defendants as to whether they would oppose this motion, the Plaintiff is unlikely to oppose the defendants' motion for leave to file an over-length opposition.

Respectfully submitted,

DATED: May 16, 2026.

/s/ Jane Doe
_____
JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR PRELIMINARY INJUNCTION

5:26-cv-03809-BLF