JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

PLAINTIFF, IN PRO PER

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CLARIFY WHICH PAGE LIMIT APPLIES FOR A MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al., | Before the Honorable Beth Labson Freeman |
| Defendants. | |

This Court previously granted the Plaintiff leave to file an unnoticed motion for leave to proceed pseudonymously, pending the defendants entering their appearance in this action, by then where the Plaintiff would re-notice the unnoticed motion. *See* ECF no. 29.

"While there is no specific Federal Rule of Civil Procedure governing motions for clarification, such motions have been made and, when appropriate, granted. 'The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.' Motions for clarification are appropriate when parties 'are uncertain about the scope of a ruling' or when the ruling is 'reasonably susceptible to differing interpretations.' *N. Alaska Env't Ctr. v. Haaland*, No. 3:20-cv-00187-SLG, 2023 WL 3661998, at *15-16 (D. Alaska May 25, 2023),

citing United States v. All Assets Held at Bank Julius, Baer & Co., 315 F. Supp. 3d 90, 99 (D.D.C. 2018). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *LBF Travel Mgmt. Corp. v. Derosa*, No. 20-cv-02404-MMA-SBC, 2025 WL 1088200, at *2 (S.D. Cal. Apr. 11, 2025) (internal citations omitted).

The Plaintiff's motion for leave is ready; however, it is unclear to the Plaintiff whether the 10-page or the 25-page page limits applies for a motion for leave to proceed pseudonymously. A noticed motion within the meaning of Civil L.R. 7-2 is set to be "25 pages in length" *Ibid*. Because the motion for leave to proceed pseudonymously is a noticed motion, the Plaintiff assumes that Civil L.R. 7-2 applies. However, this Court's Standing Order seem to apply an additional standard for page limits. It sets the 25-page page limit for "motions brought under Federal Rules of Civil Procedure 12, 23, 56, 59, or 65; motions for judgment on the pleadings; motions for certification of a collective action under the Fair Labor Standards Act; motions brought under California's anti-SLAPP statute; social security appeals; and claim construction briefing[.]" (Standing Orders re: Civil Matters of the Honorable Beth Labson Freeman, at 2).

And "for all other types of motions and proceedings, except for those addressed above or those as to which specific page limits are set forth in the Civil Local Rules *or* the Court's Standing Orders, shall be 10 pages for the motion or opening brief[.]" (Standing Orders re: Civil Matters of the Honorable Beth Labson Freeman, at 3) (emphasis added). The Court further clarifies that "Motions subject to the 10-page limit include, but **are not limited to**: motions to remand; motions to compel arbitration; motions for leave to amend; motions for stay; motions for default judgment; motions for sanctions; motions for attorneys' fees; and motions for interlocutory appeal" *Ibid* (emphasis added). Because a motion for leave to proceed pseudonymously is not "addressed above"

in the Court's standing order or "those as to which specific page limits are set forth in […] the Court's Standing Orders[,]" but because a motion for leave to proceed pseudonymously would be a noticed motion that would be governed under  Civil L.R. 7-2, which sets out a 25-page limit, the Plaintiff in unsure if the Court applies the 10-page or the 25-page limit for motions for leave to proceed pseudonymously.

Accordingly, the Plaintiff respectfully seeks clarification as to which page-limit applies to a motion for leave to proceed pseudonymously. Because the first impression issue of whether the Safe at Home Act is substantive law within the meaning of the *Erie* doctrine has to be addressed in the motion, the Plaintiff first thought it best that this clarification is sought before filing a 20-page motion for leave to proceed pseudonymously, only for the Court to struck as improperly filed, if the 10-page page limit applies herein. There also does not seem to be much caselaw available that clarifies whether a motion for leave to proceed pseudonymously is a 'dispositive' motion. *See, e.g.,* "[the parties] argue[] that the motion [for leave to proceed pseudonymously] is more than tangentially related to the underlying cause of action, and is, thus, dispositive, because '[t]he ability to proceed pseudonymously may affect a litigants' willingness to proceed with litigation.' *Doe v. Tchrs. Council, Inc.,* No. 3:23-cv-01747-AN, 2024 U.S. Dist. LEXIS 50742, at *12-13 (D. Or. Mar. 21, 2024)

Respectfully submitted,

DATED: May 22, 2026.

/s/ Jane Doe
_____
JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION TO CLARIFY WHICH PAGE LIMIT APPLIES FOR A MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

Case no. 5:26-cv-03809-BLF