JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>     *v.*<br><br>BOARD OF TRUSTEES OF LELAND<br>STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>                    Defendants. | Case No.:  5:26-cv-03809-BLF<br><br>**MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

I
MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES
IN SUPPORT THEREOF
Case No.  5:26-cv-03809-BLF

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on _____, at _____[1], or as soon thereafter as the matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 1 of the above-entitled court, located at 280 South First Street, San Jose, CA 95113, the Plaintiff Jane Doe will and hereby does move the Court for leave to proceed pseudonymously in this action.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the concurrently filed Declaration in Support Thereof and all exhibits attached thereto, and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

Respectfully submitted,

DATED: May 21, 2026.

/s/ Jane Doe

JANE DOE

In Propria Persona

---

[1] The Court granted the Plaintiff leave to file an unnoticed motion for leave to proceed pseudonymously, given that defendants have not entered their appearance on this case. *See* ECF No. 29. The Plaintiff shall notice this motion when defendants appear in this action.

**TABLE OF CONTENTS**

I.  INTRODUCTION………………………………………………………………………..1

II. THE COURT IN *DOE I* ALREADY GRANTED THE PLAINTIFF PSEUDONYMOUS STATUS AND NOT GRANTING THE PLAINTIFF PSEUDONYMOUS STATUS HEREIN WOULD INADVERTENTLY VIOLATE THAT ORDER……………………..2

III.PLAINTIFF NOT HAVING BEEN GRANTED LEAVE TO PROCEED PSEUDONYMOUSLY ALREADY PREVENTED THE PLAINTIFF FROM BEING ABLE TO PROSECUTE *DOE I* TO THE EXTENT SHE WOULD HAVE AND DESIRED TO…………………………………………………………………………..2

IV.GENERAL STANDARD FOR PROCEEDING PSEUDONYMOUSLY………………..3

V. THE DETERMINATION OF SUBSTANTIVE LAW VERSUS PROCEDURAL LAW IN THIS QUASI-DIVERSITY JURISDICTION CASE IS A THRESHOLD ISSUE

    a.  Safe At Home Act Is Completely Dispositive in Cases of Pseudonymous Proceeding Post-Certification by the California Secretary of State………………………………..4

    b.  Safe at Home Act is Substantive Law Herein………………………………………….5

        1. Although this is Likely a Question of First Impression, the Court Need Not Make *Erie* Determinations to Allow the Plaintiff to Proceed Pseudonymously based on Safe at Home Act Participation…………….…………………………..5

        2. The *Erie* Doctrine, as Further Elucidated in *Guaranty Trust Co.*, Would Find the Safe at Home Act As Substantive Law…………………………………………..6

        3. *Sibbach, Byrd, Hanna, Burlington* Considerations……………………………7

        4. *Gasperini* Would Find the Same ……………………………………………….8

II. EVEN IF SAFE AT HOME ACT DID NOT APPLY OR WAS NOT SUBSTANTIVE LAW, APPLYING *ADVANCED TEXTILE* CRITERIA WOULD WARRANT PSEUDONYMOUS PROCEEDING……………………………………………………..8

    a.  The Special Circumstance of Preserving Privacy in a Matter of Sensitive and Highly Personal Nature…………………………………………………………………………8

    b.  There Is Virtually No Prejudice to Defendants………………………………………….8

    c.  Public Interest Would Weigh in Granting this Motion because the Public Has More of an Interest to See How the Important Questions Presented Herein are Resolved…..…9

III.TRANSGENDER STATUS IS DISPOSITIVE IN CASES OF PSEUDONYMOUS PROCEEDING……………………………………………………………………….9

IV.IMMIGRATION STATUS AND THE DEFENDANTS' CONDUCT BEFORE WOULD WARRANT PSEUDONYMOUS PROCEEDING IN THIS CASE……………………10

V. CONSIDERATIONS OF FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT..10

VI.CONCLUSION…………………………………………………………………………..10

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

**TABLE OF AUTHORITIES**

Page:

