JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:26-cv-03809-BLF |
| | ) |
| Plaintiff, | ) **ADMINISTRATIVE MOTION FOR** |
| | ) **LEAVE TO FILE AN OVERLENGTH** |
| v. | ) **MOTION FOR PRELIMINARY** |
| | ) **INJUNCTION** |
| BOARD OF TRUSTEES OF LELAND | ) |
| STANFORD JUNIOR UNIVERSITY, *et al.*, | ) Before the Honorable Beth Labson Freeman |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Pursuant to Civil L.R. 7-11, Plaintiff hereby moves the Court and seeks a "miscellaneous administrative" remedy.

Plaintiff previously sought leave of this Court to file an over-length motion for preliminary injunction, *see* ECF No. 46, and the Court denied that leave because, it appears to the Plaintiff, the Plaintiff was seeking leave to file motion "*twice* as many pages as the local rules permit[.]" ECF No. 49. The Plaintiff construes, hopefully without having misunderstood the Court, that the Court's denial of that motion was without prejudice to seeking leave to file an over length brief that is not "twice as many pages" as local rules permit, not necessarily because the Court did not find that the

1
ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR PRELIMINARY INJUNCTION
5:26-cv-03809-BLF

motion in question was not necessarily of complex subject-matter[1], or one that might warrant leave to file a *shorter* over-length brief. Accordingly, Plaintiff seeks leave herein to file a 29-page motion, which is four more pages than the Civil L.R. 7-3 and this Court's Civil Standing Order permit.

Although not much of a standard exists for granting a leave to file an over-length brief, it is generally assumed that such a request for leave (like all requests for leave) are to be left to the sound discretions of a district court. It is generally assumed that the complication and novelty of issues raised in a motion is a proper ground to seek leave to file an over length brief. *See, e.g., Ames v. Lindquist*, No. C16-5090BHS, 2016 U.S. Dist. LEXIS 94876, at *3 (W.D. Wash. July 20, 2016 ["the parties are hereby informed that, in unique and complicated cases, the undersigned rarely denies motions to file overlength briefs."]. Relief from the default "page limit[s]" might be

_____

[1] The Court's order at ECF No. 54 is too harshly worded, and the Court clearly misstates *the actual point* the Plaintiff was making, because the Court cuts the Plaintiff's **<u>actual verbiage by ellipses when quoting it.</u>** The Plaintiff was not indicating that the Court *sub silentio* found the motion to be posing complex questions, or whether preliminary injunction should be granted as one that poses serious questions going to the merits, but she was *merely* stating that the Court seems to have denied the motion for leave <u>because of the number of pages</u> for which the Plaintiff sought leave from the page limits, not because it found the subject-matter <u>to not be complex</u>. The Court's order is simply too rude for a very simple point the Plaintiff was making—and such use of harsh language is unnecessarily intimidating to a litigant attempting to invoke our Judiciary's resources to address a grievance. Although the undersigned is cognizant of the "human qualities of a judge's temperament[,]" *see United States v. Estate of Hage*, 632 F. App'x 338, 339 (9th Cir. 2016), the Court's harsh words are simply too lopsided given the actual, simple point the Plaintiff was making. "All persons involved in the judicial process— **judges**, litigants, witnesses, and court officers—owe a **duty of courtesy to all other participants**." *In re Snyder*, 472 U.S. 634, 647 (1985) (emphasis added). Such misplaced and intimidating language has the potentiality to occlude the long-held belief that "[c]ourts of justice are universally acknowledged to be [places of] silence, respect, and decorum[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). The Court's verbiage does not fulfill its duty to be courteous to litigants, especially because the Court is misconstruing what the Plaintiff *actually said*. To the extent that the Plaintiff apologizes and has apologized to this Court earlier for misunderstanding it on multiple occasions, *see, e.g.,* Dkt No. 30, the Plaintiff is of the belief that judicial temperament requires the Court to realize that it misunderstood the Plaintiff and did not give her the courtesy and benefit of doubt. Judicial humility—the cornerstone of our judicial system and judicial temperament—demands as such. *See generally* 28 U.S.C. § 453

2

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR PRELIMINARY INJUNCTION

5:26-cv-03809-BLF

"warranted due to the procedurally complicated claims [and] myriad of questions of law" *Est. of Torres v. Cal. Dep't of Corr. & Rehab.*, No. 1:24-cv-00731-KES-SAB, 2024 U.S. Dist. LEXIS 187983, at *2 (E.D. Cal. Oct. 10, 2024). "The Court recognizes the complicated nature of the case and agrees that an extension of page limits for briefing the respective motions for summary judgment is warranted." *Wagafe v. Trump*, No. 2:17-cv-00094-RAJ, 2020 U.S. Dist. LEXIS 202057, at *3 (W.D. Wash. Oct. 29, 2020) (granting 90-pages per brief).

Of course, "page limits are not mere formalities. They are important. Page limits promote judicial economy and encourage litigants to hone their arguments and to eliminate excessive verbiage. *Lacomba v. Eagle Home Loans & Inv., LLC*, No. 2:23-cv-00370-KJM-DB, 2023 U.S. Dist. LEXIS 169433, at *2 (E.D. Cal. Sep. 21, 2023) (inner citations omitted). *See also N/S Corp. v. Liberty Mut. Ins*. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) ("[R]esources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief. Hence we have briefing rules.").

The initial draft of the motion, as the Court is aware, was 54 pages of memorandum. The Plaintiff omitted significantly important arguments to be able to comply with the page limitations. Any further editing seems to be virtually impossible without significantly disrupting the legal arguments the motion is making. The Plaintiff contends that a motion for a 3.5-page leave (the last page is only half full and contains the Plaintiff's signature) from the page limitations is modest, especially given that the Plaintiff elucidated earlier, *see* Dkt. No. 46, at 4-5, that the Motion addresses questions of complicated nature. Although the Plaintiff is not a purposivist, page limits are instituted to ensure that the Judiciary is not abused by one litigant to the detriment of others,

where one occupies too much time of a court to the detriment of the other cases a court is addressing. Analogously, not permitting the Plaintiff to carry her *high* and *affirmative* burden to establish her entitlement to a preliminary injunction because the Plaintiff is unable to persuade this Court is too inequitable of a position, especially when it could be remedied by a modest leave from the page limits by 3.5 pages.

The Standing Orders of this Court also notes that "[i]n general, no more than 5 footnotes per brief should be necessary" (Standing Order Re Civil Cases, at § IV.F). The Motion has 6 footnotes. To the extent that a leave is required to that end, the Plaintiff respectfully seeks leave thereto, especially given that 3 of those aforesaid footnotes are one line each.

Respectfully submitted,

DATED: May 23, 2026.

/s/ *Jane Doe*

JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR PRELIMINARY INJUNCTION

5:26-cv-03809-BLF