JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>                    Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**ADMINISTRATIVE MOTION TO ADVANCE THE HEARING DATE ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Before the Honorable Beth Labson Freeman<br><br>[PUBLIC COPY OF CONDITIONALLY SEALED MOTION] |

Pursuant to Civil L.R. 6-3, Plaintiff hereby moves the Court for change of time and to advance the hearing date set on the Plaintiff's served and e-filed Motion for Preliminary Injunction. Civil L.R. 6-3 is the proper vehicle to move this Court for the prayed-for relief herein. *See, e.g., Eisner v. Meta Platforms, Inc.*, No. 24-cv-02175-CRB (PHK), 2024 U.S. Dist. LEXIS 77934, at *3 (N.D. Cal. Apr. 29, 2024) ["Presently before the Court is Plaintiff's administrative motion under **Civil Local Rule 6-3 seeking to expedite the briefing schedule and hearing date** for Plaintiff's contemporaneously filed motion…"]. (emphasis added).

**Procedural Background and Posture:**

Although the Plaintiff assumes that the Court is aware of the procedural posture and history of this action, especially given that the Court previously took judicial notice of the entire docket of *Doe v. Smith, et al.*, 5:25-cv-03490-PCP (N.D. Cal, April 21, 2025) ("*Doe I*"), *see* Dkt. No. 18 at 2, n. 1, the Plaintiff shall nonetheless briefly summarize the procedural background and posture of the underlying controversy to the extent relevant to this Motion. On April 4, 2026, the Plaintiff filed a motion to set aside the parties' stipulated dismissal, *see Waetzig v. Halliburton Energy Services, Inc.,* 604 U.S. 305 (2025), under Fed R Civ P 60 in *Doe I—see* Dkt. No. 66 in *Doe I.* The Plaintiff, thereafter, moved that court to advance the hearing date on the Motion to Set Aside Dismissal, given that the Plaintiff cannot file a motion for temporary restraining order ("TRO") without the Court first hearing the Motion to Set Aside Dismissal. *See* Dkt. No. 72 in *Doe I.* The Court first denied that Motion. Dkt. No. 74. The Plaintiff, thereafter, moved the Court for leave to file a motion for TRO before the disposition of the Plaintiff's Motion to Set Aside Dismissal. Dkt. No. 76. The Court granted that motion and, *sua sponte*, advanced the hearing date on that motion "[i]n light of the exigent circumstances underlying Doe's request for emergency relief, and the Court's inability to address that request without first resolving Doe's Rule 60(b) motion[.]" Dkt. No. 78 at 2.

The court in *Doe I* indicated intent to deny the Rule 60(b) motion on April 28, 2025. The present action was filed on April 30, 2025. The Plaintiff shortly thereafter filing the complaint moved this Court for a TRO. *See* Dkt. No. 11. The Court denied that prayer for relief, finding the motion for TRO untimely. Dkt. No. 18. The Court indicated that its ruling was without prejudice to filing a noticed motion for preliminary injunction. *Ibid*. The Plaintiff thereafter moved this Court for leave to file a motion for preliminary injunction and an expedited briefing thereto and an advanced hearing date thereon. Dkt. No. 30. The Court denied that request because there was no operative

complaint at the time. Dkt. No. 32. The Plaintiff filed an amended complaint thereafter. Dkt. No. 33. The Plaintiff filed a similar motion as that of Dkt. No. 30 again. *See* Dkt. No. 41. The Court denied that motion "without prejudice to renewing the request after Defendants are served[.]" Dkt. No. 48. After confirming that the defendants were served by counsel of record herein, the Plaintiff renewed that motion. Dkt. No. 53. The Court denied that motion and indicated that the Plaintiff should first "contact the Court's Courtroom Deputy to reserve a hearing date" Dkt. No. 54. The Plaintiff did so.

