JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | ) Case No.: 5:26-cv-03809-BLF |
| | ) |
| Plaintiff, | ) ***EX PARTE* APPLICATION TO LODGE** |
| | ) **AN EXHIBIT FOR *IN CAMERA* REVIEW** |
| v. | ) **IN SUPPORT OF ADMINISTRATIVE** |
| | ) **MOTION TO ADVANCE HEARING** |
| BOARD OF TRUSTEES OF LELAND | ) **DATE** |
| STANFORD JUNIOR UNIVERSITY, *et al*., | ) |
| | ) [PUBLIC COPY OF DOCUMENT FILED |
| Defendants. | ) CONDITIONALLY UNDER SEAL] |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiff hereby respectfully applies to this Court, *ex parte*, to lodge an exhibit for *in camera* review.

## I.  *EX PARTE* APPLICATION IS WARRANTED AND NECESSARY

An *ex parte* application in this district court is not authorized until and unless "a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing[.]" Civil L.R. 7-10. "Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 490 (C.D. Cal. 1995) (*Mission*). To justify *ex parte* relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in

creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492. Given that *in camera* review is necessarily *ex parte* of a process, given that the defendants have not yet appeared in this action anyways, and given that the underlying administrative motion is about advanced a hearing date, the Plaintiff contends that she satisfied the two-prong *Mission* test herein.

### II. LEGAL STANDARD FOR *IN CAMERA* REVIEW

Ordinarily, "in camera inspection of documents is disfavored . . ." *Lion Raisins v. United States Department of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004); *see* 5 U.S.C. § 552(a)(4)(B). An in camera submission impedes not only the public's right to access judicial filings, but also the adversarial process through which courts function best. *See Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991); *see also Doyle v. F.B.I.*, 722 F.2d 554, 556 (9th Cir. 1983) (providing overview of the "danger inherent" in relying on ex parte, in camera submissions).

Nevertheless, the Ninth Circuit has recognized that in certain cases, *in camera* review might be appropriate. *See, e.g., Doyle v. F.B.I.*, 722 F.2d 554, 556 (9th Cir. 1983). *See also In re Toyota Motor Corp. Unintended Acceleration Mktg.*, No. 10-02151, 2012 U.S. Dist. LEXIS 189471, at *1 (C.D. Cal. Jan. 13, 2012); *Live Nation Merch., Inc. v. Miller*, No. 13-cv-03936, 2014 U.S. Dist. LEXIS 65174, at *10 (N.D. Cal. May 9, 2014).

Of course, the most famous precedents in the area of *in camera* review—mainly, *United States v. Zolin,* 491 U.S. 554 (1989) and *In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992)—involve the question of materials subject to attorney-client privilege and whether some form of *in camera* review could be conducted to determine if the privilege is deemed to not apply based on the crime-fraud exception.

2

Nevertheless, an *in camera* review could be requested for *any* material, not necessarily ones that purportedly belong to privileged materials. A request for in camera review must be supported by "compelling reasons," which is a stringent standard that is not easily met. *Maxson v. Mosaic Sales Sols. U.S. Op'g Co.*, 2015 U.S. Dist. LEXIS 99040, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015). Compelling reasons may be established by **showing that revealing the subject information to the opposing party** and to the public would irreparably harm the movant. *PlayUp, Inc. v. Mintas,* No. 2:21-CV-02129-GMN-NJK, 2024 U.S. Dist. LEXIS 17889, 2024 WL 365382, at *1 (D. Nev. Jan. 30, 2024). *See also Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691 (D. Nev. 1994); *Lopez v. Sherwin-Williams Co.*, No. 2:24-cv-01021-JAD-NJK, 2025 LX 246439 (D. Nev. July 14, 2025).

Here, the Plaintiff contends that standard has been met.

### III. IN THE INSTANT CASE, *IN CAMERA* REVIEW, AS OPPOSED TO SEALING, IS APPROPRIATE

Although this Court already took judicial notice, *see* Dkt. No. 18, of the entire docket of the case filed in this District Court named *Doe v. Smith, et al.,* case no. 5:25-cv-03490-PCP (N.D. Cal., April 21, 2025) (*Doe I*)[1], the Plaintiff respectfully seeks judicial notice of the *existence* of the arguments contained in ECF No.[2] 132-2, pp. 14-15, ECF No.s. 140, 142, 143 and ECF No. 135 (General Decl. of Jane Doe) ███████████████████ Of course, the Plaintiff is not

---

[1] Although not relevant to this inquiry and this Court's determination in any way, the Court in *Doe I* indicated, when the defendants' objected to the submission of a pseudonymized declaration by another Stanford affiliate, filed under a pseudonym because of fear of retaliation, that if the Court in *Doe I* thought the issue if pseudonymity to be important, it might order the Plaintiff to file the declaration for *in camera* review. The Court in *Doe I*, on its final order, does not seem to have found that the pseudonymized declaration poses any issues that would require it to be submitted for *in camera* review.

