**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JANE DOE,

          Plaintiff,

    v.

BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,

          Defendants.

Case No.  5:26-cv-03809-BLF

**ORDER STRIKING ADMINISTRATIVE MOTION**

[Re: ECF No. 70]

Plaintiff filed an administrative motion requesting that the Court "enter an Order ordering the defendants to use the Plaintiff's pseudonymous name until and after the Court makes a dispositive ruling on the Plaintiff's motion for leave to proceed pseudonymously," "given the defendants' unusual procedural mannerisms regarding pseudonymous proceeding [sic]."  ECF No. 70 at 1–2.

This is Plaintiff's thirteenth so-called administrative motion for miscellaneous relief pursuant to Civil Local Rule 7-11.  *See* ECF No. 9 (seeking leave to file amended complaint); ECF No. 20 (purporting to compel the Court to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915 two days after filing amended complaint); ECF No. 27 (seeking leave to "file . . . motion to proceed pseudonymously *unnoticed* at this procedural juncture"); ECF No. 30 (requesting advanced preliminary injunction hearing based on "Plaintiff wonder[ing] if [sic] the Court would permit the previous service on the defendants to be construed as notice of the motion for preliminary injunctive relief"); ECF No. 36 (seeking leave to file amended complaint); ECF No. 41 (renewing denied request for advanced preliminary injunction hearing); ECF No. 45 (requesting the Court to order the Clerk of Court to correct a non-existent "clerical error"); ECF

No. 46 (seeking leave to file over-length preliminary injunction motion); ECF No. 53 (renewing twice-denied request for advanced preliminary injunction hearing); ECF No. 55 (seeking clarification of the Court's Standing Order); ECF No. 58 (renewing denied request for leave to file over-length preliminary injunction motion); ECF No. 60 (renewing thrice-denied request for advanced preliminary injunction hearing); ECF No. 63 (same).

Civil Local Rule 7-11 "merely governs the form and content of motions for administrative relief in this district." *Maslic v. ISM VUZEM d.o.o.*, No. 21-cv-02556-BLF, 2024 WL 5441182, at *1 (N.D. Cal. June 14, 2024). Rule 7-11 is not, as Plaintiff appears to believe, a freestanding license to commandeer the Court's "discretion in managing and organizing its docket." *Flexport, Inc. v. Freightmate Ai, Inc.*, No. 25-cv-02500-RFL-PHK, 2026 WL 891607, at *1 (N.D. Cal. Apr. 1, 2026). Moreoever, several of Plaintiff's putative administrative motions—including this one—are procedurally improper and do not comport with the local rules, which require the moving party to file "a proposed order and . . . either a stipulation under Civil L.R. 7-12 or . . . declaration that explains why a stipulation could not be obtained." Civ. L.R. 7-11(a).

Moreoever, this administrative motion is more like a preliminary injunction motion in that it seeks to compel the conduct of Defendants, which is an inappropriate use of Rule 7-11. Plaintiff's improper administrative motion is STRICKEN. Plaintiff is admonished that further frivolous "administrative" motions may result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: May 28, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2