PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
STACIE O. KINSER (Cal. Bar No. 300529)
stacie.kinser@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    (415) 983.1000
Facsimile:    (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY ("STANFORD"),
STANFORD UNIVERSITY DEPARTMENT OF PUBLIC
SAFETY, LAURA L.WILSON, JASON A. SMITH, JASON
BARNES, JON HERNANDEZ, RICHARD HARDING
SHAW, JR., MICHAEL DEVLIN, JEN CASEBEER-BLUM,
DEBRA L. ZUMWALT, PARINAZ ZARTOSHTY,
SHIRLEY J. EVERETT, and JAMES R. JACOBS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>　　　　Defendants. | Case No. 26-cv-03809-BLF<br><br>**STANFORD DEFENDANTS' RESPONSE TO PLAINTIFF'S SEALING MOTIONS PURSUANT TO COURT'S MAY 4 ORDER (DKT. 18)**<br><br>2nd Amended Complaint Filed:  May 11, 2025<br><br>Judge:  Hon. Beth Freeman |

All Defendants, except Lydia Brice Morgan-Herman,[1] (collectively, "Stanford Defendants") hereby respond to Plaintiff's sealing motions and sealed filings pursuant to the Court's May 4 Order at Docket No. 18.

On May 1, 2026, Plaintiff filed a Motion for Temporary Restraining Order together with an administrative motion to seal.  Dkts. 11, 11-1.  In the Court's May 4 Order denying the TRO, the Court further ordered that "[t]here being no Defendants appearing in this action to object, the concurrently filed motion to file under seal certain exhibits in connection with the [TRO] application is GRANTED," while providing that "[d]efendants may object to such sealing upon appearing in this action."  Dkt. 18 at 4.  In the Court's May 7 and May 12 Orders, the Court granted Plaintiff's administrative motions (Dkts. 6, 34) requesting leave to file certain exhibits with her identifying information under seal pending her motion for leave to proceed pseudonymously.  Dkts. 28, 37.  In an abundance of caution given the Court's order on May 4 to object to sealing upon appearing, and because the Stanford Defendants are making their first appearance through a concurrent filing today, the Stanford Defendants hereby submit this response to comply with the Court's order, state their general position on sealing, and explain why a more detailed opposition to sealing is not possible at this time.

In short, Plaintiff has refused to provide Stanford Defendants with access to most of the sealed filings at issue.  Declaration of Khyrstyn ("Nan") McGarry ("McGarry Dec.") ¶ 11, concurrently filed in support of both this response and Stanford Defendants' Motion to Change Time.  Plaintiff has filed administrative sealing motions at Docket Nos. 6, 11-1, 34, 57-1, 59-1, 60-2, 62-1, 63-2, and 69-1, and has further filed materials under seal without any corresponding administrative motion to seal at Docket Nos. 30 and 46.  She also sought *in camera* review of documents at Docket Nos. 60-1 and 63-1.  Of the sealed filings, the Stanford Defendants have only been served with some of the sealed exhibits to the TRO Motion (Dkt, 12), the sealed exhibits to the Second Amended Complaint (Dkt. 34), the exhibit attached to Plaintiff's Motion to Proceed Pseudonymously (Dkt. 57), and the Motion for Preliminary Injunction (62-2).  Despite multiple

---

[1] Lydia Brice Morgan-Herman will be represented by counsel for the County of Santa Clara.

-1-

requests, the Stanford Defendants still have not received copies of other sealed filings in the matter, including:

1. The sealed attachments to **Dkt. 11** - TRO Motion Supporting Declarations

   o Dkt. 11-2 — Conditionally Sealed Copy of Motion for Temporary Restraining Order (The Stanford Defendants did receive an unredacted TRO application via email on May 2, but they did not receive any related filings and cannot determine whether it was the application filed at 11-2.)  McGarry Decl. ¶ 13.

