JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **OPPOSITION TO THE DEFENDANTS' ADMINISTRATIVE MOTION TO DEVIATE FROM PROPER PROCEDURE IN THE FORM OF EXTENDED BRIEFING TIMES BY SIX WEEKS WITH NO APPARENT GOOD CAUSE** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | |
| Defendants. | |

i

OPPOSITION TO THE DEFENDANTS' ADMINISTRATIVE MOTION TO DEVIATE FROM PROPER PROCEDURE IN THE FORM OF EXTENDED BRIEFING TIMES BY SIX WEEKS WITH NO APPARENT GOOD CAUSE

5:26-cv-03809-BLF

Pursuant to Civil L.R. 7-11(b), the Plaintiff hereby opposes the Defendants' Administrative Motion, lodged with this Court at ECF No. 73.

### I.  INTRODUCTION

"There is an old adage among lawyers that, when the law is not on your side, you should attempt to confuse the court […] with your **spin** on the facts." *Malabara v. Chicago Tribune Co.*, 149 F.3d 690, 692 (7th Cir.1998) (emphasis added). Surely, defense counsel's expertise lies in this confusion and spinning, not in zealously representing her clients.

The administrative motion rather rests on the overarching (yet unsupported) claim that there is some "prejudice caused by [the] Plaintiff"s [*sic*] tactics" (Mot. at 1). Not much of a description of a tactic is provided, however—rather, the defense counsel maintains that because her clients think the Plaintiff is an e*nfant terrible*, the Judiciary door's should be shut to her; or, rather, because the Court previously denied *some* of the Plaintiff's administrative motions (and yet granted some), that must mean that the Plaintiff is vexatious—or, rather because defense counsel finds the words "contained within [the Plaintiff's] [...] lawsuit" and other motions unpalatable to her ears and subjective sense of morality and her arbitrary readings of whatever scripture (if any) she subscribes to (certainly not the one the Plaintiff subscribes or **ought to subscribe** to), *see Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387-389 (2011), that must mean that the Judiciary's doors should be glued from the inside to the Plaintiff. Our Judiciary does not work like that—as will be explained *infra*—and what defense counsel desires this Court to become requires the shredding of our Constitutional order and having her subjective whims and desires become our laws. Because such a proposition is an "existential threat to the rule of law[,]" *see Trump v. CASA, Inc*. 606 U.S. 831, 921 (2025) (Jackson, J., dissental), the Motion should be denied.

### II. RELEVANT PROCEDURAL POSTURE

DECLARATION OF JANE DOE IN SUPPORT OF HER OPPOSITION TO THE DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME

5:26-cv-03809-BLF

**Defense Counsel Likely Violated Civil L.R. 5-1 (j)**

Although the proofs of service have not been returned to the Court by the U.S. Marshal's Service, it appears that defense counsel has admitted herself to being aware of this action for the past two weeks. *See, e.g.,* Mot. at 3: 17 (confirming that "U.S. Marshal['s]" Service served the complaint and summons on the defendants on "May 20, 2026[.]") Of course, defense counsel has been aware of this action for the past *month* and decided to ignore the Plaintiff's communications for the past month, obviously to not acknowledge actual notice of the action, *de facto* extending her time to answer or otherwise respond to the complaint. *See* Decl. of Jane Doe at ¶¶ 27-34.

It is utterly unclear, then, why defense counsel has not entered her appearance on ECF for the past two weeks, especially given that the local rules of this Court contemplate "sanctions" for the "[f]ailure of counsel to **timely register** […] with ECF[.]" Civil L.R. 5-1(j) (emphasis added). Of course, the aim is clear: Because the Plaintiff is outside the United States and will not be able to have service effectuated on them by U.S. Postal Service, as required before their ECF registration, and because she is proceeding *in propria persona* (and does not have swaths of administrative assistants that can effectuate service thereto) and because defendants have previously harmed anyone who attempted to effectuate service on them before, *see* Decl. Of Jane Doe ISO at ¶¶ 11-15, this was defense counsel's smart way of avoiding service of motions—including the motion for preliminary injunction—until and after she decided, one day out of her daily whims, to register with ECF so that she can automatically be deemed served when moving papers are filed with this Court. *See generally* Decl. of Jane Doe In Support (detailing defense counsel's previous attempts to subvert proper service on her clients).

