JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

JANE DOE, an individual,

                                 Plaintiff,

        v.

BOARD OF TRUSTEES OF LELAND
STANFORD JUNIOR UNIVERSITY, *et al.*,

                                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  5:26-cv-03809-BLF

**[PROPOSED] ORDER ON STANFORD DEFENDANTS' MOTION TO EXTEND TIME**

Before the Honorable Beth Labson Freeman

HERE BEFORE THE COURT is the Stanford Defendants' Motion to Extend Time. The Defendants seek (1) a **six-week** extension on the deadline to file their Opposition brief to the Plaintiff's Motion for Preliminary Injunction, (2) a **two-day** extension on their deadline to file Opposition brief to the Plaintiff's Motion for Leave to Proceed Pseudonymously.

The Court preliminarily notes that the defendants' administrative motion under Civil Local Rule 6-3 was not filed in procedural adherence to that local rule. Pertinently, the defendants did not follow the provisions of Civil L.R. 6-3 (a)(4)-(6) *at all*. Defendants also failed to identify "substantial harm or prejudice that would occur" absent an order from this Court, *see* Civil L.R. 6-3, but rather seem to argue that there exists "good cause" to grant this relief, a standard that is

inapplicable to this Administrative Motion. Since the Plaintiff has opposed the defendant's Administrative Motion as is rather than move to strike it, although the Court would have ordinarily struck the administrative motion as procedurally improper, the Court will consider the administrative motion and the opposition thereto as submitted. The defendants are **ADMONISHED** that their future non-compliance with this Court's local rules may result in pleadings being struck and sanctions being imposed on the counsel that flouts this Court's local rules for no apparent reason. To the extent that defendants seek this Court to deviate from proper and regular procedure, defendants are admonished to follow this Court's procedural rules in making such motions in the future.

The administrative motion is **GRANTED IN PART, DENIED IN PART.** The Court will not consider a *six week* extension on the defendants' opposition brief due to an alleged motion that is not before this Court—one that has not been filed, served, or noticed. The Court notes that it may not be able to hear the defendants' motion to dismiss if the Plaintiff moves for the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Miles v. Dep't of Army*, 881 F.2d 777, 784 (9th Cir. 1989); *McElyea v. Babbitt*, 833 F.2d 196, 199 (9th Cir. 1987). At any event, no good cause exists for this Court to delay the Plaintiff's Motion for Preliminary Injunction. If defendants proffer that the Motion for Preliminary Injunction fails to establish a likelihood of success on the merits of the case, the proper pleading to make such an argument is their Opposition brief, not *two* different motions they have identified, ones that they have not filed, served, or noticed (a motion to dismiss and a so-called vexatiousness motion). The defendants are hereby **ORDERED** to file their opposition brief to the Plaintiff's Motion for Preliminary Injunction in compliance with in Civil L.R. 7-3 (a). Any late brief could be stricken as procedurally improper.

[PROPOSED] ORDER ON DEFENDANTS' MOTION TO EXTEND TIME

Case No.  5:26-cv-03809-BLF

Since the Plaintiff does not oppose the defendants' request for a two-day extension on their Opposition brief to the Plaintiff's Motion for Leave to Proceed Pseudonymously, the requested extension is **GRANTED**. The defendants may file their Opposition brief by **June 12, 2026.** The defendants are advised to adhere to the page limit this Court's Standing Order re: Civil Cases sets for opposition briefs on such motions (*i.e.,* 10 pages).

Defendants are also further ordered to identify to the Plaintiff the method in which they prefer exhibits filed conditionally under seal to be served on them.

**IT IS SO ORDERED.**

DATED: _____

_____
BETH LABSON FREEMAN
United States District Judge