# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>        v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>                    Defendants. | Case No.  5:26-cv-03809-BLF<br><br>**ORDER GRANTING STANFORD DEFENDANTS' ADMINISTRATIVE MOTION; ORDER REGARDING PLAINTIFF'S SEALED FILINGS**<br><br>[Re: ECF No. 73] |

All Defendants in this action except for Lydia Brice Morgan-Herman (collectively, the "Stanford Defendants") request that the Court extend the deadline to respond to pro se Plaintiff's motion for leave to proceed pseudonymously, ECF No. 57, and motion for preliminary injunction, ECF No. 62.  *See* ECF No. 73 ("Mot.")  Plaintiff opposes the motion.  ECF No. 75 ("Opp.").

These proceedings have been quite unusual.  In a flurry of filings from April 30, 2026, to May 2, 2026, Plaintiff initiated this action, moved for leave to proceed in forma pauperis ("IFP"), indicated her intention to move for leave to proceed pseudonymously, filed the first amended complaint, requested a temporary restraining order ("TRO"), and moved to seal certain exhibits. *See* ECF Nos. 1, 2, 6, 9, 11.  On May 4, 2026, the Court denied Plaintiff's TRO request.  ECF No. 18.  Because Defendants had not yet appeared in this action, the Court granted Plaintiff's sealing request, providing that "Defendants may object to such sealing upon appearing." *Id.* at 4.

On May 5, 2026, the Court granted Plaintiff's IFP application.  ECF No. 25.  On May 8, 2026, the Court screened the first amended complaint pursuant to 28 U.S.C. § 1915 and dismissed with leave to amend.  ECF No. 31.  Plaintiff filed the second amended complaint on May 11, 2026.  ECF No. 33 ("SAC").  On May 12, 2026, the Court screened the SAC, found that it survived screening, and ordered Plaintiff to provide Defendants' addresses for service so that the

United States District Court
Northern District of California

United States Marshal Service could serve them. ECF No. 39. The United States Marshal apparently served the Stanford Defendants with a redacted copy of the SAC without exhibits on May 20, 2026. ECF No. 73-1 ("McGarry Decl.") ¶ 4. On May 22, 2026, after Plaintiff furnished an unredacted copy of the SAC and accompanying exhibits, the Stanford Defendants agreed to service via email and agreed to treat service of the SAC as complete. *Id.* ¶ 11. In the interim, Plaintiff filed numerous requests to expedite briefing on her motion for preliminary injunction, all of which the Court denied. *See, e.g.*, ECF Nos. 32, 48, 54, 78.

The Stanford Defendants now request that the Court extend their deadline to oppose Plaintiff's motion to proceed pseudonymously from June 10, 2026, to June 12, 2026 (i.e., the deadline to respond to the SAC), and extend their deadline to oppose Plaintiff's motion for preliminary injunction from June 9, 2026, to July 1, 2026, so that the briefing on their upcoming motion to dismiss may conclude first. Mot. at 2. The Stanford Defendants contend that good cause exists because they have not yet been served various sealed filings. McGarry Decl. ¶ 13. The Court agrees. Contrary to Plaintiff's suggestion that granting the requested relief "requires the shredding of our Constitutional order and having [the Stanford Defendants'] subjective whims and desires become our laws," Opp. at 1, the Court finds that a modest extension is warranted and HEREBY ORDERS THAT:

(1) The Stanford Defendants' deadline to respond to Plaintiff's motion for leave to proceed pseudonymously is EXTENDED from June 10, 2026, to June 12, 2026.

(2) The Stanford Defendants' deadline to respond to Plaintiff's motion for preliminary injunction is EXTENDED from June 9, 2026, to June 23, 2026.

(3) Plaintiff SHALL serve the Stanford Defendants with unredacted copies of the sealed filings identified in the McGarry Declaration, *see* ECF No. 73-1 ¶ 13, by June 4, 2026. Service by email is permitted. The Stanford Defendants SHALL indicate whether they oppose sealing of these filings by June 11, 2026.

(4) Plaintiff SHALL serve the Stanford Defendants with unredacted copies of any additional papers that she wishes to file under seal in this case. Service by email is permitted.

United States District Court
Northern District of California

(5) Although service of unsealed papers is normally accomplished by filing on the Court's docket through ECF/PACER, when documents are redacted or filed under seal, the opposing party has no access to the sealed documents.  Thus, any motion or opposition papers that rely on sealed documents SHALL be separately transmitted to the opposing parties by email in a fully unredacted format.  Failure to do so SHALL result in an automatic denial of the relief requested or exclusion of opposition based on sealed arguments or evidence.

(6) Plaintiff is admonished that failure to comply with this order may result in the imposition of sanctions, including denial of her request for injunctive relief.

(7) This order terminates ECF No. 73.

**IT IS SO ORDERED.**

Dated:  May 29, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3