JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISQUALIFY COUNSEL OF STANFORD DEFENDANTS KHYRSTYN R. MCGARRY AND STACIE O. KINSER FOR ETHICAL MISCONDUCT AND BREACH OF DUTY OF CANDOR; OR, IN THE ALTERNATIVE, FOR AN ORDER REQUIRING MCGARRY AND KINSER'S FILINGS TO BE CO-SIGNED BY THEIR CO-COUNSEL TO PREVENT FUTURE FRAUD UPON THIS COURT; FOR AN ORDER REFERRING MCGARRY AND KINSER TO THIS COURT'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT UNDER CIVIL L.R. 11-6(a)(1) FOR DISCIPLINE** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | |
| Defendants. | |
| | Before the Honorable Beth Labson Freeman |
| | (Filed Concurrently with Request for Judicial Notice and a Table In Support Thereof and Thereto; Declarations in Support Thereof; Exhibits A-R) |

i

MOTION TO DISQUALIFY KHYRSTYN MCGARRY AND STACIE KINSER
5:26-cv-03809-BLF

**TO THIS HONORABLE COURT, THE PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 19, 2026 at 09:00 AM, or as soon thereafter as the matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 1 of the above-entitled court, located at 280 South First Street, San Jose, CA 95113, the Plaintiff Jane Doe will and hereby does move the Court to disqualify counsel for defendants Khyrstyn R. McGarry and Stacie O. Kinser for ethical misconduct and breach of duty of candor to tribunals of law; or, in the alternative, for an order requiring the forenamed counsels' pleadings to be co-signed by their co-counsel to avoid future fraud upon this Court that would stain the integrity of the proceedings before it, and for an order by this Honorable Court referring the forenamed counsels to this Court's Standing Committee on Professional Conduct under Civil L.R. 11-6(a)(1).

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the concurrently filed Declaration in Support Thereof and all exhibits attached thereto, and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

DATED: May 30, 2026.

/s/ Jane Doe
_____
JANE DOE

In Propria Persona

**TABLE OF CONTENTS**

**Page:**

I. INTRODUCTION……………………………………………………………….. 1

II. STANDARD OF REVIEW

   a. Standard for Disqualification……………………………………………… 1

   b. The Appropriate Code of Conduct Herein for Misconduct and Breach of Duty of Candor to Any Tribunal of Law………………………………………. 2

   c. Fed R Civ P 11 Considerations…………………………………………… 3

   d. If the Court Finds Disqualification Too Severe At this Juncture, It Has To Take Other Measures to Ensure that McGarry and Kinser Will Not Continue to Practice Fraud Before and Upon this Court……………………………………………3

   e. Referral under Civil L.R. 11-6(a)(1) Is Likely Proper…………………………4

III. FACTUAL MATTERS

   a. McGarry's Previous Misconduct and Fraud as a *Joyful* Deceiver and Conwoman with, Unfortunately, a Law License—One that Should Be Taken Away from Her—For the Sustenance of the Bar's Integrity and the Imagine of Attorneys in the Public Imagination As *Not* Con Artists Like McGarry

      1. McGarry Retaliates Against Servers of Process and then Has the Audacity to Object to Service by Pseudoynmized Parties with Her Concocted Caselaw that Does Not Support Her Point……………………………………………..4

      2. McGarry's Frivolous Service Disputes and Motions to Quash Proof of Service..4

      3. McGarry Deceives and Lies to the Plaintiff in her Dealings with the Plaintiff to Acquire a Stipulation for Extension of Time…………………………………….4

      4. McGarry Thinks Article III Judges Exist to Distribute Her Arbitrary Christian Beliefs about Morality and Forcefully Subject that Religious Code Upon People Who Do Not Subscribe to it and Thinks They Should Replace the Federal and State Law, Harassing the Plaintiff with Her Court Filings Because She Finds the Plaintiff Not Morally Upright According to her Corrupt and Arbitrary Christian Meanderings or Syntactically Palatable to Her Arbitrary and Corrupt Ears—and McGarry Wants the Judiciary to be a 12th Century Inquisition and Wishes U.S. District Courts to Issue Modern-Day Alhambra Decrees for Jews Who Do Not Subscribe to Her *Asinine* New Testament Morality (Put Differently, McGarry Is a Raging and Disgusting Anti-Semite)…………………………………………..5

