JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CLARIFY THIS COURT'S ORDER AT ECF NO. 82, RE: WHETHER IT EXPECTS A REPLY BRIEF ON THE MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | |
| Defendants. | Before the Honorable Beth Labson Freeman |

ADMINISTRATIVE MOTION TO CLARIFY THIS COURT'S ORDER AT ECF NO. 82
5:26-cv-03809-BLF

**<u>Although It Is Well Established that One District Court's Decisions Are Not Binding on Another, an Administrative Motion is Likely the Proper Vehicle to Seek this Relief</u>**

Civil L.R. 7-11 finds that the "Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge[,]" and finds that a motion that is not specifically governed by a federal statute, Federal Rule, local rule, or standing order should be made as an administrative motion. *Ibid.*

"While there is no specific Federal Rule of Civil Procedure that governs the standards for a motion for clarification, the general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.[1]" *Prakash v. Walmart Inc.*, No. 24-cv-08376-NC, 2026 U.S. Dist. LEXIS 94834, at *12 (N.D. Cal. Apr. 29, 2026) (citations and alterations omitted). And because there is no federal statute, Federal Rule, local rule, or standing order that otherwise governs or otherwise authorizes a motion for clarification, the Plaintiff relies on caselaw from this District, as quoted *supra*, to conclude that this is a proper use of an administrative motion within the meaning of Civil L.R. 7-11.

Although such motions sometimes are made as noticed motions, *see, e.g., Mendoza v. Hyundai Motor Co., Ltd..*, No. 15-cv-01685-BLF, 2024 U.S. Dist. LEXIS 8872 (N.D. Cal. Jan. 17, 2024), and although the way one district judge interprets procedure is not binding on another, it appears to the Plaintiff that filing a motion for clarification as a noticed motion on an Order setting a briefing schedule, *see* ECF No. 82, would be duly burdensome of judicial resources and would not allow the clarification to arrive at a time table in which it would be of use.

---

[1] These would be governed by Federal Rules of Civil Procedure 60 or Rule 59(e) and would require leave of the court pursuant to Civil L.R. 7-9. "The Local Rules of this district do not require a party to seek leave to move for clarification." *Mendoza*, 2024 U.S. Dist. LEXIS 8872, at *5.

1

ADMINISTRATIVE MOTION TO CLARIFY THIS COURT'S ORDER AT ECF NO. 82
5:26-cv-03809-BLF

Although this Court seems to have denied a motion for clarification brought as an administrative motion before, *see In re Google Assistant Priv. Litig.*, No. 5:19-cv-04286-BLF, 2024 LX 56348 (N.D. Cal. Dec. 2, 2024), the Court's denial does not seem to be stemming from the motion being brought as an administrative motion. Although this Court previously concluded that the Plaintiff misunderstands Civil L.R. 7-11 and imposes "a freestanding license to commandeer" this Court's discretion over its calendar, it appears to the undersigned that *moving* a court to *clarify* its own orders is likely not "commandeer"ing the Court's own docket. ECF No. 71. Of course, the Plaintiff is cognizant of the number of administrative motions that have been filed in this case and that "these proceedings have been quite unusual," *see* Dkt. No. 82, but she expects that very few number of administrative motions will be filed now that a briefing schedule has been set on the motion for preliminary injunction.[2]

**The Requested Clarification is Whether the Court Expects a Reply Brief on the Motion for Preliminary Injunction**

On its order at ECF No. 82, the Court set multiple deadlines for the defendants to answer certain motions and also imposed upon the Plaintiff certain deadlines to comply with some orders related to the service of sealed pleadings. But the Court set no deadline for (1) the Plaintiff's reply brief to the defendants' opposition on the Motion for Leave to Proceed Pseudonymously and (2) the Plaintiff's reply brief on the defendants' opposition to the Motion for Preliminary Injunction. The Plaintiff assumed that normal time frames provided in Civil L.R. 7-3 (c) will be followed, but because most courts do not allow a reply brief to be filed on a motion for preliminary injunction, *see*

---

[2] The Court also concluded that the Plaintiff failed to abide by the requirement of obtaining a stipulation or a declaration attesting to the reason for a lack of stipulation in her previous administrative motions, but because no notice of appearance for the defendants was filed when those motions were brought, the Plaintiff is unsure how she could have complied with that requirement.

*Diaz v. Kaiser,* No. 3:25-cv-05071, 2025 U.S. Dist. LEXIS 113566, at *11 (N.D. Cal. June 14, 2025), the Plaintiff is unsure if the Court not mentioning a reply brief and its due date thereof in its Order at ECF No. 82 should be construed as not allowing a reply brief in the instant motion for preliminary injunction. As such, the Plaintiff moves this Court to clarify whether it intended to prohibit the filing of a reply brief to the motion for preliminary injunction.

**If the Court Does Expect or Will Allow It, Plaintiff Respectfully and Modestly Requests 2 Days to Be Able for her Reply Brief**

For the preliminary injunction matter to be deemed submitted for disposition without delay on June 23, 2026, if the Court intended to allow and expect a reply brief on the Motion for Preliminary Injunction, the Plaintiff respectfully seeks a modest, *sua sponte*, adjustment to the briefing schedule by affixing the defendants' opposition to the motion for preliminary injunction on June 21, 2026 so that the Plaintiff can be provided two days to be able to draft her reply brief.

Defendants, as delineated in the declaration in support hereof, oppose this relief. They have not indicated why, but the Plaintiff submits that a 2-day shortening of the due date of the brief would not cause any severe prejudice or inconvenience to the defendants, especially since they have now been given four weeks to prepare their opposition brief, and especially since the Plaintiff only seeks 2 days to be able to draft her reply brief, and especially because they seem to have acquired that extension by placing fraud upon this Court. *See* ECF No. 88-3 at ¶¶ 147-156.

The Plaintiff is cognizant that her opposition brief to the purported motion to dismiss will be due on June 26, 2026, but it is unclear to the Plaintiff if the Court intended to review those matters together, and, at any event, whether it wanted to consider the Plaintiff's arguments *against* dismissal in aid of the motion for preliminary injunction.

[signature block follows next page]

Respectfully submitted,

DATED: June 4, 2026

/s/ Jane Doe
_____

JANE DOE
In Propria Persona

ADMINISTRATIVE MOTION TO CLARIFY THIS COURT'S ORDER AT ECF NO. 82

5:26-cv-03809-BLF