JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**NOTICE OF PLAINTIFF'S COMPLIANCE WITH THIS COURT'S ORDER AT ECF NO. 82**<br><br>Before the Honorable Beth Labson Freeman<br><br>[Filed Concurrently with Exhibit A in Support] |

**COMES NOW BEFORE THIS HONORABLE COURT** the Plaintiff in this action and hereby provides notice that she has complied with this Court's order at ECF No. 82. On its May 29, 2026, Order, this Court ordered the Plaintiff to "serve the Stanford Defendants with unredacted copies of the **sealed filings** identified in the McGarry Declaration, *see* ECF No. 73-1 ¶ 13, by June 4, 2026[.]" *Id* at 3 (emphasis added). Although the Court did not specify the time zone in which it considers the end of June 4, 2026, the Plaintiff assumed that it applied the time zone in which the defendants are located, which would presently be, one must assume, Pacific Standard Time zone. As such, the Plaintiff scheduled an email to be sent to the defendants on June 5, 2026, at 9:58 AM in

1

the Plaintiff's European time zone, which is 10 hours ahead of the defendants' time zone. However, it appears that the email was erroneously scheduled to be sent on 9:58 PM, instead of 9:58 AM, in the Plaintiff's time zone. At any event, after having being alerted of the error, the Plaintiff manually sent the scheduled[1] email to the defendants, as identified in the declaration at ECF No. 95 ("Kinser Decl") a couple of minutes later after receiving the initial email. *See* ECF No. 94 at 1:11-13 (indicating that the Plaintiff manually sent the scheduled email at 9:26 AM PDT after receiving the email alerting of the error at 9:19 am PDT).  The Plaintiff did not change the text on the scheduled email while manually changing its schedule for the email to be promptly transmitted on the defendants. Contrary to defense counsel's erroneous suggestion, *see* ECF No. 94 at 1:18-22,  if the email was scheduled to be sent by midnight the Plaintiff's time zone on June 5[2], 2026, the email would have been sent 2 or so hours after the defense counsel's email. *See, e.g.,* ECF No. 95 at 5 ("Fri, Jun 5, 2026 at **10:02 PM** Jane Doe wrote…") (emphasis added). Put differently, mathematics does not seem to be defense counsel's forte (but muddying the waters, obviously, is). To put it yet again for counsel: midnight is 11:59 PM. And between 10:02 PM and 11:59 PM are approximately 2 hours.

Two or so hours later the Plaintiff was notified by defense counsel that certain pleadings were allegedly and purportedly missing. The only pleading that was actually missing was Dkt No. 69-2. The Plaintiff provided that document promptly. *See* Dkt. No. 95 at 5 (providing the document

---

[1] It is embarrassing that defense counsel does not know that emails can be scheduled and scheduled emails can be, then, cancelled and modified and sent manually thereafter. Defense counsel can consult https://support.google.com/mail/answer/9214606?hl=en&co=GENIE.Platform%3DDesktop [accessed on June 6, 2026] to rectify her undeniable ignorance.

[2] Nowhere did the Plaintiff indicate to defense counsel that her email was scheduled to be "by 12:00 AM (midnight) on **June 4, 2026**, her time" ECF No. 94 at 1: 20-21 (emphasis added), nor did she concede that the email had to be sent by June 4, 2026 **her time** to be in compliance with this Court's order. Defense counsel's imposition of her own verbiage on the Plaintiff should be disregarded.

NOTICE OF PLAINTIFF'S COMPLIANCE WITH THIS COURT'S ORDER AT ECF NO. 82

after 10 or so minutes after being appraised of the error).

This Court ordered to "serve the Stanford Defendants with unredacted copies of the **sealed filings** identified in the McGarry Declaration, *see* ECF No. 73-1 ¶ 13, by June 4, 2026[.]" ECF No. 82. There are no sealed filings, however, at ECF No.s. 60-6, 60-7, 63-6, 63-7. Indeed, those exhibits have been filed with this Court as regular exhibits available in the Public Record. To the extent that the McGarry Declaration, *see* ECF No. 73-1 ¶ 13, erroneously identified those exhibits as sealed, the Plaintiff nonetheless provided a copy of those exhibits to comply with this Court's order even though it was erroneously alleged to be filed under seal in the McGarry Declaration.

It is also correct as a matter of law that "no exhibit was **filed** with the Court[,]" *see* ECF No. 95 at 5, after or before this Court's denial of the Plaintiff's *ex parte* application to lodge exhibits for *in camera* review. Had the Court granted such an application, exhibits would have been **lodged, *not filed*,** with the Court. *See, e.g., Fernandez v. Duarte*, No. 3:22-cv-00446-BAS-VET, 2025 LX 135211, at *3 (S.D. Cal. Jan. 27, 2025) (emphasis added). [Defendant must **lodge** with the Court for *in camera* review all responsive materials being withheld on the basis of the official information privilege.]. And this Court's order ordered the Plaintiff to "serve the Stanford Defendants with unredacted copies of the sealed **filings** identified in the McGarry Declaration" ECF No. 82. At 3 (emphasis added). The Plaintiff is not obligated to comply with defense counsel's  concocted verbiage of this Court's order instead of *this Court's actual order*. Although defense counsel's inability to understand legal nuance is not ordinarily something that would warrant a response, the Plaintiff nonetheless wanted to elucidate to this Court so that the Court can be appraised of defense counsel's legal noviceness.

Of course, what defense counsel (like always) fails to note in breach of her duty of candor to

NOTICE OF PLAINTIFF'S COMPLIANCE WITH THIS COURT'S ORDER AT ECF NO. 82
5:26-cv-03809-BLF

provide a full picture to the Court instead of her kitsch of selective and corrupted collection of events, *see* ECF No. 88, is that Plaintiff has also complied with other portions of this Court's order. For instance, this Court ordered for "any motion or opposition papers that rely on sealed documents SHALL be separately transmitted to the opposing parties by email in a fully unredacted format." ECF No. 82 at 3. The Plaintiff has been serving on the defendants any exhibit that has been conditionally filed under seal on defense counsel after they complied with this Court' s Local Rule and entered their ECF appearance to become counsels of record.  A true and correct copies of these instruments of communication are lodged with this Court at Exhibit A.

Compliance with court orders requires compliance with the *actual* court order, not defense counsel's "schizophrenic reading[s]" of court orders. *Torres v. Madrid*, 592 U.S. 306, 332, 141 S. Ct. 989, 1006 (2021) (Gorsuch, J., dissenting). To the extent that defense counsel wishes to have the ability to order litigants to complete certain tasks, she unfortunately has to abide by—like everyone else who is not as purportedly *special as her*—the Appointments Clause of Article Two of the U.S. Constitution, instead of attempting to become a judicial officer by playing word games with court orders to attempt to corrupt them.

Respectfully submitted,

DATED: June 6, 2026.

/s/ Jane Doe
_____
JANE DOE
*In Propria Persona*

NOTICE OF PLAINTIFF'S COMPLIANCE WITH THIS COURT'S ORDER AT ECF NO. 82

5:26-cv-03809-BLF