JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **ADDENDUM TO THE NOTICE OF PLAINTIFF'S COMPLIANCE WITH THIS COURT'S ORDER AT ECF NO. 82** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | Before the Honorable Beth Labson Freeman |
| Defendants. | |

Plaintiff respectfully submits this *addendum* to her notice of compliance, lodged with this Court at ECF No. 96. To the extent that defendants filed a **15-page** pleading with this Court for receiving certain exhibits filed under seal **ten minutes** after asking them—ones that were not sent to them earlier due to technical difficulties and confusion about time zones[1]—and suggesting that the Plaintiff be sanctioned for a 10-minute delay, the Plaintiff wishes to note the following.

*First*, "[t]he law is not made of such unreasonable and arbitrary rules." *Louisville v. Portsmouth Sav. Bank*, 104 U.S. 469, 475 (1881) (writing in the context of judicial time-counting). *Second,* although this is clearly unclear to defense counsel, one could be litigation adversaries and still exhibit "collegiality" that the solemnity and seriousness a court of law demands of one. *Olympus Spa v. Armstrong*, 169 F.4th 817, 845 (9th Cir. 2025) (McKeown, J., respecting the denial of rehearing en banc). Submitting a 15-page pleading to a district court for a 10 minute delay makes defense counsel—who is an *officer of court*—"sound like [a] juvenile[]" and such conduct "ignores ordinary principles of dignity and civility and demeans this court[.]" *Ibid*. "The American legal system has long been regarded as a place to resolve disputes in a **dignified and civil manner**[.]" *Ibid.* (emphasis added).

Counsel would have never filed this 15-pleading if the Plaintiff had not moved her to be sanctioned in this District Court for her clear breach of duty of candor to tribunals of law. *See* Dkt. No. 190 in *Doe v. Smith, et al.,* 5:25-cv-03490-PCP (N.D. Cal., filed on April 21, 2025). Such tit-for-tat conduct "demeans this court[.]" *Olympus*, 169 F.4th 845.

Further, although defense counsel seems to normally practice white-collar crime cases, when

---

[1] Although some circuits have taken this issue, the Ninth Circuit has not. *See, e.g., Duarte-Ceri v. Holder*, 630 F.3d 83 (2d Cir. 2010) (addressing the divisibility of a day into smaller units). *See also In re 21st Birthday Denials of Special Immigrant Juv. Status Applications By USCIS*, 637 F. Supp. 3d 23 (E.D.N.Y. 2022) (addressing time zone difference while citing *Duarte-Ceri*).

1

representing an educational institution, such vitriolic conduct likely makes her clients look *quite*

*bad* in the Public Record. To the extent that she thinks her zealous representation involves

"juvenile" behavior taken with tit-for-tat rationales, she is not zealously representing her client but

is making them look bad.

Equally looking bad is defense counsel's co-counsel perjuring herself while declaring to this

Court that exhibits that were filed in the Public Record were "conditionally filed under seal[,]"

declared as a fact based on personal knowledge. *See* ECF No. 73-1 ¶ 13 (referring to exhibits filed

with this Court at Dkt No. 60-3, 60-4, 60-6, 60-7, ones that are available in the Public Record as

"conditionally lodged under seal").

"We are better than this." *Olympus*, 169 F.4th 848 (Owens, J., respecting the denial of

rehearing en banc). And respect for judicial time requires better than this, too.

Respectfully submitted,

DATED: June 6, 2026.

/s/ Jane Doe
_____
JANE DOE
*In Propria Persona*

*ADDENDUM* TO NOTICE OF PLAINTIFF'S COMPLIANCE WITH THIS COURT'S ORDER AT ECF NO. 82

5:26-cv-03809-BLF