JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO APPOINT THE PLAINTIFF COUNSEL UNDER 28 U.S.C. § 1915(e)(1)** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | Before the Honorable Beth Labson Freeman |
| Defendants. | |

MOTION TO APPOINT THE PLAINTIFF COUNSEL UNDER 28 U.S.C. § 1915 (e)(1)
5:26-cv-03809-BLF

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 19, 2026 at 09:00 AM, or as soon thereafter as the matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 1 of the above-entitled court, located at 280 South First Street, San Jose, CA 95113, the Plaintiff Jane Doe will and hereby does move the Court for appointment of counsel under 28 U.S.C. § 1915(e)(1).

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the concurrently filed Declaration in Support Thereof and all exhibits attached thereto, and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

Respectfully submitted,

DATED: June 7, 2026.

/s/ Jane Doe
_____
JANE DOE

*In Propria Persona*

MOTION TO APPOINT THE PLAINTIFF COUNSEL UNDER 28 U.S.C. § 1915 (e)(1)
5:26-cv-03809-BLF

**TABLE OF CONTENTS**

**Page:**

I. INTRODUCTION……………………………………………………………………..1

II. GENERAL STANDARD FOR THE APPOINTMENT OF COUNSEL AND THE TWO-PRONG STANDARD……………………………………………………………….1

   a. Likelihood of Success on the Merits………………………………………………..2

   b. The Complexity of Issues and the Plaintiff's Ability to Articulate Those Arguments while Proceeding *In Propria Persona*.................................................5

III. THIS IS THE ULTIMATE EXCEPTIONAL CASE WARRANTING THE APPOINTMENT OF COUNSEL BECAUSE THE PLAINTIFF'S SITUATION EXCEEDS THE BOUNDS OF THE ORDINARY *PRO SE* CONTEXT AND DEFENDANTS' PREVIOUS ABUSE OF THE PLAINTIFF DURING LITIGATION WARRANTS THE CONCLUSION THAT EXCEPTIONAL CIRCUMSTANCES ARE PRESENT HEREIN………………………………………………………………6

IV. THIS CASE WILL PROCEED MORE EFFICIENTLY IF COUNSEL IS APPOINTED TO THE PLAINTIFF BECAUSE WHEN THE PLAINTIFF PROCEEDS *IN PROPRIA PERSONA*, DEFENSE COUNSELS TURN THIS COURT INTO AN *AD HOMINEM* ATTACK AND BULLYING FORUM, SEVERELY MISUSING JUDICIAL RESOURCES AND RESOURCES OF THE PLAINTIFF………………………………7

V. IF THE COURT FINDS THIS ACTION TOO PREMATURE AT THIS STAGE FOR APPOINTMENT-OF-COUNSEL DETERMINATION, THE COURT SHOULD, AT THE VERY LEAST, DENY THE MOTION WITHOUT PREJUDICE…………………8

VI. CONCLUSION……………………………………………………………………..9

**TABLE OF AUTHORITIES**

*Agyeman v. Corr. Corp. of Am.*,
   390 F.3d 1101 (9th Cir. 2004)…………………………………………………………..1

*Anthoine v. North Central Counties Consortium*,
   605 F.3d 740 (9th Cir. 2010)………………………………………………………….5

*Aton Center, Inc. v. United Healthcare Ins. Co.*,
   93 Cal.App.5th 1214 (2023)………………………………………………………….5

*Dudley v. Boise State Univ.*,
   152 F.4th 981 (9th Cir. 2025)…………………………………………………………..4

*Fletcher v. Garcia*,
   No. 18-cv-03350-YGR (PR), 2019 U.S. Dist. LEXIS 56820 (N.D. Cal. Apr. 2, 2019)……. 8

*Gutierrez-Valencia v. Shinn*,
   No. CV-24-00038-PHX-JAT (DMF), 2025 U.S. Dist. LEXIS 278978, (D. Ariz. July 22, 2025)……………………………………………………………..…………………….. 3

