PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
STACIE O. KINSER (Cal. Bar No. 300529)
stacie.kinser@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    (415) 983.1000
Facsimile:    (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY, STANFORD
UNIVERSITY DEPARTMENT OF PUBLIC SAFETY,
LAURA L. WILSON, JASON A. SMITH, JASON BARNES,
JON HERNANDEZ, RICHARD HARDING SHAW, JR.,
MICHAEL DEVLIN, JEN CASEBEER-BLUM, DEBRA L.
ZUMWALT, PARINAZ ZARTOSHTY, SHIRLEY J.
EVERETT, and JAMES R. JACOBS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>Defendants. | Case No. 26-cv-03809-BLF<br><br>**STANFORD DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S NOTICE OF PENDENCY OF OTHER STATE COURT ACTION**<br><br>Second Amended Complaint Filed:  May 11, 2025<br><br>Judge:  Hon. Beth Freeman |

Defendants The Board of Trustees of the Leland Stanford Junior University ("Stanford"), Stanford University Department of Public Safety ("SDPS"), Laura L. Wilson, Jason A. Smith, Jason Barnes, Jon Hernandez, Richard Harding Shaw, Jr., Michael Devlin, Jen Casebeer-Blum, Debra L. Zumwalt, Parinaz Zartoshty, Shirley J. Everett, and James R. Jacobs (collectively, the "Stanford Defendants") hereby respond to Plaintiff Jane Doe's Notice of Pendency of Other State Court Action, served on the Stanford Defendants on May 26, 2026 (the "Notice").  The Notice concerns the pendency of a petition for writ of mandamus, filed by Plaintiff in Santa Clara Superior Court, Case No. 25-cv-480840 (the "Mandamus Petition").

## I.    INTRODUCTION

The Stanford Defendants agree that pursuant to Civil Local Rule 3-13, Plaintiff was required to file the Notice to identify the Mandamus Petition as a pending state action involving the same subject matter and substantially all of the same parties as this action.  But the Stanford Defendants disagree with Plaintiff's assertions in the Notice that this action should proceed irrespective of the Mandamus Petition because the constitutional claims she raises through the Second Amended Complaint ("SAC") could not have been raised in her Mandamus Petition.

Due to the timing of service of the SAC and the Notice, the Stanford Defendants must file this response pursuant to Civil Local Rule 3-13(c) before filing a responsive pleading.  The Stanford Defendants will file a motion to dismiss the SAC on multiple grounds, including that Plaintiff's federal claims in this action (under 42 U.S.C. §§ 1983 and 1985) fail for lack of state action.  The Stanford Defendants submit that the impact of the ongoing Mandamus Petition proceedings on this action will be most appropriately addressed after the Court has ruled on the forthcoming motion to dismiss, should any claims remain.

## II.    STANFORD'S STATEMENT UNDER CIVIL LOCAL RULE 3-13(C)

**A.    Description, procedural posture, and relationship of Mandamus Petition to the SAC**

Plaintiff is a former undergraduate student at Stanford, who alleges that she was expelled on August 21, 2025, in retaliation for filing a federal complaint in this judicial district on April 21, 2025.  SAC ¶ 184, *see also Doe v. Smith*, No. 25-cv-03490-PCP (filed April 21, 2025) ("*Doe I*").  In

-1-

fact, Plaintiff's admission to Stanford was rescinded because her application contained misrepresentations and omissions.

The SAC asserts claims against (1) Stanford; (2) SDPS and several individual SDPS officers; and (3) several Stanford administrators and employees, including Richard Shaw, Jr., and Michael Devlin.  SAC ¶¶ 2–12.  In the SAC, Plaintiff alleges that, after and in retaliation for her filing the complaint in *Doe I*, Stanford began to investigate her application for admission to Stanford.  SAC ¶¶ 89-96.  Stanford's investigation revealed that Plaintiff, who was admitted to Stanford as a first-year student, failed to disclose in her application that she was previously matriculated at William Marsh Rice University in Houston, Texas.  *Id.* ¶ 103.  Plaintiff alleges that Shaw rescinded Plaintiff's admission on August 21, 2025, without giving her a hearing or an opportunity to respond to the evidence.  *Id.* ¶¶ 122, 139.  In connection with the SAC, Plaintiff has filed a preliminary injunction seeking "reinstatement of the Plaintiff as an active student," among other things.  Dkt. No. 59 at 2.

Plaintiff filed the Mandamus Petition in Santa Clara Superior Court on November 26, 2025, through counsel.  The Mandamus Petition names Stanford, Shaw and Devlin (who are all defendants in this action) and Stanford's Provost as respondents.  Dkt. No. 13-1 ("Mandamus Petition") at ¶¶ 2–5.  The Mandamus Petition challenges Dean Shaw's admissions rescission and seeks a writ compelling Stanford to set aside the findings and decision against her so that she can be reinstated as a student.  *Id.* at ¶¶ 34-49.  It describes the filing of *Doe I* and alleges that the admissions investigation "occurred … only after Petitioner had filed a lawsuit against Stanford."  *Id.* at ¶¶ 34-35; see also *id.* ¶¶ 45-46.  The Stanford respondents, through undersigned counsel, answered the Mandamus Petition on February 26, 2026.  The parties are currently preparing the administrative record, with a hearing on the Mandamus Petition set for September 28, 2026.

