JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **STATEMENT IN RESPONSE TO THE DEFENDANTS' STATEMENT IN RESPONSE TO THE PLAINTIFF'S NOTICE OF PENDENCY OF OTHER PROCEEDING OR ACTION UNDER CIVIL L.R. 3-13** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | |
| Defendants. | Before the Honorable Beth Labson Freeman |
| | RE: Dkt. No.s. 13, 99 |

STATEMENT IN RESPONSE TO THE DEFENDANTS' STATEMENT IN RESPONSE TO THE PLAINTIFF'S
NOTICE OF PENDENCY OF OTHER PROCEEDING OR ACTION UNDER CIVIL L.R. 3-13
5:26-cv-03809-BLF

The plain and simple reading of Civil L.R. 3-13 is confusing to the Plaintiff insofar as it is unclear to the Plaintiff if a reply to a statement in support or in opposition to a notice of pendency that had been filed is contemplated and/or is permitted. There appears no caselaw on this question, so the Plaintiff errs on the side of caution in filing this Reply to the Defendants' response to the Plaintiff's Notice of Pendency of Other Action, especially since the defendants misconstrue the Plaintiff's legal arguments in the Notice of Pendency of Other Action, and the Plaintiff is worried that a lack of reply on the points might be construed as a waiver on them if the Plaintiff had not filed this Reply.

The Plaintiff assumes that *if* a Reply brief is not contemplated within Civil L.R. 3-13, the Court is with discretion to grant leave for such a reply brief to be filed and, as such, respectfully seeks leave thereto to file the foregoing reply brief. *See, e.g., Tucker v. AstraZeneca Pharms., L.P.,* No. 06-cv-0544, 2006 WL 2092069, at *1 (N.D. Cal. July 26, 2006) (indicating that the court has the discretion to provide leave to file a reply brief on an administrative motion brought under Civil L.R. 7-11).

**Nothing in the Plaintiff's Notice of Pendency of Other Action Indicated that Review under California Code of Civil Procedure, 1094.5 Was Appropriate but Only Indicated that a Petition under that Forenamed Code Was Filed**

Although it is a wrong legal conclusion (as explained *infra*), the statement submitted by defendants argues that "[t]he Ninth Circuit has repeatedly held that California courts are competent to review federal constitutional challenges on a petition for writ of mandate under **California Code of Civil Procedure section 1094.5.**" Dkt No. 99 at 3: 19-21 (emphasis added). As a preliminary point, nowhere in her notice did the Plaintiff indicate that review in the California state court on the defendants' administrative decisions will be reviewed—or should be reviewed—under California Code of Civil Procedure section 1094.5. Rather, the Plaintiff simply noted that a petition for writ of

1

STATEMENT IN RESPONSE TO THE DEFENDANTS' STATEMENT IN RESPONSE TO THE PLAINTIFF'S NOTICE OF PENDENCY OF OTHER PROCEEDING OR ACTION UNDER CIVIL L.R. 3-13

5:26-cv-03809-BLF

administrative mandate under Code of Civil Procedure, section 1094.5 ***was filed***. Simply that the Plaintiff filed such a petition, however, does not establish that the writ petition will be reviewed as a petition for writ of administrative mandamus.

Determining the proper standard of review in a petition for writ of mandate or mandamus is the "threshold issue." *Clothesrigger, Inc. v. GTE Corp.* 191 Cal.App.3d 605, 611 (1987). "The nature of the administrative action or decision at issue determines which type of review applies. In general, administrative mandate under [] section 1094.5 is used to review the validity of quasi-judicial decisions resulting from a proceeding in which (1) a hearing was required to be given, (2) evidence was required to be taken, and (3) discretion in the determination of facts was vested in the agency. [Citation.]" *Martis Camp Community Association v. County of Placer,* 53 Cal.App.5th 569, 593 (2020). "[I]f the administrative agency provides a hearing but it was not required by law, administrative mandamus does not apply." *Shelden v. Marin County Employees' Retirement Association* 189 Cal.App.4th 458, 463 (2010). "Therefore, an administrative mandate is appropriate when the agency should have held a hearing but did not." *Pomona College v. Superior Court* 45 Cal.App.4th 1716, 1729 (1996). In the instant case, the defendants failed to hold a hearing, but they were likely required by law to hold on one. At any event, that determination is left to the California state court and the Plaintiff indicates no position on a writ petition in which she is represented by counsel.

