JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>              Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**<br><br>Before the Honorable Beth Labson Freeman<br><br>[PUBLIC COPY OF REPLY CONDITIONALLY LODGED UNDER SEAL] |

i
REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY
5:26-cv-03809-BLF

**TABLE OF CONTENTS**

Page:

I. INTRODUCTION……………………………………………………………….. 1

II. YET ONCE AGAIN IN BREACH OF HER DUTY OF CANDOR, COUNSEL HAS MISLEAD THIS COURT INTENTIONALLY BY LYING TO IT………………………1

   A. ██████████████████████████████████████████████████
██████████████████████████████…………………………2

   B. ██████████████████████████████████████████████████
████████████████…………………………………………………2

   C. ████████████████████████████ Granted Plaintiff Leave to Proceed Pseudonymously Post Certification—The Relevant Inquiry Herein…………………..2

   D. ██████████████████ Itself, Establishes the Mandatory Condition of Post-Certification Pseudonymous Proceeding……………………………………………2

   E. Defendants Already Conceded that They Cannot Challenge the Plaintiff's Pseudonymity based on the Safe at Home Act and Should Thus be Judicially Estopped from Playing Fast and Loose with the Judiciary…………………………………………3

III. SAFE AT HOME ACT IS DISPOSITIVE AND MANDATES PSEUDONYMOUS PROCEEDING

   A. Doe Is a Proper and Active Participant in Safe at Home Program (As Also Found By the Court of Appeal on a Decision Issued when Doe Was Not *in* California At the Time) and Defense Counsel Cannot Claim Otherwise Absent Some Speculative Meanderings, and this Court Cannot Doubt the Valid Safe at Home Registration Card With Which It Has Been Presented Based on Counsel's Meanderings………………..3

   B. There Is No Conflict between the Safe at Home Act and Fed R Civ P 10(a) As the Complaint Includes *A* Name—Jane Doe……………………………………………5

   C. Reliance on *Del Nero* is Inappropriate as this Court Sits in California, not Nevada…..6

   D. *Taro Pharms* Is Instructive………………………………………………………6

IV. OPPOSITION PROVES, ITSELF, THAT THERE IS NO PREJUDICE TO THE DEFENDANTS BECAUSE A VINDICTIVE DESIRE TO MAKE AN EXAMPLE OUT OF THE PLAINTIFF BECAUSE SHE IS A LITIGATION ADVERSARY AND BECAUSE HER PROTECTED SPEECH IS IN A LANGUAGE THAT IS UNPALATABLE TO DEFENSE COUNSEL'S EARS AND SUBJECTIVE SENSE OF MORALITY/RELIGIOSITY—AND BECAUSE COUNSEL IS NOT THE QUEEN OF THIS NATION, HER SUBJECTIVE SENSE OF PALATABILITY OF SPEECH IS IRRELEVANT TO THE LEGAL CONTROVERSY HEREIN…………………………6

V. DOE'S PREVIOUS LITIGATION HAS NO RELEVANCE OR BEARING ON THIS MOTION AND IS NOT ONE OF THE *ADVANCED TEXTILE* PRONGS AND COUNSEL'S DESIRE TO LAUNCH *AD HOMINEM* ATTACKS WITH EVERY MOTION SHOULD BE IGNORED AND, ACCORDINGLY, THE PLAINTIFF WILL NOT ADDRESS DEFENSE COUNSEL'S 75-PAGE DECLARATION, ALTHOUGH HER FRAUD HAS BEEN ADDRESSED IN THE PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND THE PLAINTIFF'S FORTHCOMING MOTION FOR

ii

SANCTIONS IN *DOE I*………………………………………………….7

VI. PUBLIC INTEREST IS SERVED BY THE PUBLIC OBSERVING HOW THIS COURT ADDRESSES THE BRUTALIZATION OF A TRANS PERSON BY DEFENDANTS, INSTEAD OF 'OBSERVING' THE PLAINTIFF'S FORMER LEGAL NAME—JUST LIKE THE *ROE v. WADE* EXAMPLE IN *ADVANCED TEXTILE*

VII. DEFENDANTS MISREAD *ADVANCED TEXTILE*……………………………….8

   A. Although Doe Has Shown Particularized Harm, She Need Not under the *Advanced Textile* Standard………………………………………………..9

   B. *Kamehameha* Is About an Appellate Court's Review of a Pseudonymity Motion under the Abuse of Discretion Standard of Review, Not a District Court's Adjudication over Such A Motion……………………………………………..9

