UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANE DOE,

          Plaintiff,

v.

BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,

          Defendants.

Case No.  5:26-cv-03809-BLF

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED ANONYMOUSLY; DENYING ADMINISTRATIVE MOTION TO FILE OVER-LENGTH BRIEF; AND STRIKING NONCOMPLIANT BRIEF**

[Re: ECF Nos. 57, 111, 112]

Before the Court is pro se Plaintiff's motion for leave to proceed anonymously.  ECF No. 57 ("Mot.").  The Stanford Defendants oppose the motion.  ECF No. 106 ("Opp.").

## I.    BACKGROUND

The Court granted Plaintiff's motion to file an unnoticed motion for leave to proceed anonymously on May 7, 2026.  ECF No. 29.  After Plaintiff filed her motion on May 22, 2026, the Stanford Defendants moved to extend their deadline to respond to the motion, which the Court granted on May 29, 2026.  ECF No. 82.  The Stanford Defendants filed their opposition on June 12, 2026.

The next day, on June 13, 2026, Plaintiff filed an "ADMINISTRATIVE MOTION FOR LEAVE TO FILE AN OVER-LENGTH REPLY BRIEF ON THE MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY GIVEN THE DEFENDANTS 75 PAGE DECLARATION AND 800 PAGES OF EXHIBITS THE PLAINTIFF HAS NOT YET SEEN; FOR AN ORDER REQUIRING THE DEFENDANTS TO COMPLY WITH THIS COURTS EARLIER ORDER."  ECF No. 110.  Plaintiff then filed a fifteen-page reply brief.  ECF No. 111.

## II.    LEAVE TO FILE OVER-LENGTH REPLY BRIEF

United States District Court
Northern District of California

Despite the Court's admonition that further abuses of Civil Local Rule 7-11 "may result in the imposition of sanctions," ECF No. 71, Plaintiff has filed a fifteenth administrative motion for miscellaneous relief pursuant to Rule 7-11, requesting that she permitted to file a reply brief three times in excess of the Court's five-page limit.  *See* Standing Order re Civil Cases § IV.A.4. Contrary to Plaintiff's contention that the noncompliant reply brief is "narrowly tailored," it contains pages upon pages of invective against opposing counsel that are wholly unrelated to the merits of the motion:

> There are many colorful—*oh so colorful*—words that the Plaintiff can and wants to employ to describe the defendants' opposition to the Plaintiff's motion for leave to proceed pseudonymously.  One word that comes up to the Plaintiff is that defense counsel is a "gangrenous" attachment [sic] to the proper institution of law (and that she is a "conwoman-with-a-law-license"), but apparently because that word is unpalatable to defense counsel and her subjective ears and apparently because our District Courts are apparently in the business of **regulating** and **compelling** and **commandeering** people of this Nation to speak in "dulcet phrases," *see NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 928 (1982), where the dulcetness of a certain phrase is measured according to the ears of our new queen— Her Majesty Khyrstyn Rhayannon McGarry—and because laws of this Nation can only exist on her **<u>royal decree and consent</u>**, apparently, the Plaintiff cannot use that word—and must be **<u>compelled by this Court to speak</u>** in other ways she does not—and need not—want to speak. So here are other words the Plaintiff can come up with: "oppressive," "vexatious," asinine, and frivolous. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).  Hopefully, they are dulcet enough for our new Queen.  And if not, let this Court impose <u>upon a sentence of punishment</u> [sic] on the Plaintiff for speaking in a <u>language unlikeable to those in political power</u>—*i.e.*, Her Majesty the Queen McGarry.

ECF No. 111 at 5 (internal footnote omitted).

The Court admonishes Plaintiff that the Court will not tolerate further immaterial, inflammatory language in Plaintiff's filings.  Contrary to Plaintiff's apparent belief that "this Court cannot compel the Plaintiff [to] speak in certain ways" "unless the Plaintiff's speech presents an evident danger to this Court," ECF No. 111 at 5 n.1, the Court has inherent authority to strike inflammatory and vulgar language from its filings and to enforce a baseline level of decorum.  By choosing to litigate her case in this forum, Plaintiff has assented to the Court's exercise of such discretion, which, up until now, the Court has used extraordinarily lightly.

2

Having failed to establish good cause, Plaintiff's motion for leave to file an over-length reply brief is DENIED, and the noncompliant reply brief is STRICKEN. The Court will not accept further briefing from Plaintiff and will adjudicate the motion on the merits.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 10 requires "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *Brnovich v. Biden*, No. 21-cv-01568-PHX-MTL, 2021 WL 7630109, at *1 (D. Ariz. Dec. 15, 2021) (quoting *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008)).

"In this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068; *see also Kamehameha*, 596 F.3d at 1042 (explaining that in determining whether to grant leave to proceed anonymously, courts should consider the severity of the threatened harm alleged by the plaintiff if anonymity is not allowed, the reasonableness of the plaintiff's fears, the plaintiff's vulnerability to such harm, the prejudice to the opposing party, and the public interest).

### IV.    DISCUSSION

Plaintiff argues that anonymity is necessary to preserve her privacy because her identity as a transgender woman is a matter of a sensitive and highly personal nature.[1] Mot. at 8–9. The

---

[1] Because the Court concludes that the use of a pseudonym is appropriate to preserve matters of a highly sensitive and highly personal nature, the Court need not and does not reach Plaintiff's argument that California's Safe at Home Act confers a right to proceed anonymously in federal court. *See* Mot. at 3–8.

3

Court agrees. Courts have routinely held that public identification of an individual's LGBTQ+ identity raises privacy concerns "support[ing] an exception to the general rule of disclosure." *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (collecting cases). Here, disclosure of Plaintiff's transgender identity without her consent would constitute an invasion of her privacy and may expose her to both social and physical harm. While there is a strong public interest in knowing parties' identities, there is an equally strong public interest in encouraging resolution of legal disputes on the merits and in ensuing access to the courts for all members of the community. There is minimal prejudice to the Stanford Defendants because, as they concede, they are aware of Plaintiff's identity and are able to readily discern instances where they may attack her credibility "by pointing to the numerous contradictory factual assertions in her various court filings." *See* Opp. at 8. To the extent that granting leave to proceed anonymously creates a discovery burden, the Stanford Defendants have demonstrated that they are capable of seeking relief from the Court. *See* ECF No. 73.

**V.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's motion for leave to proceed anonymously is GRANTED.

(2) Plaintiff's motion for leave to file an over-length reply brief is DENIED.

(3) Plaintiff's noncompliant reply brief is STRICKEN. Plaintiff's administrative sealing motion is DENIED AS MOOT.

(4) This order terminates ECF Nos. 57, 110, 112.

**IT IS SO ORDERED.**

Dated:  June 15, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4