JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**CONSOLIDATED STATEMENT OF THE PLAINTIFF AS PER CIVIL L.R. 79-5 (f)(3) TO THE DEFENDANTS' IMPROPER ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Before the Honorable Beth Labson Freeman |

Pursuant to Civil L.R. 79-5(f)(3), Plaintiff hereby files this statement to the defendants' numerous and perpetually-self-propagating-in-number number of administrative motions to consider whether another party's material should be sealed. If the Plaintiff has not missed any, these purported "administrative motions" are at ECF No.s 103, 107, 109. Defendants seem to have filed these "administrative motions" as "administrative motions to consider whether another party's material should be sealed" under Civil L.R. 79-5 (f) instead of an "administrative motion to file under seal" under Civil L.R. 79-5 (c) because they "oppose Plaintiff's Motion for Leave to Proceed

1

Pseudonymously." *See, inter alia,* Dkt. No. 107 at 2. This Court having granted the Plaintiff's motion for leave to proceed pseudonymously, *see* Dkt. No. 115, there is no reason to conclude that defendants' **1300** or so pages of "exhibits" purportedly "in support" of their various moving papers has been "designated as confidential by another party[.]" *See* Dkt. No. 79-5 (f). When a court grants a motion for leave to proceed pseudonymously, the order applies to all parties with full force. *See, e.g.,* "In all public filings, including pleadings, motions, and exhibits, **the parties** shall refer to Plaintiffs only as Doe #1, Doe #2, Doe #3, and Doe #4 (or 'Student Doe #1' etc.), respectively, and shall redact Plaintiffs' names and personal identifying information" *Doe v. Noem*, No. 2:25-cv-00663, 2025 WL 1434925, at *12 (W.D. Wash. May 19, 2025) (emphasis added).

As such, it is the defendants' burden to go over the 1300 pages of exhibits they have filed purportedly "in support" of moving papers and identify what needs to be redacted to comply with this Honorable Court's Order granting the Plaintiff pseudonymity status. *See, e.g.,* "For the avoidance of doubt, each party shall file public copies of the documents it originally filed—in other words, Doe need not file redacted copies of defendants' filings." *Doe v. Smith, et al.*, 5:25-cv-03490-PCP (N.D. Cal, filed on April 21, 2025), Dkt. No. 186 at 12 (Order of Pitts, J.).

Respectfully submitted,
DATED: June 16, 2026.

/s/ Jane Doe
———————————————
JANE DOE
*In Propria Persona*

2

CONSOLIDATED STATEMENT OF THE PLAINTIFF AS PER CIVIL L.R. 79-5 (f)(3) TO THE DEFENDANTS' IMPROPER ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

5:26-cv-03809-BLF