PILLSBURY WINTHROP SHAW PITTMAN LLP
JACOB R. SORENSEN (Cal. Bar No. 209134)
jake.sorensen@pillsburylaw.com
STACIE O. KINSER (Cal. Bar No. 300529)
stacie.kinser@pillsburylaw.com
KHYRSTYN ("NAN") MCGARRY (Cal. Bar No. 318677)
nan.mcgarry@pillsburylaw.com
EMILY YOUNG (Cal. Bar No. 357173)
emily.young@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    (415) 983.1000
Facsimile:    (415) 983.1200

Attorneys for Defendants
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY, STANFORD
UNIVERSITY DEPARTMENT OF PUBLIC SAFETY,
LAURA L. WILSON, JASON A. SMITH, JASON BARNES,
JON HERNANDEZ, RICHARD HARDING SHAW, JR.,
MICHAEL DEVLIN, JEN CASEBEER-BLUM, DEBRA L.
ZUMWALT, PARINAZ ZARTOSHTY, SHIRLEY J.
EVERETT, and JAMES R. JACOBS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>Defendants. | Case No. 26-cv-03809-BLF<br><br>**STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THEIR COUNSEL**<br><br>Hearing Date: October 29, 2026<br><br>Time: 9:00 a.m.<br><br>Judge:  Hon. Beth Freeman<br><br>Second Amended Complaint Filed:  May 11, 2026 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT.........................................................................................................................1

A.     PLAINTIFF'S ACCUSATIONS OF MISCONDUCT ARE BASELESS..............................1

    1.     Plaintiff's writ petition...........................................................................2

    2.     Plaintiff's accusation of anti-Semitism..................................................3

    3.     Coercion to dismiss *Doe I*....................................................................3

    4.     The "fake X account"............................................................................4

    5.     Ms. Kinser's declaration regarding Plaintiff's IP addresses....................4

    6.     Service in This Action ...........................................................................5

B.     THE LEGAL AUTHORITIES CITED BY PLAINTIFF ARE INAPPOSITE........................5

CONCLUSION.....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*,
    264 F. Supp. 2d 914 (N.D. Cal. 2003) ....................................................................5

*Crenshaw v. MONY Life Ins. Co.*,
    318 F. Supp. 2d 1015 (S.D. Cal. 2004)...................................................................6

*Grigori v. Bank of America*,
    207 Cal. App. 3d 291 (1989) ..................................................................................6

*Levine v. Berschneider*,
    56 Cal. App. 5th 916 (2020) ...................................................................................5

*Love v. State Dept. of Educ.*,
    29 Cal. App. 5th 980 (2018) ...................................................................................5

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*,
    760 F. 2d. 1045 (1985)............................................................................................6

*Visa U.S.A. v. First Data Corp.*,
    241 F. Supp. 2d 1100 (N.D. Cal. 2003) .................................................................5

*United States v. Wunsch*,
    84 F. 3d 1110 (1996)...............................................................................................5

Statutes and Codes

United States Code
    Title 28, Section 1927 .............................................................................................6

Rules and Regulations

Federal Rules of Civil Procedure
    Rule 60(b) ........................................................................................................1, 3, 4

The Stanford Defendants (all Defendants other than Lydia Brice Morgan-Herman, who is separately represented) submit this opposition to the motion of Plaintiff "Jane Doe" to disqualify two of their attorneys, Khyrstyn McGarry and Stacie Kinser.

**INTRODUCTION**

Plaintiff's motion consists of a memorandum (Dkt. 88) ("MPA"); a request for judicial notice of 13 pleadings in another case (Dkt. 88-1) ("RJN"); and a 33-page declaration (Dkt. 88-3) ("Pl. Decl."). The memorandum begins by discussing uncontroversial but inapposite caselaw (MPA at 1-4) and concludes with a burst of vituperation (*id*. at 8-10, describing Ms. McGarry and Ms. Kinser as "gangrenous attachments to the law" who "make[] one want to vomit and disgorge"). In between, the actual argument is skeletal, consisting of accusatory headings followed by cross-references to the supporting declaration and another lengthy declaration filed by Plaintiff on May 29 (Dkt. 76-1). The former declaration also incorporates the latter by reference. Pl. Decl. ¶ 3. These two declarations contain a total of 231 paragraphs of factual assertions, legal argument, religious-philosophic musings, quotations from Plaintiff's previous filings, and unrestrained invective. Responding to all this would be a monumental waste of effort and the Court's time, so we will address only the claims that would be most serious if they were true. They are not true.

