JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*., | Before the Honorable Beth Labson Freeman |
| Defendants. | [PUBLIC COPY OF BRIEF CONDITIONALLY FILED UNDER SEAL] |

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY ISSUES
    a.  As A Preliminary Matter, To The Extent That This Court's Previous Order Bears Upon This Motion, It Is Incumbent Upon The Plaintiff To Note That The Court (And Defendants) Are Greatly Mistaken In Their Apparent *Belief* That this Court's Article III Jurisdiction And Discretion In Fashioning Equitable Procedures On Its Docket Apparently Extends To Forcing Itself Upon The Plaintiff To Become The Plaintiff's Speechwriter Or Her Parental Unit, Teaching Her The Supposed 'Facts Of Life'…….i
    b.  The Gamesmanship in this Request Is So Abundantly Clear that this Court Condoning It Would Shred to Pieces—Yes—Our Constitutional Order…………………………..iv
    c.  Although Making a *Tu Quoque* Fallacy Would Make the Plaintiff Like Defense Counsel, From the Very Beginning of *Doe I,* the Plaintiff's Desire Was for These Cases to Proceed on Their Legal Merits but That Was Impossible Because Defense Counsels Wanted This District Court to Adjudicate These Legal Cases on Its Docket Based on Defense Counsels' Perception of Plaintiff's Morality and Their Clients' Perception of Plaintiff's Genital Morphology………………………………………….. vi

II. THRESHOLD PROCEDURAL ISSUES
    a.  Defendants' Motion is Barred by Issue and Claim Preclusion and They Thus Should Be Collaterally and Directly Estopped From Bringing This Motion to This Court Because Judge Pitts Already Disposed of These Issues and Claims…………………..1
    b.  Even if Assuming, *Arguendo*, That the Defendants Were Not Collaterally and Directly Estopped, the Motion Fails……………………………………………………………… 1
        1.  Improper Notice to the Plaintiff and Improper, Cherrypicked and Editorialized Records Are Fatal to this Motion………………………………………………….. 1
        2.  The Plaintiff is Unaware of Any Authority that Supports this Court Entering a Vexatious Litigant Order Based Solely or Even Largely on State Court Filings……………………………………….…………………………………..2
        3.  If the Court Were to Assess the Merits of State Court Filings, It Would be Barred from Doing so By Abstention, As Defendants Have Conceded before Judge Pitts…………………………………..…………………………………………..3
        4.  If the Court Were to Asses State Court Filings for Supposed Vexatiousness, State Law is the Proper Standard, and Defendants Fail Under that Standard…………3
    c.  At Any Event, Defendants Failed to Carry Their *Heavy* Burden of Establishing That Doe is 'Vexatious' Because the Motion is Heavy on Moral Posturing and Silent on the Actual Law………………………………………………………………………………3
        1. Vexatiousness Standard in Both Federal and State Law is Not About the Palatability of the Language of a *Pro Se* Litigants' Court Filings to a Random Defense Counsel Who Should be Disbarred for Conning Courts………………..3
        2.  Similarly, that Certain but Certainly Not all of Plaintiff's Prayers for Relief were Denied Does Not Make the Plaintiff Vexatious……………………………….5
        3. Doe Is Not Vexatious but Continuously Followed the Law and Brought Questions of First Impression……………………………………………………5

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

III. A DISTRICT COURT'S DISCRETION IN MANAGING ITS DOCKET AND PREVENTING IT FROM ABUSE DOES NOT DEFENESTRATE A *PRO SE* LITIGANT'S FIRST AMENDMENT RIGHT TO SPEAK FOOLISHLY AND IN PASSIONATE, FORCEFUL, INTEMPERATE-TO-SOME, AND DISTASTEFUL-TO-SOME LANGUAGE, AND IT IS NOT THE PREROGATIVE OF THIS COURT AND THE DEFENSE COUNSEL TO EITHER COMMANDEER THE PLAINTIFF'S SPEECH IN A CERTAIN DIRECTION OR COMPEL ITS CONTENT AND TONE BY (IL)LEGAL FIAT.................................................................6

IV. A DISTRICT COURT'S DISCRETION IN MANAGING ITS DOCKET AND PREVENTING IT FROM ABUSE DOES NOT TURN A COURT INTO A CHURCH AND THIS COURT IS BARRED BY DOCTRINE OF ECCLESIASTICAL ABSTENTION BECAUSE DEFENDANTS ARE ASKING MORAL JUDGEMENT FROM THIS COURT WHICH REQUIRES THIS COURT TO DETERMINE WHAT IS MORAL CONDUCT IN LIFE—AN ECCLESIASTICAL DETERMINATION.................................................................6

V. A DISTRICT COURT'S DISCRETION IN MANAGING ITS DOCKET AND PREVENTING IT FROM ABUSE DOES NOT DEFENESTRATE A *PRO SE* LITIGANT'S SUBSTANTIVE FOURTEENTH AMENDMENT RIGHT TO BE NON-NORMATIVE, AND IT IS NOT THIS COURT OR DEFENSE COUNSEL'S PREROGATIVE TO FORCE THE PLAINTIFF TO LIVE HER LIFE ACCORDING TO THE MANDATES OF A TYRANNICAL MAJORITY.............7

VI. DEFENDANTS HAVE FORFEITED ALL OF THEIR ARGUMENTS BECAUSE A BARE ASSERTION DOES NOT PRESERVE A CLAIM AND BARELY QUOTING THE PLAINTIFF'S SPEECH IS NOT A LEGAL POINT THAT PRESERVED THEIR SUPPOSEDLY LEGAL ARGUMENTS ...................................................................8

