**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| JANE DOE,<br><br>           Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>           Defendants. | Case No.  5:26-cv-03809-BLF<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[Re: ECF No. 98] |

Before the Court is pro se Plaintiff's motion to appoint counsel.  ECF No. 98 ("Mot."); ECF No. 131 ("Reply").  The Stanford Defendants oppose the motion.  ECF No. 130 ("Opp.").

"Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Under 28 U.S.C. § 1915, however, a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances."  28 U.S.C. § 1915(e)(1).  To determine whether exceptional circumstances exist, the Court court considers (1) the likelihood of success on the merits and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff argues that she is likely to succeed on the merits of her claims because the second amended complaint survived screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Mot. at 2–3.  Both Parties have identified district court orders coming out in opposite ways on this argument. *Compare id.*, *with* Opp. at 2.  The Court does not find that surviving the exceedingly low standard under section 1915(e) bears on Plaintiff's likelihood of success on the merits, and certainly is not "dispositive of the issue of affording counsel," as urged by Plaintiff.  Reply at 5 (capitalization

United States District Court
Northern District of California

omitted).  The Court also disagrees with Plaintiff's conclusory suggestion that the "instant action poses *good* legal questions—and the Plaintiff will likely prevail on them," *see* Mot. at 3–5, because, as the Stanford Defendants point out, Plaintiffs' federal claims require establishing that a private university's internal decisionmaking satisfies the state action requirement.  Opp. at 2.

Plaintiff next argues that the "complexity of [the] issues and the Plaintiff's ability to articulate those arguments while proceeding *in propria persona*" supports granting the motion. Mot. at 5–6 (capitalization omitted).  The Court disagrees; Plaintiff's voluminous (often daily) substantive and administrative motions in this action[1] demonstrate that she possesses the capacity to "conduct legal research and present claims and arguments in writing." *Doe v. United States*, No. 22-cv-01107-TSH, 2022 WL 816031, at *2 (N.D. Cal. Mar. 17, 2022); *see also Bernstein v. United States Dep't of Housing & Urban Development*, No. 20-cv-02983-JSC, 2021 WL 4497872, at *6 (N.D. Cal. Aug. 16, 2021) ("Plaintiffs' . . . numerous filings demonstrate that they capable of conducting legal research, presenting claims and arguments in writing, and understanding legal issues.").

Because this action is not exceptional, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  June 23, 2026

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] *See, e.g.*, ECF Nos. 2 (motion for leave to proceed *in forma pauperis*), 4 (notice of administrative motion to relate cases), 5 (request for judicial notice), 6 (miscellaneous administrative motion), 9 (putative motion to "replace" original complaint), 11 (motion for temporary restraining order), 13 (notice of pendency of other state court action), 20 (stricken miscellaneous administrative motion), 24 (motion for reconsideration of order denying motion for temporary restraining order), 27 (miscellaneous administrative motion), 30 (miscellaneous administrative motion), 34 (sealing motion), 36 (motion for leave to amend), 41 (miscellaneous administrative motion), 43 (request for judicial notice), 45 (miscellaneous administrative motion), 46 (miscellaneous administrative motion), 53 (miscellaneous administrative motion), 55 (miscellaneous administrative motion), 57 (motion for leave to proceed anonymously), 58 (miscellaneous administrative motion), 59 (stricken motion for preliminary injunction), 60 (miscellaneous administrative motion), 62 (motion for preliminary injunction), 63 (miscellaneous administrative motion), 65 (request for judicial notice), 69 (miscellaneous administrative motion), 70 (stricken miscellaneous administrative motion), 76 (sealing motion), 88 (motion to disqualify), 92 (miscellaneous administrative motion), 98 (present motion to appoint counsel), 110 (miscellaneous administrative motion), 112 (sealing motion), 124 (sealing motion).