JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, <br><br> Defendants. | Case No.: 5:26-cv-03809-BLF <br><br> **STATEMENT OF RECENT DECISION AS PER CIVIL L.R. 7-3 (d)(2), RE: *West Virginia v. B. P. J.,* No. 24-43, 609 U. S. \_\_\_\_ (2026)** <br><br> Before the Honorable Beth Labson Freeman |

Civil Local Rule 7-3(d)(2) provides that "[b]efore the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition […] was filed by filing and serving a Statement of Recent Decision." *Ibid*. Although the Local Rule proscribes that such a notice "shall contain a citation to and provide a copy of the new opinion without argument[,]" given the length of the Opinion, the Plaintiff will cite two portions of the opinion for the convenience of the Court and the parties.

On her opposition brief, *see* ECF No. 139, the Plaintiff argued that this Circuit adopted a traditional Fourteenth Amendment equal protection of the law analysis for "class-based animus"

requirement for a claim under 42 U.S.C. § 1985. The Opposition cited *De Santis v. Pac. Tel. & Tel. Co.*, 608 F.2d 327 (9th Cir. 1979) for this position. It also argued that transgender status is a suspect class in this Circuit. In support thereof, the Plaintiff cited *Karnoski v. Trump*, 926 F.3d 1180, 1193 (9th Cir. 2019) and *Hecox v. Little*, 479 F. Supp. 3d 930 (D. Idaho 2020); *affirm'd sub. nom., Hecox v. Little*, 79 F.4th 1009 (9th Cir. 2023) (en banc). It noted, however, that a petition for writ of *certiorari* was granted on *Hecox*. *See Little v. Hecox*, 146 S. Ct. 819 (2025). The Supreme Court issued its opinion earlier today—issuing it under *West Virginia v. B. P. J.,* No. 24-43, 609 U. S. ____ (2026). As was in *United States v. Skrmetti*, 605 U.S. 495 (2025), the Supreme Court majority once again refused to address the question as to whether transgender status would constitute suspect class. *See West Virginia*, slip op. at 23 (majority opinion of KAVANAUGH, J.). As such, *Hecox*'s finding in the Ninth Circuit—that transgender status constitutes suspect class—remains undisturbed. JUSTICE THOMAS' concurring opinion, *see* slip. op. at 1, finds that transgender status is not suspect class, but it is not the binding part of the Court's opinion.

 *Second*, to the extent that the Plaintiff noted in the opposition that *Bostock*'s reasoning might aid in solving questions presented in the opposition, *Bostock* still remains to be good law for those purposes. *See West Virginia*, slip op. at 2-4 (concurring opinion of GORSUCH, J.).

 The Opinion is attached as Exhibit A to this Notice.

Respectfully submitted,

/s/ Jane Doe
_____
JANE DOE
*In Propria Persona*

2
STATEMENT OF RECENT DECISION AS PER CIVIL L.R. 7-3 (d)(2)
5:26-cv-03809-BLF