JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>       v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>                    Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS AND STAY THE DISPOSITION OF THE MOTION TO DISMISS PENDING JURISDICTIONAL DISCOVERY**<br><br>Before the Honorable Beth Labson Freeman |

i
NOTICE OF MOTION AND MOTION FOR JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS
5:26-cv-03809-BLF

**TABLE OF CONTENTS**

**Page:**

NOTICE OF MOTION AND MOTION………………………………………………………………..1
CONCISE STATEMENT OF RELIEF REQUESTED………………………………………………1
MEMORANDUM OF POINTS AND AUTHORITIES
      I.  INTRODUCTION AND LEGAL STANDARD………………………………………….2
      II. FACTUAL ISSUES REGARDING THE ACTING-UNDER-THE-COLOR-OF-LAW
         STATUS OF DEFENDANTS SHAW, CASEBEER-BLUM, DEVLIN…………………3
      III. ARGUMENT
         a.  Limited Jurisdictional Discovery as to How Exactly Defendant Shaw
            Obtained the Plaintiff's ID Card Is Proper to Establish Him as Someone that
            Acted under the Color of State Law…………………………………………. 4
         b.  Motion is Timely……………………………………………………………. 4
         c.  Staying the Disposition of the Dismissal Motion Until Jurisdictional
            Discovery Is Complete Would be Proper……………………………….…..5
      IV. CONCLUSION…………………………………………………………….…..6

**TABLE OF AUTHORITIES**

Caselaw:

*Anderson v. Cty. of Fresno*,
    No. 1:21-cv-01134-ADA-SAB, 2023 U.S. Dist. LEXIS 58702 (E.D. Cal. Apr. 3, 2023)…..2
*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008)………………………………………………………..2
*City of Moundridge v. Exxon Mobil Corp.*,
    244 F.R.D. 10 (D.D.C. 2007)…………………………………………………….. 5
*Cockrum v. Donald J. Trump for President, Inc.*,
    319 F. Supp. 3d 158 (D.D.C. 2018)…………………………………………………5
*Dearing v. Magellan Health Inc.*,
    2020 U.S. Dist. LEXIS 226338 (D. Ariz. 2020) …………………………………………5
*Delux Pub. Charter, LLC v. Cty. of Orange*,
    No. SACV 20-2344 JVS (KESx), 2022 U.S. Dist. LEXIS 104462 (C.D. Cal. May 6,
    2022)…………………………………………………………………………………2
*Flexpand, Ltd. Liab. Co. v. Cream, Inc.*,
    No. C 19-0878 SBA, 2020 U.S. Dist. LEXIS 265212 (N.D. Cal. Sep. 9,
    2020)…………………………………………………………………………………3
*Green Jeeva LLC v. Pathak*,
    No. 2:25-CV-1122 JCM (DJA), 2026 U.S. Dist. LEXIS 3823 (D. Nev. Jan. 9,
    2026)…………………………………………………………………………………5
*Laub v. U.S. Dep't of Interior*,
    342 F.3d 1080 (9th Cir. 2003)…………………………………………………..2, 3
*Merrill v. Mental Health Sys.*,

No. 3:16-cv-01090-GPC-JMA, 2016 U.S. Dist. LEXIS 124245 (S.D. Cal. Sep. 13, 2016)………………………………………………………………………… 2, 4

*Orchid Biosciences, Inc. v. St. Louis University*,
198 F.R.D. 670 (S.D. Cal. 2001)…………………………………………………….. 2

*O'Handley v. Weber*,
62 F.4th 1145 (9th Cir. 2023)………………………………………………………….4

*Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017)………………………………………………………….3

*Redline Realty LLC v. Colony Ins. Co*.,
No. CV-25-01147-PHX-DWL, 2025 U.S. Dist. LEXIS 207783 (D. Ariz. Oct. 21, 2025)…..5

*Star Fabrics, Inc. v. Zappos Retail, Inc*.,
No. CV 13-00229 MMM (MRWx), 2013 U.S. Dist. LEXIS 198641 (C.D. Cal. July 19, 2013)……………………………………………………………………………….2

*State v. Mayorkas*,
600 F. Supp. 3d 994 (D. Ariz. 2022)………………………………………………….5

*Terracom v. Valley Nat'l Bank*,
49 F.3d 555 (9th Cir. 1995)…………………………………………………………..2

*West Virginia v. B. P. J.*,
No. 24-43, 609 U. S. ____ (2026)……………………………………………………2

*Young v. U.S.*,
769 F.3d 1047 (9th Cir. 2014)………………………………………………………..3

NOTICE OF MOTION AND MOTION FOR JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS
5:26-cv-03809-BLF

**NOTICE OF MOTION AND MOTION**

**NOTICE IS HEREBY IS GIVEN THAT** on _____ at _____, or as soon as thereafter as the matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 1 of the above-entitled court, located at 280 South First Street, San Jose, CA 95113, the Plaintiff will and hereby does move this Court for the entry of an Order allowing the Plaintiff to conduct limited jurisdictional discovery on the limited scope of the defendants' motion to dismiss the operative complaint's federal-law claims.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the Second Amended Complaint, and all other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing.

