JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>                    Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>***ADDENDUM* TO THE MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS AND STAY THE DISPOSITION OF THE MOTION TO DISMISS PENDING JURISDICTIONAL DISCOVERY**<br><br>Before the Honorable Beth Labson Freeman<br><br>RE: ECF No. 160 |

On June 30, 2026, the Plaintiff filed a motion for jurisdictional discovery. *See* ECF No. 160. The motion argued that jurisdictional discovery is proper because the defendants' argument for dismissal of the federal-law claims in this action stem from their argument that this Court lacks subject-matter jurisdiction over those claims for lack of state action. For abundance of clarity, the Plaintiff notes the following and moves that this pleading be considered an *addendum* to her initial motion.

Although defendants moved the Court for dismissal "pursuant to Federal Rule of Civil Procedure 12(b)(6)[,]" *see* ECF No. 113 at 8, and not under Federal Rule of Civil Procedure 12(b)(1), it is clear that the motion, although termed and *stylized* as a motion to dismiss for failure to state

1

ADDENDUM TO THE MOTION FOR JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS
5:26-cv-03809-BLF

a claim on which relief can be granted, attacks this Court's subject-matter jurisdiction over the federal-law claims. *See, e.g.,* ECF No. 160 at 6-10 [noting that "[f]ive of nineteen claims in the SAC arise under federal law" and thereafter elucidating that the Court lacks jurisdiction over them for lack of state action]. "There are two primary bases for a federal court's **subject matter jurisdiction**: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332." *Lawrence v. BNSF Ry. Co.*, No. 2:16-cv-01278-KJM-CKD, 2016 U.S. Dist. LEXIS 165436, at *3 (E.D. Cal. Nov. 30, 2016) (emphasis added). Indeed, in case cited by the Plaintiff wherein the court therein allowed jurisdictional discovery to allege facts that would constitute state action, the defendants therein had moves the Court for dismissal "pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f)." *Merrill v. Mental Health Sys.*, No. 3:16-cv-01090-GPC-JMA, 2016 U.S. Dist. LEXIS 124245, at *1 (S.D. Cal. Sep. 13, 2016).

As such, defendants stylistic choice contrive this Court's inherent and broad jurisdiction to order and control discovery.

Respectfully submitted,
DATED: June 30, 2026.

/s/ Jane Doe
_____
JANE DOE
*In Propria Persona*

ADDENDUM TO THE MOTION FOR JURISDICTIONAL DISCOVERY AS TO FEDERAL-LAW CLAIMS
5:26-cv-03809-BLF