**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JANE DOE,

           Plaintiff,

     v.

BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,

           Defendants.

Case No.  5:26-cv-03809-BLF

**ORDER DENYING MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY; STRIKING IMPROPER ADDENDUM**

[Re: ECF Nos. 160, 161]

Plaintiff seeks leave to conduct "jurisdictional discovery" into the circumstances underlying "how Defendant Richard Shaw acquired the Plaintiff's identification card that was rendered to a police officer within Defendant Stanford University Department of Public Safety . . . . in 2024, which Defendant Shaw admits is the key event that started his purported investigation that led to the Plaintiff's expulsion." ECF No. 160 at 1.  Plaintiff argues that these circumstances may bear on the Court's subject-matter jurisdiction because they are relevant to the state-action element of her section 1983 claims.  Mot. at 2.  The Court disagrees.  Whether the complaint pleads state action goes to the merits issue whether Plaintiff alleges sufficient factual matter to plausibly state a claim, not the Court's jurisdiction.

Plaintiff's invocation of *Merrill v. Mental Health Systems*, No. 16-cv-01090-GPC-JMA, 2016 WL 4761789, at *6 (S.D. Cal. Sept. 13, 2016), is not to the contrary.  ECF No. 160 at 2.  In *Merrill*, the plaintiff state parolees asserted various causes of action against a treatment provider for allegedly providing inadequate medical services while operating a state-funded substance abuse treatment program.  2016 WL 4761789, at *2.  After the defendants removed the case and moved to dismiss, the district court dismissed the plaintiffs' section 1983 claims for failure to

allege state action, declined to exercise supplemental jurisdiction over the plaintiffs' state law claims, and deferred consideration of whether those state law claims were sufficiently pleaded until plaintiffs amended their section 1983 claims. *Id.* at *6. The court exercised its discretion to permit the plaintiffs to conduct early discovery based on their representation that they may be able to amend the section 1983 claims to plead state action. *See id.* Nothing in that court's analysis supports Plaintiff's position that the failure to plead state action is a jurisdictional defect. The motion is accordingly DENIED.

In an improperly filed "addendum," Plaintiff argues that the Stanford Defendants' Rule 12(b)(6) motion is actually a challenge to the Court's subject matter jurisdiction. ECF No. 161. Arguments on a motion must be presented in a single brief, and the Court STRIKES this addendum. For the avoidance of doubt, any argument that the complaint fails to allege state action would be the proper subject of a Rule 12(b)(6) motion.

**IT IS SO ORDERED.**

Dated: July 1, 2026

_____
BETH LABSON FREEMAN
United States District Judge

2