JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **NOTICE, RE: STANFORD DEFENDANTS' NEW FERPA ARGUMENTS RAISED FOR THE FIRST TIME ON THE REPLY BRIEF; APPENDIX A IN SUPPORT THEREON** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al*., | |
| Defendants. | Before the Honorable Beth Labson Freeman |

Plaintiff recently filed an administrative motion for leave to file a sur-reply, *see* ECF No. 174, arguing that defendants improperly raised multiple new arguments on their reply brief.

The Plaintiff did not include the defendants' **novel** arguments about the propriety of their violation of federal law at Family Educational Rights and Privacy Act of 1974 ("FERPA"), Pub. L. 93-380 (raised again for the first time on the Reply brief) in her proposed sur-reply, filed as an Exhibit A to her administrative motion, partly because addressing these arguments would have significantly enlarged the sur-reply, which is supposed to provide a limited space for a litigant.

Fascinatingly, the only judicial opinion that addresses the FERPA provision in question—34 CFR § 99.31(a)(2)—*ever* is this Court's earlier screening order. *See* Appendix A In Support Hereon.

1

NOTICE, RE: STANFORD DEFENDANTS' NEW FERPA ARGUMENTS RAISED FOR THE FIRST TIME ON THE REPLY BRIEF; APPENDIX A IN SUPPORT THEREON

5:26-cv-03809-BLF

In light of this, the Plaintiff respectfully suggests that if the Court is inclined to address this issue at this preliminary dismissal stage, it *sua sponte* orders and sets a supplemental briefing schedule on this question so that more spacious arguments could be argued. The undersigned has reviewed the extensive documentation of and records of floor debates entertained by the 93rd United States Congress, speeches on the enactment delivered by Senator Buckley (the drafter of the legislation), and whatever Supreme Court precedent exists on this question, including *Owasso Independent School District v. Falvo*, 534 U.S. 426 (2002) and *Gonzaga University v. Doe*, 536 U.S. 273 (2002) —she is convinced that her reading of the statute is the only sensible one, one that also comports with Congressional intent. But producing such a work of legal history without prompted by this Court would be procedurally improper and highly unusual. As such, the Plaintiff files this notice in lieu thereof.

The Plaintiff also wishes to underscore the fact that this is not the first time defendants have violated the provisions of federal law—specifically FERPA. *See* Dkt No.s. 173 and 180 in *Doe v. Smith, et al*., 5:25-cv-03490-PCP (N.D. Cal. 2025). And this is not the first time defendants brought arguments regarding FERPA that have been rejected by courts as legally unsound. *See, e.g.,* Dkt. No. 186 at 5 (finding that defendants "have not cited any authority indicating that FERPA in and of itself establishes compelling reasons for sealing judicial records" and denying their motion to seal thereto) (opinion of Pitts, J.). The Plaintiff would be remiss if she did not note that defendants have also brought, fascinatingly, a "vexatiousness" motion because the Plaintiff told their client to **stop violating the federal law.** ("Oh, Rick, oh, Rick... **When will you learn to follow the law and stop thinking that you are above it?"**) (emphasis added). Apparently, asking someone to stop violating the mandates of federal law is…"vexatious."

NOTICE, RE: STANFORD DEFENDANTS' NEW FERPA ARGUMENTS RAISED FOR THE FIRST TIME ON THE REPLY BRIEF; APPENDIX A IN SUPPORT THEREON

5:26-cv-03809-BLF

In light of the foregoing, and for a record thereto to be made establishing defendants' *joyful* violations of federal law, the Plaintiff respectfully suggests that the Court sets a supplementary briefing schedule on this issue. The Plaintiff is not moving the Court in such a way but leaves the question to the sound discretion of this Honorable Court.

Respectfully submitted,
DATED: July 7, 2026.

*/s/ Jane Doe*

JANE DOE
*In Propria Persona*

3

NOTICE, RE: STANFORD DEFENDANTS' NEW FERPA ARGUMENTS RAISED FOR THE FIRST TIME ON THE REPLY BRIEF; APPENDIX A IN SUPPORT THEREON

5:26-cv-03809-BLF

APPENDIX A IN SUPPORT HEREON

NOTICE, RE: STANFORD DEFENDANTS' NEW FERPA ARGUMENTS RAISED FOR THE FIRST TIME ON THE REPLY BRIEF; APPENDIX A IN SUPPORT THEREON

5:26-cv-03809-BLF



Case 5:26-cv-03809-BLF    Document 178    Filed 07/07/26    Page 6 of 6

7/8/26, 2:37 AM

Privacy Policy

Trust Center

Cookie Policy

Terms & Conditions

Live Chat Support

On Demand Training

1-800-543-6862

Copyright © 2026 LexisNexis.

Case 5:26-cv-03809-BLF    Document 178    Filed 07/07/26    Page 6 of 6