UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>        Defendants. | Case No.  5:26-cv-03809-BLF<br><br>**ORDER DENYING MOTION TO DISQUALIFY COUNSEL**<br><br>[Re: ECF No. 88] |

Plaintiff moves to disqualify the Stanford Defendants' counsel Khyrstyn R. McGarry and Stacie O. Kinser.  ECF No. 88 ("Mot.").  The Stanford Defendants oppose the motion.  ECF No. 117 ("Opp.").  Plaintiff filed a reply.  ECF No. 164 ("Reply").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for November 19, 2026.  *See* Civ. L.R. 7-1(b).  The motion is DENIED.

## I.    LEGAL STANDARD

Attorneys practicing in this judicial district are required to adhere to the California Rules of Professional Conduct.  Civ. L.R. 11-4.  A district court may disqualify counsel as an exercise of its inherent authority.  *United States v. Wunsch,* 84 F.3d 1110, 1114 (9th Cir. 1996).  Motions to disqualify counsel are strongly disfavored.  *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir. 1985).  "In reviewing a motion to disqualify counsel, the district court must make a reasoned judgment and comply with the legal principles and policies appropriate to the particular matter at issue.  The district court is permitted to resolve disputed factual issues in deciding a motion for disqualification and must make findings supported by substantial evidence."  *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103–04 (N.D. Cal. 2003) (internal quotation marks and citation omitted).

## II.    DISCUSSION

Plaintiff's motion for disqualification does not supply much by way of factual allegations, instead proceeding through a list of headings and subheadings alleging misconduct and then citing to a thirty-three-page declaration, ECF No. 77-1 ("Pl. Decl.").  See, e.g., Mot. at 4 ("This factual matter relates to the Plaintiff's declaration to this Court, and the attached exhibits thereto[] . . . .").  Many of Plaintiff's arguments for disqualification are also based on alleged misconduct by the Stanford Defendants' counsel in a prior suit brought by Plaintiff against some of the Defendants in this action.  *See Doe v. Smith*, No. 25-cv-03490-PCP (N.D. Cal. filed April 21, 2025) ("*Doe I*").[1]  That case was closed after the parties stipulated to voluntary dismissal, and the court has since denied Plaintiff's Rule 60(b) motion.  *See Doe I* at ECF Nos. 65, 155.

The grounds for disqualification are: (1) "McGarry retaliates against servers of process and has the audacity to object to service by pseudonymized parties with her concocted caselaw that does not support her point," (2) "McGarry's frivolous service disputes and motions to quash proof of service," (3) "McGarry deceives and lies to the Plaintiff in her dealings with the Plaintiff to acquire a stipulation for extension of time," (4) "McGarry thinks Article III judges exist to distribute her arbitrary Christian beliefs about morality and forcefully subject that religious code upon people who do not subscribe to it and thinks they should replace state and federal law, harassing the Plaintiff with her court filings because she finds the plaintiff not morally upright according to her corrupt and arbitrary Christian meanderings or syntactically palatable to her arbitrary and corrupt ears—McGarry wants the judiciary to be a 12th century inquisition and wishes U.S. District Courts to issue and impose modern-day Alhambra decrees for Jews who do not subscribe to her *asinine* moral code (put differently, McGarry is a *raging and disgusting* anti-Semite)," (5) "McGarry calls the Plaintiff 'vexatious' while acknowledging that she is not one if

---

[1] The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). T he Court may accordingly take judicial notice of Plaintiff's prior suit against Defendants and the pleadings in that action.  *See, e.g.*, *Burbank–Glendale–Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).  That said, the Court limits its judicial notice to the existence and contents of such pleadings without accepting as true the facts found or alleged therein.  *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1159 (C.D. Cal. 2011).

United States District Court
Northern District of California

2

the standard is that pesky inconvenience-to-McGarry [sic] called 'the law' as opposed to her daily whims, and turns the judicial machinery into an *ad hominem* attack battle," (6) "McGarry coerces the Plaintiff to sign a stipulation while mentally incapacitated," (7) "McGarry lies about recovery of costs of suit in federal courts while obtaining that stipulation," (8) "McGarry attempts to coerce the Plaintiff to dismiss several Defendants in a state court action while knowing that the Plaintiff was in the emergency room and misrepresents the law to her during that process because her co-counsel lost an appeal on that very legal issue before the California Court of Appeal for the Sixth District," (9) "McGarry has likely been involved with Defendant Shaw's investigation *ab initio* in violation of Rule 3.10," (10) "McGarry's procedural 'gambit' with her motion for disclosure," (11) "taken as a whole, McGarry abused the judicial machinery to curtail the Plaintiff's First Amendment right to petition the Government for redress of grievances because those petitions were unlikeable to her moral beliefs, and McGarry used the judicial machinery to launch ceaseless *ad hominem* attacks on the Plaintiff," (12) "McGarry's thirteen page 'motion for disclosure' includes only *two lines* that are not lies and instruments of deception," (13) "McGarry's citation practice intentionally attempts to deceive Judge Pitts," (14) "McGarry likely used the Plaintiff's likeness to open a fake X account and submits that to Judge Pitts in a declaration under the penalty of perjury to attempt to deceive and prejudice Judge Pitts against the Plaintiff (it did not work)," (15) "Kinser changes the Plaintiff's IP addresses on her secure uploader platform," (16) "Kinser has the audacity to deceive Judge Pitts in her declaration under the penalty of perjury after her digital fraud addressing her fraud." Mot. at 6–8 (capitalized omitted).

