JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>                    Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**CONSOLIDATED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3)**<br><br>RE: ECF No.s **103, 104**, **107, 109**, **118**, 129, **133**, 137, 159, **168**, 173, 179<br><br>(Bolded ECF No.s refer to the administrative motions as to whether another party's material should be sealed) |

## I. INTRODUCTION AND PROCEDURAL POSTURE

Plaintiff had filed a consolidated statement in response to certain perpetually-propagating-in-number number of "administrative motions" to consider whether 'another' party's material should be sealed, filed (almost daily, sometimes twice daily) by Stanford defendants on materials that really need not be filed and does not "support" their moving papers, as they seem to believe. *See* ECF No. 116. Rather, the motive seems to be to burden the Plaintiff and take advantage of that burden thereto (perhaps the reason why the defendants did not stipulate to the entry of a protective order). *See, e.g.,* ECF No. 187 (arguing, albeit erroneously, that the Plaintiff is in violation of this Court's order). The Court ruled that it granting the Plaintiff pseudonymous status still renders materials filed by defendants wherein the Plaintiff's true identity could be discerned as Plaintiff's materials and thereby a proper basis for an administrative motion to consider whether another party's material should be sealed. *See* ECF No. 129. The Court ordered the Plaintiff to file a statement in compliance with the Local Rule within a week. *Ibid*. After the Court's order, the Plaintiff sought leave of the Court to file a consolidated statement to all of **then-pending** "administrative motions" to consider whether 'another' party's material should be sealed. *See* ECF No. 137. The Court granted the Plaintiff leave to file a consolidated statement of 8 pages for defendants' "administrative motions" to consider whether 'another' party's material should be sealed. *See* ECF No. 159. After the Court's order, defendants filed yet—*yet*—another "administrative motion" to consider whether 'another' party's material should be sealed. *See* ECF No. 168. Because—to borrow defense counsel's favorite *shibboleth*—the "spirit" of the "order" (whatever "spirit" of the "law" means and how one goes about psychoanalyzing judges and justices and the Framers to attempt to adduce what they *thought and intended* when they wrote an instrument of legality and why moral judgements about conduct of life that have taken place 300

1

years ago should be binding in a totalizing and all-commandeering fashion to the modern administration of justice—certainly this is not what *stare decisis* meant at common law) contemplated a consolidated statement for all of the defendants' "administrative motions" to consider whether 'another' party's material should be sealed, the Plaintiff did not want to burden the Court (especially since defendants, in their now-three-year-old vigilante crusade, take an issue with the Plaintiff's petitions to the government for a redress of grievances because the language in them does not comport to a certain apparent Missouri-Catholic moral code that counsel thinks is apparently 'universal' and 'objective' source of 'truth') with moving to include ECF No. 168 within the reach of this Court's order at ECF No. 159.

The Plaintiff is timely filing this statement within the time proscribed in the Court's order after the defendants filed their latest purported administrative motion. To the extent that the statement is considered untimely within the meaning of this Court's order at ECF No. 159, Plaintiff hereby seeks leave to file a late statement on the belief that good cause therefor has been shown. But, *contra, see, conferatur,* ECF No. 187 (because apparently, according to the defense counsel, this Court is incapable of determining *on its own* whether its orders have been violated and needs the help of the feeble mind of opposing counsel for that purpose thereto—shall counsel be an Article III judge *ex officio* as she so clearly desires (and shall we circumvent the Constitution as she so clearly desires to …to *summarily* appoint her to the bench thereto in violation of the Appointments Clause?); indeed, **what to make, <u>*seriously*</u>,** of counsel's ever-expanding, completely

CONSOLIDATED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3)
5:26-cv-03809-BLF

unreasonable desires[1]? Should the Judiciary be transformed *in toto* to accommodate them—and, of course, *only* and *exclusively* them—even if it is to the detriment of everyone else?).).

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commo'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is based on the need for federal courts, although independent; indeed, particularly because they are independent to have a measure of accountability and for the public to have confidence in the administration of justice."' *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr for Auto Safety*, 809 F.3d at 1102. When the

---

[1] Counsel's doubtlessly agitated deliria seem to the undersigned to resemble a certain psychosis similar to the one exhibited by the protagonist of Tennessee Williams' play, *A Streetcar Named Desire—i.e.* Blanche DuBois. "They told me to take a streetcar named Desire and then transfer to one called Cemeteries and ride six blocks and get off at - Elysian Fields!" *Id.* at scene I (Penguin Modern Classics, 1983 ed.). The undersigned genuinely hopes that counsel will receive the necessary aid in her journeys (on streetcars or other vehicles like legal pleadings) of finding a *compos mentis* (a difficult endeavor these days)—unlike poor Blanche, who, unlike defense counsel, deserved so much better.

