July 16, 2026.
By Electronic Filing
5:26-cv-03809-BLF, *Doe v. Board of Trustees of Leland Stanford Junior University, et al.*
The Honorable Beth Labson Freeman
Robert F. Peckham Federal Building,
280 South 1st Street, San Jose, CA 95113

**RE: Plaintiff's Notice of Pendency of State Court Proceeding under Civil L.R. 3-13 (ECF No.s. 13, 14), Defendants' Statement in Reply (ECF No. 99), Plaintiff's Reply to the Reply Statement (ECF No. 101)**

Dear Judge Freeman:

This Court's Standing Order re: Civil Cases and the local rules of this judicial district do not mention the filing of letters as a means to communicate with the Court but, given that there is no other vehicle available in the Civil Local Rules of this judicial district for communicating regarding updates on a pending state court proceeding for which notice had been provided under Civil L.R. 3-13, the Plaintiff found it appropriate to file this letter on the Court's docket as a means to provide this Court with an update on the Plaintiff's earlier notice of pendency of state court proceeding that had been mentioned in the Plaintiff's notice under Civil L.R. 3-13 at ECF No. 13. To the extent that leave is required for the filing of this letter brief, Plaintiff hereby seeks leave thereto.

As the Court would recall, the Plaintiff provided notice of a pending writ of administrative mandate petition in the Superior Court of California, Santa Clara. The Plaintiff argued that no coordination is required given that no abstention, *Colorado River* stay, or any bar of claim splitting is present or applicable and that this action should proceed as is. This Court did not rule on that notice, pursuant to Civil L.R. 3-13. It is unclear to the undersigned if the Court not making a ruling on the notice is to be construed as the Court's agreement with the Plaintiff's argument that this action should proceed as is with no regard given to the state writ petition. Civil L.R. 3-13 (d) only provides that "the Judge assigned to the case pending in this district *may* make appropriate orders[.]" (italics added).

To the extent that the Court intends to order coordination, the Plaintiff indicates her intent to dismiss the Petition in the state court without prejudice and take leave of this Court to amend the operative complaint to include causes of action for a Writ of Administrative Mandate under California Code of Civil Procedure, section 1084.5 and Writ of Traditional Mandate under California Code of Civil Procedure, section 1085. Of course, this is so because a Petitioner/Plaintiff has no other procedural vehicle available to them to remove a case from a

Page 2/2

state court to a federal one. Given that complete diversity of citizenships exist, however, such an amendment would be in order.

Although the state court initially set a merits trial date in September, the trial date has recently been vacated because the there-Petitioner (here-Plaintiff) is of the belief that there is improperly withheld documentation that was released to the there-Petitioner by there-Respondents (here-Stanford-Defendants) from the administrative record (produced under California Government Code, section 11523) and the parties are conferring (by and through counsel) whether discovery would be in order to acquire the improperly withheld material. *See, e.g., Golden Door Properties, LLC v. Superior Court of San Diego County* (2020) 53 Cal.App.5th 733, 777 (holding that discovery is proper to obtain records improperly withheld from the administrative record). *See also Creed-21 v. City of Wildomar*, 18 Cal. App. 5th 690, 226 Cal. Rptr. 3d 532 (2017) (deposition may be proper in a mandate proceeding because discovery is not barred, especially if a petitioner makes a sufficient showing that deposition is necessary to obtain proper review in the mandate proceeding).

Since the state court vacated the merits trial date[1], since this Court has not ordered coordination and has not ruled on the defendants' motions to dismiss and the Plaintiff's motion for preliminary injunction, the Plaintiff is only filing this notice to appraise this Court of recent developments in the pending state proceeding since the Plaintiff's notice of pendency of other state proceeding under Civil L.R. 3-13. Of course, this letter should not be construed as the Plaintiff assuming that the Court is going to deny the defendants' motions to dismiss but is to merely note the recent developments on the state court proceeding.

Very truly yours,

Jane Doe
*Plaintiff*

---

[1] The parties are also meeting and conferring as to whether a trial by jury on factual matters would be proper under Code of Civil Procedure, section 1090 if review is found proper under Code of Civil Procedure, section 1085.