**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiff,<br><br>        v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>              Defendants. | Case No.  5:26-cv-03809-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>[Re: ECF Nos. 107, 109, 118, 133, 168] |

The Stanford Defendants have filed various administrative motions to consider whether another party's materials should be sealed.  ECF Nos. 107 (filed June 12, 2026), 109 (filed June 13, 2026), 118 (filed June 16, 2026), 133 (filed June 23, 2026), 168 (filed July 6, 2026). Plaintiff originally refused to file a supporting declaration in response to these motions, contending that the Court's order granting her motion for leave to proceed pseudonymously shifted the burden on the Stanford Defendants to identify sealable material.  *See, e.g.*, ECF No. 116 ("[I]t is the defendants' burden to go over the 1300 pages of exhibits they have filed purportedly 'in support' of moving papers and identify what needs to be redacted to comply with this Honorable Court's Order granting the Plaintiff pseudonymity status.").

On June 22, 2026, the Court advised Plaintiff that she was mistaken and that the burden was on her as the designating party to identify sealable material, ordering Plaintiff to "file a statement and declaration pursuant to Rule 79(f)(3) within seven days of the date of this order. Failure to comply with this order will result in the Court ordering that the Stanford Defendants file the identified materials publicly, redacting only Plaintiff's name, address, and contact information." ECF No. 129.  Plaintiff sought leave to file an eight-page consolidated statement

United States District Court
Northern District of California

responding to the "then-pending" motions to consider, see ECF No. 137, which the Court granted on June 30, 2026. *See* ECF No. 159 (ordering that Plaintiff "file the consolidated statement and declaration within seven days of the date of this order").

Plaintiff filed a consolidated statement on July 10, 2026, ECF No. 189, which also responds to the Stanford Defendants' most recently filed administrative motion to consider whether another party's material should be sealed. *See* ECF No. 168. While Plaintiff's consolidated statement was untimely as to the Stanford Defendants' previous administrative sealing motions, the Court will accept it because Plaintiff appears to have believed that the most recently filed administrative motion extended her deadline. The Court advises Plaintiff that the deadline to respond to each administrative motion to consider whether another party's material should be sealed is seven days and that the Court will no longer support consolidated statements.

## I.      LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79. Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

"In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5." *Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017). Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to

2

protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.    DISCUSSION

ECF No. 107 concerns the Stanford Defendants' opposition to Plaintiff's motion to proceed anonymously; the matter is not case dispositive, so the Court agrees with Plaintiff that the good cause standard applies. ECF Nos. 109, 168 concern the Stanford Defendants' motion for a prefiling order; the Court agrees with Plaintiff that a prefiling order is a form of sanctions and that the good cause standard accordingly applies. ECF No. 108 concerns the Stanford Defendants' opposition to Plaintiff's motion to disqualify counsel; since disqualification is also a form of sanction, the Court will apply the good cause standard. ECF No. 133 concerns the Stanford Defendants' opposition to Plaintiff's preliminary injunction motion, which Plaintiff concedes is case dispositive and implicates the compelling reasons standard.

Plaintiff argues that the materials identified in the administrative sealing motions (a state court docket) should be sealed in their entirety because the Stanford Defendants "concede" that "displaying this material on the docket of this case would make it possible for '[the Plaintiff's] identity and location [to] be traced from the Court's public docket." Pl. Br. at 6 (first alteration in original) (quoting *Doe v. Smith*, No. 25-cv-03490 (N.D. Cal. 2025), at ECF No. 29). The Court disagrees; the lawsuits that Plaintiff herself initiates do not constitute private or sensitive information, and Plaintiff's request is not narrowly tailored. The Court will accordingly only order sealing for material that would reveal confidential, private information.

United States District Court
Northern District of California

### III.    ORDER

Within seven days of the date of this order, the Stanford Defendants SHALL file public versions of the materials identified in the motions to consider whether another party's materials should be sealed with redacts limited to Plaintiff's name, images, contact information, address, nationality/home country, birth date, ID numbers, court case numbers, and identifying information of Plaintiff's opponents in state court.

**IT IS SO ORDERED.**

Dated:  July 27, 2026

_____

BETH LABSON FREEMAN
United States District Judge

4