**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JANE DOE,

   Plaintiff,

  v.

BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,

   Defendants.

Case No.  5:26-cv-03809-BLF

**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTION**

[Re: ECF Nos. 119, 124, 125]

Plaintiff moves to file under seal a portion of her brief in opposition to the Stanford Defendants' Motion to Declare Plaintiff a Vexatious Litigant and two exhibits attached thereto. ECF No. 185.  The motion is GRANTED IN PART and DENIED IN PART.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

United States District Court
Northern District of California

"In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5." *Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at *2 (N.D. Cal. Aug. 21, 2017).  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).

Plaintiff argues that good cause exists to seal a portion of her opposition brief describing her state court action and the entirety of two exhibits attached thereto (Plaintiff's petition for review in the California Supreme Court and Plaintiff's Response to an Order to Show Cause Why She Should Not Be Sanctioned) because the Court granted her motion for leave to proceed pseudonymously.  The Court disagrees.  The fact that Plaintiff is permitted to proceed pseudonymously in this action does not render her state court filings private or confidential.  The Court observes that neither of the exhibits Plaintiff seeks to maintain under seal disclose her name or any identifying information, so her request is not narrowly tailored.

Plaintiff SHALL file the following documents publicly with redactions as set forth in the table below:

| ECF No. | Document & Portions to Seal | Granted/Denied |
|---|---|---|
| 124-1 | Exhibit A to Plaintiff's Opposition to Stanford Defendants' Motion to Declare Plaintiff a Vexatious Litigant:<br><br>Sealed in entirety. | GRANTED as to references to state court docket number.<br><br>DENIED as to all other portions.  Plaintiff has not provided good reasons to seal state court briefs that she affirmatively chose to file publicly, nor does she explain why any of the material contained therein would reveal confidential information. |

| 124-2 | Exhibit B to Plaintiff's Opposition to Stanford Defendants' Motion to Declare Plaintiff a Vexatious Litigant:<br><br>Sealed in entirety. | GRANTED as to references to state court docket number.<br><br>DENIED as to all other portions. Plaintiff has not provided good reasons to seal state court briefs that she affirmatively chose to file publicly, nor does she explain why any of the material contained therein would reveal confidential information. |
|---|---|---|
| 125-1 | Plaintiff's Opposition to Stanford Defendants' Motion to Declare Plaintiff a Vexatious Litigant:<br><br>Page iv. at ll. 17–26, Page v. at ll. 1, 20 | GRANTED as to page v. at l. 20. Plaintiff may redact the docket number of the state court action.<br><br>DENIED as to page iv. at ll. 17–26, page v at l. 1. This material reflects high-level characterizations of the allegations in the state court action and does not reveal any confidential information. |

Failure to comply with this order within fourteen days of the date of this order will result in the Court filing the documents publicly without redaction.

**IT IS SO ORDERED.**

Dated:  July 28, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3