**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, et al.,<br><br>        Defendants. | Case No.  5:26-cv-03809-BLF<br><br>**ORDER GRANTING MOTION FOR PRE-FILING ORDER AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT**<br><br>[Re: ECF No. 108] |

The Stanford Defendants move for an order declaring pro se Plaintiff, proceeding *in forma pauperis* ("IFP") and under pseudonym, a vexatious litigant "requiring [Plaintiff] to obtain Court approval before filing any future complaints in federal court against Stanford or its personnel.." ECF No. 108 ("Mot."); ECF No. 169 ("Reply").  Plaintiff opposes the motion.  ECF No. 119 ("Opp.").  The matter is suitable for decision without argument, and the hearing set for October 10, 29, 2026, is accordingly VACATED.  *See* Civ. L.R. 7-1(b); *see also* ECF No. 193 (Plaintiff's request for matter to be submitted without argument).

The motion is GRANTED.

## I.      BACKGROUND

The Stanford Defendants have filed a voluminous list of exhibits documenting multiple proceedings that Plaintiff has litigated in California over the past two-and-a-half years, primarily in state court.  *See* ECF No. 107.  Plaintiff's litigation history begins with several actions against another Stanford undergraduate student ("SP") about reimbursement for alcohol purchases and generally follows a pattern of escalating trivial disputes into sweeping allegations of constitutional

violations and intentional torts, with frenetic filings filled with abusive and inflammatory language against counterparties.

### A. State Cases

| Ex. | Date | Title | Doc. Type | Disp. |
|---|---|---|---|---|
| **[Doe] v. [SP], Santa Clara County[1]** | | | | |
| A-1 | N/A | Docket | Docket | N/A |
| A-2 | 6/27/2024 | Minute Order – Restraining Order | Order | Denied |
| **[Doe] v. [SP], Sixth Appellate District** | | | | |
| B-1 | N/A | Docket | Docket | N/A |
| **Doe v. [SP], Sixth Appellate District** | | | | |
| C-1 | N/A | Docket | Docket | N/A |
| **[Doe] v. [SP], Santa Clara County Court** | | | | |
| F-1 | N/A | Docket | Docket | N/A |
| F-2 | 2/27/2024 | Claim and Order to Go to Small Claims Court | Complaint | Dismissed (Ex. F-5) |
| F-3 | 2/28/2024 | Order on Court Fee Waiver | Order | Denied |
| F-4 | 2/29/2024 | Order on Court Fee Waiver | Order | Denied |
| F-5 | 3/18/2024 | Request for Action & Order of Court – Case Dismissed Without Prejudice | Request & Order | Dismissed |
| F-6 | 4/2/2024 | Request to Correct or Cancel Judgement and Answer | Request | Denied (Ex. F-8) |
| F-7 | 4/2/2024 | Notice on Hearing About Court Fees | Request | Denied |
| F-8 | 4/11/2024 | Request to Correct or Cancel Judgment or Answer | Answer | N/A |
| F-9 | 4/19/2024 | Order on Request to Correct or Cancel Judgment | Order | Denied |
| D-6 | 10/4/2024 | Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Declaration ISO Motion | Denied (Ex. D-7) |
| D-7 | 10/8/2024 | Order on Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Order | Denied |
| **Doe v. [SP], Santa Clara County Appellate Division** | | | | |
| G-1 | N/A | Docket | Docket | N/A |
| G-2 | 10/22/2024 | Notice of Appeal | Notice | Dismissed (Exs. E-3, E-5, E-7) |
| E-3 | 4/30/2025 | Order Dismissing Appeal | Order | Dismissed |
| E-4 | 5/22/2025 | Emergency and Time Sensitive Application to Vacate and Set Aside the Order of Dismissal Due to Extrinsic Factors and Reinstate the Appeal | Application | Denied (Ex. E-5) |

---

[1] The Court does not include the state court docket numbers of those cases based on its prior sealing orders in connection with this motion. *See* ECF Nos. 200, 204.

2

| E-5 | 7/22/2025 | Order Denying Relief | Order | Denied |
|---|---|---|---|---|
| E-6 | 7/25/2025 | Emergency and Time Sensitive Application to Reconsider This Court's July 22, 2025 Order; Or, In the Alternative, Application to Take Leave to File A Petition for Writ of Mandate | Application | Denied (Ex. E-7) |
| E-7 | 7/28/2025 | Order Denying Reconsideration of Prior Order | Order | Denied |
| **[SP] v. [Doe], Santa Clara County Court** | | | | |
| J-1 | N/A | Docket | Docket | N/A |
| J-2 | 3/20/2024 | Claim and Order to Go to Small Claims Court | Complaint | Judgment (Exs. J-13, J-14) |
| J-3 | 3/272024 | Request for Court Order and Answer | Motion | Denied (Ex. J-4) |
| J-4 | 4/17/2024 | Order on Request for Court Order | Order | Denied |
| J-5 | 4/30/2024 | Request for Court Order and Answer | Motion | Denied (Ex. J-7) |
| J-6 | 5/3/2024 | Motion to Seal Court Records | Motion | Denied (Ex. J-10) |
| J-7 | 5/3/2024 | Order on Request for Court Order | Order | Denied |
| J-8 | 5/6/2024 | Motion for Peremptory Challenge | Motion | Denied (Ex. J-9) |
| J-9 | 5/8/2024 | Request for Action & Order of Court | Order | Denied |
| J-10 | 5/17/2024 | Order on Submitted Matter; Order on Request for Court Order | Order | Denied |
| J-11 | 5/24/2024 | Request for Court Order and Answer | Motion | Denied (Ex. J-12, J-17) |
| J-12 | 6/3/2024 | Change/Correction of Address | Other | N/A |
| J-13 | 6/3/2024 | Minute Order | Order | N/A |
| J-14 | 6/3/2024 | Notice of Entry of Judgment | Judgment | Judgment for SP |
| J-15 | 6/7/2024 | Notice of Appeal | Notice | |
| J-16 | 6/7/2024 | Request to Correct or Cancel Judgment and Answer | Motion | Denied (Ex. J-18) |
| J-17 | 6/10/2024 | Order on Request for Court Order | Order | Denied |
| J-18 | 8/12/2024 | Order on Request to Correct or Cancel Judgment | Order | Denied |
| D-6 | 9/30/2024 | Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Declaration ISO Motion | Denied (Ex. D-7) |
| J-19 | 10/2/2024 | Ex Parte Application to Reconsider Motion to Seal | Application | Denied (Ex. J-20) |
| D-7 | 10/8/2024 | Order on Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Order | Denied |
| J-20 | 10/8/2024 | Order on Ex Parte Application to Reconsider Motion to Seal | Order | Denied |
| **[Doe] v. Superior Court, Santa Clara Appellate Division** | | | | |
| K-1 | N/A | Docket | Docket | N/A |

3

| | | | | |
|---|---|---|---|---|
| K-2 | 6/3/2024 | Petition for Writ (Small Claims) | Mandamus Petition | Denied (Ex. K-3) |
| K-3 | 6/4/2024 | Order Denying Petition for Writ | Order | Denied |
| K-4 | 10/4/2024 | Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Declaration ISO Motion | Denied (Ex. K-5) |
| K-5 | 4/7/2025 | Order Denying Motion to Place Documents Under Seal | Order | Denied |
| **[SP] v. [Doe], Santa Clara County Court** | | | | |
| L-1 | N/A | Docket | Docket | N/A |
| L-2 | 6/7/2024 | Notice of Appeal | Notice | Denied (Ex. L-19) |
| L-3 | 7/2/2024 | Motion to Change Venue | Motion | Denied (Ex. L-5) |
| L-4 | 7/5/2024 | Ex Parte Application For An Order to Advance Hearing Date on Defendant's Notice of Motion and Motion to Change Venue | Application | Denied (Ex. L-5) |
| L-5 | 7/5/2024 | Order Denying Application to Advance Motion to Change Venue | Order | Denied |
| L-6 | 7/11/2024 | Ex Parte Application to Reconsider or, in the Alternative, Ex Parte Application for an Order to Stay All Proceedings Due to a Writ of Mandate Under CCP § 400 | Application | Denied (Ex. L-7) |
| L-7 | 7/16/2024 | Order Denying Ex Parte Application to Reconsider, or, in the Alternative, Ex Parte Application to an Order to Stay Proceedings | Order | Denied |
| L-8 | 7/17/2024 | Special Motion to Strike Pursuant to C.C.P. § 425.16 | Motion | Denied (Ex. L-10) |
| L-9 | 7/18/2024 | Notice of and Ex Parte Application to Advance Hearing Date to Hear Defendant's Special Motion to Strike, or, in the Alternative, Ex Parte Application to Continue Trial | Application | Denied (Ex. L-10) |
| L-10 | 7/19/2024 | Order Denying Ex Parte Application to Advance Hearing Date to Hear Defendant's Special Motion to Strike, or, in the Alternative, Ex Parte Application to Consider Trial | Order | Denied |
| L-11 | 7/19/2024 | Notice of Appeal | Notice | |
| L-12 | 8/30/2024 | Notice of Appeal | Notice | |
| L-13 | 9/3/2024 | Motion to Disqualify Honorable Evette Pennypacker for Cause Under Code of Civil Procedure 170.1 (a)(6)(A)(iii) | Motion | Denied (Ex. L-14) |
| L-14 | 9/10/2024 | Order Striking Challenge Pursuant to Code of Civil Procedure Section 170.1; Verified Answer | Order | Denied |
| L-15 | 9/13/2024 | Ex Parte Application to Vacate September 20, 2024 Trial Date Due to | Application | Denied (Ex. L-16) |