**Caselaw:**

*Burlington Northern R. Co. v. Woods*,
          480 U.S. 1 (1987)……………………………………………………………….7

*Byrd v. Blue Ridge Rural Elec. Coop.*,
          356 U.S. 525 (1958)……………………………………………………………7

*Doe 1 v. Nat'l Collegiate Athletic Assoc.*,
          No. 22-cv-01559-LB, 2022 U.S. Dist. LEXIS 156695 (N.D. Cal. Aug. 30, 2022)………….9

*Doe v. Collectco, Inc.*,
          No. 2:06-cv-00244, 2021 U.S. Dist. LEXIS 143304 (D. Nev. July 27, 2021)………………6

*Doe v. Github, Inc.*,
          672 F. Supp. 3d 837 (N.D. Cal. 2023)……………………… ..………………………2

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,
          625 F.3d 1182 (9th Cir. 2010)……………………………………………………..1

*Doe v. Taro Pharms. U.S.A., Inc.*,
          No. 25-cv-07815-RFL, 2025 U.S. Dist. LEXIS 230552 (N.D. Cal. Nov. 21, 2025)……5, 6, 8

*Doe v. Univ. Accounting Serv., LLC*,
          No. 09-CV-01563-BAS-JLB, 2022 U.S. Dist. LEXIS 38151 (S.D. Cal. Mar. 3, 2022)……..5

*Does I thru XXIII v. Advanced Textile Corp.*,
          214 F.3d 1058 (9th Cir. 2000)…………………………………………………*passim*

*Doe v. Progressive Cas. Ins. Co.*,
          No. 21-cv-02602-BLF, 2023 U.S. Dist. LEXIS 146469 (N.D. Cal. Aug. 21, 2023)………….9

*EEOC v. Erection Co., Inc.*,
          900 F.2d 168 (9th Cir. 1990)…………………………………………………..3

*Erie Railroad Co. v. Tompkins*,
          304 U.S. 64 (1938)……………………………………………………..…………5, 6

*Gasperini v. Center for Humanities*,
          518 U.S. 415 (1996)…………………………………………………..…………..8

*Guaranty Trust Co. v. York*,
          326 U.S. 99 (1945)…………………………………………………………..6, 7

*Little v. Hecox*,
          145 S. Ct. 2871, 222 L. Ed. 2d 1154 (2025)…………………………………………9

*Nixon v. Warner Communications, Inc.*,
          435 U.S. 589 (1978)…………………………………………………………3

*Powell v. Schriver*,
          175 F.3d 107 (2d Cir. 1999)…………………………………………………9

*Roe v. City & Cty. of S.F.*,
          No. 24-cv-01562-JST, 2024 U.S. Dist. LEXIS 68388 (N.D. Cal. Apr. 15, 2024)…… ..…….8

*Smith v. Solomon*,
          No. 2:25-cv-09413-AB-RAO, 2026 U.S. Dist. LEXIS 33899 (C.D. Cal. Feb. 10, 2026)… ..5

*Students for Fair Admissions v. Trs. of the Est. of Bishop, d/b/a Kamehameha Schools*,
          No. 25-00450 MWJS-RT, 2026 LX 185263 (D. Haw. Apr. 7, 2026)………………1

*Tingley v. Ferguson*,
　　47 F.4th 1055 (9th Cir. 2022)……………………………………………………………..9

**Miscellaneous:**

Fed Rules of Civil Procedure 10………………………………………………………………..3
California Code of Civil Procedure, section 367.3………………………………………..……4, 5
Family Educational Rights and Privacy Act of 1974……………………………………………..10
8 USC 1158…………………………………………………..…….………………..10

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES
IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Indeed, "[i]t is difficult to comprehend why" "young students filing a civil rights suit in order to attend a school from which they were excluded on account of" their protected characteristics "may be denied the right to file their federal suit anonymously." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1189 (9th Cir. 2010) (Reinhard, J., dissenting from the denial of the petition for rehearing *en banc*). Like the school defendants in *Kamehameha*, the defendants herein have been playing[2] the same procedural gambit: The defendants know that this action will not proceed if the Plaintiff's only given choice is between being able to vindicate her constitutional claims—being excluded from the educational system and having her livelihood be destroyed because she is a "biological male" who "sound[s] female" who had brought suit against them because of their previous discriminatory conduct—and the reasonable fear she feels if her identity is disclosed in the Public Record in a matter of ultimate sensitivity and one of highly personal nature.