Counsel for the defendants, although not having yet entered their appearance on this action, authorized service by electronic mailing within the meaning of Civil L.R. 5-1 (f)(2). *See* Exhibit C to Decl in Support. The Plaintiff's fiancé served on the defendants the Motion for Preliminary Injunction and e-filed the said motion on this Court's docket, noticing it to October 22, 2026, the hearing date provided by this Court's courtroom deputy. *See* Decl. In Support. Defendants having been served the operative complaint in this action by the U.S. Marshal's service, having been provided a copy of the unredacted complaint and any attached exhibits thereto, and having explicitly informed the undersigned that they will consider service complete therefor, and the Plaintiff having complied with this Court's orders and having reserved a hearing date on the motion, this motion is likely ripe for adjudication, and the Plaintiff hereby moves this Court to advance the hearing date on the motion for preliminary injunction.

**Civil L.R. 6-3 (a)(1) and (a)(3):**

The Plaintiff is of the belief that the Plaintiff's exhibits in support of her motion for temporary restraining order, and supporting materials filed in support of this administrative motion, "[s]ets forth with particularity the reasons for the requested" relief herein and "[i]dentifies the substantial harm or prejudice" she will suffer in absence of this relief. Put briefly, the undersigned has been

ADMINISTRATIVE MOTION TO ADVANCE THE HEARING DATE ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION



**Civil L.R. 6-3 (a)(2):**

The defendants are generally not amenable to stipulating time to advance hearing dates and, their conduct in *Doe I*, was generally hostile when the undersigned inquired whether they would be amenable to stipulate to an advanced hearing date. *See, e.g.,* Dkt. No. 91-1 in *Doe I*.

**Civil L.R. 6-3 (a)(4)-(6):**

There has been no time modifications in this case. Given the precocious nature of this action, "requested time modification" would not have any effect on the "schedule for the case" as there is no other motion filed or scheduled herein.

ADMINISTRATIVE MOTION TO ADVANCE THE HEARING DATE ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
5:26-cv-03809-BLF

***Armstrong* Considerations:**

As previously averred to this Court at Dkt. No. 30, although a motion for preliminary injunction is a noticed motion within the meaning of Civil L.R. 7-2, given the time-sensitive nature of preliminary injunctions, most briefing on such motions do not follow the general motion-opposition-reply structure. For instance, in most cases, courts dispense with a reply brief, given the expedited hearing dates usually set on preliminary injunction motions (mostly, but not *necessarily*, because an antecedent TRO is going to expire). *See, e.g., Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 U.S. Dist. LEXIS 143204, at *11 (N.D. Cal. July 25, 2025) (ordering that no reply brief be filed); *Stokes v. Cheek*, No. 1:24-cv-00691-FRS (BAM) (PC), 2026 LX 25078 (E.D. Cal. Jan. 28, 2026) (same). "Pursuant to the Federal Rules of Civil Procedure and *Armstrong*, the Court cannot order preliminary injunctive relief until Defendants are provided with notice and an opportunity to be heard on the same. Fed. R. Civ. P. 65(a)(1)[.]" *Williams v. Navarro,* No. 3:18-cv-01318-DMS-RBM, 2019 U.S. Dist. LEXIS 113947, at *7 (S.D. Cal. July 9, 2019). And an oral notice and opportunity to be heard is "sufficient" for the purposes of a preliminary injunction motion. *Armstrong v. Brown*, 768 F.3d 975, 980 (9th Cir. 2014). For that reason, this Court is with the discretion to, for instance, order the defendants appear on an advanced hearing and "respond to Doe's oral arguments concerning [this] motion […] at the hearing[.]" Dkt. No. 145in Doe I.

Accordingly, the Plaintiff respectfully requests the Court to advance the hearing date on the Plaintiff's motion for preliminary injunction.

//

//

//

ADMINISTRATIVE MOTION TO ADVANCE THE HEARING DATE ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
5:26-cv-03809-BLF

Respectfully submitted,

DATED: May 26, 2026.

/s/ Jane Doe

JANE DOE

In Propria Persona

ADMINISTRATIVE MOTION TO ADVANCE THE HEARING DATE ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

5:26-cv-03809-BLF