[2] These ECF numbers are as they appear on the docket of *Doe I*. At any rate, this case has not (yet) reached 132 filings.

3

*EX PARTE* APPLICATION TO LODGE AN EXHIBIT FOR *IN CAMERA* REVIEW ISO ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE

Case No.  5:26-cv-03809-BLF

requesting this Court to make findings of facts regarding any of those material but merely to judicially notice the existence of such documents.

In their Opposition Brief to the Plaintiff's Motion for Leave to File a Supplement to the Complaint under Rule 15(d), the defense counsels argued that the Plaintiff violated U.S. immigration and law and committed a crime that should warrant certain moral[3] opprobrium. *See* ECF No. 132-2, at pp. 14-15. As explained at ECF No. 140, most of these contentions are, of course, because of defense counsel's inability to understand the intricacies of U.S. immigration law and her perfidious lust to remain uneducated in areas of law about which she is unfamiliar (for instance not knowing what type of non-citizens are eligible for advanced parole). For instance, counsel made the argument that it is illegal to be admitted into the U.S. after inspection ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████. But, *of course*, there is *nothing* illegal ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████ And there is nothing *wrong* with that, legally (and morally, also, for most people who do not have the corrupt and arbitrary moralisms of defense counsel). Simply put, the Plaintiff is genuinely scared that if the exhibit lodged with this Court for *in camera* review is provided to defense counsels, they may very well report the Plaintiff, using this

---

[3] The Plaintiff will not address the defendants' general moral meanderings because they are irrelevant for proceedings before this Court. It is embarrassing that this needs to be noted, but the Judiciary's "obligation is to" adjudicate legal cases on their legal merits, "not to mandate [its] own moral code" on litigants. *Planned Parenthood v. Casey*, 505 U.S. 833, 850 (1992), overruled on other grounds as stated in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) (majority opn. of Alito, J.).

*EX PARTE* APPLICATION TO LODGE AN EXHIBIT FOR *IN CAMERA* REVIEW ISO ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE
Case No.  5:26-cv-03809-BLF

document, to Immigration and Customs Enforcement (ICE) agents, *erroneously* claiming that the Plaintiff violated the provisions of the INA. ████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

Simply put, the Plaintiff cannot in good faith *not be* intimidated that defense counsels could take up these measures, given how ***aggressive*** they have been in matters related to the Plaintiff's immigration status in the U.S. ██████████████████████████

████████████████████████████████████████

██████████████████████. Even ███████████████████████████

████████████ the Plaintiff could still spend days, weeks, months in ICE custody before being brought before an immigration judge.

For all these reasons, and because the aggressive gamesmanship is clear herein, the Plaintiff respectfully requests an *in camera* review of the underlying ████████ document herein. Given that the Civil Local Rules and Standing Orders of this Court do not specify how documents should be lodged with the Court for *in camera* review, the Plaintiff will follow the lead of this Court's colleague at *Glass v. Docusign, Inc.*, No. 23-cv-00864-LJC, 2023 U.S. Dist. LEXIS 140668, at *12 (N.D. Cal. Aug. 11, 2023) and provide a copy of the proposed documents proposed to be lodged

---

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

████████████████████

*EX PARTE* APPLICATION TO LODGE AN EXHIBIT FOR *IN CAMERA* REVIEW ISO ADMINISTRATIVE
MOTION TO ADVANCE HEARING DATE

Case No.  5:26-cv-03809-BLF

with this Court for *in camera* review with her proposed order on this *ex parte* application to this Court's proposed orders email address. The Plaintiff hopes that this is also the procedure this Court employs for reviewing materials *in camera* and assumes that if the Court grants this application, it would consider the email attachment as lodged with this Court for *in camera* review.

Respectfully submitted,

DATED: May 24, 2026.

/s/ Jane Doe
_____

JANE DOE

In Propria Persona

*EX PARTE* APPLICATION TO LODGE AN EXHIBIT FOR *IN CAMERA* REVIEW ISO ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE

Case No.  5:26-cv-03809-BLF