   o Dkt. 11-3 — Declaration of Jane Doe, Re: Irreparable Harm in Support

   o Dkt. 11-4 — Appendix A in Support of Decl. Re: Irreparable Harm

   o Dkt. 11-5 — Appendix B in Support of Decl. Re: Irreparable Harm

   o Dkt. 11-6 — Appendix C in Support of Decl. Re: Irreparable Harm

   o Dkt. 11-7 — Appendix D in Support of Decl. Re: Irreparable Harm

   o Dkt. 11-8 — Appendix E in Support of Decl. Re: Irreparable Harm

   o Dkt. 11-9 — Appendix F in Support of Decl. Re: Irreparable Harm

   o Dkt. 11-10 — Declaration of Jane Doe, Re: The Timing of the Motion for TRO

2. The sealed attachments to **Dkt. 12 -** TRO Motion Supporting Declarations

   o Dkt. 12-1 — Declaration: Addendum to the Declaration of Jane Doe Re: The Timing of the Motion for Temporary Restraining Order at ECF No. 11-10

3. The sealed attachments to **Dkt. 30**

   o Dkt. 30-1 — Conditionally Sealed Copy of the Administrative Motion for Leave to File a Motion for Preliminary Injunction for Leave to Effectuate Service on the Defendants via Electronic Mailing and for Leave for Expedited Briefing Schedule Thereto and an Advanced Hearing Date Thereon

4. The sealed attachments to **Dkt. 46**

   o Dkt. 46-1 — Exhibit A In Support of the Administrative Motion to File an Over-Length Motion for Preliminary Injunction

5. The sealed attachments to **Dkt. 60**

-2-

   o  Dkt. 60-3 — Administrative Motion to Advance the Hearing Date on the Plaintiff's Motion for Preliminary Injunction

   o  Dkt. 60-4 — Ex Parte Application for In Camera Review

   o  Dkt. 60-6 — Exhibit A in support of Administrative Motion to Advance Hearing Date

   o  Dkt. 60-7 — Exhibit B in support of Administrative Motion to Advance Hearing Date

6. The sealed attachments to **Dkt. 63**

   o  Dkt. 63-3 — Administrative Motion to Advance the Hearing Date on the Plaintiff's Motion for Preliminary Injunction

   o  Dkt. 63-4 — Ex Parte Application for In Camera Review

   o  Dkt. 63-6 — Exhibit A in support of Administrative Motion to Advance Hearing Date

   o  Dkt. 63-7 — Exhibit B in support of Administrative Motion to Advance Hearing Date

7. The sealed attachments to **Dkt. 69**

   o  Dkt. 69-2 — Conditionally under Seal Copy of the Administrative Motion for Advanced Hearing Date

McGarry Decl. ¶ 13.

       To the extent the Stanford Defendants are required to state their objections to sealing at this juncture, the Stanford Defendants oppose sealing on the basis that Plaintiff has not complied with Civil Local Rule 79-5 and has failed to serve such documents on the Stanford Defendants prior to their appearance in the case pursuant to Civil Local Rule 5-1(h)(2).

       As to the content of Plaintiff's requests to seal, although Plaintiff's sealing motions, when filed, generally assert that the requested redactions are limited to information that "might identify her true name and likeness," Plaintiff's redactions often appear to extend well beyond such information. McGarry Decl. ¶¶ 15, 17, 21. To the extent Plaintiff seeks to seal identifying information based on her Motion to Proceed Pseudonymously, the Stanford Defendants will timely file an opposition to her motion, which may obviate the need to object to specific sealing requests. To the extent Plaintiff seeks to seal more than identifying information, her motions to date have not supported such sealing under either the "compelling reasons" standard for sealing where the material to be sealed is "more

than tangentially related to the underlying cause of action" (*Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097-1101 (9th Cir. 2016)), or a showing of good cause sufficient to justify sealing of materials filed in connection with non-dispositive matters (*Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006)).  In other cases, she has failed to file a motion at all.  However, the Stanford Defendants cannot fully assess and respond to these filings without full access to the sealed versions of these documents.

Under these circumstances, the Stanford Defendants respectfully submit that meaningful adjudication of Plaintiff's sealing requests be deferred until they have been provided the sealed materials at issue and after the Court renders a decision on Plaintiff's pending pseudonym motion.

Dated:  May 28, 2026

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   */s/ Khyrstyn McGarry*

JACOB R. SORENSEN
STACIE KINSER
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

*Attorneys for Stanford Defendants*