**There is No Right to Unredacted Exhibits Lodged Under Seal to Anyone Other than Counsel of Record**

Defense counsel admits that the Plaintiff "provided a complete set of exhibits to the SAC" "but [allegedly] refused to provide copies of other sealed filings **relating to her requested**

DECLARATION OF JANE DOE IN SUPPORT OF HER OPPOSITION TO THE DEFENDANTS'
ADMINISTRATIVE MOTION TO EXTEND TIME

5:26-cv-03809-BLF

**injunctive relief**" (Mot. at 2: 21-22) (emphasis added). As a preliminary point, there are no sealed exhibits related to the request for injunctive relief. *See* ECF No. 62. To the extent that the preliminary injunction *motion* has been conditionally filed under seal, an unredacted copy of this motion has been served on the defendants, and defense counsel does not dispute as such. *See* ECF No. 66. Defense counsel further proffers that "despite [alleged] **repeated** demands," *see* Mot. at 3:18 (emphasis added), the Plaintiff allegedly refused to have the previous redacted exhibits conditionally lodged under seal served on them. The Plaintiff did no such thing, however. A true and correct copy of this electronic mailing communication has been attached to the Plaintiff's declaration in support of this Opposition. Indeed, the email where counsel asked for a copy of other unredacted exhibits—which she has "demanded" once, not "repeated"ly—is awaiting a response by the defense counsel for the past 7 days. Indeed, the Plaintiff did even check up on that email 2 days ago, yet to no avail. *See* Decl. Of Jane Doe ISO at ¶ 43. And the Plaintiff intended to serve the unsealed versions of other exhibits when defense counsel responded to the instrument of communication where she had made that demand. It is unclear to the Plaintiff why counsel will not respond to the instrument of communication where she "demanded" the unredacted version of sealed pleadings filed hereto so that that instrument of communication can proceed as is and the Plaintiff can attend to the other demands in that instrument of communication.

But, preliminarily, although the Plaintiff did serve on the defendants the exhibits to the Second Amended Complaint for defendants to concede proper service of the complaint on them (and, not, like their previous conduct, file frivolous motions to quash proof of service by **U.S. Marshal's Service** because 'boxes' are not checked on a return form—*see* Dkt No. 45), defense counsel was not entitled to such material, as a matter of law, until and after she became the official counsel of

record. Sealed pleadings are "made available only to the [c]ourt and to **counsel in this proceeding**." *Clay v. Hilton Worldwide Holdings, Inc*. W.D.Wash. Oct. 15, 2019, No. C18-1262JLR, 2019 U.S.Dist.LEXIS 178272, at \*2 (emphasis added). And defense counsel became a counsel to this proceeding when she officially became the counsel of the record in this case **by entering her appearance on this Court's docket**. See, e.g., Almont Ambulatory Surgery Ctr., LLC v. Int'l *Longshore & Warehouse Union*, No. CV-14-02177-MWF-VBK, 2016 U.S. Dist. LEXIS 194176, at \*9 (C.D. Cal. May 16, 2016) (finding as such). *See also Powell v. Am. President Lines, Ltd*., No. C08-1606 MJP, 2010 U.S. Dist. LEXIS 8046, at \*3 (W.D. Wash. Feb. 1, 2010) (finding that counsel becomes the counsel of record by ECF registration). Defense counsel admits as such that they only now "had the opportunity to appear[.]" Mot., at p. 6: 12. To the extent that defendants **wished to circumvent proper procedure** and the Plaintiff did not **play along**, dilatory motive should be assumed on the side of the defendants.