      5. McGarrry Calls the Plaintiff "Vexatious" While Acknowledging that She is Not One if the Standard is that Pesky Inconvenience-to-McGarry Called 'the Law' As Opposed to Her Daily Whims, and Turns the Judicial Machinery into an *Ad Hominem* Battle…………………………………………………………….5

      6. McGarry Coerces the Plaintiff to Sign a Stipulation While Mentally Incapacitated…………………………………………………………..5

      7. McGarry Lies about Recovery of Costs of Suit in Federal Courts While Obtaining that Stipulation………………………………………………….6

      8. McGarry Coerces the Plaintiff to Dismiss Several Defendants in a State Court Action While Knowing that the Plaintiff was in the Emergency Room and

MOTION TO DISQUALIFY KHYRSTYN MCGARRY AND STACIE KINSER

5:26-cv-03809-BLF

Misrepresents the Law to Her During that Process because Her Co-Counsel Lost An Appeal on that Very Legal Issue Before the California Court of Appeal for the Sixth District……………………………………………………………………6

9. McGarry Has Likely Been Involved with Defendant Shaw's Investigation *Ab Initio* In Violation of Rule 3.10.……………………………………………………6

10. McGarry's Procedural 'Gambit' with her Motion for Disclosure………………6

11. Taken As a Whole, McGarry Abused the Judicial Machinery to Curtail the Plaintiff's First Amendment Right to Petition the Government for Redress of Grievances because those Petitions Were Unlikeable to Her Christian Beliefs, and McGarry Used the Judicial Machinery to Launch Ceaseless *Ad Hominem* Attacks on the Plaintiff…………………………………………………………..6

b. McGarry's Fraud, Deception, Lies before the Honorable P. Casey Pitts in this District Court

1. McGarry's Thirteen Page "Motion for Disclosure" Includes Only *Two Lines* That are Not Lies and Instruments of Deception……………………………….. 7

2. McGarry's Citation Practice Intentionally Attempts to Deceive Judge Pitts…….7

3. McGarry Likely Used the Plaintiff's Likeness to Open a Fake X Account and Submits that to Judge Pitts in a Declaration Under the Penalty of Perjury to Attempt to Deceive and Prejudice Judge Pitts against the Plaintiff (It Did Not Work)…………………………………………………………………………………7

c. McGarry Attempts to Deceive *this* Court for Four Times, too, In the Last Two Days In Which She Has been a Counsel of Record (A Track Record That Only She Can Maintain as the Best Conwoman-with-a-Law-License the Plaintiff Has Seen)……………………………………………………………………….. 7

d. Kinser's Fraud, Deception, Lies before the Honorable P. Casey Pitts in this District Court

1. Kinser Changes the Plaintiff's IP Addresses on Her Secure Uploader Platform………………………………………………………………………….8

2. Kinser Has the Audacity to Attempt to Deceive Judge Pitts in Her Declaration Under the Penalty of Perjury After Her Digital Fraud…………………………….. 8

IV. BECAUSE OUR DISTRICT COURTS ARE NOT PLAYGROUNDS OF DECEPTION AND FRAUD BY OVERZEALOUS COUNSEL, THIS COURT HAS TO TAKE MEASURES TO PRESERVE THE INTEGRITY OF THE BAR AND THE PLACE AND RECEPTION OF THE JUDICIARY IN THE PUBLIC IMAGINATION AS A PLACE OF INTEGRITY AND SOLEMNITY, NOT STREET FISTFIGHTS BY CON ARTISTS WHO ARE UNFORTUNATELY MEMBERS OF THE CALIFORNIA BAR……………………………………………………………………………………9

V. CONCLUSION…………………………………………………………………………10

# **TABLE OF AUTHORITIES**

**Page:**

**Caselaw:**

*Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.,*
　　264 F. Supp. 2d 914 (N.D. Cal. 2003)………………………………………………2

*Corns v. Laborers Int'l Union of N. Am.,*
　　No. 09-CV-4403 YGR, 2014 U.S. Dist. LEXIS 44996 (N.D. Cal. Mar. 31, 2014)…………..3

*Crenshaw v. Mony Life Ins. Co.,*
　　318 F. Supp. 2d 1015 (S.D. Cal. 2004)……………………………………………………2