*Haar v. Mattos*,
   No. CV 22-04827-CJC (DFM), 2023 U.S. Dist. LEXIS 186571 (C.D. Cal. Sep. 8, 2023)…6

*Hervey v. Estes*,
   65 F.3d 784 (9th Cir. 1995)……………………………………………………………….4

*Hill v. Nat'l Collegiate Athletic Ass'n*,

iii

7 Cal. 4th 1 (1994)…………………………………………………………………5

*Johnson v. California*,
207 F.3d 650 (9th Cir. 2000)………………………………………………………2, 7

*Karim-Panahi v. L.A. Police Dep't*,
839 F.2d 621, 623 n.2 (9th Cir. 1988)…………………………………….…4

*Kisliuk v. City of Fort Bragg*,
No. 24-CV-03440-RMI,, 2025 WL 2280545  (N.D. Cal. July 29, 2025)………………… 2

*Kruger v. Wells Fargo Bank*,
11 Cal. 3d 352 (1974)……………………………………………………….. ……5

*Lindke v. Freed*,
601 U.S. 187 (2024)……………………………………………………….…..5

*Lipsey v. Phahong*,
No. 2:25-cv-0809 SCR P, 2026 U.S. Dist. LEXIS 113069 (E.D. Cal. May 20, 2026)………8

*Mack v. Bean*,
No. 2:24-cv-01549-CDS-BNW, 2026 U.S. Dist. LEXIS 83281 (D. Nev. Apr. 16, 2026).….3

*Mallard v. U.S. Dist. Ct.*,
490 U.S. 296 (1989)………………………………………………….……8

*Marsh v. Alabama*,
326 U.S. 501 (1946)……………………………………………………..….. 4

*Neitzke v. Williams*,
490 U.S. 319 (1989)………………………………………………..…… 8

*Palmer v. Valdez*,
560 F.3d 965 (9th Cir. 2009)…………………………………………………2

*Price v. Trujillo*,
No. 25-CV-04530-KAW (PR), 2025 U.S. Dist. LEXIS 204656 (N.D. Cal. Oct. 16, 2025)…4

*Rand v. Rowland*,
113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)………………………………………………………….. 2, 6

*Reeves v. Sanderson Plumbing Prods., Inc.*,
530 U.S. 133 (2000)………………………………………………………..5

*Robins v. Pruneyard Shopping Ctr.*,
23 Cal. 3d 899 (1979)……………………………………………………...5

*Sands v. Lewis*,
886 F.2d 1166 (9th Cir. 1989)………………………………………………6

*Shaw v. Cal. Dep't of Alcoholic Beverage Control*,
788 F.2d 600 (9th Cir. 1986)………………………………………………4

*Siglar v. Hopkins*,
822 F. App'x 610 (9th Cir. 2020)…………………………………………6

*Sisneros v. Oakland Unified Sch. Dist.*,
No. 25-cv-03753-PHK, 2025 U.S. Dist. LEXIS 205530 (N.D. Cal. Oct. 17, 2025)……….. 1

*Storseth v. Spellman*,
654 F.2d 1349 (9th Cir. 1981)………………………………………………1

*Streit v. County of Los Angeles*,
236 F.3d 552 (9th Cir. 2001)………………………………………………4

*Turner-Bey v. Yup*,
No. 2:24-cv-01890-APG-BNW, 2026 U.S. Dist. LEXIS 94765 (D. Nev. Mar. 20, 2026)…. 3

*United States ex rel. Gardner v. Madden*,
352 F.2d 792 (9th Cir. 1965)……………………………………………………………….. 2

*United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*,
795 F.2d 796 (9th Cir. 1986)………………………………………………………….. 1

*United States v. Lankford*,
No. 8:24-CR-00077-WLH, 2025 U.S. Dist. LEXIS 234897 (C.D. Cal. Nov. 21, 2025)……5

*Waller v. Truck Ins. Exchange, Inc*.
11 Cal.4th 1, 18 (1995)……………………………………………………………………5

*Wilborn v. Escalderon*,
789 F.2d 1328, 1331 (9th Cir. 1986)………………………………………………………2