The Mandamus Petition and the SAC rehash the same nucleus of events regarding Plaintiff's filing of *Doe I*, Shaw's investigation, and the rescission of Plaintiff's admission.  *Compare* SAC at ¶¶ 102-122, 130-147 *with* Mandamus Petition at ¶¶ 34-49.  The reinstatement Plaintiff seeks through the Mandamus Petition is the same relief Plaintiff seeks through her motion for preliminary

STANFORD DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S NOTICE OF PENDENCY OF
OTHER STATE COURT ACTION
26-CV-03809-BLF

injunction, *i.e.*, a mandatory injunction ordering "[t]he reinstatement of the Plaintiff's earned credits from her two years of schooling, the reinstatement of the Plaintiff as an active student with her financial aid package that was renewed in May 2025 for the 2025-2026 academic year."  Dkt. No. 59 at 2.  Moreover, the "due process violations" she seeks to vindicate through the preliminary injunction and the SAC are the exact same issues she has raised through the Mandamus Petition (*compare* Dkt. No. 59 at 17-22 [referencing notice, lack of hearing, opportunity to respond to evidence, and fundamental unfairness of the decision] *with* Mandamus Petition at ¶ 53 [referencing notice, hearing procedure, opportunity to respond to evidence, and abuse of discretion with respect to the decision.]).

**B.    Plaintiff's assertion that she cannot bring her constitutional claims through the Mandamus Petition is incorrect**

In response to the requirement under Civil Local Rule 3-13 to provide a brief statement "whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action," Plaintiff asserts that this action should proceed with "no regard given to the irrelevant state proceeding."  Notice at 9.  Throughout the Notice, Plaintiff insists there should be no coordination between this action and the Mandamus Petition based on the premise that she "will not be allowed" to litigate her constitutional claims through the Mandamus Petition.  *Id.*  Plaintiff is incorrect.

The Ninth Circuit has repeatedly held that California courts are competent to review federal constitutional challenges on a petition for writ of mandate under California Code of Civil Procedure section 1094.5.  *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992) (finding the 1094.5 framework "provides a meaningful opportunity for [plaintiff] to present his constitutional claims"); *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 619-21 (9th Cir. 2003); *see also Smith v. County of Santa Cruz*, No. 20-cv-00647-BLF, 2020 WL 6318705, at *9 (N.D.Cal., Oct. 28, 2020) ("California's 1094.5 writ procedures provide an opportunity for the review of constitutional claims.").  This consideration "does not turn on whether the federal plaintiff actually avails himself of the opportunity to present federal constitutional claims in the state proceeding, but rather whether such an opportunity exists."  *Floyd v. Santa Clara Cnty. District Attorney*, No. 23-cv-02754-BLF,

2023 WL 5601152, at *3 (N.D.Cal., Aug. 29, 2023); *see also Doe v. Bd. of Trustees*, No. 2:25-cv-06691-JAK (PVCx), 2025 WL 3780265 (C.D. Cal., Dec. 30, 2025) (finding it is "well-established that the California writ of mandamus procedure at issue affords sufficient opportunity to raise federal constitutional claims" and it is "not material" whether plaintiff "actually presented or litigated them."). Plaintiff's Notice is simply wrong in its assertion that "no constitutional claim can be brought on a writ of administrative mandate petition" and that, on that basis, no consideration of the impact of the Mandamus Petition proceeding on this action is warranted. Notice at 6.

**III.   CONCLUSION**

Pending resolution of the Stanford Defendants' forthcoming motion to dismiss, and assuming any claims remain, the Stanford Defendants anticipate pursuing further briefing regarding any necessary coordination between the remaining claims in this action and the Mandamus Petition that may serve to avoid conflicts, conserve resources and promote an efficient determination of the action. Civ. L.R. 3-13(b)(3)(D).

Dated:  June 9, 2026

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  */s/ Stacie Kinser*

JACOB R. SORENSEN
STACIE KINSER
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

*Attorneys for Defendants*
*The Board of Trustees of the Leland Stanford Junior University; Stanford University Department of Public Safety; Laura L. Wilson; Jason A. Smith; Jason Barnes; Jon Hernandez; Richard Harding Shaw, Junior; Michael Devlin; Jen Casebeer-Blum; Debra L. Zumwalt; Parinaz Zartoshty; Shirley J. Everett; and James R. Jacobs*

STANFORD DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S NOTICE OF PENDENCY OF OTHER STATE COURT ACTION
26-CV-03809-BLF