However, simply that a petition for writ of administrative mandate has been filed does not mean that the court will review that petition as one of administrative mandate, instead of traditional mandate under Code of Civil Procedure, section 1085. As such, the defendants have failed to identify why review would be proper under section 1094.5 instead of section 1085. And defendants

2

have failed identify if *any* of their citations would support their position if the state court finds that review is proper under Section 1085 instead of Section 1094.5. Indeed, there is authority to support the position that that will likely not be the case. *See Doe v. White*, 440 F. Supp. 3d 1074, 1081 (N.D. Cal. 2020).[1]

Once again, Plaintiff indicates no position on this question other than to indicate that the defendants misconstrued the Plaintiff's initial verbiage.

**Defendants Cite *Dicta* and Misconstrue those *Dicta* as All of those Cases Cited by Defense Counsel Were Ones Where *Younger* Abstention under *Ohio Civil Rights Commission* Was Found to be Applicable**

Like always, defense counsel has once again breached her duty of candor to this Court by intentionally misrepresenting caselaw to this Court. Defendants primarily cite two caselaw from the Ninth Circuit in support of the conclusion that a constitutional claim could be brought on a petition for writ of administrative mandate. They are (1) *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992), (2) *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 619-21 (9th Cir. 2003).

But, of curse, what opposing counsel has occluded from this Court is (1) that most of what she cited in her statement is not part of those opinions' *ratio decidendi* and (2) even if assuming, *arguendo*, they are part of the *ratio decidendi*, all of those decisions reached that conclusion **because they found *Ohio Civil Rights Commission* applicable**. The Plaintiff elucidated in the initial Notice, however, that *Ohio Civil Rights Commission* did not apply here. Defendants do not dispute that in their statement in response—nor could they.

---

[1] *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) is distinguishable here because defendants cannot raise an Eleventh Amendment immunity claim. *See* Article IX, Section 9 of the California Constitution.

3

Simply to elucidate: *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992) (citing *Ohio Civil Rights Commission* for the proposition that "even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims via state judicial review of the administrative proceedings suffices."); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (citing *Ohio Civil Rights Commission* to argue whether *Younger* abstention applies pending the resolution of a petition for writ of administrative mandate).

**As Established in the Notice, *Ohio Civil Rights Commission* Does Not Find that That Abstention Applies Here (Put Differently, that Defendants Come Under a Section 1983 Claim as A State Actor Does Not Implicate a State Interest for *Younger* Abstention and these Cases Cited by Defendants Where the State of California Pursued Revocation of License Is Distinguishable in Facts)**

Simply put, *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 106 S. Ct. 2718 (1986) does not apply here. The State of California has no state interest in the Plaintiff's continued education in defendants' institution. **That defendants come under a 42 U.S.C. § 1983 claim as a state actor does not mean that their administrative decision involves a state interest that would call forth some form of *Younger* abstention.** Compare this, for instance, with every single case cited by defendants: *Kennelly* was against the California state medical license board, *Baffert* was against California Horse Racing Board, *Smith v. County of Santa Cruz*, No. 20-cv-00647-BLF, 2020 WL 6318705, at *9 (N.D.Cal., Oct. 28, 2020) was against the County of Santa Cruz, *Floyd v. Santa Clara Cnty. District Attorney*, No. 23-cv-02754-BLF, 2023 WL 5601152, at *3 (N.D.Cal., Aug. 29, 2023) was against the Santa Clara County District Attorney's Office, *Doe v. Bd. of Trustees*, No. 2:25-cv-06691-JAK (PVCx), 2025 WL 3780265 (C.D. Cal., Dec. 30, 2025) was against California State University. "We have since recognized that our concern for comity and federalism is equally applicable to certain other pending state proceedings. We have applied the