VIII. DOE HAS CARRIED HER BURDEN

   A. Doe's Transgender Status is Relevant and at the Center of Her Claims and Defendants Should be Judicially Estopped from Arguing that Pseudonymity Based on Transgender Status is Not Dispositive in Cases of an Equal Protection of the Law Claim based on Transgender Status……………………………………………10

   B. Although There Is Abundant Information on the Record of this Case regarding Doe's Very Sincere Fear of Harm and Retaliation based on Her Transgender Identity (This is the Entire Purpose of this Case), Courts in District Have Unequivocally Granted Much More Vague Pseudonymity Motions based on Transgender Status…………………..11

   C. Immigration Status Continues to Require Sealing even though the Plaintiff did not Violate, Like Defense Counsel's Previous Asinine Arguments, the Immigration and Nationality Act………………………………………………12

   D. Defendants Conceded that *MIT* Remains Instructive Herein and FERPA Considerations Would Warrant Pseudonymous Proceeding……………………12

   E. Prejudice to the Plaintiff in the Term of Fearing Harm Absent Pseudonymous Proceeding is a Relevant Factor insofar as the Fear Affects the Plaintiff's Ability to Plead this Case………………………………………………..13

IX. THE VERY SAME RECORD BEFORE THE HONORABLE P. CASEY PITTS EXISTS HERE AND THE CONTEXT AROUND JUDGE PITTS' ORDER GRANTING PSEUDONYMITY MOTION ARE STILL PRESENT…………………..13

X. CONCLUSION…………………………………………………14

**TABLE OF AUTHORITIES**

**Caselaw:**

*Bridges v. California*,
   314 U.S. 252 (1941)………………………………………………….1

*Byrd v. Blue Ridge Rural Elec. Coop.*,
   356 U.S. 525 (1958)………………………………………………….6

*Del Nero v. Allstate Ins. Co.*,
   No. 2:00-cv-01126-GMN-VCF, 2022 WL 1618839 (D. Nev. May 23, 2022)……………6

*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*,
   596 F.3d 1036 (9th Cir.2010)………………………………………………….9

iii

*Doe v. Mass. Inst. of Tech.*,
      46 F.4th 61 (1st Cir. 2022)…………………………………………………..………12, 13

*Doe v. Progressive Cas. Ins. Co.*,
       No. 21-cv-02602-BLF, 2023 U.S. Dist. LEXIS 146469 (N.D. Cal. Aug. 21, 2023) ………11

*Doe v. Taro Pharms. U.S.A., Inc.*,
       No. 25- cv-07815-RFL, 2025 U.S. Dist. LEXIS 230552 N.D. Cal. Nov. 21, 2025)…………6

*Does I thru XXIII v. Advanced Textile Corp.*,
       214 F.3d 1058 (9th Cir. 2000)………………………………………………….*passim*

*Gasperini v. Center for Humanities*,
       518 U.S. 415 (1996) …………………………………………………………5, 6

*Hanna v. Plumer*,
       380 U.S. 460 (1965)………………………………………………………….5

*Kroeger v. Vertex Aero. LLC*,
       2020 U.S. Dist. LEXIS 117323, 2020 WL 3546086 (C.D. Cal. June 30, 2020)……..…..12

*Levine v. Berschneider*,
       56 Cal. App. 5th 916 (2020)……………………………………………………1

*NAACP v. Claiborne Hardware Co.*,
       458 U.S. 886 (1982)……………………………………………………….1

*Perry v. Schwarzenegger*,
       790 F. Supp. 2d 1119, 1133 (N.D. Cal. 2011), *aff'd sub nom Perry v. Brown*, 671 F.3d 1052
       (9th Cir. 2012)………………………………………………….………14

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
       115 F.3d 644 (9th Cir. 1997)………………………………………………….1

*Stanford Daily Publishing Corporation v. Rubio*,
       5:25-cv-06618 (N.D. Cal.)……………………………………………………12

*San Antonio Indep. Sch. Dist. v. Rodriguez*,
       411 U.S. 1 (1973)…………………………………………………………14

*Z.A. v. Lucile Salter Packard Children's Hospital at Stanford*,
       5:26-cv-04998-PCP (N.D. Cal.)…………………………………………………12