**ARGUMENT**

**A.    Plaintiff's Accusations of Misconduct Are Baseless**

Virtually the entire motion is based on supposed misconduct in another case: Plaintiff's previous action in this District against some of the Stanford Defendants, which she dismissed with prejudice. *Doe v. Smith, et al.*, No. 25-cv-03490-PCP ("*Doe I*"). Thus, the pleadings of which Plaintiff seeks judicial notice were all filed in *Doe I*. They were filed in connection with: defense motions to dismiss and to require disclosure of Plaintiff's true name in court filings, on which Judge Pitts never ruled (because of Plaintiff's voluntary dismissal); Plaintiff's Rule 60(b) motion to set aside the dismissal, which Judge Pitts denied; and Plaintiff's motion to amend, which became moot when the Rule 60(b) motion was denied. The main focus of Plaintiff's ire is Ms. McGarry's accurate summary of Plaintiff's litigation history.

STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THEIR COUNSEL



As necessary background: before she sued Stanford in federal court, Plaintiff filed ███

████████████████████████████████████████████████ As recounted by

Plaintiff herself, the genesis of that dispute was ████████████████████████████

████████████████████████████████████████████████████████████

████████ Pl. Decl. ¶¶ 17-18.  The ensuing litigation ████████████ was a major

topic of the motion for disclosure in *Doe I*.

**1.    Plaintiff's writ petition**

Plaintiff claims that Ms. McGarry "lie[d]" by stating in the *Doe I* disclosure motion that █

████████████████████████████████████████████████████████

████████████████████████████ *See* Pl. Decl. ¶¶ 28-30, 35-37.  Ms.

McGarry wrote that, █████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Declaration of Khyrstyn ("Nan") McGarry ("McGarry

Decl.") ¶ 4, Ex. A at 5:7-10.  The evidentiary citations, which Plaintiff omits from her purported

quotation (Pl. Decl. ¶¶ 28, 36), fully substantiated Ms. McGarry's statement. █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ McGarry Decl. ¶ 5, Ex. B.

████████████████████████████████████████████████

██████ *See* Pls. Exs. E and H. ███████████████████████████████

████████████████████████████████████████████████

████████████ *See* Pl. Decl. Exs. H, I, and L. ███████████████████████

██████████████████████████████ We will not say that Plaintiff is

"lying;" the more charitable assumption is that she made so many attempts to disqualify superior

court judges that she cannot keep them straight.

## 2. Plaintiff's accusation of anti-Semitism

Plaintiff asserts that "McGarry is a *Raging and Disgusting* Anti-Semite."  MPA at 5 (original emphasis).  In support of this shocking accusation, Plaintiff cites Paragraphs 52-91 of her declaration, which takes the reader down a deep rabbit hole but does not remotely support Plaintiff's claim of anti-Semitism.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████  In the disclosure motion in *Doe I*, the Stanford Defendants called attention to this hyper-aggressive and ultimately futile move (not surprisingly, ██████████████████████).  *See* Pl. Decl. ¶ 53.  According to Plaintiff, this criticism of her litigation tactics reflected "██████████████████████████" and "██████████████ ████████████████████████████████████████████████ *Id.* ¶¶ 72 and 74.  In contrast, "████████ ██████████████████████████████████████████████████████████████████████" (*id.* ¶ 76)—*i.e.*, that "████████████" and "██████████████████████████████" (*id.* ¶ 61 (original emphasis)).  Plaintiff acknowledges that "██████████████████████████████████████" (*id.* ¶ 76) and that Ms. McGarry ██████████████████████████ (*id.* ¶ 80 footnote 11) (she did not).  Nevertheless, Plaintiff concludes that, in criticizing Plaintiff's ████████████, Ms. McGarry was taking the position that "██████████████████████████████" (*id.* ¶ 73) and "████████ ██████████████████████████████████" (*id.* ¶ 80 footnote 11).  This nonsense is Plaintiff's only basis for calling Ms. McGarry a "raging and disgusting anti-Semite."