VII. AT ANY EVENT, THE PLAINTIFF SEES NO ISSUES WITH HER SPEECH AND ITS TONE AND STANDS FIRMLY BEHIND THEM—INCLUDING HARSHLY CRITICIZING JUDICIAL OFFICERS WHO OPENLY DEFILED THE LAW TO GRANT SPECIAL STATUS TO THE "PROVERBIAL LITTLE GUY" OR MEMBERS OF OTHER SOCIAL CLASSES THAT WERE LIKE-ABLE TO THEM WHILE SEGREGATING THEIR COURTROOM AGAINST THE PLAINTIFF, DESECRATING BOTH THE SANCTITY OF THE INSTITUTION OF LAW AND THE JUDICIAL OFFICE.................................................8

VIII. ALTHOUGH THE PLAINTIFF IS, LIKE JUDGE PITTS, QUITE TIRED OF THE DEFENDANTS' CEASELESS AND IRRELEVANT *AD HOMINEM* ATTACKS, SHE WILL NONETHELESS ADDRESS COUNSEL'S ONCE-AGAIN BREACH OF HER DUTY OF CANDOR TO THE COURT IN APPENDIX B, BUT IN NO WAY SHOULD THIS BE CONSTRUED AS THE PLAINTIFF CONCEDING THAT THIS MOTION COMPLIES WITH THE PROCEDURAL DUE PROCESS REQUIREMENTS OF A VEXATIOUSNESS MOTION AND THAT DEFENDANTS BROUGHT A PROPER RECORD BEFORE THIS COURT.................................................................9

IX. CONCLUSION.................................................................9

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

**TABLE OF AUTHORITIES**

**Page:**

Caselaw:

*Arias v. Noem,*
     818 F. Supp. 3d 864 (W.D. Tex. 2026)……………………………………………………..vi

*Baumgartner v. United States,*
     322 U. S. 665 (1944)………………………………….….………iii, 6

*BE & K Const. Co. v. NLRB,*
     536 U.S. 516 (2002) …………………………………………………4

*Blount v. Superior Court,*
     No. 25-cv-10852-CRB, 2026 U.S. Dist. LEXIS 3721 (N.D. Cal. Jan. 8, 2026)…………..2

*Bridges v. California,*
     314 U.S. 252 (1941)……………………………………………………ii

*City of Arlington v. FCC,*
     569 U.S. 290 (2013)…………………………………………….. iii

*Cohen v. California,*
     403 U.S. 15 (1971)…………………………………………………..7, 9

*De Long v. Hennessey,*
     912 F.2d 1057 (9th Cir. 2007)………………………………………*passim*

*Garrett v. Selby Connor Maddux & Janer,*
     425 F.3d 836 (10th Cir. 2005)…………………………………………ii

*Hecox v. Little,*
     479 F. Supp. 3d 930 (D. Idaho 2020)……………………………….. viii

*In re Little,*
     404 U.S. 553 (1972)……………………………………………….. ii

*In re Powell,*
     851 F.2d 427 (D.C. Cir. 1988)…………………………………………4

*Kedroff. St. Nicholas Cathedral of Russian Orthodox Church,*
     344 U.S. 94 (1952)…………………………………………………..7

*Kyler v. Everson,*
     442 F.3d 1251 (10th Cir. 2006)……………………………………………ii

*Meyer v. Nebraska,*
     262 U.S. 390 (1923)……………………………………………………ii

*Molski v. Evergreen Dynasty Corp.,*
     500 F.3d 1047 (9th Cir. 2007)……………………………………………*passim*

*Moy v. United States,*
     906 F.2d 467 (9th Cir. 1990) …………………………………………….4

*Olympus Spa v. Armstrong,*
     169 F.4th 817 (9th Cir. 2025) ……………………………………………iii

*Ou-Young v. Roberts,*

iv

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

No. C-13-4442 EMC, 2013 WL 6732118 (N.D.Cal. Dec. 20, 2013)………………………..1

*Pennekamp v. Florida*,
        328 U.S. 331 (1946)………………………………………………………… ii, 6

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
        627 F.3d 402 (9th Cir. 2010)………………………………………………………ii

*Ringgold-Lockhart v. Cty. of L.A.*,
        761 F.3d 1057 (9th Cir. 2014)……………………………………………………*passim*

*Stump v. Sparkman*,
        435 U.S. 349 (1978)……………………………………………………………iii

*United States v. Skrmetti*,
        No. 23-477, Transcript of Oral Argument (U.S. Dec. 4, 2024)………………………………7

Code:

California Code of Civil Procedure,
        section 391…………………………………………………………………………..3


Miscellaneous

Alexander Hamilton, Federalist No. 10 (Wesleyan 1982 Ed.)……………………………………….8

Pamela S. Karlan, *Stanford Law Professor Pam Karlan Concludes 2006 ACS National Convention*, American Constitution Society, accessed at https://www.acslaw.org/expertforum/stanford-law-professor-pam-karlan-concludes-2006-acs-national-convention/…………………………………….. 8

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY ISSUES[1]

**a. As A Preliminary Matter, To The Extent That This Court's Previous Order Bears Upon This Motion, It Is Incumbent Upon The Plaintiff To Note That The Court (And Defendants) Are Greatly Mistaken In Their Apparent *Belief* That this Court's Article III Jurisdiction And Discretion In Fashioning Equitable Procedures On Its Docket Apparently Extends To Forcing Itself Upon The Plaintiff To Become The Plaintiff's Speechwriter Or Her Parental Unit, Teaching Her The Supposed 'Facts Of Life'**