**CONCISE STATEMENT OF MOTION**

Defendants seek dismissal over the Plaintiff's first five causes of action in the Operative Complaint ("SAC"), brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The question that the Court has to address is whether there was some form of meeting-of-minds, overt encouragement, joint action, or a symbiotic relationship between parties that were acting under the color of law and those purportedly 'private' parties. The nature of this question turns into *how* Defendant Richard Shaw acquired the Plaintiff's identification card that was rendered to a police officer within Defendant Stanford University Department of Public Safety (SDPS) in 2024, which Defendant Shaw admits is the key event that started his purported investigation that led to the Plaintiff's expulsion. Limited jurisdictional discovery under these circumstance is proper.

//

NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS

5:26-cv-03809-BLF

**MEMORANDUM OF POINTS AND AUTHORITIES**

"I do not understand the majority to suggest […] on the more extreme end, that schools could expel transgender students because they are transgender."

*West Virginia v. B. P. J.*, No. 24-43, 609 U. S. ____ (2026), slip. op. at 32 (opn. of SOTOMAYOR, J.).

## I. INTRODUCTION AND LEGAL STANDARD

Jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation and internal quotation marks omitted). But a mere "hunch that [discovery] might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008), or "bare allegations in the face of specific denials," *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted), are insufficient reasons for a court to grant jurisdictional discovery. "[L]eave to conduct jurisdictional discovery **limited to the specific issue of whether Defendants acted under color of state law**" is proper. *Merrill v. Mental Health Sys.*, No. 3:16-cv-01090-GPC-JMA, 2016 U.S. Dist. LEXIS 124245, at *17 (S.D. Cal. Sep. 13, 2016) (emphasis added). *See also Anderson v. Cty. of Fresno*, No. 1:21-cv-01134-ADA-SAB, 2023 U.S. Dist. LEXIS 58702, at *181 n.18 (E.D. Cal. Apr. 3, 2023). Jurisdictional discovery to solve a "relevant factual dispute," *see Delux Pub. Charter, LLC v. Cty. of Orange*, No. SACV 20-2344 JVS (KESx), 2022 U.S. Dist. LEXIS 104462, at *13 (C.D. Cal. May 6, 2022), is also proper.

"District courts have 'a significant amount of leeway' in deciding whether to grant plaintiffs leave to conduct  jurisdictional discovery while a motion to dismiss is pending." *Star Fabrics, Inc. v. Zappos Retail, Inc.*, No. CV 13-00229 MMM (MRWx), 2013 U.S. Dist. LEXIS 198641, at *13-14 (C.D. Cal. July 19, 2013), citing *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D.

2

NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS

5:26-cv-03809-BLF

670, 672 (S.D. Cal. 2001). Because "if further discovery were allowed, the outcome of the motion to dismiss would be affected," *Laub v. United States Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), *i.e.* dismissal of the Plaintiff's federal law claims, jurisdictional discovery in response to a motion to dismiss is proper. "Allegations of jurisdictional facts . . . are not afforded presumptive truthfulness; **on a motion to dismiss for lack of subject matter jurisdiction, the court may hear evidence of those facts and resolve factual disputes where necessary**." *Young v. U.S.*, 769 F.3d 1047, 1052 (9th Cir. 2014) (emphasis added).

## II. FACTUAL ISSUES REGARDING THE ACTING-UNDER-THE-COLOR-OF-LAW STATUS OF DEFENDANTS SHAW, CASEBEER-BLUM, DEVLIN

Construing the allegations of the Complaint as liberally as possible, as required at this pre-dismissal stage, and reviewing the defendants' motion to dismiss thereof, one arrives at some "facts bearing on the question of jurisdiction are controverted" *Laub*, *ibid*. Plainitff alleges in the operative complaint, partly based on information and belief[1], *see* SAC at ¶¶ 86-96, that SDPS officers, who acted under the color of law as police officers, gave overt encouragement and had a meeting-of-minds in a tightly-intertwined and symbiotic relationship with, *inter alios*, Defendant Shaw to expel Plaintiff after having targeted her based on her transgender status. The Plaintiff argues that these facts, taken as a totality, suggests that Defendants Shaw, Devlin, Casebeer-Blum were acting under the color of law thereof under multiple tests employed in this Circuit to hold a nominally private party as those that acted under the color of law. *See, e.g.,* ECF No. 139 at 15-18 (although the opposition also argues that the Court need not reach this analysis and find state action and ends its

---

[1] *See Park v. Thompson,* 851 F.3d 910, 928 (9th Cir. 2017) (holding that even after *Iqbal*, a complaint can allege facts based on information and belief). *See, accord, Flexpand, Ltd. Liab. Co. v. Cream, Inc.*, No. C 19-0878 SBA, 2020 U.S. Dist. LEXIS 265212, at *19 (N.D. Cal. Sep. 9, 2020).

inquiry therein). Defendants point out to a declaration incorporated into the complaint where they allege and vocalize their belief that this is not the case. *See* ECF No. 104 at 2: 16, 4: 15, 9: 10-12. Plaintiff disagrees. *See* ECF No. 139 at 7. Defendants argue that this was mere "information sharing" that would not constitute joint action under *O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023). Plaintiff disagrees. *See* ECF No. 139 at 16.