In grounds 1, 2, and 3, Plaintiff appears to argue that the Stanford Defendants' counsel engaged in gamesmanship with regard to service, alleging that counsel "conned" Plaintiff (and the Court) by failing to timely notice an appearance after being served and "attempt[ing] to use [service] as a 'bargaining chip' to imply that [counsel] would file a motion to quash proof of service." Pl. Decl. ¶¶ 151–54. Plaintiff's allegations regarding gamesmanship are contradicted by the counsel's agreement to treat service as complete after being served with an unredacted copy of the second amended complaint. *See* ECF No. 82; ECF No. 73-1 ¶ 4. The Court does not find disqualification warranted on these grounds.

3

In grounds 4 and 5, Plaintiff appears to argue that, by drawing the *Doe I* court's attention to Plaintiff's request in state court proceedings for entry of default against a defendant at 12:01 a.m. on the day following that defendant's deadline to file an answer, counsel improperly attempted to impose her "moral beliefs" as a member of "the religious majority" on Plaintiff.  Pl. Decl. ¶¶ 71–72.  To the extent that Plaintiff suggests that she moved for entry of default against that state court defendant due to her moral or religious views, Plaintiff fails to explain how counsel should have known of this fact, let alone plausibly suggest that counsel sought to retaliate against Plaintiff for her moral or religious views.  In any case, Plaintiff appears to clarify in her reply brief that she does not seek disqualification on this ground.  *See* Reply at 4 ("Nowhere in the motion did the Plaintiff argue that counsel should be disqualified **for**, *inter alia*, exhibiting anti-Semitic behavior (it just *in passing*, yet in passionate speech, mentioned its 'disgusting and raging' [sic] anti-Semitic qualities)." (internal footnote omitted)).  The Court does not find disqualification warranted on these grounds.

In grounds 6, 7, and 8, Plaintiff appears to argue that counsel coerced her into stipulating to dismissal of her claims in *Doe I* in exchange for waiver of costs while she was incapacitated, and that counsel also attempted to take advantage of her incapacitation to coerce her to dismiss certain defendants in a state court action.  The Stanford Defendants point out that Plaintiff made the same argument in her Rule 60(b) motion in *Doe I*, where the court found that "the record does not support her assertion that she remained incapacitated when she stipulated to a dismissal.  Far from it[,] [in that period] . . . Doe litigated this case (and the admissions matter) with gusto."  Opp. at 7 (quoting *Doe I*, ECF No. 155 at 11).  While the Cout does not take judicial notice of the *Doe I* proceedings for their truth, the Court agrees that the docket entries in *Doe I* suggest that (like in this action), she litigated that case at a frenetic pace both before, during, and after she dismissed her claims, contradicting her incapacitation claim.  *Cf. Doe I* at ECF No. 203 (docket entry) ("This case has been closed for more than 10 months, and the Court denied Doe's motion to reopen the case almost 8 weeks ago.  With all collateral sealing disputes now resolved, there is little conceivable basis for continued motions practice in this action.  Nevertheless, Doe persists.").  Plaintiff also conflates counsel's vigorous representation of their clients—which naturally would

4

include seeking dismissal of the claims against them—with coercion. The Court does not find disqualification warranted on these grounds.

In grounds 9, 14, 15, and 16, Plaintiff asserts that counsel participated in the Stanford Defendants' investigation into her admission, impersonated her on social media, and "changed" her IP address. There is an insufficient evidentiary basis for these accusations beyond Plaintiff's fantastical speculation. *See, e.g.*, Pl. Decl. ¶¶ 144 ("I can only assume that she was involved in the process of getting my ID card to Defendant Shaw for him to magically start investigating my application after 4 years."), 145 ("[I]t appears plausible that it is McGarry that actually opened this account and posted these tweets."), 165 (faulting Ms. Kinser for failing to "make a statement under the penalty of perjury simply declaring that she did not change the Plaintiff's IP address"); *see also* Reply at 6 ("Ms. Kinser should be assumed to have conceded to evidence tampering."). The Court does not find disqualification warranted on these grounds.

In grounds 10, 11, 12, and 13, Plaintiff appears to challenge the substance of counsel's litigation of Plaintiff's claims against the Stanford Defendants, including the Stanford Defendants' "motion for disclosure" of Plaintiff's identity in *Doe I*. *See Doe I*, ECF No. 29. Plaintiff's disagreement with counsel's legal arguments is simply not a basis for disqualification *See, e.g.*, Pl. Decl. ¶ 106 ("Of course, the reason why McGarry did not abide by Bluebook Rule 10.6(a) (and did not include the name of the Justice whose plurality opinion she is citing) is that Justice Thomas' opinion therein is not the most narrow opinion and, thus, under the test elucidated in *Marks v. United States*, 430 U.S. 188 (1977)[,] is not the binding part of the opinion."). Making arguments that Plaintiff disagrees with is not an attempt to "con" or "deceive" the Court. The Court does not find disqualification warranted on these grounds.

### III.    ORDER

For the foregoing reasons, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  July 9, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5