CONSOLIDATED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3)

5:26-cv-03809-BLF

underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096-98. If the underlying motion does not surpass the tangential relevance threshold, the "good cause standard applies." *Id*. Put differently, when the underlying motion does not surpass the tangential relevance threshold, the lesser, "good cause" standard applies. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause" standard imposes a lower burden than the "compelling reasons" standard). Pertinently, the Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101 (footnote omitted). "[P]rocedural motions that do not bear on the merits of the underlying claims," however, generally invoke the 'good cause' standard. *Daybreak Game Co., LLC v. Kristopher Takahashi*, No. 25-cv-01489-BAS-BLM, 2026 U.S. Dist. LEXIS 66790, at *5 (S.D. Cal. Jan. 12, 2026), citing *Ctr. for Auto Safety*, 809 F.3d at 1102 ["[P]rocedural motions that do not bear on the merits of the underlying claims [call the good-cause standard]"].

**Legal Standard for ECF Nos. 103, 104:**
The court terminated these motions. *See* ECF No. 120. As such, there is no need to present sealing arguments for these "motions." *See, e.g., Santiago v. Wilkinson*, No. 3:20-CV-05538, 2020 WL 7490104, at *2 (W.D. Wash. Dec. 21, 2020).

**Legal Standard for ECF No.s. 107, 109:**

**ECF No. 107:**
The "motion" at ECF No. 107 relates to the defendants' purported "opposition" to the Plaintiff's motion for leave to proceed pseudonymously. "However, plaintiffs' willingness to proceed with litigation in this context is not related to the merits of this action because it does not relate to the strength or weakness of their claims. Nor was the Court's decision to grant the motion

4

'strongly correlative to the merits of [the] case.' *Ctr. For Auto Safety*, 809 F.3d at 1099. Thus, the motion is non-dispositive, and the good cause standard applies." *Doe v. Tchrs. Council, Inc.*, No. 3:23-cv-01747-AN, 2024 U.S. Dist. LEXIS 50742, at *13 (D. Or. Mar. 21, 2024) (inner citations retained). As such, the good-cause standard applies herein.

**ECF No. 109:**
Although the undersigned was not able to find any caselaw addressing a purported 'vexatiousness' motions and which of the two standards they would call forth herein (mostly because only vexatious litigants like the defendants file such asinine motions and such asinine motions therefor are rare), the motion in question is a *form of a sanctions motion* and, as such, the good-cause standard should apply therefor. *See, e.g., Amit Patel v. GT'S Living Foods, LLC*, No. 26-mc-80036-TSH, 2026 LX 143310 (N.D. Cal. Mar. 20, 2026).

**ECF No. 118:**
For reasons identified for ECF No. 109, good cause standard applies.

**Legal Standard for ECF No. 133:**
Obviously, a motion for preliminary injunction invokes the compelling reasons standard. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). Compelling reasons exist to redact the Plaintiff's alleged IP address, location, country of birth, country of habitual residence to protect her pseudonymous status. Compelling reasons also exist to redact defendants' corrupted summary of the Plaintiff's immigration status in the United States and in another foreign sovereign, as immigration documents and information filed in civil cases are often sealed in toto. *See, e.g., Doe v. Andrews*, No. 1:25- CV-00333-JLT-HBK (HC), 2025 U.S. Dist. LEXIS 101287, 2025 WL 1531684 (E.D. Cal. May 28, 2025) (collecting cases); *see also Doe v. Andrews*, No. 1:25- CV-00680- SKO (HC), 2025 U.S. Dist. LEXIS 113595, 2025 WL 1636053, at *1 (E.D. Cal. June 9, 2025); *Doe v. Andrews*, No. 1:25- cv-00755- CDB, 2025 LX 380397 (E.D.

Cal. Aug. 18, 2025).

**Legal Standard for ECF No. 168:**
For the reasons elucidated for ECF No. 109, the good cause standard should apply.

**Legal Standard for ECF No. 179:**
Although the Plaintiff deferred her sealing arguments at ECF No. 179 herein because they largely involved the same material over which defendants filed their purported "motion," because the Court struck that objection brief, *see* ECF No. 188, identifying sealing arguments for it is also unwarranted. *See, e.g., Santiago v. Wilkinson*, No. 3:20-CV-05538, 2020 WL 7490104, at *2 (W.D. Wash. Dec. 21, 2020).