| | | | | |
|---|---|---|---|---|
| | | Automatic Stay Granted Pending Appeal, or, in the Alternative, Application for Discretionary Stay Due to Pending Writ of Supersedeas | | |
| L-16 | 9/19/2024 | Order Denying Ex Parte Application to Vacate Trial Date | Order | Denied |
| L-17 | 9/19/2024 | Verified Petition for Writ of Mandamus Under Code of Civil Procedure, Section 170.3 Subd. (D), or, in the Alternative, Other Extraordinary Relief | Mandamus Petition | Stricken |
| L-18 | 9/20/2024 | Minute Order | Order | N/A |
| L-19 | 9/23/2024 | Judgement After Trial De Novo from Judgement of the Small Claims Court | Judgment | Affirmed |
| L-20 | 10/2/2024 | Request for Action & Order of Court | Request & Order | Denied |
| D-6 | 10/4/2024 | Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Declaration ISO Motion | Denied (Ex. D-7) |
| D-7 | 10/8/2024 | Order on Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Order | Denied |
| L-21 | 10/14/2024 | Ex Parte Application to Conditionally Place Documents Under Seal Until the Completion of Appellate Review | Application | Denied (Ex. L-22) |
| L-22 | 10/24/2024 | Order on Ex Parte Application | Order | Denied |
| L-23 | 10/25/2024 | Ex Parte Application for Clarification | Application | Denied (Ex. L-24) |
| L-24 | 10/29/2024 | Order on Ex Parte Application | Order | Denied |
| L-25 | 1/21/2025 | Second Verified Statement of Disqualification Against the Hon. Evette D. Pennypacker | Statement of Disqualification | |
| L-26 | 1/21/2025 | Motion to Set Aside Court's September 24, 2024 Judgment for Extrinsic Fraud Upon the Court By the Plaintiff and Improvidence | Motion | Denied (Ex. L-27) |
| L-27 | 1/24/2025 | Request for Action & Order of Court | Order | Denied |
| L-28 | 2/11/2025 | Ex Parte Application to Set Aside the Disqualified Honorable Evette D. Pennypacker's Order to Not Set on Calendar for Hearing the Defendant's Motion to Set Aside Judgement due to Extrinsic Fraud and Improvidence | Motion | Denied (Ex. L-31) |
| L-29 | 2/28/2025 | Ex Parte Application to Set Aside the Disqualified Honorable Evette D. Pennypacker's Order to Not Set on Calendar for Motion to Set Aside Judgement Due to Extrinsic Fraud and | Motion | Denied (Ex. L-31) |

United States District Court
Northern District of California

| | | Improvidence | | |
|---|---|---|---|---|
| L-30 | 3/3/2025 | Motion to Set Aside the Disqualified Hon. Evette Dionna Pennypacker's September 24, 2024 Void Judgement | Motion | Closed |
| L-31 | 3/17/2025 | Order Denying the Defendant's Ex Parte Application to Set Aside the Disqualified Honorable Evette D. Pennypacker's January 24, 2025 Order | Order | Denied |
| **[SP] v. [Doe], Santa Clara County Appellate Division** | | | | |
| M-1 | N/A | Docket | Docket | N/A |
| M-2 | 7/24/2024 | Notice of Appeal | Notice | Dismissed (Ex. M-6) |
| M-3 | 8/19/2024 | Application for Certification Re: Transfer to the Court of Appeal | Application | Denied (Ex. M-4) |
| M-4 | 8/19/2024 | Order Denying Application for Certification for Transfer of Appeal | Order | Denied |
| M-5 | 8/29/2024 | Appellant's Response to the Division's Show Cause Order | Response | N/A |
| M-6 | 8/30/2024 | Order Dismissing Appeal | Order | Dismissed |
| M-7 | 10/4/2024 | Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Declaration | Denied (Ex. M-8) |
| M-8 | 4/7/2025 | Order Denying Motion to Place Documents Under Seal | Order | Denied |
| **[Doe] v. [SP], Sixth Appellate District** | | | | |
| N-1 | N/A | Docket | Docket | N/A |
| **Doe v. Superior Court, Sixth Appellate District** | | | | |
| O-1 | N/A | Docket | Docket | N/A |
| L-18 | 9/19/2024 | Verified Petition for Writ of Mandamus Under Code of Civil Procedure, Section 170.3 Subd. (D), or, in the Alternative, Other Extraordinary Relief | Mandamus Petition | Denied (Ex. O-1) |
| **Doe v. [SP], Santa Clara County Appellate Division** | | | | |
| P-1 | N/A | Docket | Docket | N/A |
| P-2 | 10/22/2024 | Notice of Appeal | Notice | Dismissed (Ex. E-3) |
| E-3 | 4/30/2025 | Order Dismissing Appeal | Order | Dismissed |
| E-4 | 5/22/2025 | Emergency and Time Sensitive Application to Vacate and Set Aside the Order of Dismissal Due to Extrinsic Factors and Reinstate the Appeal | Application | Denied (Ex. E-5) |
| E-5 | 7/22/2025 | Order Denying Relief | Order | Denied |
| E-6 | 7/25/2025 | Emergency and Time Sensitive Application to Reconsider This Court's | Application | Denied (Ex. E-7) |

United States District Court
Northern District of California

| | | July 22, 2025 Order; Or, In the Alternative, Application to Take Leave to File A Petition for Writ of Mandate | | |
|---|---|---|---|---|
| E-7 | 7/28/2025 | Order Denying Reconsideration of Prior Order | Order | Denied |
| **[SP] v. Doe, Santa Clara County Appellate Division** | | | | |
| Q-1 | N/A | Docket | Docket | N/A |
| Q-2 | 10/8/2024 | Notice of Appeal | Notice | Denied (Ex. E-3) |
| E-3 | 4/30/2025 | Order Dismissing Appeal | Order | Dismissal |
| E-4 | 5/22/2025 | Emergency and Time Sensitive Application to Vacate and Set Aside the Order of Dismissal Due to Extrinsic Factors and Reinstate the Appeal | Application | Denied (Ex. E-5) |
| E-5 | 7/22/2025 | Order Denying Relief | Order | Denied |
| E-6 | 7/25/2025 | Emergency and Time Sensitive Application to Reconsider This Court's July 22, 2025 Order; Or, In the | Application | Denied (Ex. E-7) |
| **[Doe] v. [SP], Santa Clara County Court** | | | | |
| S-1 | N/A | Docket | Docket | N/A |
| S-2 | 4/30/2024 | Verified Complaint for Damages and Equitable Relief | Complaint | Dismissed |
| S-3 | 5/6/2024 | Proof of Service of Summons | Proof of Service | N/A |
| S-4 | 5/24/2024 | Civil Filing Rejection Letter | Rejection Letter | N/A |
| S-5 | 5/25/2024 | Civil Filing Rejection Letter | Rejection Letter | N/A |
| S-6 | 5/29/2024 | Civil Filing Rejection Letter | Rejection Letter | N/A |
| S-7 | 6/4/2024 | Request for Entry of Default | Default | N/A |
| S-8 | 6/5/2024 | Civil Filing Rejection Letter | Rejection Letter | N/A |
| S-9 | 8/1/2024 | Case Management Statement | CMC | N/A |
| S-10 | 10/8/2024 | Verified Statement of Disqualification of Hon. Evette Pennypacker for Cause Under Code of Civil Procedure Section 170.1 | Statement of Disqualification | Stricken (Ex. S-11) |
| S-11 | 10/11/2024 | Order Striking Challenge Pursuant to Code of Civil Procedure Section 170.1 | Order | Denied |
| D-6 | 10/14/2024 | Declaration in Support of Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Declaration ISO Motion | Denied (Ex. D-7) |
| S-12 | 10/14/2024 | Ex Parte Application to Stike Defendant's Improperly Filed Motion to Set Aside | Motion | Denied (Ex. S-16) |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | Default; Application for Nunc Pro Tunic Order Correcting Clerical Error, Application to Vacate Hearing Dates, or in the Alternative, Order Shortening Time to Hear This Application as Noticed Motion | | |
| D-7 | 10/24/2024 | Order on Motion to Place Documents Under Seal Under Code of Civil Procedure Section 367.3 | Order | Denied |
| S-13 | 10/25/2024 | Order Denying Ex Parte Application; Nunc Pro Tunic Order Striking the Entirety of the Defendant's Motion to Set Aside Default as Improperly Filed Under Code of Civil Procedure Section 436(b) Order Granting Application to Vacate | Order | Denied |
| S-14 | 11/8/2024 | Second Verified Statement of Disqualification Against the Hon. Evette D. Pennypacker | Statement of Disqualification | Stricken (Ex. S-15) |
| S-15 | 11/18/2024 | Order Striking Second Verified Statement of Disqualification Pursuant to Code of Civil Procedure Section 170.1; Verified Answer | Order | Denied |
| S-16 | 12/10/2024 | Defendant's Motion to Set Aside Default and Default Judgement, If Entered | Motion | Granted (Ex. S-34) |
| S-17 | 12/11/2024 | Ex Parte Application to Strike from the Record Defendant's Motion to Set Aside Default as Improperly Filed; Ex Parte Application to Seal Defendant's Motion to Set Aside | Motion | Denied (Ex. S-18) |
| S-18 | 12/17/2024 | Order on Ex Parte Application to Strike the Defendant's Motion to Set Aside Default as Improperly Filed | Order | Denied |
| S-19 | 12/20/2024 | Order Denying Ex Parte Application to Seal the Defendant's Motion to Set Aside Default | Order | Denied |
| S-20 | 12/27/2024 | Alternative Writ of Mandate | Alternative Writ | N/A |
| S-21 | 12/27/2024 | Order Setting Hearing Regarding Compliance with Sixth District's December 23, 2024 Alternative Writ | Order | N/A |
| S-22 | 1/15/2025 | Recusal Order | Order | N/A |
| S-23 | 1/17/2025 | Respondent's Compliance with Alternative Writ of Mandate | Order | N/A |
| S-24 | 2/27/2025 | Ex Parte Application to Vacate April 1, 2025 and May 6, 2025 Hearing Dates Due to the Stay Order Issued by the Higher Court | Application | Denied (Ex. S-25) |