That is, indeed, why defendants herein have taken a page out of Kamehameha Schools' playbook[3] , and that is why "defendants in this case [have taken] the **unusual step** of contesting plaintiff['s] motion to proceed anonymously." *Id.* at 1185 (emphasis added). Because absent that procedural gambit, there is not much left to the defendants to be able to defend their actions *on the merits*. Lucky, however, is the Plaintiff, for her ability to proceed pseudonymously is likely

---

[2] The Court took judicial notice of the docket in *Doe v. Smith*, No. 25-cv-03490-PCP (N.D. Cal 2025) (*Doe I*), *see* Dkt. No. 18. The Plaintiff, therefore, assumes that the Court is aware of the procedural gambits played in that action.

[3] That playbook is not ironclad, however, and it recently failed spectacularly: *Students for Fair Admissions v. Trs. of the Est. of Bishop, d/b/a Kamehameha Schools*, No. 25-00450 MWJS-RT, 2026 LX 185263 (D. Haw. Apr. 7, 2026)

VI

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

established by binding caselaw.

## II. THE COURT IN *DOE I* ALREADY GRANTED THE PLAINTIFF PSEUDONYMOUS STATUS AND NOT GRANTING THE PLAINTIFF PSEUDONYMOUS STATUS HEREIN WOULD INADVERTENTLY VIOLATE THAT ORDER

As this Court would be aware, the Court in *Doe I* granted the Plaintiff leave to proceed pseudonymously after the defendants' *toothless* and *vigorous* opposition, "determin[ing] that this is the 'unusual case when nondisclosure of [Doe]'s identity is necessary to protect [her] from injury,'" *Doe I*, Dkt. No. 163, citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (*Advanced Textile*). Of course, there is no doubt that that decision does not carry over here. Indeed, courts must assess pseudonymity at different "stage[s] of the litigation" even within the same action. *Doe v. Github, Inc.*, 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023). *See also Advanced Textile,* 214 F.3d 1069 ["The court must also determine the precise prejudice at each stage of the proceedings to the opposing party[.]"]. But not granting the Plaintiff leave to proceed pseudonymously here would inadvertently result in the awkward situation of that Order in *Doe I* being rendered effectively null and void, as it is clear, from this case's own docket, that the Plaintiff herein is the Plaintiff in *Doe I* as well. This factor, the Plaintiff contends, should be considered as a factor weighing in to grant the Plaintiff leave to proceed pseudonymously.

## III. PLAINTIFF NOT HAVING BEEN GRANTED LEAVE TO PROCEED PSEUDONYMOUSLY ALREADY PREVENTED THE PLAINTIFF FROM BEING ABLE TO PROSECUTE *DOE I* TO THE EXTENT SHE WOULD HAVE AND DESIRED TO

Of course, there is also no denying that prejudice to defendants is a factor that must be considered in granting or denying a motion for leave to proceed pseudonymously. *See Advanced Textile*, 214 F.3d at 1068. Equally, however, is the prejudice to the Plaintiff in being able to prosecute this action to the fullest extent possible. Before the Plaintiff was granted leave to proceed