**Service by Pseudonymous Party is Permissible**

The Plaintiff is not aware of any caselaw where *electronic service* cannot be effectuated by a pseudonymized party. The caselaw cited by the defendants do not support this proposition as that case was about the "witness's identity[,]" *Doe v. L.A. Unified Sch. Dist*. (C.D.Cal. Feb. 27, 2017, No. 2:16-cv-00305-CAS (JEMx)) 2017 U.S.Dist. LEXIS 29062, at \*22, and was largely about that court being unable to "discern whether the declarations are actually signed by any witness because the signature block is redacted." *Ibid*. This is no such case.

### III.ARGUMENT
**Having Established that It is the Defendants Who Have Been Deceitful and who Have Employed Gamesmanship regarding Service, They Are Not Entitled to the Equitable Relief of Enlarged Briefing with the Same Unclean Hands**

Having established in the declaration that the defense counsels' *joyful* gamesmanship in this case and their deceit thereto in this case, they should not be entitled to the equitable relief *in the*

4

*form of a departure from regular briefing schedule set by the Local Rules of this Court* with the same unclean hands.

### No Good Cause Exists to Depart From the Orderly Disposition of this Case and this Court's Local Rules Based on a Non-Filed, Non-Noticed, Non-Existent Motion to Dismiss

Although defense counsel terms her request as "a modest adjustment[,]" (Mot. at p. 1:4), there is nothing modest about an extension of an opposition brief by "**six weeks**" *Ibid*. And the alleged existence of a non-filed, non-noticed, non-existent motion to dismiss is not "good cause." And courts in this Circuit do not "defer[] briefing until after resolution of [an alleged] Motion to Dismiss." This becomes all the more non-modest because the defense counsel had actual notice of contents of the motion for preliminary injunction for the past two months because the motion is largely the Motion for Temporary Restraining Order filed in the previous case. At any event, this "Court [should] disagree[] with the [defendants'] proposal to postpone the briefing on the preliminary injunction request until after her motion to dismiss is filed, briefed, and resolved." *Voto Latino Found. v. Hobbs*, No. CV-19-05685-PHX-DWL, 2020 U.S. Dist. LEXIS 43739, at *6 (D. Ariz. Mar. 13, 2020). At any event, the motion to dismiss cannot be heard without first disposing of the Plaintiff's motion for appointment of counsel, which is presently scheduled for November 11, 2026 in this Court. *See Miles v. Dep't of Army*, 881 F.2d 777, 784 (9th Cir. 1989) (finding that it is abuse of discretion to hear and brief a motion to dismiss when a motion to appoint counsel is awaiting disposition). Although defense counsel thinks this is to "prevent" "Defendants' Motion to Dismiss from being timely heard[,]" counsel's subjective dissatisfaction with ***binding precedent of the Ninth Circuit*** is not dilatory motive.

Rather than prepare her opposition brief to the Motion for Preliminary Injunction for the ***past two months***, counsel seems to have been involved in a inflammatory **defamation campaign** against

DECLARATION OF JANE DOE IN SUPPORT OF HER OPPOSITION TO THE DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME

5:26-cv-03809-BLF

the Plaintiff, which includes the purported filing of a frivolous motion to dismiss and a frivolous "vexatious litigant motion." To the extent that counsel spent time drafting up those motions instead of drafting up her opposition, counsel's bad judgement does not constitute "good cause[.]" At any event, because the purported "vexatious litigant motion" will be rendered moot if this Court appoints the Plaintiff counsel, and because the non-filed, non-noticed and alleged motion to dismiss cannot be heard before the Court disposes of the motion to appoint counsel, this Court should deny counsel's request **to depart from regular procedure and Local Rules of this Court** because she *oh so* desires.

The Plaintiff prays that the Court denies the Administrative Motion and keeps the briefing schedule on the Motion for Preliminary Injunction as is. The Plaintiff does not oppose the defendants' request to "extend[] the deadline for to oppose Plaintiff's Motion to Proceed Pseudonymously from June 10 to June 12."

Very respectfully submitted,
DATED: May 29, 2026.

/s/ Jane Doe

JANE DOE
In Propria Persona

DECLARATION OF JANE DOE IN SUPPORT OF HER OPPOSITION TO THE DEFENDANTS'
ADMINISTRATIVE MOTION TO EXTEND TIME
5:26-cv-03809-BLF