*Dept. of Corrections v. Speedee Oil Change Syst.,*
　　20 Cal. 4th 1135, 980 P.2d 371, 86 Cal. Rptr. 2d 816 (1999)…………………………………..2

*Farm Mut. Auto, Ins. Co. v. Federal Ins.,*
　　72 Cal. App. 4th 1422 (Cal. Ct. App. 1999)……………………………………………………….2

*Gas-A-Tron of Ariz. v. Union Oil Co. of Calif.,*
　　534 F.2d 1322 (9th Cir.1976)……………………………………………………………2

*Gregori v. Bank of America,*
　　207 Cal. App. 3d 291, 254 Cal. Rptr. 853 (Cal. Ct. App. 1989)……………………………….. 2

*Image Technical Servs., Inc. v. Eastman Kodak Co.,*
　　820 F. Supp. 1212 (N.D. Cal. 1993)……………………………………………………………1

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,*
　　760 F.2d 1045 (9th Cir. 1985)…………………………………………………………..1

*United States v. Wunsch,*
　　84 F.3d 1110 (9th Cir. 1996)…………………………………………………………………1

*Visa U.S.A., Inc. v. First Data Corp.,*
　　241 F. Supp. 2d 1100 (N.D. Cal. 2003)…………………………………………...… 1, 2

**N.D. Cal Civil Local Rules:**
　　Civil L.R. 11-4(a)(4)……………………………………………………………………2
　　Civil L.R. 11-6(a)(1)…………………………………………………………………4

**Federal Rules of Civil Procedure:**
　　Rule 11………………………………………………………………………………..3

**California Rules of Professional Conduct:**
　　Rule 3.1……………………………………………………………………………….*passim*
　　Rule 3.2…………………………………………………………………………………*passim*
　　Rule 3.3…………………………………………………………………………………*passim*
　　Rule 3.4……………………………………………………………………………….*passim*
　　Rule 3.10……………………………………………………………………………*passim*
　　Rule 4.1……………………………………………………………………………….*passim*

**Miscellaneous:**

Business and Professional Code, section 6068, subd. (d)……………………………………………3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

It is often said, these days, with somewhat of a sign of exasperation at the end of a sentence, that the public's trust in the judiciary and the legal profession are at an all-time, historical low. Many theories of sociology are propounded for this phenomenon, yet one might be able to definitively conclude that the existence of people duly admitted to *any* Bar of Law like Khyrstyn R. McGarry ("McGarry") and Stacie O. Kinser ("Kinser") does not *help* save the (formerly) good name of the law from being eviscerated to shreds by the likes of McGarry and Kinser. This motion, then, is part of a **broader cultural struggle** to save the name of law from lawless bandits and frauds like McGarry and Kinser, ones who invoke the name of 'law' only to desecrate and destroy it simultaneously for personal, gluttonous pleasure driven therefrom that is incomprehensible to the Plaintiff.

### II. STANDARD OF REVIEW

#### a. Standard for Disqualification

Granted, disqualification of counsel is a **drastic** measure that is **highly** disfavored. *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100 (N.D. Cal. 2003). "Because of [the] potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985). And, unlike the defendants' motions that abuse the judicial machinery at every turn, this Motion is not presented to this Court with any dilatory motive; rather, the Plaintiff is concerned that condoning the fraud of Kinser and McGarry by allowing them to practice fraud upon and before this Court would amount to desecrating the *name of law from within the law*, a much more drastic measure than disqualifying them for their fraud and misconduct before this District Court.

The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996) (district court has

1

inherent power to sanction unethical behavior); *Image Technical Servs., Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993) (incorporating California state law standard for disqualification of counsel in the Northern District); *Gas-A-Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1325 (9th Cir.1976). *See also Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004) ("The disqualification of counsel because of an ethical violation is a discretionary exercise of the trial court's inherent powers.").