*Winter v. Natural Resources Defense Council*,
555 U.S. 7 (2008)………………………………………………………………………… 3

*Wisconsin v. Constantineau*,
400 U. S. 433, 437 (1971)…………………………………………………………………4

*Zamaro v. Moonga*,
656 F. App'x 297 (9th Cir. 2016)…………………………………………………………6

**Statute:**

28 U.S.C. § 1915(e)(1)………………………………………………………………….*passim*
42 U.S.C. § 1983……………………………………………………………………*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Mark Twain famously proclaimed, "The law is a system that protects everybody who can afford to hire a good lawyer." Granted, no one questions the long-held holding that there is no right to be appointed counsel in a civil case[1]—even in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "[T]here is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). Regardless, a litigant proceeding *in propria persona* who has been granted leave to proceed *in forma pauperis* (IFP), like the undersigned herein, "may request an attorney to represent [herself, who is] unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether or not to appoint counsel for *pro se* litigants under § 1915(e)(1) "is within the sound discretion of the trial court and is **granted only in exceptional circumstances**." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (emphasis added). This is, indeed, one instance of the exceedingly exceptional circumstances and should be one of the very rare invocations of the IFP appointment-of-counsel statute in 28 U.S.C. § 1915(e)(1).

### II. GENERAL STANDARD FOR THE APPOINTMENT OF COUNSEL AND THE TWO-PRONG STANDARD

"[A]s a procedural matter, the Court may not appoint counsel for [the] Plaintiff […], at least until Plaintiff […] has been determined eligible to proceed pursuant to the IFP statute due to indigence." *Sisneros v. Oakland Unified Sch. Dist.*, No. 25-cv-03753-PHK, 2025 U.S. Dist. LEXIS 205530, at *8 (N.D. Cal. Oct. 17, 2025). Here, the Court granted the Plaintiff's motion for leave to

---

[1] There seems to be some developing caselaw for a particular and narrow exception to this for petitions for writ of *habeas corpus* when one is challenging their active detainment and when an evidentiary hearing is so required, but because this is no such case, the Plaintiff dispenses this Court with that legal quarrel.

proceed *in forma pauperis*. *See* ECF No. 25. As such, this motion is ripe for adjudication and is procedurally proper. Our frequently reiterated test for appointment of counsel for a *pro se* litigant proceeding *in forma pauperis* requires a finding of "exceptional circumstances[,]" which is a finding that rests on a finding of both "the likelihood of success on the merits and the ability of the petitioner to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel…" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Neither the need for discovery nor the fact that the *pro se* litigant would be better served with the assistance of counsel necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Appointment of counsel is a "privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). Appointment of counsel may be justified when proceedings will go forward **"more efficiently and effectively."** *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (emphasis added). **"**[A]ny pro se litigant certainly would be better served with the assistance of counsel. Beyond this, however, [movants] must show that because of the complexity of the claims [they are] unable to articulate [their] positions." *Kisliuk v. City of Fort Bragg*, No. 24-CV-03440-RMI, 2025 U.S. Dist. LEXIS 145502, 2025 WL 2280545, at *1 (N.D. Cal. July 29, 2025); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).

### a.  Likelihood of Success on the Merits
Although the first non-dispositive prong of the appointment-of-counsel standard provides that the Plaintiff be able to show that they will likely succeed on the merits of a case, it appears to

MOTION TO APPOINT THE PLAINTIFF COUNSEL UNDER 28 U.S.C. § 1915 (e)(1)