STATEMENT IN RESPONSE TO THE DEFENDANTS' STATEMENT IN RESPONSE TO THE PLAINTIFF'S NOTICE OF PENDENCY OF OTHER PROCEEDING OR ACTION UNDER CIVIL L.R. 3-13

5:26-cv-03809-BLF

*Younger* principle to civil proceedings **in which important state interests are involved**." *Ohio Civil Rights Comm'n.*, 477 U.S. at 627 (emphasis added). This simply is not such a case; defendants do not argue that it is; nor could they. Indeed, they directly circumvent the Plaintiff's citation of *Ohio Civil Rights Comm'n* because they are aware that addressing it would find *Patsy* fully applicable herein with full force.

**For the Doctrine of Claim-Splitting (Or any Other Kind of Claim Preclusion) to Apply Herein, the Plaintiff Had to Bring the Same *Causes of Action*, and No Cause of Action Could be Bought on a Writ of Administrative or Traditional Mandate**

As previously explained to this District Court multiple times, simply put, defense counsel's insistence that the doctrine of claim-splitting or any other kind of claim preclusion apply because the Plaintiff *might be* able to get the *same remedy* is simply irrelevant to these inquiries. *See* Dkt. No. 99 at 4: 1-9. Closely related to claim preclusion, "the bar of claim-splitting is applicable if the second suit involves (1) the **same causes of action** as the first; and (2) the same parties or their privies." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (emphasis added).

Put differently, under our well-established test of *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012), the question is whether **a 42 U.S.C. § 1983 claim premised upon the Fourteenth Amendment procedural due process <u>cause of action</u>** could have been brought on a petition for writ of administrative mandate.

The question is simply, as a procedural matter, no. "A petition for a writ of administrative mandamus is a 'special proceeding of a civil nature' governed by the provisions of part 3 of the Code of Civil Procedure." *Dhillon v. John Muir Health*, 2 Cal. 5th 1109, 1115, 218 Cal. Rptr. 3d 119, 123, 394 P.3d 1048, 1051 (2017). It is not a complaint where a **42 U.S.C. § 1983 claim**

STATEMENT IN RESPONSE TO THE DEFENDANTS' STATEMENT IN RESPONSE TO THE PLAINTIFF'S
NOTICE OF PENDENCY OF OTHER PROCEEDING OR ACTION UNDER CIVIL L.R. 3-13
5:26-cv-03809-BLF

**premised upon the Fourteenth Amendment procedural due process <u>cause of action</u>** *could have been included.*

### <u>Bare Assertions Do Not Preserve Claims, and Defendants Waived Any Coordination Argument Hereinafter</u>

"A bare assertion of an issue does not preserve a claim." *D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001). Defendants **barely assert** that they "anticipate pursuing further briefing regarding any necessary coordination." Dkt. No. 99 at 5. They have simply forfeited being able to bring future arguments regarding coordination. The proper place to make such arguments was their statement in response to a Notice of Pendency of Other Action.

Waiver is "the intentional relinquishment or abandonment of a known right," whereas forfeiture is "the failure to make the timely assertion of [that] right." *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (internal quotation marks omitted); *see United States v. Castillo*, 496 F.3d 947, 952 n. 1 (9th Cir. 2007) (en banc). Any coordination, abstention, or *Colorado River* argument has thus-fore been forfeited.

Respectfully submitted,

DATED: June 10, 2026.

/s/ Jane Doe
_____

JANE DOE
*In Propria Persona*

6

STATEMENT IN RESPONSE TO THE DEFENDANTS' STATEMENT IN RESPONSE TO THE PLAINTIFF'S
NOTICE OF PENDENCY OF OTHER PROCEEDING OR ACTION UNDER CIVIL L.R. 3-13

5:26-cv-03809-BLF