**Statute:**

Fed R Civ P 10(a) ………………………………………………………………5

Code of Civil Procedure 367.3……………………………………………………*passim*

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

## I. **INTRODUCTION**

There are many colorful—*oh so colorful*—words that the Plaintiff can and wants to employ to describe the defendants' opposition to the Plaintiff's motion for leave to proceed pseudonymously. One word that comes up to the Plaintiff is that defense counsel is a "gangrenous" attachment to the proper institution of law (and that she is a "conwoman-with-a-law-license"), but apparently because that word is unpalatable to defense counsel and her subjective ears and apparently because our District Courts are apparently in the business of **regulating** and **compelling** and **commandeering** people of this Nation to speak in "dulcet phrases**,**" *see NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 928 (1982), where the dulcetness of a certain phrase is measured according to the ears of our new queen—Her Majesty Khyrstyn Rhayannon McGarry—and because laws of this Nation can only exist on her **<u>royal decree and consent</u>**, apparently, the Plaintiff *cannot* use that word—and must be **<u>compelled by this Court to speak</u>** in other ways she does not—and **need not**—want to speak. So here are other words the Plaintiff can come up with: "oppressive," "vexatious," asinine, and frivolous. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Hopefully, they are dulcet enough for our new Queen. And if not, let this Court impose <u>upon a sentence of punishment</u>[1] on the Plaintiff for speaking in a <u>language unlikeable to those in political power</u>—*i.e.,* Her Majesty the Queen McGarry.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## II. YET ONCE AGAIN IN BREACH OF HER DUTY OF CANDOR, COUNSEL HAS MISLEAD THIS COURT INTENTIONALLY BY LYING TO IT

---

[1] For abundance of clarity, this should not be construed as arguing that the Plaintiff does not take her duty of courtesy to this Court seriously or that courts of justice are not places of decorum and respect. But unless the Plaintiff's speech presents an evident danger to this Court, *see, e.g., Bridges v. California,* 314 U.S. 252 (1941)*,* this Court cannot compel the Plaintiff speak in certain ways.

As averred to this Court earlier, McGarry is pathological and repeated deceiver of courts and is a perjurer. *See* ECF No. 88. While a motion to disqualify her is pending before this Court, instead of attempting to be candid to courts, McGarry thinks she should double down and continue scheming courts of law. Plaintiff shall elucidate how McGarry has once again decided to deceive this Court on multiple factual and legal matters and provided "misleading" account of events. *Levine v. Berschneider*, 56 Cal. App. 5th 916, 921, 270 Cal. Rptr. 3d 768, 771 (2020).

**A.** ███████████████████████████████████
███████████████████████████

Defense Counsel, in a pleading before this District Court before, indicated to that court that the Plaintiff ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████ Now that her conning courts have gotten serious and might end up in her disbarment (we, actual believers in the sanctity of the law, should all celebrate if that happens—but it will not), defense counsel has become *more cautious* with her lies. ████████████

████████████████████████hile technically not a 'lie', it is **misleading** because every other judicial officer actually granted those orders. *See* Exh. A. ████████████

█████████████████████████████████

█████████████████████████████████████

███████████████████████████████

█████████████████████████████

███████████████████████████████████████

██████████████████████████████

1

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ Is it because *only* a misleading account of events provide support to defendants' asinine opposition? Yes.

**B.** ███████████████████████████████████████ ████████████████████████

What defense counsel also failed to disclose to this Court is ████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████ But, of course, because defense counsel can never be candid to this Court, she had to be misleading.

**C.** ██████████████████████████████████ **Granted Plaintiff Leave to Proceed Pseudonymously Post Certification—The Relevant Inquiry Herein**

Opposition concedes, ████████████████ allowed Doe to proceed anonymously from the time of her enrollment in the Program[.]" *Opp*. at 3: 10-11. This is the only relevant inquiry herein to the **pseudonymity** motion, as **sealing** motions are governed by other standards that are not applicable and relevant herein. And this is ***exactly*** ███████████████████ found. *See* Exh. E

█████████████████████████████████████████████████████

████████████████████████████████

**D.** ████████████████████████ **Itself, Establishes the Mandatory Condition of Post-Certification Pseudonymous Proceeding**

In line with her general abuse of the judicial machinery by conning courts of law, McGarry has the audacity to lie to this Court about the actual findings ████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ ████████████████████████ But because McGarry attempted to place fraud upon this

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

Court, the Plaintiff is launching that opinion and, in compliance with this Honorable Court's

Standing Order, is highlighting in yellow the appropriate part. On pages 13 and 14 of that Opinion,

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████. As such, McGarry once again breached her

duty of candor and attempted to scheme this Honorable Court at pages 6 through 7 of her

Opposition.