## 3. Coercion to dismiss *Doe I*

Plaintiff asserts that "McGarry coerc[ed] [her] to sign a stipulation while mentally incapacitated."  MPA at 5:24-6:1.  This refers to the stipulation to dismiss *Doe I* with prejudice, and Plaintiff relies on unspecified "judicially-noticeable pleadings" filed in connection with her Rule 60(b) motion in that case.  *Id.*  Plaintiff did indeed make this argument in the Rule 60(b) motion, but she fails to mention that Judge Pitts forcefully rejected it:

STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THEIR COUNSEL

"First, Doe contends that defendants were aware that she was mentally 'incapacitated' at the time of the stipulation and took advantage of her incapacitation to secure an agreement to dismiss this action …. But the record does not support her assertion that she remained incapacitated when she stipulated to a dismissal. Far from it — in the period between … August 5, 2025 and the stipulated dismissal on August 21, 2025, Doe litigated this case (and the admissions matter) with gusto."

*Doe I*, Dkt. 155 at 11; *Doe v. Smith,* 2026 WL 1215696, at *7 (N.D. Cal. May 4, 2026). Moreover, even "if defendants understood Doe to be incapacitated, no evidence suggests that they seized on that vulnerability to secure her stipulation to a dismissal, as Doe asserts." *Id.*

### 4.    The "fake X account"

Ms. McGarry's declaration in opposition to the Rule 60(b) motion in *Doe I* attached a copy of ███████████████████████████████████████████████████████ ████████████████ McGarry Decl. ¶ 6, Ex. C ¶ 29. Ms. McGarry clearly explained the provenance of this document: it was an █████████████████████████████████████. *Id.* Without attempting to refute this, Plaintiff asserts that ████████████████████████████ █████████████████████████████████████" Pl. Decl. ¶ 145. This assertion is entirely baseless.

### 5.    Ms. Kinser's declaration regarding Plaintiff's IP addresses

Plaintiff's request to disqualify Ms. Kinser is based entirely on a declaration Ms. Kinser filed in *Doe I* on April 26, 2026. At that time, as a ground for emergency relief, Plaintiff was claiming to be living in ████ but at risk of deportation to ████ (her country of origin) and unable to return to the United States. In her April 26 declaration, Ms. Kinser pointed out that, beginning on April 21, Plaintiff had repeatedly accessed a secure file transfer portal ("SFTP"), which the parties used to serve voluminous documents, from two IP addresses in ████ McGarry Decl. ¶ 7, Ex. D ¶¶ 10-11 and 13. In addition, on April 21, Plaintiff (or someone acting on her behalf) used the SFTP to send a message from an IP address in the United States. *Id.*, Ex. D ¶ 12. Ms. Kinser's declaration carefully explained how this information had been obtained from the SFTP. *Id.*, Ex. D ¶¶ 10-13.

STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THEIR COUNSEL

On April 24, having spotted the problem herself (*see* Pl. Decl. ¶ 162), Plaintiff filed a declaration claiming that her IP addresses had been inaccurately "███████" and accusing Stanford's counsel of "████████████████████████████████████████████████ ██████████████████████████████" McGarry Decl., Ex. D ¶ 15. She attached a screenshot from an IP address locator website which located her in ██████████. *Id.*

Ms. Kinser then visited the same website and typed in the IP addresses that Plaintiff had used. She found that the two addresses in ████ were associated with a █████ telecom company; that the U.S. address was associated with a ███████ company that provides VPN remote access to customers; and that Plaintiff's screenshot of the address locator webpage linked to an article titled "How to Hide my IP Address." *Id.,* Ex. D ¶¶ 16-18.