Since the defendants' **oppressive**, vexatious, and frivolous motion is about how unpalatable the Plaintiff's speech is to their special ears and attempts to *corrupt* this Court's Article III jurisdiction to put an end to it by illegal fiat, and since the motion is **heavy on moral posturing and extremely light on the law** (it only has four case citations in what appears to be 1000 pages) perhaps the foregoing needs to be noted for the **sanctity of law** to be **preserved**. This Court apparently is of the apparent belief that it "has inherent authority" to commandeer the Plaintiff's speech and force itself upon the Plaintiff to become her speechwriter. *See* Dkt. No. 115 at 2. The Court is mistaken. And insofar as the defendants ask this Court to do *just that*, they are mistaken, too. No one questions the proposition that "[d]ue to the very nature of the court as an institution, it

---

[1] Since the Court appears to joyfully allow the defendants to flout its Standing Order, *see* Dkt. No. 115, and file a 75-page declaration purportedly "in support" of their opposition to the motion for leave to proceed pseudonymously and file—what—numerous appendices worth 30 pages each of legal arguments that should be included in the memorandum of points and authorities, the Plaint contends that her verbiage that provides a background to this Court regarding defendants' abuse of the judiciary machinery be not counted toward the page limits this Court's Standing Order sets for memoranda of law. The Plaintiff could easily submit these pages without Arabic numerals as "appendices" or "declarations," but that would be disrespectful to this Court and would make reading this opposition brief both aesthetically displeasing and difficult to follow as the Court would need to go back and forth different documents all the time. To the extent that the Court will unfairly strike this brief as over length but allow the defendants rot bring a 1200-page "motion," the Plaintiff will likely follow the lead of defendants and promptly re-file these pages as purported appendices or declaration, making, like defendants, all parties' job difficult by submitting a brief that is difficult to follow.

must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). And, of course, "litigants must demonstrate a level of civility in pleadings and proceedings that **displays a basic understanding of and respect for the courts and the rule of law** in this nation." *Kyler v. Everson*, 442 F.3d 1251, 1253-54 (10th Cir. 2006) (emphasis added). This inherent jurisdiction, however, does not extend to admonishing the Plaintiff with sanctions for filing an administrative motion that contains language that is unpalatable or unlikeable to this Court. *See, e.g.,* Dkt. No. 115 at 1 (referring to the Plaintiff's *proper* administrative motion for leave to file an over length brief as one that "abuses […] Civil Local Rule 7-11" without explaining why and how she 'abused' it other than barely expressing dissatisfaction over the Plaintiff's language in characterizing the defense counsel's clear attempts to subvert the name of law for her mere whims and quips). The Court can strike pleadings under its inherent jurisdiction for litigation abuse, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010), but it may not sanction or threaten the Plaintiff with sanctions or contempt because the language in a pleading is unpalatable to it. *See, inter alia, Bridges v. California*, 314 U.S. 252 (1941); *Pennekamp v. Florida*, 328 U.S. 331 (1946); *In re Little*, 404 U.S. 553 (1972).

Nor does such a jurisdiction and discretion allow this Court—"without doubt"—to attempt to take the Plaintiff aside and *de facto* provide parental education to the Plaintiff on how she should conduct herself in life and live *her own* life according to *her "own* conscience"—and how she should speak to others. *Meyer v. Nebraska,* 262 U.S. 390, 399 (1923). So, no, the Court is mistaken in its apparent belief that in "choosing to litigate her case in this forum" "Plaintiff assented to the Court[,]" *see* Dkt. No. 115 at 2, robbing and depriving her of her inalienable First Amendment right

ii

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

to "speak foolishly and without moderation[.]" *Baumgartner v. United States*, 322 U. S. 665, 322 U.S. 673-674 (1944). To the extent that this Court intends to abuse its discretion to "moderate" the Plaintiff's speech in her petitions to the government for redress of grievances by abusing its inherent striking-of-pleadings authority, what the Court is proposing "is a judicial power-grab[.]" *City of Arlington v. FCC*, 569 U.S. 290, 327 (2013) (Roberts, C.J., dissenting). "A judge is not free, like a loose cannon, to **inflict indiscriminate <u>damage</u>** whenever he [*sic*] announces that he is acting in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 367, 98 S. Ct. 1099, 1110 (1978) (Stewart, J., dissenting) (emphasis added).

The Plaintiff would also be derelict in her duty of candor to the Court[2] if she did not note that the reason why respect for judicial officers is compelled is because they are public servants who are "hard-working" individuals upholding the sanctity of the law of this Nation and the image of the judicial office as a place of solemnity, seriousness, and impartiality and because "judicial officer[s] […] take[] […] oath[s] to serve this Nation" for that duty. Dkt. No. 111 at 19. This duty of respect becomes **severed** and is **weakened** when a judicial officer fails to uphold their duty to the sanctity of law and the judicial office. This respect is not driven, as this Court (and defense counsel) seem to believe, from the apparent *belief* that serving the public makes a judicial officer *inherently* **superior** —morally or otherwise—to the public and those that appear before it—the public for whose interest a judicial officer is appointed to office for, in the case of Article III judges, life. "[Judicial officers] should be earning that [public] trust [and respect], not demanding it like petty [*sic*] tyrants." *Olympus Spa v. Armstrong*, 169 F.4th 817, 861 (9th Cir. 2025) (VanDyke, J., dissental). "[Judicial

---

[2] The undersigned is not bound by California Rules of Professional Conduct, but she will be candid to this Court because she does not require or need a rule mandating her to be candid to the Court in order to be candid to it.

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

officers] are better than this." *Id.* at 848 (Owens, J., statement respecting the denial of rehearing en banc).