Defendants also argue that *because* this ID-sharing by the SDPS officers were done in an allegedly non-policing capacity, they were not acting under the color of law. *See* ECF No. 104 at 15. Again, Plaintiff disagrees. *See* ECF No. 139 at 14-15.

This raises a threshold jurisdictional question as defendants argue that the Court lacks jurisdiction to hear the Plaintiff's federal law claims. *See* ECF No. 104 at 6-11.

### III. ARGUMENT

#### a. Limited Jurisdictional Discovery as to How Exactly Defendant Shaw Obtained the Plaintiff's ID Card Is Proper to Establish Him as Someone that Acted under the Color of State Law

Again, "leave to conduct jurisdictional discovery **limited to the specific issue of whether Defendants acted under color of state law**" is proper. *Merrill*, 2016 U.S. Dist. LEXIS 124245, at *17. The Plaintiff seeks very limited discovery as to (1) *who* and *under what authority* at SDPS shared the Plaintiff's ID card with Defendant Shaw so that it could be determined if the SDPS officer was actually acting under the color of law, (2) to what extent SDPS was involved in Defendant Shaw's investigation so that it could be determined if any joint action existed, and (3) how the Plaintiff's ID card was shared with Defendant Shaw for the same reason as sub-section (2).

#### b. Motion is Timely

"When a defendant has moved to dismiss a complaint on jurisdictional grounds, the appropriate time to request jurisdictional discovery is in opposition to the defendant's motion[.]

4

NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS

5:26-cv-03809-BLF

*State v. Mayorkas*, 600 F. Supp. 3d 994, 1015 (D. Ariz. 2022), citing *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 187-88 (D.D.C. 2018). For instance, a motion for jurisdictional discovery would be untimely if "plaintiffs' request '[come] too late' because 'Plaintiffs waited **until after the Court's hearing** to file a 24-page motion for jurisdictional discovery, presumably because the Court's extensive questioning on personal jurisdiction alerted plaintiffs to the risk of relying on their complaint'" *Mayorkas*, 600 F. Supp. 3d at 1015. Or, again, it would be untimely if "it was not raised until after the motion to dismiss **was fully briefed and resolved**." *Mayorkas*, 600 F. Supp. 3d at 1015, citing *Dearing v. Magellan Health Inc.*, 2020 U.S. Dist. LEXIS 226338, 2020 WL 7041048, *2 (D. Ariz. 2020) (emphasis added).

Although the Plaintiff did not raise her motion **in her opposition brief**, "**independently s[eeking] jurisdictional discovery**" is also proper. *Mayorkas*, 600 F. Supp. 3d at 1015, citing *City of Moundridge v. Exxon Mobil Corp.*, 244 F.R.D. 10, 14-15 (D.D.C. 2007) (emphasis added).

### c. Staying the Disposition of the Dismissal Motion Until Jurisdictional Discovery Is Complete Would be Proper

Because, as argued *supra*, jurisdictional discovery may affect the result of the motion to dismiss, the Plaintiff respectfully requests that the Court, under its equitable powers driven from its inherent jurisdiction, not dispose of the defendants' motion to dismiss until after jurisdictional discovery is conducted. The Plaintiff further respectfully moves this Court to grant the Plaintiff leave to "file a supplemental opposition to the motion to dismiss[,]" *see Green Jeeva LLC v. Pathak*, No. 2:25-CV-1122 JCM (DJA), 2026 U.S. Dist. LEXIS 3823, at *13 (D. Nev. Jan. 9, 2026), when jurisdictional discovery is complete. *See, e.g.*, *Redline Realty LLC v. Colony Ins. Co.*, No. CV-25-01147-PHX-DWL, 2025 U.S. Dist. LEXIS 207783, at *2 (D. Ariz. Oct. 21, 2025) ["the Court grants Plaintiff's request for limited jurisdictional discovery and holds Cavello Bay's motion

NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS

5:26-cv-03809-BLF

to dismiss in abeyance until the limited jurisdictional discovery and supplemental briefing are complete."].

### IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully moves this Court to (1) grant the Plaintiff leave to conduct limited jurisdictional discovery, (2) hold disposition of the motion to dismiss in abeyance, and (3) after jurisdictional discovery is complete, grant the Plaintiff leave to file a supplemental brief as to whether the discovered material would affect this Court's subject-matter jurisdiction over the Plaintiff's federal-law claims.

Respectfully submitted,
DATED: June 30, 2026.

/s/ Jane Doe

JANE DOE
*In Propria Persona*

NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS
5:26-cv-03809-BLF