## II. AS DEFENDANTS CONCEDE, BECAUSE DISPLAYING THESE STATE COURT DOCUMENTS WOULD INADVERTENTLY REVEAL THE PLAINTIFF'S TRUE IDENTITY, GOOD CAUSE (AND EVEN COMPELLING REASONS) EXIST TO SEAL THESE EXHIBITS *IN TOTO*

As defendants concede, the material herein is party of a state court docket where the Plaintiff's identifying information is available. And though some of these exhibits use a pseudonym, there are some filings on those dockets that use the Plaintiff's true identity and, therefore, the Plaintiff's particulars could thereby be revealed. As defendants concede, displaying this material on the docket of this case would make it possible for "[the Plaintiff's] identity and location could be traced starting from this Court's public docket." *See* Dkt. 29 in *Doe v. Smith, et al.*, 5:25-cv-03490 (N.D. Cal. 2025) at 1. And although there are pending motions to seal these exhibits, they have not been adjudicated by the state court. *See* Dkt. 29 in *Doe v. Smith, et al.*, 5:25-cv-03490 (N.D. Cal. 2025) at 1 (arguing that pseudonymous proceeding is not warranted because Doe's identifying characteristics "are disclosed in [those] courts' public dockets."). *See also* Declaration of Jane Doe in Support Thereof. Although, of course, not every reasonable member of the Public spends their time, like opposing counsel, stalking 22-year-olds on the internet, there *are* people like opposing counsel, apparently, who spend such time, and, as such, both good cause and compelling reason

6

exists to seal these exhibits *in toto* as not doing so would inadvertently violate this Court's order granting the Plaintiff pseudonymity—and this is the most narrow way to establish this protection as any material from those publicly-available briefs could be traced back—*i.e.*, the text of the brief (even if the Court redacts the case number for instance) could be put into Westlaw, and the responsive case could easily be found.

Alternatively, if the Court is not inclined to seal these exhibits *in toto* right now, it should at the very least keep the current *ad interim* sealing until the state court disposes of the motions to seal brought to it, order the Plaintiff to provide notice to this Court when that occurs, and then allow to plaintiff to argue if good cause would still exist to extend the *ad interim* sealing. However, it is important to note that large swaths of information would still need to be sealed because, as argued at ECF No. 179 at 4-5, any identifying information that would make it reasonably possible for the Plaintiff's identity to be discovered by members of the defendants' institution is likely proper. This is similar to the "small community located in a narrow geographic region" context courts across this Circuit routinely address. *Doe v. Tchrs. Council, Inc.*, No. 3:23-cv-01747-AN, 2024 U.S. Dist. LEXIS 50742, at \*10 (D. Or. Mar. 21, 2024). *See, e.g., Students for Fair Admissions v. Trs. of the Est. of Bishop, d/b/a Kamehameha Schools*, No. 25-00450 MWJS-RT, 2026 LX 185263 (D. Haw. Apr. 7, 2026) (a particular school in a particular Hawai'i town).

### III. FOR THE SAKE OF CONVENIENCE, THE PLAINTIFF MOVES THIS COURT TO TREAT THIS STATEMENT AS HER MOTION TO SEAL THE EXHIBITS FILED IN SUPPORT OF THIS STATEMENT FOR REASONS ENUMERATED HEREIN

Plaintiff is filing two exhibits in support of this statement. They are documents from the same state court case. For reasons enumerated herein, and because good-cause standard applies to this procedural motion, the Plaintiff seeks a sealing order over those two exhibits *in toto*. For the sake of convince and to not burden the Court with addressing yet another entry in this case's docket

where the number of entries reached to 200 in just shy of 2 months, the Plaintiff respectfully moves this Court to consider this statement as her administrative motion to seal exhibits filed in support of this statement.

**IV. CONCLUSION**

For the foregoing reasons, the Plaintiff hereby seeks a sealing order identified herein.

Respectfully submitted,

DATED: July 10, 2026.

/s/ Jane Doe
_____

JANE DOE
*In Propria Persona*

8

CONSOLIDATED STATEMENT OF DESIGNATING PARTY AS PER CIVIL L.R. 79-5 (f)(3)

5:26-cv-03809-BLF