United States District Court
Northern District of California

| S-25 | 2/28/2025 | Order on Ex Parte Application to Vacate Hearing Dates | Order | Denied |
| S-26 | 3/11/2025 | Verified Statement of Disqualification Against the Honorable Frederick Chung | Statement of Disqualification | Stricken (Ex. 28) |
| S-27 | 3/17/2025 | Ex Parte Application to Continue April 1, 2025 Hearing on the Defendant's Motion Set Aside Default for Good Cause | Application | Denied (Ex. S-29) |
| S-28 | 3/17/2025 | Order Striking Statement of Disqualification Under Code of Civil Procedure Section 170.3; Verified Answer | Order | Denied |
| S-29 | 3/18/2025 | Order on Plaintiff's Ex Parte Application to Continue the April 1, 2025 Hearing Date on the Defendant's Motion to Set Aside Default | Order | Denied |
| S-30 | 3/18/2025 | Ex Parte Application for Clarification of This Court's March 17, 2025 Order; Declaration in Support Thereof | Application | Denied (Ex. S-31) |
| S-31 | 3/19/2025 | Order on the Plaintiff's Ex Parte Application for Clarification | Order | Denied |
| S-32 | 3/26/2025 | Plaintiff's Opposition to Defendant [SP]'s Motion to Set Aside Default | Opposition | N/A |
| S-33 | 3/26/2025 | Declaration of Jane Doe and Request to Take Leave of the Court to File Late Opposition | Declaration | N/A |
| S-34 | 4/1/2025 | Order on Defendant's Motion to Set Aside Default | Order | Granted |
| S-35 | 4/15/2025 | Answer | Answer | |
| S-36 | 4/21/2025 | Ex Parte Application to Stay Pending Writ of Mandate | Application | Granted in Part and Denied in Part |
| S-37 | 4/22/2025 | Supplemental Order On Reconsideration Of April 1, 2025 Order Granting Motion To Set Aside Default | Order | Granted in Part and Denied in Part |
| **Doe v. Superior Court** | | | | |
| T-1 | N/A | Docket | Docket | N/A |
| S-20 | 12/27/2024 | Alternative Writ of Mandate | Alternative Writ | |
| **Doe v. [SP]** | | | | |
| U-1 | N/A | Docket | Docket | N/A |
| U-2 | 1/15/26 | Order Modifying Opinion and Denying Petition for Rehearing | Order | Denied |
| **Doe v. Superior Court** | | | | |

9

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| V-1 | N/A | Docket | Docket | N/A |
| **Doe v. [SP]** | | | | |
| W-1 | N/A | Docket | Docket | N/A |
| U-2 | 1/15/26 | Order Modifying Opinion and Denying Petition for Rehearing | Order | Denied |
| **Doe v. Superior Court** | | | | |
| X-1 | N/A | Docket | Docket | N/A |
| **Doe v. [SP]** | | | | |
| Y-1 | N/A | Docket | Docket | N/A |
| **Doe v. Stanford University** | | | | |
| CC-1 | 5/5/2025 | Docket | Docket | N/A |
| CC-2 | 5/5/2025 | Petition for Traditional Writ of Mandate Pursuant to Code of Civil Procedure, Section 1085 | Petition | Dismissed |
| CC-3 | 7/15/2025 | Case Management Statement | CMC Statement | N/A |
| CC-4 | 7/25/2025 | Letter to Plaintiff | Non-Public Correspondence | N/A |
| CC-5 | 8/4/2025 | Memorandum of Points and Authorities in Support of Respondents' Demurrer to Petition for Writ of Mandate | Motion | N/A |
| CC-6 | 8/21/2025 | Request for Dismissal | Request for Dismissal | Granted |
| **Doe v. Stanford** | | | | |
| DD-1 | N/A | Docket | Docket | N/A |

**B. Federal Cases**

Plaintiff has aggressively litigated two actions against Stanford and its personnel in 2025 and 2026: *Doe v. Smith*, 25-cv-03490-PCP (filed April 21, 2025) ("*Doe I*") and the present action. A timeline for each action follows.

Doe I

As this case currently, as of July 28, 2026, contains 225 docket entries, the below timeline is necessarily abbreviated.

1. 4/21/2025: Plaintiff files a fifteen-count action against SP, Jason Smith, Eric Fenton, Stanford University Department of Public Safety (together, "*Doe I* Stanford Defendants"), and County of Santa Clara arising from alleged constitutional violations visited upon her in

10

connection with an investigation into her impersonation of SP in state court proceedings. ECF No. 1.

2. 5/23/2025: Plaintiff requests entry of default against SP. ECF No. 13.

3. 6/20/2025: *Doe I* Stanford Defendants move to disclose Plaintiff's identity. ECF No. 29.

4. 6/24/2025: Plaintiff requests leave to file a 65-page opposition brief to *Doe I* Stanford Defendants' motion for disclosure. ECF No. 32.

5. 6/26/2025: Court grants in part Plaintiff's motion for leave to file an overlength opposition brief, authorizing a 35-page brief. ECF No. 34.

6. 6/26/2025: Plaintiff moves for "clarification" of Court's order authorizing 35-page brief, "respectfully mov[ing] this Court to, *sua sponte*, reconsider its Order." ECF No. 36.

7. 6/27/2025: Court denies Plaintiff's motion for reconsideration. ECF No. 37.

8. 7/10/2025: Plaintiff moves for extension of time to oppose disclosure motion and related sealing motions by one week. ECF No. 38.

9. 7/11/2025: Court grants one-week extension. ECF No. 41.

10. 7/12/2025: Plaintiff moves for "clarification" of Court's one-week extension order requesting permission to file fifteen-page motion to proceed pseudonymously. ECF No. 42.

11. 7/14/2025: Court denies clarification motion. ECF No. 47.

12. 7/15/2025: Plaintiff moves to continue hearing on *Doe I* Stanford Defendants' disclosure motion. ECF No. 51.

13. 7/16/2025: Court denies continuation motion because the disclosure motion was not noticed and filed with the Court. ECF No. 52 (docket entry).

14. 8/10/2025: Plaintiff moves for leave to file a sur-reply, acknowledging that *Doe I* Stanford Defendants did not raise any new arguments but seeking "leave to file a very short sur-reply to the Defendants' Reply, narrowly tailored" to the following questions:

> 1. Did *Soo Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) find that *Cooper v. Dupnik*, 963 F.2d 1220 (9th Cir. 1992) was overruled by *Chavez v. Martinez*, 538 U.S. 760 to the extent that *Cooper* elucidates a test relevant to the facts of the Complaint?
> 2. Under the test elucidated in *Marks v. United States*, 430 U.S. 188 (1977), is the concurring opinion of JUSTICE SOUTER in *Chavez*

11

the binding part of the opinion, or is the binding part of *Chavez*'s opinion JUSTICE THOMAS's plurality opinion?

3. Is *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) relevant to a 42 U.S.C § 1985 claim, especially when a plaintiff is advancing an argument that hinges on a 'group of one' theory?

4. What constitutes a 'signing' of a 'warrant' within the meaning of *Franks v. Delaware*, 438 U.S. 154 (1978)?

5. In *Moran v. Burbine*, 475 U.S. 412 (1986), did the Supreme Court address the situation of a right to an attorney, as opposed to being prevented from having an attorney present?  Does the holding in *Moran* constitute good ground for a civil damages case, as opposed to a motion to suppress filed in a criminal proceeding?

6. Did *Torres v. Madrid*, 592 U.S. 306 (2021) only intend to address (and only addressed) coercion through 'physical' means?

ECF No. 59.

15. 8/15/2025: Court denies sur-reply motion.  ECF No. 63.

16. 8/21/2025: Parties stipulate to dismissal with prejudice, with each party bearing its costs. Court approves stipulation and closes the case.  ECF Nos. 64, 65.

17. 4/4/2026: Plaintiff moves to "set aside the judgement [sic] of dismissal with prejudice for fraud, fraud upon the court, misrepresentation, misconduct, and other reason and to reinstate the complaint against Stanford Defendants," alleging that the *Doe I* Stanford Defendants tricked Plaintiff into dismissing her claims by promising to reinstate her to Stanford and reneging on that promise.  ECF No. 66.