pseudonymously in *Doe I*, for instance, the Plaintiff was hesitant to include *specific allegations* as to how she was targeted by the defendants herein based on her transgender status, being apprehensive to do so if she was not granted pseudonymity in this action. That is why the Plaintiff only made a passing reference to Defendant Smith's verbal assault of the Plaintiff based on her gender in *Doe I*, *see* Dkt. No. 1, at 11, n. 4, and only after being granted leave to proceed pseudonymously, on May 10, 2026, was she able to plead with sufficient detail Defendant Smith's harassment of her based on her sex. The Plaintiff cannot adequately prosecute this action with adequate detail if she is not able to proceed pseudonymously because, as explained *infra*, it is uncontested that *marking* the Plaintiff as a trans person *in perpetuum* in the Public Record would render her vulnerable to incredible danger. This affected the *Doe I* Court's adjudication over the controversy therein, for instance, concluding, erroneously, that the Plaintiff felt that she was not free to ignore the presence of law enforcement officers or "go about [her] business[,]" *see Florida v. Bostick*, 501 U.S. 429, 437 (1991), "due to [Defendant Smith's] height[,]" *see* Dkt. No. 155 in *Doe I*, at 1, because the Plaintiff was not able to plead her history with Defendant Smith with sufficient detail before that Court. *See* Dkt. No. 172  in *Doe I*, at 5-6 (noting the same). As such, the Court must balance these factors with any—*if any*—prejudice that will result for the defendants if the Plaintiff is granted leave to proceed pseudonymously.

**IV. GENERAL STANDARD FOR PROCEEDING PSEUDONYMOUSLY**

Of course, a plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990). And Federal Rules of Civil Procedure 10(a) commands that the title of every complaint "include the names of all the parties," Fed. R. Civ. P. 10(a). "In this circuit, we allow parties to use pseudonyms

in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile*, 214 F.3d 1067-68, citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). This is surely such a case.

## V. THE DETERMINATION OF SUBSTANTIVE LAW VERSUS PROCEDURAL LAW IN THIS QUASI-DIVERSITY JURISDICTION CASE IS A THRESHOLD ISSUE

However, before the Plaintiff is able to explicate how she would satisfy the test found in *Advanced Textile*, the Plaintiff must address what appears to her to be a question of first impression in any court across the nation: And that question is how, in a case where a federal court's jurisdiction is driven partly from the diversity-jurisdiction statute at 28 U.S.C. § 1332, the provisions of Safe at Home Act, *see* California Government Code, sections 6205 through 6216, might be relevant and implicated in a litigant's ability to proceed pseudonymously in a federal court.

### a. Safe At Home Act Is Completely Dispositive in Cases of Pseudonymous Proceeding Post-Certification by the California Secretary of State, as Defendants Have Acknowledged Earlier in the State Court Proceeding

By way of background, in 1999, the California Legislature passed the Safe at Home Act, and the Act provided an opportunity for victims of certain crimes to be certified as an admittee into the program and for them to be able to proceed pseudonymously in civil litigation. *See* California Code of Civil Procedure, section 367.3 ("Section 367.3"). That section provides two *separate* remedies to an admittee into the Safe at Home Program: (1) the ability to be able to proceed pseudonymously and (2) to be able to seek retroactive sealing over any reveal of information the Legislature has determined to be 'identifying characteristics.' Cal. Code of Civ. Proc., section 367.3, subd. (a) (1).

When it is a case of an admittee into the program proceeding pseudonymously after certification by the California Secretary of State from the beginning of the litigation, pseudonymity

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:26-cv-03809-BLF

is granted as a matter of law and is not left to the discretion of the trial court judge. "[A]ll parties and their agents and attorneys ***shall*** use the pseudonym in all pleadings, discovery requests or discovery motion documents, and other documents filed or served in the action, and at hearings, trial, and other court proceedings that are open to the public[.]" Section 367.3 (a) (2) (A)[4] (emphasis added). The Court can observe the Plaintiff's admission into the Program at Exhibit A.