In reviewing a motion to disqualify counsel, the district court must make "a reasoned judgment and comply with the legal principles and policies appropriate to the particular matter at issue." *Visa*, 241 F. Supp. 2d at 1104. The district court is permitted to resolve disputed factual issues in deciding a motion for disqualification and must make findings supported by substantial evidence. *Dept. of Corrections v. Speedee Oil Change Syst.*, 20 Cal. 4th 1135, 1143, 980 P.2d 371, 86 Cal. Rptr. 2d 816 (1999). Even a violation of the California Rules of Professional Conduct does not *automatically* compel disqualification. *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 303, 254 Cal. Rptr. 853, 860 (Cal. Ct. App. 1989). "When deciding whether disqualification of counsel is appropriate, some courts consider whether the attorney's conduct **would taint the trial or legal proceedings in a way that would deprive the parties of a fair trial**." *Crenshaw v. Mony Life Ins. Co.*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004) (emphasis added). "[T]he paramount concern must be the **preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar**." *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003), quoting *State Farm Mut. Auto, Ins. Co. v. Federal Ins.*, 72 Cal. App. 4th 1422, 1428 (Cal. Ct. App. 1999) (emphasis added).

**b. The Appropriate Code of Conduct Herein for Misconduct and Breach of Duty of Candor to Any Tribunal of Law**

Civil L.R. 11-4(a)(4) mandates that attorneys in this Court's Bar "[p]ractice [law] with the

honesty, care, and decorum required for the fair and efficient administration of justice[.]" *Ibid*. And Civil L.R. 11-4(a)(1) requires attorneys of this Court's Bar to "comply with the standards of professional conduct required of the members of the State Bar of California." *Ibid*. "As a result, when ruling on a motion to disqualify, the Court applies California law." *Corns v. Laborers Int'l Union of N. Am.*, No. 09-CV-4403 YGR, 2014 U.S. Dist. LEXIS 44996, at *4 (N.D. Cal. Mar. 31, 2014) (collecting cases within this District). "The Court therefore looks to the California Rules of Professional Conduct, and cases interpreting those rules, in reaching its decision on this motion." *Ibid*.  The relevant California Rules of Professional Conduct are, *inter alia*, Rules 3.1, 3.2, 3.3, 3.4, 3.10, and 4.1. *See also* Business and Professional Code, section 6068, subd. (d).

### c.  Fed R Civ P 11 Considerations

In addition to standards of professional conduct, Rule 11 ensures that any party signs and submits a pleading to the Court certifies its contents to be true and correct after reasonable efforts. McGarry—and Kinser's—conduct likely violated Rule 11 as well. Although this is not a motion for sanctions, Rule 11 analysis is still appropriate by way of analogy.

### d.  If the Court Finds Disqualification Too Severe At this Juncture, It Can and Has To Take Other Measures to Ensure that McGarry and Kinser Will Not Continue to Practice Fraud Before and Upon this Court

If the Court finds disqualification too severe at this juncture, it can and should take other remedial measures to ensure that Kinser and McGarry will not practice fraud before it and impose fraud upon this Court and the dignity of the Judiciary yet again. For instance, this Court could order McGarry and Kinser's pleadings to be cosigned by their co-counsels so that another set of eyes can ensure—and take responsibility to ensure—that McGarry and Kinser are not going to file pleadings with this Court that do not represent the truth—or ones that spin the truth in violation of McGarry and Kinser's breach of duty of candor. Although the Plaintiff is certain that McGarry's supervisory co-counsel in this case, Mr. Sorenson, is as deceitful as she is, because the Plaintiff has not (yet)

observed Mr. Sorenson conning this District Court, she *has to assume* that he will not suborn McGarry's conning efforts (although he probably taught McGarry her art of conning).

### e. Referral under Civil L.R. 11-6(a)(1) Is Likely Proper

Civil L.R. 11-6(a)(1) finds that "[i]n the event that a Judge has cause to believe that an attorney […] has engaged in unprofessional conduct, the Judge may" "[r]efer the matter to the Court's Standing Committee on Professional Conduct[.]" *Ibid*. The Plaintiff submits that this motion has established cause for referral of misconduct of which this Court was previously unaware and, having become aware of the misconduct, this Court should consider weighting its discretion to refer McGarry and Kinser to the Standing Committee. As explained *infra*, referral herein is paramount and appropriate for Kinser and McGarry to **be taught** not to scheme courts of law.

### III. FACTUAL MATTERS

#### a. McGarry's Previous Misconduct and Fraud as a *Joyful* Deceiver and Conwoman with, Unfortunately, a Law License—One that Should Be Taken Away from Her —For the Sustenance of the Bar's Integrity and the Imagine of Attorneys in the Public Imagination As *Not* Con Artists Like McGarry

##### 1. McGarry Retaliates Against Servers of Process and then Has the Audacity to Object to Service by Pseudoynmized Parties with Her Concocted Caselaw that Does Not Support Her Point

This factual matter relates to the Plaintiff's declaration to this Court, and the attached exhibits thereto, at ECF No. 77-1. McGarry's conduct violates Rules of Professional Conduct, Rules 3.1, 3.3, 3.4, and 3. 10.