the Plaintiff that "likelihood of success" herein, used in this context, is a different standard than when it is used in the context of motions for preliminary injunction, which call upon the four-prong criteria renewed and enunciated, preliminarily, in *Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008). Put differently, although the Plaintiff adopts her arguments in her motion for preliminary injunction[2] and incorporates them herein by reference for the argument that she will likely succeed on the merits of most of the causes of action in the currently-operative complaint, some district courts have adopted the view that likelihood of success on the merits, herein, is a lower threshold than one that exists in *Winter*—and some district courts have found that merely "surviv[ing] screening[,]" *see Mack v. Bean*, No. 2:24-cv-01549-CDS-BNW, 2026 U.S. Dist. LEXIS 83281, at *2 (D. Nev. Apr. 16, 2026)[3], is enough to establish likelihood of success on the merits on a 28 U.S.C. § 1915(e)(1) motion. *See also Turner-Bey v. Yup,* No. 2:24-cv-01890-APG-BNW, 2026 U.S. Dist. LEXIS 94765, at *3 (D. Nev. Mar. 20, 2026) (finding that surviving mandatory IFP screening is sufficient to satisfy the first prong for a motion for appointment of counsel). Here, the currently operative complaint survived screening. *See* ECF No. 39. Of course, the litigation is at an early stage and thus, it might be premature for the Court to determine

---

[2] Although the Court denied the Plaintiff's motion for temporary restraining order, the Court did not reach to the merits of the motion, as it only denied it as procedurally improper—*i.e.* untimely. "Because Plaintiff's TRO request is untimely, the Court need not reach the merits of the claims alleged in the complaint[.]" Dkt. No. 18 at 4: 3-4.

[3] But *see, cf.*, *Gutierrez-Valencia v. Shinn*, No. CV-24-00038-PHX-JAT (DMF), 2025 U.S. Dist. LEXIS 278978, at *2 (D. Ariz. July 22, 2025) (finding that "the standard for surviving a mandatory screening, incorporates the standard under Fed. R. Civ. P. 12(b)(6) […], which is lower than the standard for showing likelihood of success of the merits."] (writing in the context of appointment of counsel) (inner citations omitted).

Plaintiff's likelihood of success on the merits. *See Price v. Trujillo*, No. 25-CV-04530-KAW (PR), 2025 U.S. Dist. LEXIS 204656, 2025 WL 2959892, at *2 (N.D. Cal. Oct. 16, 2025) (finding prematurity and denying the motion for that reason thereto).

At any event, the instant action poses *good* legal questions—and the Plaintiff will likely prevail on most of them. Among them are, chiefly, whether deputization under California Penal Code, Section 830.6 satisfies the separate entity test found in *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995). But, *see, cf., Streit v. County of Los Angeles*, 236 F.3d 552, 565-566 (9th Cir. 2001); *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 n.2 (9th Cir. 1988); *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986). There is also the difficult question as to whether a purportedly private university who uses a deputized police force satisfies the state action test under a theory of government-nexus, symbiotic relationship, and joint action tests. There is also the question as to whether such a purportedly private university would fall under the ambit of "company town" situation delineated by the Supreme Court in *Marsh v. Alabama,* 326 U.S. 501 (1946). If the Court finds that the defendants are government actors, then the Plaintiff will univocally succeed on the merits of her 42 U.S.C. § 1983 claims because the defendants expelled the Plaintiff from university with no hearing and opportunity to challenge non-exculpatory evidence. Although defendants seem to think that they can simply rebrand that expulsion by calling it 'admission recession,' caselaw finds otherwise. *Dudley v. Boise State Univ*., 152 F.4th 981 (9th Cir. 2025) (finding recession of degree and acceptance as ones where one has a property interest, remanding to the trial court on Fourteenth Amendment procedural due process grounds). Even if, assuming, *arguendo*, there was no property interest, there is a clear liberty interest pursuant to *Wisconsin v. Constantineau*, 400 U. S. 433, 437 (1971). **And lack of *any* hearing in the context of depravation of a liberty and property interest is a *structural* defect that is not subject to a**

4

**harmless error analysis**.

Plaintiff will also likely survive on the First Amendment question because the undisputed facts of the complaint satisfy the adverse-employment action test found in *Anthoine v. North Central Counties Consortium*, 605 F.3d 740, 750 (9th Cir. 2010). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Plaintiff will also likely be able to hold SDPS officers who were acting in non-policing, ministerial duties as those acting under the color of law based on the recent Supreme Court precedent *Lindke v. Freed,* 601 U.S. 187, 198 (2024). *See, e.g., United States v. Lankford*, No. 8:24-CR-00077-WLH, 2025 U.S. Dist. LEXIS 234897, at *4-5 (C.D. Cal. Nov. 21, 2025) (finding as such in this deputization context).