**E. Defendants Already Conceded that They Cannot Challenge the Plaintiff's Pseudonymity based on the Safe at Home Act and Should Thus be Judicially Estopped from Playing Fast and Loose with the Judiciary**

At any event, in the state court proceeding, defendants already conceded to being unable to

challenge the Plaintiff proceeding pseudonymously. *See* Exh. D. at 7 ["going forward **they** and this

Court **will apparently have the burden of shielding Petitioner's identity**." (emphasis added).]

Judicial estoppel would prevent the defendants from being able to play fast and loose with the

judicial machinery.

**III. SAFE AT HOME ACT IS DISPOSITIVE AND MANDATES PSEUDONYMOUS PROCEEDING**

**A. Doe Is a Proper and Active Participant in Safe at Home Program (As Also Found By the Court of Appeal on a Decision Issued when Doe Was Not *in* California At the Time) and Defense Counsel Cannot Claim Otherwise Absent Some**

3

**Speculative Meanderings, and this Court Cannot Doubt the Valid Safe at Home Registration Card With Which It Has Been Presented Based on Counsel's Meanderings**

Opposition attempts to place doubt on the Plaintiff's active participation in the Safe at Home Program. All California state courts, however, were able to verify the Plaintiff's registration into the Program, including the Court of Appeal for the Sixth Appellate District. The Court of Appeal found that Doe properly attached a letter from the "Secretary of State **certifying Doe's status as an active participant of the Safe at Home**, confidential address program effective as of the date of the letter." Exh. C at 5 (emphasis added). Indeed, that Opinion was issued when the Plaintiff was not actively resident in California.

The Opposition is also mistaken insofar as claiming that the Plaintiff **halted** being a Safe at Home Act admittee when the *defendants banished* her from California. But Doe only needed to be a California resident **at the time of her application**, not every single day during her registration for the period of four years in which she has been certified as an admittee. *See* California Government Code, section 6206. And the requirement for updating of residential addresses as contained in the website from Secretary of State does not in any way mandate that the updated residential **address be in California.** Opposition also mentions the returning of 'mailing' as "substantial reason to doubt that Doe remains an 'active participant[,]'" Opp. at 6: 16-17. But defense counsel does not mention that those mailings were not properly addressed to the Plaintiff as instructed by the Secretary of State (*see* Dkt. No. 57-2 [providing that "[t]he participant's address should be listed as" and then providing a P.O. Box and a **four digit Safe at Home identification number]**), and they did not properly use the Plaintiff's four digit Safe At Home identification number, making it impossible for the Safe at Home Program to know which Jane Doe the mail is addressed to. To elucidate more, those mailings failed to properly print *the entirety of the Plaintiff's Safe at Home*

4

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

*Mailing address.*

This is how the mail was addressed:

Jane Doe
P.O. Box 1198
Sacramento, CA 95812

Dkt. No. 51 at 3. But this is the Plaintiff's **full** Safe at Home mailing address (emphasis added by highlighting):

**Jane Doe**
c/o Secretary of State, Safe at Home Program
P.O. Box 1198
Sacramento, CA 94305
916-653-6814

As the Safe at Home Program has explained:

**Return to Sender**
This mail is being returned because the individual is no longer active at this PO Box or not enough information was provided.
If your **name, ID number or PO Box** does not match our records, it is possible that mail will be returned to sender.

Dkt. No. 51 at 1.

As such, the mail is returned because the **"ID number"** was not displayed on the mailing address.

### B. There Is No Conflict between the Safe at Home Act and Fed R Civ P 10(a) As the Complaint Includes *A* Name—Jane Doe

Despite 10 pages of the Plaintiff explaining in excruciating detail how the provisions and latest developments of the *Erie* doctrine apply herein, Opposition includes one line about these arguments. Opposition argues that "on its face the state scheme conflicts with the pertinent Federal Rule of Civil Procedure" Opp. At 6:1. This is incorrect. Fed R Civ P 10(a) indicates that "[t]he title of the complaint must name all the parties[.]" *Ibid.* Plaintiff's pleadings comply with that requirement as they *name* her as Jane Doe. Fed R Civ P 10(a) **does not dictate** that a **certain name** be included. *Hanna v. Plumer,* 380 U.S. 460 (1965) is inapposite here. *Gasperini v. Center for*

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY
5:26-cv-03809-BLF

*Humanities*, 518 U.S. 415, 426 (1996) is a better precedent here, as explained in the initial motion. *See also Byrd v. Blue Ridge Rural Elec. Coop.,* 356 U.S. 525, 78 S. Ct. 893 (1958).