Plaintiff's motion asserts baldly that "Kinser change[d] the Plaintiff's IP addresses on her secure uploader platform" (MPA at 8), but the cited paragraphs of her supporting declaration provide no support for that assertion. *See* Pl. Decl. ¶¶ 157-166. Indeed, Plaintiff's declaration does not claim that the Kinser declaration was inaccurate in any way. Plaintiff merely vents her fury that Ms. Kinser, rather than "████████████████████████████████████████████████ ████████████████████████████████" Pl. Decl. ¶ 165. Even if "spin" were a disqualifying offense, which of course it is not, Ms. Kinser's declaration merely set out the above facts and left the Court to draw its own conclusions.

### 6. Service in This Action

Plaintiff asserts that Ms. McGarry "████████████████████████" by representing that the Second Amended Complaint in this action was served on Stanford on May 20, when (according to Plaintiff) it was "apparently" served on May 14. Pl. Dec. ¶¶ 147-152. But the U.S. Marshal's proof of service (Dkt. 100) confirms that May 20 was the date Stanford was served, with various individual Defendants being served later; May 14 was the date when the U.S. Marshal's Service acknowledged receipt of the summonses (Dkt. 85).

### B. The Legal Authorities Cited By Plaintiff Are Inapposite

The cases cited by Plaintiff fall into three categories. First, she cites cases where disqualification was sought as a remedy for a lawyer's alleged conflict of interest. *E.g., Certain*

*Underwriters at Lloyd's, London v. Argonaut Ins. Co.,* 264 F. Supp. 2d 914 (N.D. Cal. 2003); *Visa U.S.A. v. First Data Corp.,* 241 F. Supp. 2d 1100 (N.D. Cal. 2003). No such issue is presented here.

Second, Plaintiff cites cases which did not consider the extraordinary remedy of disqualification at all. *E.g., United States v. Wunsch,* 84 F. 3d 1110 (1996) (reversing award of sanctions); *Levine v. Berschneider,* 56 Cal. App. 5th 916 (2020) (affirming award of sanctions); *Love v. State Dept. of Educ.,* 29 Cal. App. 5th 980, 990 (2018) (criticizing appellate counsel for failing to cite adverse authority).

Finally, Plaintiff cites two cases where courts **refused** to disqualify attorneys for alleged misconduct not involving conflicts of interest. *Grigori v. Bank of America,* 207 Cal. App. 3d 291 (1989); *Crenshaw v. MONY Life Ins. Co.,* 318 F. Supp. 2d 1015 (S.D. Cal. 2004). These cases aptly point out that motions to disqualify counsel are often filed "to harass opposing counsel" or "to delay the litigation," and thus "often pose the very threat to the integrity of the judicial process that they purport to prevent." *Grigori,* 207 Cal. App. 3d at 300-01. They caution that "disqualification is a drastic remedy that is disfavored," and that "[b]ecause they are often tactically motivated, motions to disqualify 'should be subjected to particular judicial scrutiny.'" *Crenshaw,* 318 F. Supp. 2d at 1020 (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.,* 760 F. 2d. 1045, 1050 (1985)). Indeed, in *Optyl Eyewear* (which Plaintiff also cites), the Ninth Circuit affirmed an award of fees and costs under 28 U.S.C. §1927 against an attorney who had moved to disqualify opposing counsel solely for tactical reasons and in bad faith. 760 F. 2d at 1048.

Finally, Plaintiff cites no case, and we know of none, where an attorney was disqualified in one case for misconduct in another case. Although Plaintiff once threatened to file a motion to disqualify the Stanford Defendants' counsel in *Doe I,* she never did so. On June 4, 2026, Plaintiff did file an "administrative motion" in *Doe I* asking Judge Pitts to judicially notice "the arguments contained" in the present motion and to consider imposing sanctions *"sua sponte." Doe I*, Dkt. 190. Judge Pitts denied the motion summarily. *Doe I*, Dkt. 196 (June 9, 2026).

## CONCLUSION

This motion is frivolous, dilatory, harassing, and unhinged. It should be denied.

STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THEIR COUNSEL

Dated: June 16, 2026   PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Jacob R. Sorensen*

JACOB R. SORENSEN
STACIE KINSER
KHYRSTYN ("NAN") MCGARRY
EMILY YOUNG

*Attorneys for the Stanford Defendants*

STANFORD DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THEIR COUNSEL