### b. The Gamesmanship in this Request Is So Abundantly Clear that this Court Condoning It Would Shred to Pieces—Yes—Our Constitutional Order

It might prove useful to take a step back from this instant and yet another asinine motion filed by the defendants and look at the bigger picture that has been being painted by the defendants for the past three years. Ever since the Plaintiff's first-ever *ex parte* application to the Superior Court of California three years ago (which was granted), the defendants have done everything— *everything*—in their power to prevent the Plaintiff from being able to enjoy her most *basic* constitutional right and liberty as a *person* under our Constitutional order: to petition the government—however unpleasant-to-some those petitions and their language thereof might be, however unmeritorious-to-the-defendants'-whims those petitions appear to be, *contra* the judicial officers that have adjudicated them, even if the adjudication ended in a denial at the end—for redress of grievances.

*First*, defendants tried their luck with their *unarmed* bullies: ██████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████

iv
OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION
5:26-cv-03809-BLF

███████████████████████"[3]. When that did not work, they tried their luck with their *armed* bullies: One defendant Smith—who is apparently of the apparent belief that the Plaintiff "pumped [herself] in synthetic hormones[,]" SAC at ¶ 31—to yet prevent her again to file that "petition." When the Plaintiff's petitions reasonably increased because of the unconstitutional plight the defendants made her suffer—they once again used their armed bully to seize the Plaintiff to intimidate her from doing what she had every right to do: Call the clerk and ask a pleading to be withdrawn as "**a** litigant"—not **the** litigant who purportedly filed a pleading, but a litigant. When none of it worked, they resorted back to their unarmed bullies: Defendant Shaw, who apparently has the title of nobility of a "dean" and should be granted special treatment by this Court and held above the law, who promptly expelled the Plaintiff because he did not like the Plaintiff's speech enough. And now, defendants have shown their true colors to this Court: They want a pre-filing order **so broad that no caselaw could ever support that position**[4], one that would prevent the Plaintiff from vindicating her rights against the lawless bandits that are the defendants. One might wonder why the motion arrives at this juncture. Perhaps because the defendants are aware that they cannot expel college students without a hearing, aware that the preliminary injunction is likely going to be

_____

████████████████████████████████████████████████████████o the extent that defense counsel once again breached her duty of candor to this Court and lied to it to misrepresent the allegations of the complaint, this duty of candor is fatal to this type of motion, as elucidated *infra*.

[4] A narrowly tailored vexatiousness order is one that is only for "the **type of claims** *Molski* had been filing vexatiously." *Molski*, 500 F.3d at 1061 (emphasis added). It is an all-commandeering license to prevent a litigant from initiating legal action against *certain people*, as defendants suggest. Doubtlessly, defendants seek a "blanket restriction" against them because they are too special to be brought to the jurisdiction of a District Court for their civil wrongs. Mot. at 10: 25.

granted, and this is the defendants' *smart* way of ensuring what they do best: Allow them to allow violating the undersigned's *inalienable* rights because she is apparently unlikeable to their moral whims—a "biological man" (whatever that means, and whatever "biology" means therein) who "sounds female," apparently.

With the desire to avoid sentimentalizing the law, the unavoidable sentimentalism is impossible to escape: Writing the DECLARATION OF INDEPENDENCE, "[t]hirty-three-year-old Thomas Jefferson enumerated grievances against a would-be **authoritarian king**: […] '**He has sent hither Swarms of Officers to <u>harass</u> our People**.'" *Arias v. Noem*, 818 F. Supp. 3d 864, 865 (W.D. Tex. 2026) (emphasis added). This is what at issue here. And if this Court falls for this gambit, one should mourn for the death of law in this Nation. On September 17, 1787, as the Constitutional Convention concluded in Philadelphia, Elizabeth Willing Powel asked Benjamin Franklin, "Well, Dr. Franklin, what do we have [here now]?" "A republic, **if you can keep it.**" *Arias,* 818 F. Supp. 3d at 866 (W.D. Tex. 2026) (emphasis added). Because we can no longer keep this Republic if this motion is granted and defendants are elevated to the status of *legal brahmins and kings* to whom the law does not apply, the Motion should not be granted.

    **c. Although Making a *Tu Quoque* Fallacy Would Make the Plaintiff Like Defense Counsel, From the Very Beginning of *Doe I,* the Plaintiff's Desire Was for These Cases to Proceed on Their Legal Merits but That Was Impossible Because Defense Counsels Wanted This District Court to Adjudicate These Legal Cases on Its Docket Based on Defense Counsels' Perception of Plaintiff's Morality and Their Clients' Perception of Plaintiff's Genital Morphology**

Something changed in defense counsel after the Plaintiff's motion to disqualify her. She no longer starts opening up her *every single* pleading with her **false** "*she sued us 15 times and does not deserve rights!*" gambit. Although it took defense counsels a year to *alter* their *lies* to this Court and make it more difficult to spot them—while wanting to avoid the unavoidable *tu quoque* fallacy, it is

vi

them who abuse resources of the Plaintiff and this Honorable Court to launch improper *ad hominem* attacks while the Plaintiff wanted to avoid such conduct from her *first ever* legal pleading filed in this Court. "Rather than appropriately and **civilly** defending her clients, Opposing Counsel's defense strategy, rather, seems to be launching one *ad hominem* attack after another[.]" Dkt. No. 43 in *Doe v. Smith, et al.*, 5:25-cv-03490-PCP (N.D. Cal.) at 3. "The Court should further ignore Opposing Counsel's personal attacks on the Plaintiff's person and perhaps admonish her to **center her pleadings on the law. Opposing Counsel's undeniable talent in *undignified* personal attacking should perhaps be saved for another forum that will appreciate such empty rhetoric."** Dkt. No. 43 at 16 (emphasis added). And yet again:

> Litigation is, indeed, an oppositional and confrontational [of a] process. Yet, many, many counsel for parties are still able to act civilly during such a stressful-for-everyone process and not take grandiose steps to slanderously—and inflammatorily—demean the character of their opposing counsel or launch a 900-page *ad hominem* attack on their opponent. Why so? Because part of being an adult member of civil society demands and requires of one civility in the face of opposition.
> Dkt. No. 53 at 9-10.
> Indeed, this Court could observe the **absolute exhaustion of the judicial officer presiding over the *Doe I* matter** because defense counsels' ceaseless *ad hominem* attacks and their inability to "center [their] pleadings on the law" from a transcript from a hearing that took place in *Doe I*.