18. 4/6/2026: Analogizing her situation in "exile" as "similar to that of a *pro se* prisoner," Plaintiff files "administrative motion" to "direct the clerk of the Court to issue subpoenas duces tecum and testificandum as per Fed. R. Civ. P[.] 45 in support of motion to set aside dismissal and to order personal service by U.S. Marshal's service pursuant to 28 U.S.C. [§] 1915(d)."  ECF No. 69.

19. 4/7/2026: Plaintiff moves for expedited briefing on Rule 60(b) motion.  ECF No. 72.

20. 4/7/2026: Plaintiff files *ex parte* application to expedite briefing on Rule 60(b) motion. ECF No. 73.

21. 4/7/2026: Court denies expedited briefing application.  ECF No. 74 (docket entry).

22. 4/7/2026: Plaintiff files an "administrative motion for an order allowing the consideration of oral testimony as per Civil L.R. 7-6 in connection with Plaintiff's Motion."  ECF No. 75.

United States District Court
Northern District of California

23. 4/7/2026: Plaintiff files "administrative motion for leave to file a temporary restraining order" ("TRO").  ECF No. 76.

24. 4/8/2026: Court denies motion for leave to file TRO, sua sponte reconsiders denial of expedited briefing, and resets Rule 60(b) hearing to 4/28/2026.  ECF No. 78.

25. 4/9/2026: Plaintiff files motion for leave to file "either a traverse or reply to the Stanford Opposition to Plaintiff's Administrative Motion to direct the Clerk of the Court to issue subpoenas and direct service by U.S. Marshal service."  ECF No. 81.

26. 4/10/2026: Plaintiff sends letter to Judge Pitts complaining that "the Plaintiff is _utterly unsure_ why the defendants have de facto and forcefully converted the Plaintiff's Administrative Motion that seeks a very simple *administrative* remedy—i.e. that the court directs its clerk to sign subpoenas because the Plaintiff cannot come to the courtroom because of the defendants' conduct heretofore), and one that relied solely on *Scott v. A.*, No. 25-cv-07188-HSG, 2025 WL 3473767, at *1–2 (N.D. Cal. Dec. 3, 2025)— a full-fledged *motion for discovery*.  It is difficult to not assume bad faith here."  ECF No. 85.

27. 4/12/2026: Plaintiff moves for leave to file a supplemental pleading under Rule 15(d) or in the alternative to amend her (dismissed) complaint.  ECF Nos. 90, 91.

28. 4/20/2026: Plaintiff files 49-page TRO motion, acknowledging "the busy docketing activity already having taken place on this Court's docket (around 40 filings in less than 10 days)."  ECF No. 106.

29. 4/20/2026: *Doe I* Stanford Defendants file opposition to Plaintiff's Rule 60(b) motion.  ECF No. 109.

30. 4/21/2026: Plaintiff moves for leave to introduce new arguments in her reply brief in support of her Rule 60(b) motion.  ECF No. 112.

31. 4/22/2026: Court grants motion for leave to introduce new arguments in reply brief but admonishes Plaintiff that "the Court shall strike and disregard any brief that exceeds the page limits."  ECF No. 118 (docket entry).

32. 4/23/2026: Plaintiff files 46-page reply brief in support of Rule 60(b) motion and concurrently moves for leave to file overlength reply brief.  ECF Nos. 119, 122, 123.

33. 4/24/2026: Court explains that Plaintiff filed an overlength brief "[d]espite the Court's clear . . . order not to exceed the 15-page limit," striking the brief and denying the motion. ECF No. 124 (docket entry).

34. 4/24/2026: Plaintiff files administrative motion stating "the Reply brief should be considered as a consolidated motion to strike and a reply brief," which "would entitle plaintiff to 40 pages," requesting leave to file such brief.  ECF No. 125.

35. 4/25/2026: Plaintiff files "administrative motion for leave to file an *ex parte* application to strike portions of the defendants' opposition" to Rule 60(b) motion.  ECF No. 127.

36. 4/26/2026: Court denies administrative motion, "remind[ing] Doe that future administrative motions, which the Court discourages, 'may not exceed 5 pages.'"  ECF No. 137 (docket entry).

37. 4/28/2026: The Court hears oral argument on the Rule 60(b) motion.  ECF No. 147.

38. 4/28/2026: Acknowledging that the Court "indicated during oral arguments that it will deny the Plaintiff's Rule 60(b) motion, thereby rendering this action closed," Plaintiff files "administrative motion to grant the Plaintiff leave to initiate a new action through PACER."  ECF No. 148.

39. 4/29/2026: Court denies motion because "the Court lacks authority to grant requests for administrative relief related to cases that have not been filed and assigned to it."  ECF No. 149 (docket entry).

40. 5/01/2026: After filing the complaint in *Doe II*, *see infra*, Plaintiff files administrative motion to consider whether cases should be related.  ECF No. 152.

41. 5/3/2026: Plaintiff files *ex parte* application to shorten briefing on related cases motion. ECF No. 153.

42. 5/4/2026: Court denies *ex parte* application to shorten time.  ECF No. 154 (docket entry).

43. 5/4/2026: Court issues order denying Rule 60(b) application.  ECF No. 155.

44. 5/4/2026: Plaintiff files notice of appeal to Ninth Circuit.  ECF No. 157.

45. 5/5/2026: Court determines that *Doe I* and *Doe II* are not related.  ECF No. 159.

United States District Court
Northern District of California

46. 5/5/2026: Plaintiff moves for correction of "clerical error," stating that "the Court accidentally seems to have ticked the box that indicates 'not related,'" and explaining that "Plaintiff assumes the Court meant to tick the box that said 'related.'"  ECF No. 160.

47. 5/5/2026: Court denies "*ex parte* application to correct a purported typographical error in the Court's order on her motion to relate."  ECF No. 161 (docket entry).

48. 5/7/2026: Plaintiff files administrative motion inquiring whether the Court will rule on sealing and striking motions following appeal to the Ninth Circuit, admonishing the Court that "[i]t is lamentable that the Court did not permit the Plaintiff to struck [sic] those irrelevant pleadings properly or that it did not strike them sua sponte, just as the Court did when the Plaintiff attempted to strike the defendants' ceaseless ad hominem attacks on the Plaintiff."  ECF No. 162.

49. 5/10/2026: "[T]he Court advises the parties that the pending sealing requests in this action are not moot."  ECF No. 163 (docket entry).

50. 5/14/2026: Plaintiff files "administrative motion to clarify whether the Court intends to revoke the Plaintiff's IFP status."  ECF No. 167.

51. 5/15/2026: Court denies clarification motion.  ECF No. 170 (docket entry).

52. 5/15/2026: Plaintiff files a motion for clarification whether she may move to strike certain filings, proposing in the alternative that "the Plaintiff . . . petition the Ninth Circuit to remand this matter after this Court makes an indicative ruling."  ECF No. 172.

53. 5/18/2026: Court denies clarification motion, explaining that "[s]ome of the material Doe seeks to strike forms the basis for this Court's order denying her Rule 60(b) motion, so her proposed motion to strike is, in reality, a motion to reconsider that order."  ECF No. 176 (docket entry).

54. 5/21/2026: Plaintiff files "*ex parte* application to strike the defendants' pleadings at ECF No.s. 107, 108–18, 108–19, 108–20, 108–27, 108–28 as improperly filed in violation of Court Orders."  ECF No. 185.

55. 5/26/2026: Court issues "order resolving all pending motions," which at this point include only sealing motions and striking motions.  ECF No. 186.

56. 5/27/2026: Plaintiff requests leave to file motion to reconsider omnibus sealing order. ECF No. 187.

57. 5/27/2026: Court denies reconsideration motion.  ECF No. 189 (docket entry).

58. 6/4/2026: Plaintiff files "administrative motion for this Court to consider issuing a *sua sponte* order to show cause as to why counsel for Stanford Defendants shall not be sanctioned."  ECF No. 190.

59. 6/9/2026: After *Doe I* Stanford Defendants file opposition brief, Plaintiff files additional *ex parte* application in support of an order to show cause regarding sanctions.  ECF No. 195.

60. 6/9/2026: Court denies motion to consider issuing order to show cause regarding sanctions. ECF No. 196 (docket entry).

61. 6/19/2026: Recognizing that "[i]n this now-dismissed-for-almost-a-year-case, the Court rightly advised the parties it was discouraging further motions in this case," Plaintiff nonetheless files *ex parte* motion seeking clarification "because immense prejudice results from this Court's above-quoted verbiage, and because the verbiage is incredibly broad and difficult to pin down, it is the undersigned's view that clarifying it and ensuring that parties' understand what this Court intended to make a factual finding of would be beneficial both for the parties' and judicial resources, as it would end a lot of quarrel in *Doe II* as to what this Court actually found as facts of this case."  ECF No. 197.

62. 6/22/2026: Court denies clarification motion, explaining that "a movant seeking *ex parte* relief must identify a specific statute, Federal Rule, local rule, or standing order that permits the use of an ex parte motion to obtain the relief sought.  Doe has not done so." ECF No. 200 (docket entry).