### b. Safe at Home Act is Substantive Law Herein
#### 1. Although this is Likely a Question of First Impression, the Court Need Not Make *Erie* Determinations to Allow the Plaintiff to Proceed Pseudonymously based on Safe at Home Act Participation

The Plaintiff recognizes that the classification of the Safe at Home Act as substantive or procedural law for the purposes *Erie* is a question of first impression. The only cases that address the Safe at Home Act do not engage in this *Erie* analysis[5] the Plaintiff will engage in *infra*, but they summarily grant parties pseudonymous status. *See, e.g., Doe v. Taro Pharms. U.S.A., Inc.*, No. 25-cv-07815-RFL, 2025 U.S. Dist. LEXIS 230552, at *2 (N.D. Cal. Nov. 21, 2025) ("Doe's participation in the Safe at Home program shows a reasonable fear of retaliation. Doe does not explain the circumstances that led to her participation in the program. However, in order to

---

[4] Conversely, if a party *starts* their admission into the program *after* initiating the action and seeks retroactive *sealing* motions to redact their identifying information, such sealing motions are governed by the general applicable standards for sealing, which call upon California Rules of Court, Rule 2.550. "The court, on motion of the protected person, ***may*** order a record or part of a record to be filed under seal in accordance with Rules 2.550 and 2.551 of the California Rules of Court, as those rules may be amended" Section 367.3 (b)(4) (emphasis added). *See also Smith v. Solomon*, No. 2:25-cv-09413-AB-RAO, 2026 U.S. Dist. LEXIS 33899, at *4 (C.D. Cal. Feb. 10, 2026) (emphasis added). ["While the Court recognizes the value of this program and Plaintiff's membership, he has not provided any explanation as to why this program requires or merits **retroactive redaction** of documents filed by Plaintiff himself."]

[5] For instance, this is why *Doe v. Univ. Accounting Serv.*, LLC, No. 09-CV-01563-BAS-JLB, 2022 U.S. Dist. LEXIS 38151, at *6 (S.D. Cal. Mar. 3, 2022) is inapplicable herein. ["the present case before the Court **only involved questions of federal law** while it was open and was dismissed over twelve years ago"] (emphasis added), but also "replac[ing] [the] Plaintiff's name in the caption with John Doe." *Id.*, at *1.

4

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

participate, Doe must have demonstrated that she feared for her safety after distressing experiences that would reasonably make a person afraid of retaliation."), citing, in part, *Doe v. Collectco, Inc.*, No. 2:06-cv-00244, 2021 U.S. Dist. LEXIS 143304, 2021 WL 3199210, at *3 (D. Nev. July 27, 2021) (granting the motion for pseudonymous proceeding and finding the same). Of course, the Court could decline to reach the *Erie* issue and follow the lead of *Taro Pharms* for sustenance of judicial resources. However, the Plaintiff shall still perform a brief *Erie* analysis.

**2. The *Erie* Doctrine, as Further Elucidated in *Guaranty Trust Co.*, Would Find the Safe at Home Act As Substantive Law**

As the Supreme Court explained in *Hanna v. Plumer*, 380 U.S. 460, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965), the "outcome determinative" test of *Erie* as elucidated in *Guaranty Trust Co. v. York*, 326 U.S. 99, 89 L. Ed. 2079, 65 S. Ct. 1464 (1945), "cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." 380 U.S. at 468. In the instant case, it is not clear that there is necessarily a conflict herein: The state law allows the Plaintiff to proceed pseudonymously automatically as a matter of law and right and allows her to file a complaint under a pseudonymous name, whereas the federal law requires *a name* of the Plaintiff to be included in the Complaint. *See* Fed. R. Civ. P. 10(a). Under the long-established standard of *Erie*, federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. In *Guaranty Trust*'s outcome-determinative test, the question was, "Does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?" 326 U.S at 109. If the Court adopted that *Guaranty Trust* test then the Plaintiff should be able to proceed pseudonymously as a matter of right: Had the Plaintiff prosecuted the diversity-jurisdiction cases in the state court, she would be able to proceed

pseudonymously as a matter of right. Put differently, had these diversity-jurisdiction causes of action were filed in the state court, the outcome would be that the Plaintiff would proceed pseudonymously. And this affects the outcome of the litigation herein: If the plaintiff is not allowed to proceed pseudonymously, then it is more than likely that this action will not proceed as is and will be dismissed. As such, there is "significant [e]ffect [to] the result of a litigation" herein. *Guaranty Trust, ibid*.