##### 2. McGarry's Frivolous Service Disputes and Motions to Quash Proof of Service

This factual matter relates to the Plaintiff's declaration to this Court, and the attached exhibits thereto, at ECF No. 77-1. McGarry's conduct violates Rules of Professional Conduct, Rules 3.1 and 4.1.

##### 3. McGarry Deceives and Lies to the Plaintiff in her Dealings with the Plaintiff to Acquire a Stipulation for Extension of Time

This factual matter relates to the Plaintiff's declaration to this Court, and the attached exhibits thereto, at ECF No. 77-1. McGarry's conduct violates Rules of Professional Conduct, Rule 4.1.

**4. McGarry Thinks Article III Judges Exist to Distribute Her Arbitrary Christian Beliefs about Morality and Forcefully Subject that Religious Code Upon People Who Do Not Subscribe to it and Thinks They Should Replace State and Federal Law, Harassing the Plaintiff with Her Court Filings Because She Finds the Plaintiff Not Morally Upright According to her Corrupt and Arbitrary Christian Meanderings or Syntactically Palatable to Her Arbitrary and Corrupt Ears—and McGarry Wants the Judiciary to be a 12th Century Inquisition and Wishes U.S. District Courts to Issue and Impose Modern-Day Alhambra Decrees for Jews Who Do Not Subscribe to Her *Asinine* Moral Code (Put Differently, McGarry Is a *Raging and Disgusting* Anti-Semite)**

This claim arises out of the events included int he Plaintiff's declaration in support of this motion, specifically at ¶¶ 52-91. Disqualification on this ground is proper for the "preservation of public trust both in the scrupulous administration of justice[.]" *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). "Heresy trials are foreign to our Constitution[.]" *United States v. Ballard*, 322 U.S. 78, 86 (1944). Having McGarry turn these proceedings into an inquisitorial circus because she wants people to follow her moral code instead of actual law would desecrate the trust the Public has placed in the judiciary to adjudicate cases on its legal merits.

**5. McGarry Calls the Plaintiff "Vexatious" While Acknowledging that She is Not One if the Standard is that Pesky Inconvenience-to-McGarry Called 'the Law' As Opposed to Her Daily Whims, and Turns the Judicial Machinery into an *Ad Hominem* Attack Battle**

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 52-91. Disqualification is proper for the reasons outlined in the previous subchapter. This claim also arises because McGarry's conduct violated Rule 3.1 and 3.2.

**6. McGarry Coerces the Plaintiff to Sign a Stipulation While Mentally Incapacitated**

This claim arises out of the events included in the judicially-noticeable pleadings as it relates to the Plaintiff's Motion to Set Aside Dismissal in *Doe I*. McGarry's conduct violated Rules 3.10

and 4.1 Disqualification is also proper to protect the trust the Public placed in the Judiciary.

### 7. McGarry Lies about Recovery of Costs of Suit in Federal Courts While Obtaining that Stipulation

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 131-136. McGarry's conduct violated Rule 4.1.

### 8. McGarry Attempts to Coerce the Plaintiff to Dismiss Several Defendants in a State Court Action While Knowing that the Plaintiff was in the Emergency Room and Misrepresents the Law to Her During that Process because Her Co-Counsel Lost An Appeal on that Very Legal Issue Before the California Court of Appeal for the Sixth District

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 115-130. McGarry's conduct violated Rule 4.1.

### 9. McGarry Has Likely Been Involved with Defendant Shaw's Investigation *Ab Initio* In Violation of Rule 3.10.

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 136-144. McGarry's conduct violated Rule 3.10.

### 10. McGarry's Procedural 'Gambit' with her Motion for Disclosure

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 4-9. McGarry's conduct violated Rule 4.1.