Even if assuming, *arguendo*, that the Court finds no state action herein, the Plaintiff is likely to succeed on the merits of her common law claims and other state claims. Although it is not settled law as to whether *substantive due process* rights driven from the California Constitution require a state actor—as opposed to *procedural* due process, *see Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352 (1974)—and although it is also not settled law whether right to petition driven from the California constitution would require a state actor—*see, e.g., Robins v. Pruneyard Shopping Ctr.*, 23 Cal. 3d 899 (1979)—Plaintiff will likely succeed on her right to privacy claims even if no state action exists. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 19 (1994). Plaintiff satisfies the written contract test in California state law. *See Aton Center, Inc. v. United Healthcare* Ins. Co. 93 Cal.App.5th 1214, 1231 (2023). Reading the plain and simple language of the admission contract pursuant to *Waller v. Truck Ins. Exchange, Inc*. 11 Cal.4th 1, 18 (1995), it is clear that that contract has been breached because the Plaintiff did not provide any 'false' information.

**b.  The Complexity of Issues and the Plaintiff's Ability to Articulate Those**

5

**Arguments while Proceeding *In Propria Persona***

Given the high number of questions of first impression that appear in this case, as elucidated *supra*, it is clear that the issues presented herein are complex. The question is whether *this* Plaintiff will be able to articulate arguments related to those complex questions while proceeding *in propria persona*. **"**[A]ny *pro se* litigant certainly would be better served with the assistance of counsel. Beyond this, however, [a movant] must show that because of the complexity of the claims [they are] unable to articulate [their] positions." *Rand*, 113 F.3d 1525.

Accordingly, some district court have taken this analysis by examining whether or not a plaintiff's "circumstances" are "exceptionally different from the majority of the challenges faced by pro se litigants[.]" *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (collecting cases). For instance, in the case imprisoned people proceeding *in forma pauperis*, courts often ask whether an imprisoned person's "legal competence and circumstances are in line with those of most prisoners" *Haar v. Mattos*, No. CV 22-04827-CJC (DFM), 2023 U.S. Dist. LEXIS 186571, at *3 (C.D. Cal. Sep. 8, 2023). *See also Zamaro v. Moonga,* 656 F. App'x 297, 299 (9th Cir. 2016).

**III. THIS IS THE ULTIMATE EXCEPTIONAL CASE WARRANTING THE APPOINTMENT OF COUNSEL BECAUSE THE PLAINTIFF'S SITUATION EXCEEDS THE BOUNDS OF THE ORDINARY *PRO SE* CONTEXT AND DEFENDANTS' PREVIOUS ABUSE OF THE PLAINTIFF DURING LITIGATION WARRANTS THE CONCLUSION THAT EXCEPTIONAL CIRCUMSTANCES ARE PRESENT HEREIN**

Of course, "the Constitution does not require the elimination of all economic, intellectual, and technological [and other] barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989). But the Plaintiff's *pro se* context is highly unusual and exceptional. Indeed, it is perhaps to fair to say that it is "exceptionally different from the majority of the challenges faced by pro se litigants[.]" *Siglar, ibid.* With everything that is alleged in the Second Amended Complaint and the extrinsic factors that were placed on the Plaintiff when she proceeded *in propria persona*

MOTION TO APPOINT THE PLAINTIFF COUNSEL UNDER 28 U.S.C. § 1915 (e)(1)