### C. Reliance on *Del Nero* is Inappropriate as this Court Sits in California, not Nevada

Opposition's reliance on *Del Nero v. Allstate Ins. Co.*, No. 2:00-cv-01126-GMN-VCF, 2022 WL 1618839, at *3 (D. Nev. May 23, 2022) is misplaced. The *ratio decidendi* in that decision was that "Nevada law [was] appl[ying] [t]here, not California law" and Safe at Home Act was irrelevant. *Ibid.*

### D. *Taro Pharms* Is Instructive

As explained in the Motion, *Doe v. Taro Pharms. U.S.A., Inc.*, No. 25- cv-07815-RFL, 2025 U.S. Dist. LEXIS 230552, at *2 (N.D. Cal. Nov. 21, 2025) is a much better caselaw and is closely related to the facts of this case—and finding it instructive herein would also comply with the demands of *Gasperini.*

**IV. OPPOSITION PROVES, ITSELF, THAT THERE IS NO PREJUDICE TO THE DEFENDANTS BECAUSE A VINDICTIVE DESIRE TO MAKE AN EXAMPLE OUT OF THE PLAINTIFF BECAUSE SHE IS A LITIGATION ADVERSARY AND BECAUSE HER PROTECTED SPEECH IS IN A LANGUAGE THAT IS UNPALATABLE TO DEFENSE COUNSEL'S EARS AND SUBJECTIVE SENSE OF MORALITY/ RELIGIOSITY—AND BECAUSE COUNSEL IS NOT THE QUEEN OF THIS NATION, HER SUBJECTIVE SENSE OF PALATABILITY OF SPEECH IS IRRELEVANT TO THE LEGAL CONTROVERSY HEREIN**

Opposition seems to argue that the defendants are prejudiced because " their own reputations, institutional standing" are affected by this litigation—or by the Plaintiff's protected speech because its tone is apparently unlikeable to the defendants **(an ironic claim to make in a First Amendment retaliation claim).** *Opp*. at 8: 19-20. This is not what prejudice means in this context. Prejudice to the defendant is **addressing the plight of a defendant** not being able to **defend themselves because they do not know <u>who</u> the pseudonymous plaintiff is.** *See* Dkt. No.

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

57 at pp. 7-8 (collecting cases). Defendants concede: "Stanford already knows" the Plaintiff's true identity. Opp. at 8. This concession is dispositive. To the extent that defendants can stalk the Plaintiff and provide this Court with 600 pages of exhibits **while the Plaintiff is proceeding pseudonymously, there is simply no prejudice.** Prejudice here is not some vague meandering and desire to 'destroy' one's litigation opponent by their former legal name because of whims and desires. There is also no prejudice because the Plaintiff never "refus[ed] to provide" sealed exhibits to the Defendants. *See* ECF No. 96, 97. And most of those exhibits would still need to be filed under seal **even if the Plaintiff was not proceeding pseudonymously**. Indeed, it is the defendants who refuse to provide copies of sealed materials in the proper form in which the Plaintiff will be able to access them. *See* Exh. D.

**V. DOE'S PREVIOUS LITIGATION HAS NO RELEVANCE OR BEARING ON THIS MOTION AND IS NOT ONE OF THE *ADVANCED TEXTILE* PRONGS AND COUNSEL'S DESIRE TO LAUNCH *AD HOMINEM* ATTACKS WITH EVERY MOTION SHOULD BE IGNORED AND, ACCORDINGLY, THE PLAINTIFF WILL NOT ADDRESS DEFENSE COUNSEL'S 75-PAGE DECLARATION, ALTHOUGH HER FRAUD HAS BEEN ADDRESSED IN THE PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND THE PLAINTIFF'S FORTHCOMING MOTION FOR SANCTIONS IN *DOE I***

Opposition argues that "Doe's request to proceed pseudonymously must be viewed against the backdrop of her broader litigation conduct[.]" Opp. at 1: 20-21. Opposition does not cite any caselaw where "previous litigation conduct" is a factor that courts use to asses pseudonymity (or one of the *Advanced Textile* factors), and there is none. Indeed, defendants argue the opposite when previous litigation does not support their opposition. *Id.* at 10 (arguing that Judge Pitts' order is irrelevant). As such, the Plaintiff will not address the defense counsel's **75-page declaration or her a couple of hundred pages of exhibits**. But McGarry's fraud and staining of the Judiciary has been addressed at ECF No. 88. And, of course, because McGarry has a **<u>disease</u>** of conning courts, she

conned this Court with her declaration and exhibits as well. And, no doubt, defense counsel's

dissatisfaction with the **tone of the Plaintiff's protected speech** is not a relevant inquiry to a

pseudonymity motion.