After yet another tirade of *ad hominem* moral attacks, "I think what's more helpful for me thinking through this is **just thinking about the legal questions**." Trial Tr. 34: 18-25, *Doe v. Smith, et al.*, No. 5:25-cv-03490-PCP (Northern California District Ct., April 28, 2026). "**Again I'm aware of all that. So again**, I have had a chance to review that[.]" *Id* at 28: 6. "I don't want to get into **what**

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

**you don't [*recte,* Your Honor does not]**[5] **want to hear."** *Id* at 27: 9-10 (yet proceeding to doing exactly that[6]). Indeed, precisely because of defense counsels' inability to *not* launch *ad hominem* attacks has there been "a lot of animosity that's developed between the parties and between the attorneys and the parties, and part of my goal is … **focus** on the **legal questions** that are presented to me." *Id.* at 34: 20-25. And yet again, with ___*saintly patience*[7]___ **that defense counsel did not deserve,** "So I guess my question—**the question to you is, is there a legal reason** …" *Id* at 26: 17-18.  As the trial court in *Doe I* aptly observed, the reason for the animosity herein and harsh words is because of defense counsels' inability to not abide by ethical practice to not turn courts into inquisitorial *ad hominem fora* and desecrate the sanctity of the law and the judicial machinery. To the extent that the Plaintiff is **simply and reasonably** *exhausted* (like Judge Pitts) and recently started giving the defendants their own medicine…the Plaintiff is not *squarely* at fault. Note how the trial court in *Doe I* never had to admonish the Plaintiff to address only the "legal questions"— because that is what she did; she did not went on a 10-minute ___*tirade*___ about how untrustworthy the Plaintiff is (and the people like Plaintiff are) because she now has a different name than her "former male name". And after all of this, Judge Pitts determined that the defendants' personal attacks on the

---

[5] It is defense counsel who has no respect for the sanctity of this Court and judicial officers who act on its behalf and authority, including Judge Pitts because apparently, like the Plaintiff, he is not palatable of a person to defense counsel's whimsicality. *See* Dkt. No. 111 at 13.

[6] For abundance of clarity, that a purported "outside security consultant" allegedly looked for the plaintiff by her "former male name[,]" *Hecox v. Little*, 479 F. Supp. 3d 930, 956-57 (D. Idaho 2020) but purportedly/allegedly did not find the plaintiff,  is not a question about the Plaintiff's "credibility"; it is an attack on the plaintiff for having a "former male name."

[7] Judge Pitts made the undersigned realize that she could never be a judicial officer because she will never have a *scintilla* of Judge Pitts' patience (and temperament) with fraudulent counsel that appear before him, desecrating the law.

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

plaintiff were irrelevant and immaterial. *See* Dkt. No. 155 at 2, n. 2.

## II. THRESHOLD PROCEDURAL ISSUES
### a. Defendants' Motion is Barred by Issue and Claim Preclusion and They Thus Should Be Collaterally and Directly Estopped From Bringing This Motion to This Court Because Judge Pitts Already Disposed of These Issues and Claims

This is exact same motion—absent the removal of material the Plaintiff identified as inquisitorial anti-Semitic vitriol in her Motion for Disqualification (*see* Appendix A)—that was presented to and disposed of by the Honorable P. Casey Pitts in *Doe I*, Dkt. No. 25. It litigates the same issues (vexatiousness) and the same claims (vexatiousness) and thus is barred by both issue and claim preclusion because Judge Pitts disposed of this order when he denied the defendants' purported motion for disclosure and when the case was "dismissed" with prejudice due to a purported stipulation.

### b. Even if Assuming, *Arguendo*, That the Defendants Were Not Collaterally and Directly Estopped, the Motion Fails
#### 1. Improper Notice to the Plaintiff and Improper, Cherrypicked and Editorialized Records Are Fatal to this Motion

As exampled *supra* at note 3, what defense counsel has provided to this Court is heavily **editorialized**, **improper, cherrypicked, and erroneous** of a record. As such, because of counsel's gangrenous disease to con courts of law by not being candid to them, counsel's whims once again fatally defeated her motion. Before imposing a pre-filing order, the Court must: (1) provide notice and an opportunity to be heard; (2) compile an adequate record; (3) make substantive findings of frivolousness or harassment; and (4) tailor any restriction narrowly. *De Long v. Hennessey*, 912 F.2d 1057, 1147–48 (9th Cir. 2007). Although this requirement is met by the briefing process, *see Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D.Cal. Dec. 20, 2013), this requires the *initial motion* to have complied and provided an adequate and accurate record. Because the motion did not, the motion fails as a matter of law. As such, "Stanford Defendants" have not "provided such a record." Mot. at 8: 6.  As such, opposing this Motion does not comply with

1

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

procedural process that is due to the Plaintiff herein.