63. 6/24/2026: Plaintiff files motion for clarification of denial, stating that "[t]he Plaintiff, hopefully without having misunderstood this Court, construes that because the Court's denial did not reach the substantive issues the ex parte motion raised, Court's denial is based on procedural improperness and that the Plaintiff bringing a noticed motion for clarification is not barred by issue preclusion."  ECF No. 202.

64. 6/26/2026: Court denies clarification motion and issues the following prefiling order:

United States District Court
Northern District of California

This case has been closed for more than 10 months, and the Court denied Doe's motion to reopen the case almost 8 weeks ago. With all collateral sealing disputes now resolved, there is little conceivable basis for continued motions practice in this action. Nevertheless, Doe persists.  The Court therefore orders that, before filing any future motion or application in this action, Doe must first seek leave of Court. Any request for leave must (1) comport with every requirement of Civil Local Rule 7-11(a); (2) provide compelling reasons for the need to file a new motion; (3) certify that the new motion does not repeat, in whole or in part, any issue or argument that Doe has already raised with the Court in a prior motion; and (4) include a copy of the proposed motion as an exhibit.

ECF No. 203 (docket entry).

65. 7/14/2026: Plaintiff requests leave to file a noticed motion for sanctions, questioning the Court's ability to issue a pre-filing order:

As a preliminary matter—and though immaterial to this motion for leave—it is quite nebulous to the undersigned under which of its powers the Court issued such an order.  Defendants seem to be representing to this District Court that this actually is a pre-filing order where it  obviously is not.  If the Court intended its order to be a pre-filing order—and if its text-order is to be construed as an auxiliary writ within the meaning of the All Writs Act, 28 U.S.C. § 1651—then it appears to the undersigned that the Court's order might be void for lack of process.

ECF No. 204.

66. 7/17/2026: Court grants request for leave, admonishing Plaintiff that "her forthcoming motions must comply with all applicable local and federal rules, including the 25-page limit on noticed motions prescribed by Civil Local Rule 7-2.  In ruling on each motion, the Court will consider only those arguments raised in the body of such motion.  For the avoidance of doubt, Doe may not circumvent the page limits by incorporating by reference other documents."  ECF No. 205 (docket entry) (internal quotation marks and citation omitted).

67. 7/18/2026: Plaintiff files an "administrative motion for leave to file an *ex parte* application for the issuance of an auxiliary writ enjoining the defendants from violating this Court's sealing order; for an order ad interim enjoining the Defendants until the Plaintiff can file such an application."  ECF No. 206.

68. 7/20/2026: Court denies Plaintiff's administrative motion.  ECF No. 207 (docket entry).

United States District Court
Northern District of California

69. 7/21/2026: Plaintiff files a series of "notices" advising the Court that the *Doe I* Stanford Defendants have not complied with its sealing order. ECF Nos. 208, 209, 210, 211, 212, 213, 214, 216, 217.

70. 7/22/2026: Court issues the following order:

> The parties are . . . advised that "notices" are not a proper procedural vehicle for requesting substantive or administrative relief, and the Court shall not consider further requests or arguments unless contained in properly filed motions or briefs.
> The Court must also address Doe's continued use of inflammatory language, which within just the past week has included insults concerning opposing counsel's hometown, religious affiliation, and alleged "incapacity to understand legal nuance." As another Court in this district recently explained to Doe, "the Court has inherent authority to strike inflammatory and vulgar language from its filings and to enforce a baseline level of decorum. By choosing to litigate her case in this forum, [Doe] has assented to the Court's exercise of such discretion, which, up until now, the Court has used extraordinarily lightly." The Court will not be so light-handed moving forward; filings from either party containing inflammatory language shall be summarily stricken.

ECF No. 218 (docket entry) (citation omitted) (alteration in original) (quoting *Doe II*, at ECF No. 115).

71. 7/26/2026: Plaintiff criticizes Court in motion seeking clarification, stating:

> To comply with this Court's order at ECF No. 203, Plaintiff hereby certifies that this motion has not been brought to this Court before 'in whole or in part[.]' Plaintiff also certifies that there exists compelling reasons to entertain the proposed administrative motion, given that the Plaintiff will be filing two noticed motions soon, which are concurrently being drafted, and it is unclear to the Plaintiff what criterion the Court will employ to (mis)use its inherent striking-of-pleadings authority. To the extent that the Court grants the leave herein prayed, the proposed administrative motion follows herein infra, as ordered by this Court.

ECF No. 221 (citations and footnote omitted).

72. 7/28/2026: Plaintiff withdraws above motion. ECF No. 225.

Doe II

1. 4/30/2026: Plaintiff files complaint and moves for leave to proceed IFP. ECF Nos. 1, 2.

2. 5/2/2026: Plaintiff files "administrative motion [to] replace the complaint," i.e., to amend as of right. ECF No. 9.

3. 5/2/2026: Plaintiff files *ex parte* application for TRO that would, *inter alia*, require Stanford to reinstate her admission. ECF No. 11.

18

4. 5/4/2026: Court denies TRO application.  ECF No. 18.

5. 5/4/2026: Plaintiff files "administrative motion" purporting to compel the Court to adjudicate her IFP application.  ECF No. 20.

6. 5/4/2026: Court strikes Plaintiff's administrative motion to compel adjudication of the IFP application.  ECF No. 22.

7. 5/5/2026: Plaintiff moves for reconsideration of order denying TRO because "the Court seems, respectfully, to have misunderstood the procedural posture of the case in" *Doe I*.  ECF No. 24.

8. 5/5/2026: Court grants IFP application.  ECF No. 25.

9. 5/6/2026: Court denies motion for reconsideration.  ECF No. 26.

10. 5/7/2026: Plaintiff files "administrative motion for leave to file a motion for preliminary injunction" and expedited briefing thereon.  ECF No. 30.

11. 5/8/2026: Court screens and dismisses the first amended complaint with leave to amend.  ECF No. 31.

12. 5/11/2026: Court denies motion for leave to file preliminary injunction motion.  ECF No. 32.

13. 5/11/2026: Plaintiff files second amended complaint.  ECF No. 33.

14. 5/12/2026: Court screens second amended complaint and orders service on Defendants.  ECF No. 39.

15. 5/13/2026: Plaintiff files "second administrative motion for leave to file a motion for preliminary injunction."  ECF No. 41.

16. 5/14/2026: Plaintiff files "administrative motion to direct the clerk of the court to correct" a nonexistent clerical error.  ECF No. 45.

17. 5/16/2026: Plaintiff files administrative motion seeking expedited briefing for the third time and seeking leave to file a 53-page motion for preliminary injunction, "provid[ing] a brief summary of the novel and complex issues raised in the brief, with the hopes that the Court recognizes that the motion truly touches upon complicated and novel questions (some questions of first impression, it appears)":

1. Since *Goss v. Lopez*, 419 U.S. 565 (1975), there has been substantial debate as to whether university students are encapsulated within its reach because *Goss* addressed high school students who were mandated by law to attend high school. This Circuit resisted finding as such, and district courts within this Circuit reached extraordinarily disparate results in applying *Goss* to non-high school students. *See, e.g.*, *Doe v. White*, 440 F. Supp. 3d 1074 (N.D. Cal. 2020) (collecting cases and finding that there is no definitive Ninth Circuit precedent holding that a student has a property interest in their college education, refusing to follow other circuits' opinions.). The Ninth Circuit very recently joined First, Sixth, Tenth, and Eleventh Circuits in concluding that *Goss* applies to university students, effectively overruling cases like *White*. That case is *Dudley v. Boise State Univ.*, 152 F.4th 981 (9th Cir. 2025). Because *Dudley* changes what was assumed in this Circuit for the past half-a-century, the Plaintiff contends that explaining the relevance of *Dudley*, a novelty, is necessarily complicated.

2. But *Dudley* did not just end its analysis there. It also found that *Wood v. Strickland*, 420 U.S. 308 (1975) is also applicable to university students, although it found that Plaintiff Dudley, in her case, did not meet the threshold to allege a substantive due process violation. This is a true novelty that revolutionized the way in which *Wood* has been read.

3. The first 10 pages of the motion is dedicated to various theories and tests for assessing government actor status. A colleagues of this Court, in *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996), found persuasively that "municipal department" cannot be named as a separate defendant in a Section 1983 claim. In *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005), the Ninth Circuit reasoned that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983." But, of course, this inquiry is complicated herein because SDPS is not a municipal police department. As such, the question of first impression is whether deputization under California Penal Code, Section 830.6 satisfies the test found in *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995)—i.e., whether there was some "inten[tion] to create a separate legal entity subject to suit" herein. This is a complicated question. *See, e.g.*, *Streit v. County of Los Angeles*, 236 F.3d 552, 565–566 (9th Cir. 2001). *See further Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 n.2 (9th Cir. 1988); *see also Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986). *See also Morales v. City of Delano*, No. 1:10-cv-1203-AWI-JLT, 2010 U.S. Dist. LEXIS 84657, at *10 (E.D. Cal. July 23, 2010).

4. After that, the Plaintiff had to address three separate tests for holding a purportedly private party as one that acted under the color of law: government-nexus test, joint action test, symbiotic relationship test. All of these tests, but at the very least, the last is incredibly complex and requires "sifting facts and weighing circumstances[,]" *see Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982), and, indeed, "[no] one fact can function as a necessary condition across the board . . . nor is any set of circumstances absolutely sufficient." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). The symbiotic relationship test, in particular, is known to be particularly difficult to pin down. The joint action test,

United States District Court
Northern District of California

similarly, has been complicated by *Mathis v. Pacific Gas & Electric Co.*, 75 F.3d 498, 504 (9th Cir. 1996).