### 3. *Sibbach, Byrd, Hanna, Burlington* Considerations

In *Sibbach v. Wilson & Co.*, the Supreme Court held that "the test" for determining whether Federal Rules of Civil Procedure must give way to state law is "whether a rule really regulates procedure, —the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." 312 U.S. 1, 14 (1941). Fed. R. Civ. P. 10(a) does not create "judicial process for enforcing rights and duties recognized by substantive law" (*Ibid*); rather, it *merely* enforces a pleading, form, style standard for a complaint. Performing a *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4-5, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987), analysis, because there is no 'direct collision' of laws here, *Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525, 78 S. Ct. 893 (1958) is a better precedent where in the Supreme Court held that "the requirement [in state law] appears to be merely a form and mode of enforcing the immunity" "and not a rule intended to be bound up with the definition of the rights and obligations of the parties." *Byrd,* 356 U.S. at 536. Indeed, the Safe at Home Act *does* involve the *right* to proceed pseudonymously for admitees into the program. And it enforces a particularly noble and persuasive state right: The right to proceed pseudonymously when one is a victim of certain crimes, one where that victimhood might make one shy to invoke the jurisdiction of our courts to be

6

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

able to seek redress of injuries suffered thereunder and therefrom. As such, the Safe at Home Act is not a mere "form and mode"; it is, rather, a definition and creation of a *right*.

### 4. *Gasperini* Would Find the Same

"Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law." *Gasperini v. Center for Humanities,* 518 U.S. 415, 426 (1996). As explained *supra*, in the instant case, California's "interest can be respected, without disrupting the federal system, once it is recognized that the federal district court is capable of performing the checking function," *see Gasperini*, 518 U.S. at 437, by finding that, like this Court's colleague in *Taro Pharms* that the Safe at Home Act substantially supports the provisions of *Advanced Textile.*

### II. EVEN IF SAFE AT HOME ACT DID NOT APPLY OR WAS NOT SUBSTANTIVE LAW, APPLYING *ADVANCED TEXTILE* CRITERIA WOULD WARRANT PSEUDONYMOUS PROCEEDING

#### a. The Special Circumstance of Preserving Privacy in a Matter of Sensitive and Highly Personal Nature

Under *Advanced Textile*, when "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature" pseudonymous proceeding is warranted. *Advanced Textile*, 214 F.3d at 1068. The example cited by *Advanced Textile* for this preposition where a plaintiff was "allow[ed] […] to sue insurance company anonymously to protect against identification as a homosexual" *Ibid*. As argued *infra*, transgender status satisfies this test, and, as far as the undersigned is aware, no court in the nation denied a request for pseudonymity due to transgender status.

#### b. There Is Virtually No Prejudice to Defendants

"Defendant will not be prejudiced if Plaintiff[] proceed[s] pseudonymously because Plaintiff[] [has] agreed to disclose [her] identi[ty] to Defendant for the purpose of the litigation[.]" *Roe v. City & Cty. of S.F.*, No. 24-cv-01562-JST, 2024 U.S. Dist. LEXIS 68388, at *3 (N.D. Cal. Apr. 15,

7

2024). Where a defendant does not know the plaintiffs name, "at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute [their] individualized accusations." *Advanced Textile Corp.*, 214 F.3d 1058, 1058, 1067-68 (9th Cir. 2000). "But where the defendants know the plaintiffs' names, 'anonymity need not, and should not, impede either party's ability to develop its case' even though it is foreseeable that anonymity [will] raise problems for discovery.'" *Doe 1 v. Nat'l Collegiate Athletic Assoc.*, No. 22-cv-01559-LB, 2022 U.S. Dist. LEXIS 156695, 2022 WL 3974098, at *2 (N.D. Cal. Aug. 30, 2022).