### 11. Taken As a Whole, McGarry Abused the Judicial Machinery to Curtail the Plaintiff's First Amendment Right to Petition the Government for Redress of Grievances because those Petitions Were Unlikeable to Her Moral Beliefs, and McGarry Used the Judicial Machinery to Launch Ceaseless *Ad Hominem* attacks on the Plaintiff

Disqualification on this ground is proper for the "preservation of public trust both in the scrupulous administration of justice[.]" *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). Courts of justice are not places for ceaseless *ad hominem* attack; they are places of and for legal disputes. "[P]arties to litigation should refrain from employing *ad hominem* rhetoric." *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 2020 U.S. App. LEXIS 35366, 2020 WL 6578223, *17 (9th Cir. 2020).

MOTION TO DISQUALIFY KHYRSTYN R. MCGARRY AND STACIE O. KINSER

5:26-cv-03809-BLF

**b. McGarry's Fraud, Deception, Lies before and to the Honorable P. Casey Pitts in this District Court**

**1. McGarry's Thirteen Page "Motion for Disclosure" Includes Only *Two Lines* That are Not Lies and Instruments of Deception**

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 9-51. "The duty of candor is not simply an obligation to answer honestly when asked a direct question by the trial court. It includes an affirmative duty to inform the court when a material statement of fact or law" is "**misleading**." *Levine v. Berschneider*, 56 Cal. App. 5th 916, 921, 270 Cal. Rptr. 3d 768, 771 (2020) (emphasis added), citing, as examples, *In re Reno* 55 Cal.4th at 428, 510–511 (2012) [duty to inform court when a claim in a writ petition is subject to a procedural bar]; *Love v. State Dept. of Education* (2018) 29 Cal.App.5th 980, 990 [240 Cal. Rptr. 3d 861] [duty to acknowledge contrary authority]; *Jackson v. State Bar of California* (1979) 23 Cal.3d 509, 513 [153 Cal. Rptr. 24, 591 P.2d 47] ["The representation to a court of facts known to be false is presumed intentional and is a violation of the attorney's duties as an officer of the court"].). McGarry's conduct violated Rule 3.3.

**2. McGarry's Citation Practice Intentionally Attempts to Deceive Judge Pitts**

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 91-116. McGarry's conduct violated Rule 3.3.

**3. McGarry Likely Used the Plaintiff's Likeness to Open a Fake X Account and Submits that to Judge Pitts in a Declaration Under the Penalty of Perjury to Attempt to Deceive and Prejudice Judge Pitts against the Plaintiff (It Did Not Work)**

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 144-146. McGarry's conduct violated Rule 3.3

**c. McGarry Attempts to Deceive *this* Court for *Four* Times, too, In the Last *Two* Days In Which She Has been a Counsel of Record (A Track Record That Only She Can Maintain as the Best Conwoman-with-a-Law-License the Plaintiff Has Seen)**

This claim arises out of the events included in the Plaintiff's declaration in support of this motion,

MOTION TO DISQUALIFY KHYRSTYN R. MCGARRY AND STACIE O. KINSER
5:26-cv-03809-BLF

specifically at ¶¶ 147-156. McGarry's conduct violated Rules 3.3 and 4.1.

### d. Kinser's Fraud, Deception, Lies before and to the Honorable P. Casey Pitts in this District Court
#### 1. Kinser Changes the Plaintiff's IP Addresses on Her Secure Uploader Platform

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 157-165. Kinser's conduct violated Rule 3.3.

#### 2. Kinser Has the Audacity to Attempt to Deceive Judge Pitts in Her Declaration Under the Penalty of Perjury After Her Digital Fraud Addressing Her Fraud

This claim arises out of the events included in the Plaintiff's declaration in support of this motion, specifically at ¶¶ 165-166. Kinser's conduct violated Rule 3.3.

### IV. BECAUSE OUR DISTRICT COURTS ARE NOT PLAYGROUNDS OF DECEPTION AND FRAUD BY OVERZEALOUS COUNSEL, THIS COURT HAS TO TAKE MEASURES TO PRESERVE THE INTEGRITY OF THE BAR AND THE PLACE AND RECEPTION OF THE JUDICIARY IN THE PUBLIC IMAGINATION AS A PLACE OF INTEGRITY AND SOLEMNITY, NOT STREET FISTFIGHTS BY CON ARTISTS WHO ARE UNFORTUNATELY MEMBERS OF THE CALIFORNIA BAR