5:26-cv-03809-BLF

before this District Court rarlier, *see* SAC at ¶¶ 123-129, it is undeniable that such circumstances are not present for most—if not all—*pro se* litigants. More importantly, however, in the past, precisely *because* the Plaintiff was proceeding *in propria persona* were the defendants able to obtain a stipulation for dismissal with prejudice in *Doe v. Smith, et al.*, 5:25-cv-03490-PCP (N.D. Cal.) during a period of mental turmoil. Indeed, had the Plaintiff been appointed counsel, that stipulation would never have been signed. *See also* ECF No. 88 (delineating defense counsels' gamesmanship in obtaining that stipulation). None of the gamesmanship in *Doe I* would have happened if the Plaintiff was represented by counsel; for instance, the defense counsel would have never changed the Plaintiff's IP address on her firm's file uploader to make an asinine point about the Plaintiff being already deported. *Id*. Given these exceptional circumstance—and given that the defendants previously caused the plaintiff to attempt to commit suicide because of her *in propria persona* status —the Plaintiff submits that this is the rare exceptional case justifying appointment of counsel.

## IV. THIS CASE WILL PROCEED MORE EFFICIENTLY IF COUNSEL IS APPOINTED TO THE PLAINTIFF BECAUSE WHEN THE PLAINTIFF PROCEEDS *IN PROPRIA PERSONA*, DEFENSE COUNSELS TURN THIS COURT INTO AN *AD HOMINEM* ATTACK AND BULLYING FORUM, SEVERELY MISUSING JUDICIAL RESOURCES AND RESOURCES OF THE PLAINTIFF

Again, appointment of counsel may also be justified when proceedings will go forward "more efficiently and effectively.**"** *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam). Although *Johnson* was said because of the *pro se* litigants' inability to follow proper procedure, which delayed the proceeding, in this case, precisely because the Plaintiff is proceeding *in propria persona* and that defense counsels view her as vulnerable to their vicious bullying have they been using this District Court as an *ad hominem* attack battle. These include, for instance, a 900-page self-supported "Motion for Disclosure" in *Doe I* that included only two lines of non-falsehoods. *See* ECF No. 88. Such  "fanciful," "fantastic," and "delusional" would likely halt if the

7

Plaintiff was appointed an attorney, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and it is both in the interests of judicial resources and the Plaintiff for this Court to appoint the Plaintiff an attorney so that judicial resources are not wasted by reading through 900 pages of deception concocted by defense counsels to create the image of the Plaintiff as a—for the lack of a better term—vexatious lunatic. *See* ECF No. 25 in *Doe I*. *See* ECF No. 88 in this case (detailing counsel's misrepresentations). As such, appoint the plaintiff counsel would likely prevent this Court from turning into an *ad hominem* attack battle used by defense counsels because of their mere whims and wold allow for the orderly efficient administration of this case.

### V. IF THE COURT FINDS THIS ACTION TOO PREMATURE AT THIS STAGE FOR APPOINTMENT-OF-COUNSEL DETERMINATION, THE COURT SHOULD, AT THE VERY LEAST, DENY THE MOTION WITHOUT PREJUDICE

It is usually the practice in this Circuit to deny motions for appointment of counsel "without prejudice to refiling at a later point in the proceedings." *Lipsey v. Phahong*, No. 2:25-cv-0809 SCR P, 2026 U.S. Dist. LEXIS 113069, at *1 (E.D. Cal. May 20, 2026). Provided that the Court concludes that it will not appoint the Plaintiff counsel, the Plaintiff respectfully contends that the Court denies the motion without prejudice to the Plaintiff renewing it as these proceedings continue.

[signature block follows next page]

**VI. CONCLUSION**

Accordingly, the Plaintiff moves this Court for appointment of counsel under 28 U.S.C. § 1915(e)(1). Since the Court cannot to "make coercive appointments of counsel[,]" *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989), the Plaintiff respectfully moves this Court to " 'request' that counsel represent" the undersigned. *Fletcher v. Garcia*, No. 18-cv-03350-YGR (PR), 2019 U.S. Dist. LEXIS 56820, at *1 (N.D. Cal. Apr. 2, 2019).

Respectfully submitted,

DATED: June 7, 2026.

*/s/ Jane Doe*
_____

JANE DOE

*In Propria Persona*

MOTION TO APPOINT THE PLAINTIFF COUNSEL UNDER 28 U.S.C. § 1915 (e)(1)