**VI. PUBLIC INTEREST IS SERVED BY THE PUBLIC OBSERVING HOW THIS COURT ADDRESSES THE BRUTALIZATION OF A TRANS PERSON BY DEFENDANTS, INSTEAD OF 'OBSERVING' THE PLAINTIFF'S FORMER LEGAL NAME—JUST LIKE THE *ROE v. WADE* EXAMPLE IN *ADVANCED TEXTILE***

Despite the Opposition's insistence, Doe's gender identity is "central to the claims"

presented in this Complaint. Opp. at 9: 12. *See, e.g.,* SAC at 33 (arguing civil conspiracy based on

the protected class of sex). As a preliminary point, in __no way__ did the Plaintiff indicate that her

gender identity was "largely irrelevant." *Id.* at 9: 15-16. Rather, the Plaintiff at Second Amended

Complaint at 9, n.9, indicated that **the restraining order** matter and the defendants' conduct therein

was not *directly* related to the *causes of action* in this Complaint—simply because the causes of

action do not include a Fourth Amendment claim. As such, the Public has much more of a right to

observe how our District Courts asses claims of discrimination based on gender identity than the

Plaintiff's identity. As such, "targeted redactions of her transgender status rather than her name"

would **burden** the Public's right to access judicial records **much, much, much, much more**[2] as

they would prevent the Public from understanding the full controversy that inaugurated this

Complaint—**Defendant Smith's __obsession__ with the Plaintiff's __imagined penis.__** As the Ninth

Circuit explained in *Advanced Textile,* "For instance, the question whether there is a constitutional

---

[2] The Plaintiff assumes this is the defendants __way of making sure that the Public does not see__

__their abuse of transgender people__ because, presumably, it does not play well with the San

Francisco liberal bourgeoisie who donate millions to them—perhaps they will not only if they knew

the defendants' **obsession with people's imagined penises**.

8

right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*." *Advanced Textile*, 214 F.3d at 1072 n.15. Not knowing that Jane Doe was Norma McCorvey did not place much of a burden on the Public's right to be informed of judicial decision-making, but the Public's right to observe judicial proceeding's would have been eviscerated to shreds if every portion of Ms. McCorvey's pleadings were sealed where her desire for an abortion was mentioned.

## VII. DEFENDANTS MISREAD *ADVANCED TEXTILE*

### A. Although Doe Has Shown Particularized Harm, She Need Not under the *Advanced Textile* Standard

Defendants seem to be misreading *Advanced Textile*. That decision provided three categories for pseudonymous proceeding: "(1) when identification creates a risk of retaliatory physical or mental harm […] (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' […] (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). *Advanced Textile*, then, went on to elucidate a three-prong test **only for those who wanted to proceed pseudonymous to prevent retaliatory physical or mental harm.** [(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation.]. That three-prong test does not apply to someone who wishes to proceed pseudonymously for the remaining two categories *other than* retaliatory physical and mental harm. Indeed, the "homosexual" plaintiff identified in *Advanced Textile* merely wanted to proceed pseudonymously to prevent the Public from knowing his homosexuality.

### B. *Kamehameha* Is About an Appellate Court's Review of a Pseudonymity Motion under the Abuse of Discretion Standard of Review, Not a District Court's Adjudication over Such A Motion

9

Defendants' reliance on *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010) is misplaced. The Ninth Circuit could not have made this more clear:.

> We also emphasize that, as an appellate court, we are constrained by the applicable standard of review. Had the district court found that anonymity was appropriate, we likely would have concluded that the district court did not abuse its discretion. Or, were we permitted to make findings and weigh the factors anew, we might have held that anonymity here was appropriate. **As it is, however, we review the district court's decision only for abuse of discretion**.

*Kamehameha,* 596 F.3d 1054 (emphasis added).

*Kamehameha* is about how an appellate court reviews a motion to proceed pseudonymously, not how a district court should address them.