**2. The Plaintiff is Unaware of Any Authority that Supports this Court Entering a Vexatious Litigant Order Based Solely or Even Largely on State Court Filings**

The undersigned is not aware of any caselaw where a federal court entered a vexatiousness pre-filing order based on *state court filings*. There are too many legal issues with this position that could not be enumerated in the finite space given to the Plaintiff herein. Interfering with a "state court's vexatious litigant designation" (or lack thereof) raises comity, abstention, and state sovereignty concerns. *Blount v. Superior Court*, No. 25-cv-10852-CRB, 2026 U.S. Dist. LEXIS 3721, at *1 (N.D. Cal. Jan. 8, 2026) (opn. of Breyer, J.). Indeed, the remedy that the defendants seek herein would likely violate the provisions the Ninth Circuit enunciated in *Ringgold-Lockhart v. Cty. of L.A.,* 761 F.3d 1057 (9th Cir. 2014). Indeed, to the extent that the Ninth Circuit addressed the situation of "Ringgold's motion[] practice over the course of **just two** **federal lawsuits**[,]" it *sub silentio* affirms that federal courts do not *generally* look at state court filings for their vexatiousness orders as a vexatious litigant order is supposed to address purported abuse that took place *in the court in which it is filed. Ringgold-Lockhart*, 761 F.3d at 1060 (emphasis added). Of course, a "pattern of frivolous or abusive litigation in different jurisdiction […] may inform[8] a court's decision[,]" *Ringgold-Lochart* at p. 1066, but the defendants plainly have and had the opportunity to bring this motion in the state court and chose not to do so and, indeed, it is unclear why defendants did not bring this motion in the state court or why defendants are not bringing this motion now in the state court given that the Plaintiff has an active case against the defendants in the California state court. This procedural gamesmanship would counsel against the Court entering a pre-filing

---

[8] In the instant case, Ringgold was already declared vexatious by the California Court of Appeal, which is inapplicable here, despite defendants' attempts to make a California court declare the Plaintiff vexatious.

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION
5:26-cv-03809-BLF

order *solely or even partly based* on state court filings, a pre-filing order that would not affect the Plaintiff's ability to initiate cases in the state court anyways and, thus, would not be a proper remedy to address the alleged inconvenience caused to the defendants by their own unconstitutional conduct.

### 3. If the Court Were to Assess the Merits of State Court Filings, It Would be Barred from Doing so By Abstention, As Defendants Have Conceded before Judge Pitts

In this very same motion the defendants brought before the Honorable P. Casey Pitts, Plaintiff argued for at least 10 pages that various abstention doctrines prevented this District Court from making a determination as to vexatiousness. *See* Dkt. No. 53 in *Doe I* at pp. 5-10. The defendants did not address *any* of those arguments in their reply brief, conceding that those arguments are meritorious. *See* Dkt. No. 56 in *Doe I*.

### 4. If the Court Were to Asses State Court Filings for Supposed Vexatiousness, State Law is the Proper Standard, and Defendants Fail Under that Standard

It is unclear why the defendants brought this motion as a purported motion for disclosure in *Doe I*, and a vexatiousness classification motion in this case. Perhaps because this case is *partly* a diversity-jurisdiction case. At any event, if the Court were to address vexatiousness of state court filings, the appropriate standard would be California Code of Civil Procedure, section 391 because it would be the substantive law for *Erie* purposes, and defendants have conceded that the Plaintiff does not satisfy that criteria. *See* Dkt. No. 56 in *Doe I* at pp. 1-2.

### c. At Any Event, Defendants Failed to Carry Their *Heavy* Burden of Establishing That Doe is 'Vexatious' Because the Motion is Heavy on Moral Posturing and Silent on the Actual Law

Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *De Long*, 912 F.2d at 1147. "Restricting access to the courts is, however, **a serious matter**." *Ringgold-Lockhart*, 761 F.3d at 1061 (emphasis added). "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v.*

*Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). The First Amendment "right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "**one of the most precious of the liberties safeguarded by the Bill of Rights**." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25, 122 S. Ct. 2390, 153 L. Ed. 2d 499 (2002) (emphasis added). **Profligate use of pre-filing** orders could infringe this important right, *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007) (per curiam), as the pre-clearance requirement imposes a substantial burden on the free-access guarantee. "Among all other citizens, [the supposedly vexatious litigant] is to be restricted in his right of access to the courts. . . . **We cannot predict what harm might come to him as a result, and he <u>should not be forced to predict it either.</u> What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future**." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (emphasis added). Out of regard for the constitutional underpinnings of the right to court access, "**pre-filing orders should rarely be filed[.]**" *De Long*, 912 F.2d at 1147 (emphasis added).

**1. Vexatiousness Standard in Both Federal and State Law is Not About the Palatability of the Language of a *Pro Se* Litigants' Court Filings to a Random Defense Counsel Who Should be Disbarred for Conning Courts**

Defense counsel has gotten it wrong: "Vexatiousness" of a *pro se* litigant is not about her subjective whims and what she believes in and what she desires to utter in the confessional of her Catholic church in Nixa, Missouri. *See* Appendix A.  [B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431, 271 U.S. App. D.C. 172 (D.C. Cir. 1988) (per curiam)). "**Litigiousness alone is not enough.**" *Ringgold-Lockhart*, 761 F.3d at 1064 (emphasis added). "The plaintiff's claims must not **only be numerous**, but also be **patently without merit**." *Molski v. Evergreen Dynasty Corp.*, 500

F.3d 1047, 1059 (emphasis added). Courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must "[i]nstead . . . 'discern whether the filing of **several similar types** of actions constitutes an intent to harass the defendant or the court.'" *De Long* at 1148 n.3 (quoting *Powell*, 851 F.2d at 431) (emphasis added). Defendants fail under this standard, nor have they argued that they succeed under this standard, as they only cited *De Long* and not its pertinent part elucidating a test for determining vexatiousness. As argued throughout, rather, defendants maintain that the Plaintiff's motion and litigation practice is amoral or unpalatable or inconvenient to them. "**Again, [this is] not frivolous.**" *Ringgold-Lockhart*, 761 F.3d at 1065. **And "harassing" here does not mean harsh speech we do not like to our pretty little special ears.**

### 2.  Similarly, that Certain but Certainly Not all of Plaintiff's Prayers for Relief were Denied Does Not Make the Plaintiff Vexatious

The Plaintiff previously identified how defense counsel conned the Court in *Doe I* in describing granted writ petitions, for instance, as 'rejected.' Although counsel has gotten more sinister with her lying after the Plaintiff's motion for disqualification, and now does not call granted motions/petitions 'rejected', simply that a motion has been rejected does not *mean* that such motions or petitions were "patently without merit" *Molski,* 500 F.3d at 1059. And defense counsel had to identify some *objective* meritlessness, not some whims as to why she found some motion allegedly unmeritorious.