5. In *Engquist v. Oregon Department of Agriculture*, 478 F.3d 985, 997 (9th Cir. 2007), the Ninth Circuit declared that right to pursue an occupation could be a basis for a substantive due process claim, as was recognized by the Supreme Court in *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). But the particular contours of this claim, as also acknowledged in *Armstrong v. Reynolds*, 22 F.4th 1058 (9th Cir. 2022) is particularly difficult to pin down.

6. An equal protection claim under substantive due process, relying on *Hecox v. Little*, 104 F.4th 1061, 1079 (9th Cir. 2024) (en banc), is also quite a difficult and complex claim to make, as the Ninth Circuit, itself, recognized in granting en banc review in *Hecox*.

7. Some claims involving a violation of the California constitution do not need a state actor. *See, e.g.*, *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1 (1994). In *Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352, 367, 113 Cal. Rptr. 449, 458, 521 P.2d 441, 45(1974) and in *Garfinkle v. Superior Court of Contra Costa Cty*., 21 Cal. 3d 268, 281, 146 Cal. Rptr. 208, 217, 578 P.2d 925, 934 (1978), the California Supreme Court found that Article I, section § 7 requires a state actor. But both of those cases only addressed procedural due process, not substantive due process. As such, it is a question of first impression, one that may require certification pursuant to California Rules of Court, Rule 29.5, to determine whether substantive due process rights would require a state actor to be violated under the California Constitution. There are some successive decisions that applied the right to privacy (which does not require a state actor, as set in *Hill*) to rights that have categorically been branded as substantive due process rights. *See, e.g.*, *Am. Acad. of Pediatrics v. Lungren*, 16 Cal. 4th 307 (1997) (right to an abortion for minors); *Comm. to Defend Reprod. Rights v. Myers*, 29 Cal. 3d 252, 172 Cal. Rptr. 866, 625 P.2d 779 (1981) (right to an abortion of any age and right to an abortion while pauperized). This is a highly complex issue.

8. There is also the unsettled caselaw of whether California Education Code, section 94367 can be used as a means to enforce a First Amendment retaliation claim, if standing to a plaintiff is provided by some other statute (e.g., diversity jurisdiction or Bane Civil Rights Act). *See, cf., Antebi v. Occidental Coll.*, 141 Cal. App. 4th 1542, 47 Cal. Rptr. 3d 277 (2006). This is also quite a nuanced question.

ECF No. 46.

18. 5/18/2026: Court denies pending administrative motions. ECF Nos. 48, 49, 50.

19. 5/21/2026: Plaintiff files fourth administrative motion for leave to file preliminary injunction motion, requests leave to file overlength brief, and requests expedited briefing. ECF No. 53.

20. 5/22/2026: Court denies renewed administrative motion. ECF No. 54.

21. 5/26/2026: Plaintiff files 29-page preliminary injunction brief. ECF No. 59.

22. 5/26/2026: Plaintiff files motion for leave to file overlength brief and to advance hearing date on preliminary injunction. ECF No. 60.

21

*United States District Court*
*Northern District of California*

23. 5/26/2026: Court denies motion for leave to file overlength brief and strikes overlength brief.  ECF No. 61.

24. 5/26/2026: Plaintiff files motion for preliminary injunction.  ECF No. 62.

25. 5/26/2026: Plaintiff files renewed administrative motion for expedited briefing on preliminary injunction motion.  ECF No. 63.

26. 5/26/2026: Court denies administrative motion and admonishes Plaintiff that "no further motions to advance the hearing date and for *in camera* review may be filed."  ECF No. 64.

27. 5/28/2026: Plaintiff files administrative motion to advance hearing date for preliminary injunction motion.  ECF No. 69.

28. 5/28/2026: Plaintiff files "administrative motion for an order directing the defendants to use the plaintiff's pseudonym until the disposition of the plaintiff's motion for leave to proceed pseudonymously."  ECF No. 70.

29. 5/28/2026: Court strikes "administrative motion" seeking to compel Defendants' conduct.  ECF No. 71.

30. 5/29/2026: Court denies Plaintiff's motion to expedite hearing on preliminary injunction motion.  ECF No. 78.

31. 6/2/2026: Plaintiff files motion to disqualify counsel for Stanford Defendants, accusing counsel of being a *raging and disgusting* anti-Semite."  ECF No. 88.

32. 6/7/2026: Plaintiff moves for appointment of counsel.  ECF No. 98.

33. 6/13/2026: Stanford Defendants move to dismiss.  ECF Nos. 104, 113.

34. 6/13/2026: Stanford Defendants file this motion to declare Plaintiff a vexatious litigant.  ECF No. 108.

35. 6/13/2026: Plaintiff moves to file overlength reply brief in support of motion to proceed pseudonymously and files said overlength reply brief.  ECF Nos. 110, 111.

36. 6/15/2026: Court denies motion to file overlength reply brief and grants motion for leave to proceed pseudonymously.  ECF No. 115.

37. 6/16/2026: Plaintiff argues that the Stanford Defendants must redact nearly all of their moving papers (and that the burden to identify sealable material is on Stanford Defendants) because the Court granted motion for leave to proceed pseudonymously.  ECF No. 116.

38. 6/18/2026: Court issues the following notice:

> All Parties are admonished that moving forward, the Court will disregard any pages of text in excess of the page limits set forth in the Court's Standing Order and/or the local rules (regardless of how a party has numbered them). This requirement does not pertain to declarations or other evidence submitted. No further notice will be provided, and no leave to re-file compliant filings will be granted. This notice extends to any other failure to comply with the Court's standing order and this district's local rules, including without limitation failure to properly double-space text in quotations and footnotes and voluminous footnotes in excess of five per brief.

ECF No. 121.

39. 6/18/2026: Court admonishes Plaintiff that, as the designating party, it is her obligation to identify sealable material.  ECF No. 122.

40. 6/23/2026: Court denies motion to appoint counsel.  ECF No. 132.

41. 6/25/2026: Plaintiff files 21-page reply brief in support of preliminary injunction motion.  ECF No. 142.

42. 6/26/2026: Court notes that "[i]n disregard of [the Court's] notice, Plaintiff filed a twenty-page reply brief in support of her motion for preliminary injunction" and strikes the noncompliant brief.  ECF No. 145.

43. 6/27/2026: Plaintiff files administrative motion to file overlength brief.  ECF No. 148.

44. 6/29/2026: Court denies administrative motion to file overlength brief.  ECF No. 154.

45. 6/29/2026: Plaintiff files an administrative motion "construing" the Court's May 25, 2026, as an "informal pre-filing order" and notes her "belief that the Court should vacate" said pre-filing order.  ECF No. 153.

46. 6/29/2026: Court denies motion for relief from nonexistent pre-filing order.  ECF No. 155.

47. 6/30/2026: Plaintiff moves for leave to "conduct jurisdictional discovery," i.e., discovery on the merits of her claims prior to the Court's ruling on the Stanford Defendants' motion to dismiss.  ECF No. 160.

48. 7/1/2026: Court denies motion for leave to conduct jurisdictional discovery.  ECF No. 162.

United States District Court
Northern District of California

49. 7/7/2026: Plaintiff moves to strike the Stanford Defendants' reply in support of the motion to dismiss, berating counsel for the Stanford Defendants and comparing the proceedings in this case to *Dred Scott*.  ECF No. 173.

50. 7/9/2026: Court denies motion to disqualify counsel.  ECF No. 186.

51. 7/9/2026: Court strikes motion to strike Stanford Defendants' reply.  ECF No. 188.

52. 7/11/2026: Plaintiff moves to submit Stanford Defendants' motion to dismiss and motion to declare Plaintiff a vexatious litigant without oral argument.  ECF No. 193.

## II.    LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  "Restricting access to the courts is, however, a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).  "[T]he right of access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of pre-filing orders could infringe this important right." *Id.* at 1061–62 (cleaned up).  Thus, "pre-filing orders should rarely be filed," and only when certain requirements are met.  *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148).  A district court therefore has discretion to restrict a litigant's future filings by requiring leave of court.  *See De Long*, 912 F.2d at 1146–47.

A court must analyze the four *De Long* factors before imposing pre-filing restrictions.  A district court must: "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147–48).  "The first and second of these requirements are procedural,"

while the third and fourth requirements are "substantive considerations" helpful to defining who is a vexatious litigant and fashioning an appropriate remedy." *Id.* at 1062.

### III.   DISCUSSION

#### A.   Notice

The first requirement for a pre-filing screening order is satisfied where the litigant is given notice that the court is considering a pre-filing screening order and an opportunity to oppose such an order before it is issued. *See Ringgold-Lockhart*, 761 F.3d at 1062. A hearing is not required. *See Ou-Young v. Roberts*, No. 19-cv-07000-BLF, 2019 WL 6619879, at *3 (N.D. Cal. Dec. 5, 2019). Here, the Stanford Defendants requested that the Court declare Plaintiff a vexatious litigant in its Motion. *See* Mot. at 1. Plaintiff had the opportunity to oppose the request in her opposition brief, and she did so. *See* Opp. at 1. Additionally, Plaintiff requested that the motion be submitted without argument. Accordingly, Plaintiff received notice of and actually opposed the issuance of an order declaring her a vexatious litigant, and the first *De Long* factor is met.