### c. Public Interest Would Weigh in Granting this Motion because the Public Has More of an Interest to See How the Important Questions Presented Herein are Resolved

The public has more of a right to have the important issues this case poses be adjudicated on the merits than for this action to be dismissed and no court to reach these issued. Indeed, a similar question as the one posed herein is awaiting adjudication before the Supreme Court. *See Little v. Hecox,* 145 S. Ct. 2871, 222 L. Ed. 2d 1154 (2025) (granting a petition for writ of *certiorari*). "For instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*." *Advanced Textile*, 214 F.3d at 1072 n.15. And "[t]he public also has an interest in seeing this case decided on the merits." *Id.* at 1073.

### III. TRANSGENDER STATUS IS DISPOSITIVE IN CASES OF PSEUDONYMOUS PROCEEDING

There is so much caselaw that could be collected herein, but, as the Second Circuit put it eloquently: "The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, **is really beyond debate**." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (emphasis added). "Pseudonymous filing would be appropriate in this context [where transgender young people challenge a so-called 'conversion' therapy measure] to preserve privacy in

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

a matter of sensitive and highly personal nature." *Tingley v. Ferguson*, 47 F.4th 1055, 1070 (9th Cir. 2022) (quoting *Advanced Textile* Corp.) (internal quotation marks omitted). "Several courts . . . have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure." *Doe v. Progressive Cas. Ins. Co.*, No. 21-cv-02602-BLF, 2023 U.S. Dist. LEXIS 146469, at *2 (N.D. Cal. Aug. 21, 2023) (citation and quotation marks omitted).

**IV. IMMIGRATION STATUS AND THE DEFENDANTS' CONDUCT BEFORE WOULD WARRANT PSEUDONYMOUS PROCEEDING IN THIS CASE**

Another basis for pseudonymous proceeding would be "when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution," *Advanced Textile*, 214 F.3d at 1068. As explained to the court in *Doe I*, although defendants made some "vague meanderings about Plaintiff's possible and alleged violation o f past immigration law" (ECF No. 139 in *Doe I*, at 4), " behind and under those allegations is [the] simple fact [of] [opposing counsel's] inability to understand [the intricacies of] U.S. immigration law" *Ibid*. And although the Plaintiff *never* violated U.S. immigration law, defense counsel in that case argued, for instance, that seeking asylum in the U.S. is a moral wrong and possibly a crime. Of course, that is not true. *See* 8 USC 1158. But because the defendants keep making such legally-anserine points in the public record, pseudonymous proceeding to shield the Plaintiff from possible deportation because of the defendants' absurd allegations would be in order.

**V. CONSIDERATIONS OF FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT ("FERPA")**

Most of the allegations of this Complaint is about the Plaintiff's enrollment in an educational institution and requires the discussion of the Plaintiff's student-record information, and such information is protected under Family Educational Rights and Privacy Act of 1974, P.L. 93-380 ("FERPA"). As the First Circuit put it eloquently, "[t]he privacy concerns animating FERPA

9

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF

continue to have force notwithstanding the litigation, but they become subject to the needs of the judicial process," *see Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 75 (1st Cir. 2022), and the litigation-exception to FERPA "does not defenestrate the student's privacy interests simply because [s]he has sued the school[.]" *Ibid*. Put differently, "[w]hen a student (or former student) files suit against a school and moves for pseudonymity, any implied consent is necessarily limited — especially when it is uncertain whether the student would continue prosecuting the action if pseudonymity were denied." *Ibid*.

### VI. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully seeks leave to be able to proceed pseudonymously in this action—at the very least, at this stage where any prejudice to the defendants is minimal.

DATED: May 22, 2026.

/s/ Jane Doe
_____
JANE DOE

In Propria Persona

10

MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

Case No.  5:26-cv-03809-BLF