In sum—unfortunately and with **great, unbearable, sadness**—both McGarry and Kinser will continue to be called lawyers and attorneys unless and until the State Bar of California takes the necessary action on them (a rarity these days, unfortunately). Indeed, "[i]f being called a 'lawyer' is being *like* Kinser [and McGarry], then no one, including the undersigned, should want to be called that [in the future]." Dkt No. 139 in *Doe I* at 1. And as the Plaintiff previously averred to this Court (The Honorable P. Casey Pitts), "[i]f only had Kinser [and McGarry] worked a *quarter—scintilla—* as hard to **practice law instead of practicing fraud**, **the world would be a better place. And the legal profession would be in a better place, too. And the rule of law…**" (*Ibid*) (bolding added). "There is a difference between zealously representing and being cruel and mean for no reason." *Id.* at 11. And there is a *difference* between zealous representation and fraud. "The first is needed for the sustenance of the law and for parties' rights to be protected; the latter…is not. It defames the character of law and reduces it to petty street fistfights. **Good lawyers—the good ones—do get**

---

**that.**" *Ibid*. (emphasis added). "And this now-22-year-old gets that. Yet Kinser (and [McGarry]), for some reason, reached the age of mid-50s (one presumes) without getting it. It is sad. **It is sad that the legal profession has come to this**." *Ibid*. (emphasis added). Unfortunately, Kinser and McGarry will continue to **defame** and **eviscerate to shreds whatever good name of the law is left in contemporary society and culture.** But this Court is not obligated to *tolerate frauds* like McGarry and Kinser. **Indeed, its *obligation* to the good name of "law" requires the *exact* opposite.**

### V. CONCLUSION

For these foregoing reasons, the Plaintiff moves that this Court (1) either takes the grandiose *yet necessary* step to disqualify McGarry and Kinser as frauds-with-law-licenses or (2) takes other remedial measures to ensure that their fraud is not going to **stain this judicial process as well.** And this Court should refer both McGarry and Kinser to the Standing Committee so that they can be **taught not to practice fraud before tribunals of law** because they did not learn *that* in law school, apparently.

It is depressing that the law represented, in the past, the pinnacle of intellectual culture, and great names were affixed to that training and profession—Cicero, Gaius, Sir William Blackstone, Karl Marx, Franz Kafka, Charles Dickens, Sir Edward Marshall Hall, Johann Wolfgang von Goethe, Wallace Stevens, Sir Edward Coke, to name just a few—yet, now, it has become the pinnacle of moral decay, debauchery, and conning with enough *wordplay* to occlude or create confusion about the conning. Putting those forenamed names next to the names of McGarry and Kinser is *nauseating*—it makes one want to ***vomit and disgorge***—and one must vomit and disgorge, to remind oneself that McGarry and Kinser do not reach even *near* the name of law—they are mere *oddities* attached to the law, ***gangrenous*** attachments to the law. Unfortunately, the Plaintiff is afraid that the entire body is going to be lost to gangrene because of mere—and asinine—attachments to it

MOTION TO DISQUALIFY KHYRSTYN R. MCGARRY AND STACIE O. KINSER
5:26-cv-03809-BLF

like Kinser and McGarry because the judicial machinery is *too kind* to cut out *diseases* like them.

This case **cannot proceed** as a *legal* controversy without disqualifying McGarry and Kinser. And because letting McGarry and Kinser use this Court and the judicial machinery as their **local church gathering** and their legal pleadings as their **proposed sermons for their Sunday service**, and because letting Kinser and McGarry use the Judiciary "to mandate [their] own moral code[,]" *see Planned Parenthood v. Casey*, 505 U.S. 833, 850 (1992), on others would upset the image of the Judiciary as a place for *legal* disputes where they are addressed on their *legal* merits, disqualification is proper and of pinnacle importance to preserve the trust of the Judiciary in the public imagination.

Not disqualifying McGarry (and Kinser) would **taint *every part* of this case**, **and let her fraud turn this Court into an *ad hominem* attack circus.**

"If we desire respect for the law, we must first make the law respectable."

JUSTICE LOUIS D. BRANDEIS

In *deep* sadness that frauds like McGarry and Kinser have their days in our courts, and that they get to call upon that good name of 'law' to refer to themselves and what it is they, **purportedly**, do, eviscerating any respect and integrity that may have been accorded to that pesky inconvenience of a thing to McGarry and Kinser called the institution of law—

Respectfully submitted,

DATED: May 30, 2026.

/s/ Jane Doe
_____

JANE DOE

In Propria Persona