## VIII. DOE HAS CARRIED HER BURDEN

### A. Doe's Transgender Status is Relevant and at the Center of Her Claims and Defendants Should be Judicially Estopped from Arguing that Pseudonymity Based on Transgender Status is Not Dispositive in Cases of an Equal Protection of the Law Claim based on Transgender Status

As established *supra*, Doe's gender identity is a central point of this litigation. And although defendants attempt to dispute that in this opposition, their position in their motion to dismiss, *see* ECF No. 104, is totally opposite. They argue, for instance, that the Plaintiff's Section 1985 claim ***solely rests*** on her sex as providing a protected class and, then, argue that sex is not a protected class within the meaning of a Section 1985 claim, noting, albeit erroneously, that there is "no decision anywhere that gay[3] or transgender persons are a class protected by Section 1985(3)." *Id*. at 11. As such, sealing the Plaintiff's gender identity would prevent the Public from understanding and scrutinizing how justice will be carried in this Court. Further, defendants should be judicially estopped from arguing that transgender status is not dispositive in cases of pseudonymous proceeding where "the plaintiff's transgender identity is central to the litigation, such as claims of

---

[3] **For avoidance of doubt, transgender woman are not, as opposing counsel suggests, gay men.**

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

discrimination or retaliation[.]" *See* ECF no. 57 in *Doe I.* And that is exactly what this Complaint claims—"claims of discrimination or retaliation" based on gender identity. And the opposition itself maintains that Defendant Shaw's "misgender[ing]" would be "bias" for the non-police officer conduct. Opp. At 9. Indeed, this places the Plaintiff's gender identity at the center of this litigation.

To the public who reasonably might want to scrutinize how this Court will address this issue, perhaps one must clarify to that Public what Stanford is arguing here: Beyond erroneous legal conclusions and confusing legalese, Stanford's position, members of the Public, is this: Yes, their police deputy told the Plaintiff that "just because [the Plaintiff] pumped [herself] in synthetic hormones [that] will never make [the Plaintiff] a woman" SAC at ¶ 31, and when that police officer entered the Plaintiff's room without a warrant, locked her in a police precinct, walked toward her, and then asked the admissions office to investigate that student's admissions application—**all because she "sounded female" as a "biological man**"—that is <u>**okay and perfectly legal**</u> because a **completely-overruled-40 years-ago,** 1979 case found that "homosexuals are not a 'class' within the meaning of § 1985(3)." ECF No. 104 at 11.

**B. Although There Is Abundant Information on the Record of this Case regarding Doe's Very Sincere Fear of Harm and Retaliation based on Her Transgender Identity (This is the Entire Purpose of this Case), Courts in District Have Unequivocally Granted Much More Vague Pseudonymity Motions based on Transgender Status**

Although the Plaintiff established *supra* that she need not enumerate *specific* physical or mental harm she will suffer absent pseudonymous proceeding, the record before this Court abundantly makes the case for it. But before that, this District Court has granted much shorter and much succinct pseudonymity motions based on gender identity because of a **generalized stigma** attached to gender identity and a **generalized fear** one might have if one's gender identity is disclosed in the Public Record. *See, e.g., Doe v. Progressive Cas. Ins. Co.*, No. 21-cv-02602-BLF,

11

2023 U.S. Dist. LEXIS 146469, at *2 (N.D. Cal. Aug. 21, 2023) ["Several courts . . . have held that an individual's transgender identity can carry enough of a **social stigma** to overcome the presumption in favor of disclosure."] (emphasis added). Although the decision does not seem to published on Westlaw yet, *Z.A. v. Lucile Salter Packard Children's Hospital at Stanford,* 5:26-cv-04998-PCP (N.D. Cal, filed on May 27, 2026), Dkt. No. 40, is also instructive herein. Indeed, "Courts in this circuit have frequently found that individuals reasonably feared harm from the disclosure of their transgender identity." *Id*. at  (collecting cases).  And, indeed, in *Z.A.*, the plaintiffs generally indicated that they fear **general, societal** harm. *See* Dkt. No. 2. At any event, both the complaint and the exhibits thereto show the Plaintiff's reasonable and particular fear. Indeed, the **entire point of this litigation is the devastating consequences and retaliation one faces when one's transgender identity is disclosed to people like Defendant Smith.** The record before the Court is not limited to simply the pseudonymity motion.