### 3. Doe Is Not Vexatious but Continuously Followed the Law and Brought Questions of First Impression

Opposition already concedes, "record demonstrates that Doe is not an unsophisticated litigant unfamiliar with court procedures." Mot at 10: 14. **This concession is dispositive**. Doe is plainly not vexatious but **brings litigation that defense counsel does not prefer or like**. A vexatious litigant is someone, for instance, who files a complaint barred by *res judicata*; it is a so-

5

called "sovereign citizen;" it is someone who sues someone who is absolutely immune from suit— *e.g.,* a judicial officer for an act taken in their judicial capacities. It is not for a litigant *who knows* the law and brings creative questions of first impression to develop our caselaw, nor is it someone that is *merely* litigious, *i.e.*, someone with a **low threshold of patience** for the defendants' evisceration-to-shreds-the-rule-of-law in this Nation. Just to illustrate: The Plaintiff's petition for review, for instance, was denied, but it brought numerous meritorious questions on deep splits of authority in California state law. *See* Exh. A ("questions presented"). This is not a litigant who is "vexatious."

### III. A DISTRICT COURT'S DISCRETION IN MANAGING ITS DOCKET AND PREVENTING IT FROM ABUSE DOES NOT DEFENESTRATE A *PRO SE* LITIGANT'S FIRST AMENDMENT RIGHT TO SPEAK FOOLISHLY AND IN PASSIONATE, FORCEFUL, INTEMPERATE-TO-SOME, AND DISTASTEFUL-TO-SOME LANGUAGE, AND <u>IT IS NOT THE PREROGATIVE</u> OF THIS COURT AND THE DEFENSE COUNSEL TO EITHER <u>COMMANDEER</u> THE PLAINTIFF'S SPEECH IN A <u>CERTAIN DIRECTION</u> OR <u>COMPEL ITS CONTENT AND TONE</u> BY (IL)LEGAL FIAT

As argued *supra*, although it is undeniable that this Court is with discretion to enter a vexatious litigant order to control abuse over its docket and procedures, the way defendants have employed this procedure simply arises out of dissatisfaction with the content and tone of (the language used in the) plaintiff's court filings. Such an entry of vexatiousness litigant order based on this "allegation" would run counter to the provisions of the First Amendment of our federal constitution, as *Ringgold-Lockhart* noted. Simply put, "[o]ne of the prerogatives of American citizenship is the right to criticize public men [*sic*] and measures -- and that means not only informed and responsible criticism, but the freedom to speak foolishly and without moderation[.]" *Baumgartner v. United States*, 322 U. S. 665, 322 U. S. 673-674 (1944). As Justice Frankfurter put it aptly, "Misuse of [the judicial] machinery may undermine the safety of the State; its misuse may **deprive the individual of all that makes a free man's [*sic*] life dear**. **Criticism therefore must**

6

**not feel cramped**, even criticism of the administration of criminal justice." *Pennekamp*, 328 U.S. at 357 (emphasis added). Simply put, it is not the prerogative of this Court to **_edit_** the Plaintiff's speech until it is "grammatically palatable to the most squeamish among us[.]" *Cohen v. California*, 403 U.S. 15, 25, (1971). To suggest otherwise is a **_mockery_** of our 200 years of First Amendment jurisprudence.

**IV. A DISTRICT COURT'S DISCRETION IN MANAGING ITS DOCKET AND PREVENTING IT FROM ABUSE DOES NOT TURN A COURT INTO A CHURCH AND THIS COURT IS BARRED BY DOCTRINE OF ECCLESIASTICAL ABSTENTION BECAUSE DEFENDANTS ARE ASKING MORAL JUDGEMENT FROM THIS COURT WHICH REQUIRES THIS COURT TO DETERMINE WHAT IS MORAL CONDUCT IN LIFE—AN ECCLESIASTICAL DETERMINATION**

Again, as argued *supra* and will be argued *infra*, the defendants are not pointing out to something the Plaintiff did that was wrong in *law*, but vaguely suggest that Plaintiff is morally bankrupt. This requires this Court to determine what is moral and not—questions that are improper for the judicial machine. This Court delivering such moral opprobrium would place the "power of the state into the forbidden area of religious freedom contrary to the principles of the First Amendment." *Kedroff. St. Nicholas Cathedral of Russian Orthodox Church*, 344 U.S. 94, 116 (1952) (elaborating the doctrine of ecclesiastical abstention).