#### B.   Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ou-Young*, 2019 WL 6619879, at *3 (quoting *De Long*, 912 F.2d at 1147); *see also Hurt v. All Sweepstakes Contests*, No. 12-cv-04187-EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (explaining that the second *De Long* factor is met where the court "compiled a list of all the actions Plaintiff filed"). The record must at least show "that the litigant's activities were numerous or abusive." *Id.*

The Stanford Defendants have taken on the yeoman's work of assembling the enormous record for review. The Court has recounted in the Background section Plaintiff's state court actions against Stanford affiliates as well as the voluminous motions practice Plaintiff has maintained in Doe I and Doe II. While the state court cases provide useful context as to Plaintiff's litigation history and reinforce the Court's conclusion that a pre-filing order is warranted, Plaintiff's torrent of abusive, frivolous, and downright bizarre filings in the federal cases independently warrant granting the requested relief. Because the Court has compiled an adequate record for review, the second *De Long* factor is met.

25

United States District Court
Northern District of California

### C. Frivolous or Harassing Filings

The third *De Long* factor requires that the Court "make substantive findings" that the litigant's actions have been either frivolous or harassing. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *See Ringgold-Lockhart*, 761 F.3d at 1064. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (cleaned up). The Court may alternatively make a finding that the litigant has engaged in a pattern of harassment. *See id.* "Finally, courts should consider whether other, less restrictive options are adequate to protect the court and parties." *Id.*

The Ninth Circuit has articulated "a helpful framework" of five factors for evaluating the frivolous or harassing nature of a plaintiff's filings: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Ringgold-Lockhart*, 761 F.3d at 1062 (citation omitted).

The first factor analyzes whether Plaintiff's history of litigation is vexatious, harassing, or duplicative, and weighs in favor of a pre-filing screening order. As recounted in the Background section, Plaintiff has repeatedly sued Stanford, its personnel, and individuals related to Stanford, despite courts finding over and over again that Plaintiff's allegations are meritless, and she has baselessly accused the judges presiding in those cases of bias against her. Across her cases, she has filed dozens of unsuccessful motions, *ex parte* applications, and appellate challenges, many of them containing inconsistent factual claims, like shifting counties of residence and claiming she didn't know of a hearing she had previously moved to vacate. This campaign clearly comprises "harassing and duplicative lawsuits." *Bates v. City of San Jose*, No. 20-cv-07609-BLF, 2021 WL 3727073, at *7 (N.D. Cal. Aug. 23, 2021), *aff'd*, No. 21-16867, 2023 WL 3034819 (9th Cir. Apr. 21, 2023).

26

On top of that, Plaintiff's litigation tactics are also harassing beyond the volume and merit of her motions. She has repeatedly submitted filings containing vociferous personal attacks on counsel, parties, and judges.  In her two federal actions alone, she has made (among others) the following inflammatory, offensive attacks on the Stanford Defendants and their counsel:

> Rather than appropriately and civilly defending her clients, Opposing Counsel's defense strategy, rather, seems to be launching one ad hominem attack after another, hoping that her evident lack of cogent legal knowledge (and her kindergartner-level argumentation ability) will be blurred by such personal attacks. . . .
> That Opposing Counsel is unaware of how legal education functions in the United States or that she appears to be illiterate is not equivalent to the Plaintiff 'avoiding' saying something 'directly'. . . .
> So, either Counsel or her clients are lying. Given that the Opposing Counsel has a penchant for being a liar (See, Plaintiff's Motion for Sanctions), the Plaintiff assumes that the lying party is the former. (The other option is, of course, that the Opposing Counsel is suffering from a hallucination-producing disease.)

*Doe I*, ECF No. 43 at 3–4, 6.

> Plaintiff shall file with this Court a Motion to Disqualify Khyrstyn Rhyannon McGarry for Ethics Misconduct; or, in the Alternative, Motion to Appoint Counsel to the Plaintiff under 28 U.S.C. § 1915(e)(l) soon that will elucidate in detail why this Court has an affirmative duty to disqualify counsel who acts in this way–i.e. is a pathological liar. . . .
> Opposing Counsel seems to maliciously act as if she is illiterate when it comes to reading statute that does not support her arguments.  But before addressing Counsel's inability to understand written English, the Plaintiff must address the *Erie* doctrine and whether this Court should be applying state law for pseudonymous proceeding. . . .
> Having acted in a way (*id est*, requesting that everyone be treated equally before our courts) to which the Opposing Counsel's corrupt moral beliefs are, apparently, opposed. . . .
> For the foregoing reasons–but more so than anything because the Opposing Counsel thinks this Plaintiff is anserine enough to not realize her lies to this Court and because she thinks this Court is gullible enough to believe those lies (and because she thinks she could lie to this Court and get away with it), and because the Opposing Counsel wishes this Court to be a medieval Inquisition and because, thus, she wishes our Judiciary to be spined on its head and become an instrumentality for the random and arbitrary whims and moralisms of a tyrannical majority– the Plaintiff, in utter disgust by the Opposing Counsel's arguments, respectfully, but emphatically, implores that this Court denies the Stanford Defendants' Motion for Disclosure and Request for Judicial Notice.

*Doe I*, ECF No. 53 at 13, 17, 27–28.

> Of course, defendants are morally repugnant.  Their actions will upset any stomach that has the simplest modicum of human dignity. But the relief herein should not be granted because defendants are morally repugnant.

27

United States District Court
Northern District of California

*Doe I*, ECF No. 66 at 2.

> This Court has an affirmative duty to ensure that the reputation of the Judiciary is not harmed in the public imagination by letting conwomen-turned-lawyers practice law before it.

*Doe I*, ECF No. 106 at 32 n.21.

> Kinser is no different; perhaps she is even more skillful than McGarry (is that why she made partner before McGarry?). Only skillful in gamesmanship and fraud, though. If only had Kinser worked a quarter-scintilla-as hard to practice law instead of practicing fraud, the world would be a better place. And the legal profession would be in a better place, too. . . . [I]t is difficult to remain calm while dealing with an absolute fraud like Kinser. A fraud that stains the name of law. Stains it. Shreds it to pieces. If being called a "lawyer" is being like Kinser, then no one, including the undersigned, should want to be called that. And, of course, the only difference between a convict behind bars and Kinser is that Kinser is tactless enough to do enough wordplay to not get caught. . . .
>
> And, of course, an imminent risk and harm assessment should be done by white-collar-criminal attorney Kinser, instead of *actual* threat assessment reports. Kinser is *disgusting*. . . . Only someone as obnoxious as Kinser would play with the life of a young person in such a way. Only Kinser—who blamed a young woman's suicide on her parents and whose colleague argued herein that the Plaintiff "faked" her suicide would be this heartless, cruel, and monstrous. A monster. A monster she is. Not a lawyer; not an attorney; a monster put in a human's bodily morphology by *some mistake*. A mistake that cannot be corrected, apparently. . . . Kinser's sub-par intellect and, thereto, her inability to understand U.S. immigration law. It is not the undersigned's duty to supplement Kinser's absence of intellect with hers (although Kinser will surely benefit from the undersigned's knowledge of U.S. immigration law), nor is it this Court's duty to teach Kinser the law she so clearly does not know. . . .
>
> Yet Kinser (and Sorenson), for some reason, reached the age of mid-50s (one presumes) without getting it. It is sad. It is sad that the legal profession has come to this. But one ought not worry: The wraths of Kinsers [sic] only stait [sic] and end in a *petty cubicle* in an Embarcadero skyscraper. They will be forgotten, and their cruelty will catch them in afterlife. They are *miniscule*. There is *so much* good in the law. And one ought not let Kinsers of the world ruin law for them. Kinsers are not the law. They're a mere oddity *attached* to it. Like a gangrened finger, one must cut them out in their mind. Kinser is practicing Kinser. She is not practicing "law."

*Doe I*, at ECF No. 139 at 1, 4, 11.

> Upon reflection, the Plaintiff realized that she should be better than that administrative motion. Indeed, filing such a motion defeats what the Plaintiff has been trying to teach opposing counsel: The Judiciary is not a place to pick and choose palatable subjects (determined according to the subjective mandates of a tyrannical majority) and confer upon them— and only them—the rights and liberties the laws of this Nation bestows upon anyone within its sovereignty. So, the counsel is welcome to hold onto her Mein Kampf-esque views (*see, e.g.*, pages 120-133 in Reynal and Hitchcock translation for the exact same rhetoric and 'arguments'), delivered with the same Hitlerian

28

rhetoric and fervor and passion and conviction—because the Judiciary of this Nation is not in the business of regulating the mouths and minds of the people it is ought to serve, counsel's nauseating views cannot be enjoined by this Court.

*Doe I*, ECF No. 225 at 1–2.

> [T]he defense counsel maintains that because her clients think the Plaintiff is an *enfant terrible*, the Judiciary door's should be shut to her; or, rather, because the Court previously denied some of the Plaintiff's administrative motions (and yet granted some), that must mean that the Plaintiff is vexatious—or, rather because defense counsel finds the words "contained within [the Plaintiff's] [ . . .] lawsuit" and other motions unpalatable to her ears and subjective sense of morality and her arbitrary readings of whatever scripture (if any) she subscribes to (certainly not the one the Plaintiff subscribes or ought to subscribe to), that must mean that the Judiciary's doors should be glued from the inside to the Plaintiff.