**C. Immigration Status Continues to Require Sealing even though the Plaintiff did not Violate, Like Defense Counsel's Previous Asinine Arguments, the Immigration and Nationality Act**

Opposition sets out that because the Plaintiff alleges that she has not violated the Immigration and Nationality Act, it is not a proper ground for pseudonymous proceeding. Defendants are mistaken. It does not matter that the Plaintiff was "legally present" in the U.S. for this basis of pseudonymity to survive. *Stanford Daily Publishing Corporation v. Rubio*, 5:25-cv-06618 (N.D. Cal., filed on August 5, 2025), Dkt. No. 2 at 1. *See also* Dkt. No. 51 (order of Wise, J.) (granting the motion).

**D. Defendants Conceded that *MIT* Remains Instructive Herein and FERPA Considerations Would Warrant Pseudonymous Proceeding**

Defendants have not addressed the Plaintiff's FERPA arguments at all, nor the instructive provisions *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022). They have conceded the merits of

12

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

this argument. *See, e.g., Kroeger v. Vertex Aero. LLC,* 2020 U.S. Dist. LEXIS 117323, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (collecting cases holding that party conceded argument by failing to address it in opposition brief). "Of course, FERPA […] govern the conduct of schools — not judicial decisions concerning the extent of public access to information on the court's docket. But courts cannot ignore the background confidentiality regime in assessing the circumstances relevant to a request for pseudonymity. We find persuasive the D.C. Circuit's reasoning in the analogous context of a motion to unseal documents that a federal agency would otherwise be prohibited from disclosing by statute." *MIT*, 46 F.4th at 76.

### E. Prejudice to the Plaintiff in the Term of Fearing Harm Absent Pseudonymous Proceeding is a Relevant Factor insofar as the Fear Affects the Plaintiff's Ability to Plead this Case

Opposition sets out that 'failure to plead' adequately is not a proper ground for pseudonymity. Of course, it is. The Plaintiff could not have plead the complaint better because of the fear she expects should her gender identity be disclosed. This is the *entire* point of pseudonymity.

## IX. THE VERY SAME RECORD BEFORE THE HONORABLE P. CASEY PITTS EXISTS HERE AND THE CONTEXT AROUND JUDGE PITTS' ORDER GRANTING PSEUDONYMITY MOTION ARE STILL PRESENT

Opposition argues that "[t]he Court should determine whether pseudonymity is appropriate in this matter on the record currently before it—a record far more developed than the one before Judge Pitts." Opp. At 10: 19-20. But the record herein is the **same record** that was before the Honorable P. Casey Pitts. *See* ECF No. 29 in *Doe I* (making the same arguments with identical[4] exhibits). And Judge Pitts' reasoning and context for granting the pseudonymity motion are still

_____

[4] Although the Plaintiff has not seen these exhibits as defendants have not provided them to the Plaintiff, she assumes they have submitted the same exhibits as they made the same arguments they made here before the Honorable P. Casey Pitts with their supposed "Motion for Disclosure" in *Doe I*

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF

present—and defendants do not dispute as such. It is unclear, then, why this Court should reach a different result. Rather, defendants seem to be making **the disgusting and disrespectful** argument that because they conceive of this Court as incapable of understanding the "political whims[,]" *United States v. Skrmetti*, 605 U.S. 495, 579, 145 S. Ct. 1816, 1868 (2025) (Sotomayor, J., dissenting) with which they targeted and target the Plaintiff, and the disgusting image they *erroneously* have of this Court as a more sympathetic forum thereto for their political whims, and their desire to forum shop thereof, Judge Pitts' *reasoned and fair* decision should not be followed. **The motion should be granted on this basis alone because this Court should not entertain the disgusting image the defendants have of this Court** as incapable of understanding the *plight* of "insular minorities who are relatively powerless to protect their interests in the political process[.]" *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 105, 93 S. Ct. 1278, 1333 (1973). And the Motion should be granted because of the <u>**disgusting and disrespectful**</u> argument defendants are implying that Judge Pitts, **as a hard-working judicial officer who has taken an oath to serve this Nation,** cannot—and did not—make a reasoned, objective, and fair decision herein because of *merely being*. *See ante* note 3. This **disgusting argument** has been rejected unequivocally and repeatedly. *See Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1133 (N.D. Cal. 2011), *aff'd sub nom Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012) (denying a motion to vacate Judge Walkers' judgement).

## X. CONCLUSION

For the foregoing reasons, the motion should be granted.
Respectfully submitted,
DATED: June 13, 2026.

*/s/ Jane Doe*
_____
JANE DOE
*In Propria Persona*

REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

5:26-cv-03809-BLF