**V. A DISTRICT COURT'S DISCRETION IN MANAGING ITS DOCKET AND PREVENTING IT FROM ABUSE DOES NOT DEFENESTRATE A *PRO SE* LITIGANT'S SUBSTANTIVE FOURTEENTH AMENDMENT RIGHT TO BE NON-NORMATIVE, AND IT IS NOT THIS COURT OR DEFENSE COUNSEL'S PREROGATIVE TO FORCE THE PLAINTIFF TO LIVE HER LIFE ACCORDING TO THE MANDATES OF A TYRANNICAL MAJORITY**

Put simply, it is not the prerogative of this Court to force the Plaintiff to be normatively positioned in life—whether that is her speech or conduct in life and her relation with and to others. And that is precisely what defendants ask from this Court—for the plaintiff to be stopped being a person that creates headaches and problems for them. It is simply not the Judiciary's place to interfere with a person's "substantive right to engage in non-conforming behavior." Transcript of

7

Oral Argument at 127: 7-8, *United States v. Skrmetti*, No. 23-477 (U.S. Dec. 4, 2024). Such a proposition would make judicial decision-making "sacrifice" the "interest[s] [of] both the public good and the rights of other citizens" to the "ruling passion[s]" of a tyrannical majority. ALEXANDER HAMILTON, FEDERALIST NO. 10 (Wesleyan 1982 ed.). Put differently, this Court simply has no business or right to attempt to enjoin the Plaintiff, as suggested by defense counsel, from wanting to be and being an example of "**[s]narky**, [trans]sexual, Jewish women who want the **freedom to say what we think**, read what we want…[.]" Pamela S. Karlan, *Stanford Law Professor Pam Karlan Concludes 2006 ACS National Convention*, AMERICAN CONSTITUTION SOCIETY. (emphasis added).

### VI. DEFENDANTS HAVE FORFEITED ALL OF THEIR ARGUMENTS BECAUSE A BARE ASSERTION DOES NOT PRESERVE A CLAIM AND BARELY QUOTING THE PLAINTIFF'S SPEECH IS NOT A LEGAL POINT THAT PRESERVED THEIR SUPPOSEDLY LEGAL ARGUMENTS

The motion, through pages 1 through 7, simply quotes the Plaintiff's verbiage *ipse dixit* without developing any legal point. What is contained in all of these pages are waived because the defendants failed to develop a proper legal argument. And the rest of the motion merely **disputes** the Plaintiff's factual account of events and provide an alternative, corrupted, and wrong interpretation of events; it does not point to any judicial determination or finding of facts. As such, the entire motion is waived because of this *key* failure because opposing counsel's **dissatisfaction with the Plaintiff's speech and petitions cannot form the basis of her vexatiousness motion**. She has to identify something *legally wrong* the Plaintiff did, not morally.

### VII. AT ANY EVENT, THE PLAINTIFF SEES NO ISSUES WITH HER SPEECH AND ITS TONE AND STANDS FIRMLY BEHIND THEM—INCLUDING HARSHLY CRITICIZING JUDICIAL OFFICERS WHO OPENLY DEFILED THE LAW TO GRANT SPECIAL STATUS TO THE "PROVERBIAL LITTLE GUY" OR MEMBERS OF OTHER SOCIAL CLASSES THAT WERE LIKE-ABLE TO THEM WHILE SEGREGATING THEIR COURTROOM AGAINST THE PLAINTIFF, DESECRATING BOTH THE SANCTITY OF THE INSTITUTION OF LAW AND THE JUDICIAL OFFICE

At any event, although defendants have not carried their burden to establish what is

8

purportedly 'wrong' with the Plaintiff's verbiage, the Plaintiff sees no issue with her impassioned language. The Plaintiff may be speaking "more distasteful than most others," but "it is nevertheless often true that one man's [*sic*] vulgarity is another's lyric[.]" *Cohen v. California,* 403 U.S. 15, 25 (1971). To the plaintiff, her words imply some sort of Juvenalian poetics and subscribe to a certain impassionaied verbiage that she personally finds pleasing to her ears. The Plaintiff does not place much weight on defense counsels' perception of them, neither should this Court if it cares about that one pesky inconvenience of a thing most refer to as the First Amendment.

**X. ALTHOUGH THE PLAINTIFF IS, LIKE JUDGE PITTS, QUITE TIRED OF THE DEFENDANTS' CEASELESS AND IRRELEVANT *AD HOMINEM* ATTACKS, SHE WILL NONETHELESS ADDRESS COUNSEL'S ONCE-AGAIN BREACH OF HER DUTY OF CANDOR TO THE COURT IN APPENDIX B, BUT IN NO WAY SHOULD THIS BE CONSTRUED AS THE PLAINTIFF CONCEDING THAT THIS MOTION COMPLIES WITH THE PROCEDURAL DUE PROCESS REQUIREMENTS OF A VEXATIOUSNESS MOTION AND THAT DEFENDANTS BROUGHT A PROPER RECORD BEFORE THIS COURT**

Although the Plaintiff is, like Judge Pitts, quite tired of defense counsels' lawlessness and inability to follow **clear court orders,** she will nonetheless identify the ways in which defense counsel once again breached her duty of candor to this Court. The Plaintiff's desire to show how much of a fraud defense counsel is, however, should not construed as conceding that she provided a proper record before the Court for this Court to adjudicate this issue—or that her editorialized fraud is not fatal to her asinine motion (it is).

**XI.CONCLUSION**

Because defendants wish to abrogate the protections of that pesky inconvenience of a thing to them called the First Amendment, the motion should be denied. Granting it would be the greatest rape of justice. Defense counsel does not get it: " She cannot move to have the Plaintiff be excluded from the judicial machinery because her petitions and *being* are unpalatable and *amoral* to her[,]" *see* Appendix A, nor can she prevent this Court from "ensuing **access to the courts for all members of the community**[.]" Dkt. No. 115 at 4 (emphasis added).

[SIGNATURE FOLLOWS NEXT PAGE]

9

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF

Hereby submitted,

DATED: June 17, 2026.

*/s/ Jane Doe*

JANE DOE
*In Propria Persona*

10

OPPOSITION TO THE DEFENDANTS' PURPORTED MOTION FOR A SUPPOSED "VEXATIOUSNESS" CLASSIFICATION

5:26-cv-03809-BLF