*Doe II*, ECF No. 75 at 2 (alterations in original) (citations omitted).

> I cannot force Ms. McGarry to follow my ethical and religious code, just as she cannot force me to follow hers (which seems to be based on some rather poor and rudimentary understanding of the New Testament and its circulation as purportedly secular morality in American society).

*Doe II*, ECF No. 75-1 at 9.

> And all of this proves the Plaintiff's point:  Defense counsel thinks this Court is her Catholic Church in Nixa, MO (of which she admits being a member), where her special little ears become the arbiter of who gets to access the secular institutions of this Nation—and those that do not follow her confessional meanderings in her Catholic Church in Nixa, MO should be excluded from the judicial machinery as 'people' of this Nation.  Because this Court cannot condone this disgusting, socially regressive, nauseating view, the motion should be denied (and counsel should be disqualified being a gangrenous attachment to the institution of law).  This is the modern-day equivalent of *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393 (1857), stylized as *Doe v. Stanford*.
>
> And, more importantly, the reply brief is devoid of any mere rebuttal that the defendants are bringing this motion right now for the sole purpose of preventing the Plaintiff from seeking a redress against their unconstitutional conduct.  Indeed, the opposition concedes that.  The way to address this inconvenience caused to the defendants is not to spin the Constitution on its head but for counsel to advise her clients to stop violating the law.  (Like "Rick . . . oh Rick" violating the federal law because of his whims and because he is apparently a noble above the law of this land).

*Doe II*, ECF No. 172 at 5.

> McGarry Thinks Article III Judges Exist to Distribute Her Arbitrary Christian Beliefs about Morality and Forcefully Subject that Religious Code Upon People Who Do Not Subscribe to it and Thinks They Should Replace State and Federal Law, Harassing the Plaintiff with Her Court Filings Because She Finds the Plaintiff Not Morally Upright According to her Corrupt and Arbitrary Christian Meanderings or Syntactically Palatable to Her Arbitrary and Corrupt

29

> Ears—and McGarry Wants the Judiciary to be a 12th Century Inquisition and Wishes U.S. District Courts to Issue and Impose Modern-Day Alhambra Decrees for Jews Who Do Not Subscribe to Her *Asinine* Moral Code (Put Differently, McGarry Is a *Raging and Disgusting* Anti-Semite) . . . .
> Putting those forenamed names next to the names of McGarry and Kinser is *nauseating*—it makes one want to vomit and disgorge—and one must *vomit and disgorge*, to remind oneself that McGarry and Kinser do not reach even near the name of law—they are mere *oddities* attached to the law, *gangrenous* attachments to the law.

*Doe II*, ECF No. 88 at 5, 9.

> Let me repeat now what I had said in a declaration under the penalty of perjury:  I believe having people like counsel be members of any bar of law hurts the image of law.  It demeans it.  It reduces the image of law to petty street fistfights.  It is not what the law is.  It is not what the law represents.  She is a gangrenous attachment to the institution of law.  And like gangrene, if this Court does not cut her out, the entire judicial machinery is going to be lost to gangrene.  It is already quasi-lost precisely because of nauseating people like opposing counsel.

*Doe II*, ECF No. 175 at 2.  Plaintiff's litigation conduct is both frivolous and harassing.

The second factor—Plaintiff's motive in pursuing the litigation—also weighs in favor of a screening order.  Plaintiff has been repeatedly told that her claims are not viable and barred.  Her conduct of filing new lawsuits, in addition to her motions to reopen and disqualify state court judges, strongly suggests that she will keep filing new cases in the hope of finding a new judge to adjudicate her claims.  After reviewing the orders issued by Judge Pitts and the judges presiding over Plaintiff's state court actions, the Court can only conclude that Plaintiff's purpose is to harass Stanford and its affiliated personnel and students.

The third factor looks to whether Plaintiff is represented by counsel.  The Court is mindful that because Plaintiff is a pro se litigant, it should "tread[ ] carefully" in considering a pre-filing screening order.  *See Frost v. United States*, No. 19-cv-5190-EMC, 2020 WL 1288326, at *7 (N.D. Cal. Mar. 18, 2020) (citing *De Long*, 912 F.2d at 1147).  But the judges presiding over her cases have been patient and thoroughly heard her arguments multiple times.  Judge Pitts has repeatedly given Plaintiff every opportunity to be heard on miscellaneous administrative motions and obsessive post-appeal filings in *Doe I*.  The federal and state courts have been lenient with Plaintiff, but that leniency cannot "preempt the use of judicial time that properly could be used to consider the meritorious claims of others."  *Boustred v. Gov't*, No. 08-cv-00548-RMW, 2008 WL

United States District Court
Northern District of California

30

United States District Court
Northern District of California

4287570, at *2 (N.D. Cal. Sep. 17, 2008) (citing *De Long*, 912 F.2d at 1148). Given this long history, this factor leans in favor of a screening order.

The fourth factor—whether Plaintiff has "caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel"—is clearly in favor of a screening order. Monitoring Plaintiff's administrative motions in the two federal cases alone understandably "has required many, many hours of time on the part of Stanford's counsel"—as well as the Court's. Mot. at 10. See, e.g., *Doe I* at ECF Nos. 32, 36, 38, 42, 44, 51, 59, 60, 69, 72, 75, 76, 91, 98, 103, 113, 123, 125, 127, 141, 148,150, 162, 165, 167, 169, 172, 174. 184, 187, 190, 191, 195, 202, 204, 206, 209, 221; *Doe II* at ECF Nos. 9, 20, 24, 27, 30, 36, 41, 45, 46, 53, 55, 58, 60, 63, 69, 70, 92, 110, 137, 148, 174. Driving up expenses appears to be part of the fun for Plaintiff:

> A note to the defendants: It is often the case that when enfants terribles are tried to be dispensed with to avoid liability, those enfants often do fight back, causing much greater liability than before and than ever imagined. What a pleasure it is to use legal knowledge learned by and on the defendants' dime and use it against them (thank you, Prof. Karlan, for the 9AM ConLaw classes). And if there will be someone similarly situated like the Plaintiff, who sees the pleading a century after on the Public Record, perhaps this case can serve a testament to not be chilled by bullies represented by 4-figure-hourly-billable BigLaw bandits[.]

Doe I, ECF No. 66 at 28.

Finally, the fifth factor—whether there are less restrictive options that are adequate—is also in favor of a screening order. Given that Plaintiff has filed nearly one hundred documents in Doe I after voluntarily dismissing her claims nearly a year ago, mere dismissal of this complaint would be insufficient to stop Plaintiff's campaign. This is especially the case given that both this Court and Judge Pitts have repeatedly, patiently admonished Plaintiff to comply with the local rules and applicable standing orders to no avail. Monetary sanctions for frivolous filings would similarly waste judicial resources because any new lawsuits would have to be addressed by the Stanford Defendants and adjudicated by a judge prior to the imposition of sanctions. The Court thus finds that a pre-filing screening order is the most efficient means of deterring Plaintiff's conduct.

**D. Narrow Tailoring**

A "[n]arrowly tailored order[] [is] needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (quoting *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)).  Narrow tailoring is often accomplished by restricting the pre-filing restriction to certain entities or on certain facts.  *See, e.g.*, *Frost*, 2020 WL 1288326, at *9 (restricting pre-filing restriction to suits against "any federal entity or any current or former federal employees").  The Stanford Defendants request "an order declaring [Plaintiff] a vexatious litigant and a narrowly tailored order requiring [her] to obtain Court approval before filing any future complaints in federal court against Stanford or its personnel."

The request is sufficiently narrowly tailored.  The Stanford Defendants do not seek a blanket restriction; they seek a prefiling review requirement applicable only to future actions in federal court against Stanford or its personnel.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1)  The Stanford Defendants' motion is GRANTED.

(2)  Plaintiff is DECLARED a vexatious litigant and accordingly must obtain leave of court before filing any federal lawsuit or other action that alleges claims against Stanford or its personnel in the Northern District of California.  This order also applies to any lawsuits or other actions that Plaintiff files against Stanford or its personnel in state court that are removed to the Northern District of California.

(3)  The Clerk of Court SHALL NOT accept for filing any lawsuit or other action alleging claims against Stanford or its personnel until it has been reviewed by the General Duty Judge and approved for filing.  The Clerk SHALL forward any such lawsuit or other action to the General Duty Judge for pre-filing screening.

(4)  In order to file any new lawsuit or other action against Stanford or its personnel, Plaintiff must file an application for leave to file, and the paper shall bear the caption "Application Seeking Leave to File."  The application SHALL be supported by a declaration by plaintiff stating that:

a. The matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court;

b. The claim or claims are not frivolous or made in bad faith;

c. Plaintiff has conducted a reasonable investigation of the facts and investigation supports her claim or claims.

A copy of this order SHALL be attached to any application. Failure to fully comply with this order will be sufficient grounds for denial of the application.

**IT IS SO ORDERED.**

Dated: July 31, 2026

_____
BETH LABSON FREEMAN
United States District Judge

33