JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSÉ DIVISION

|  |  |
|---|---|
| JANE DOE, an individual, | Case No.: 5:26-cv-03809-BLF |
| Plaintiff, | **ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING AS PER FED R CIV P 62.1** |
| v. | |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*, | Before the Honorable Beth Labson Freeman |
| Defendants. | RE: ECF No.s. 209, 211 |

1

ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING AS PER FED R CIV P 62.1
5:26-cv-03809-BLF

Plaintiff Jane Doe hereby moves this Honorable Court for an indicative ruling under Federal Rules of Civil Procedure 62.1 on this Court's judgement of dismissal, *see* Dkt. No. 209, which has been appealed and is pending adjudication before the United States Court of Appeals for the Ninth Circuit.

On July 31, 2026, this Court issued a judgement against the Plaintiff and granted the defendants' motions to dismiss with no leave to amend to all causes of action. The Plaintiff appealed on that order the same day under 28 U.S.C. § 1291. *See also Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). The Plaintiff filed in the Ninth Circuit, *inter alia,* an appellant's opening brief and an emergency motion pending appeal. *See Doe v. Board of Trustees of Leland Stanford Junior University, et al.*, no. 26-4997 (9th Cir. 2026) (appeal docketed on August 4, 2026), docket numbers 4 and 11. *See also* Dkt. No. 216.

Generally, Federal Rules of Civil Procedure 62.1 provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "mistake." The Supreme Court has held that "mistake" in this context includes judicial legal errors. *Kemp v. United States*, 596 U.S. 528, 538-39, 142 S. Ct. 1856, 213 L. Ed. 2d 90 (2022) ("[N]othing in the text, structure, or history of 60(b) persuades us to narrowly interpret the otherwise broad term "mistake" to exclude judicial errors of law."); *see also* 11 Wright & Miller, Fed. Prac. & Proc. § 2858.1 (3d ed. 2025). Since the underlying order and judgement are on appeal to the Ninth Circuit, this Court lacks jurisdiction to amend the order. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). But Civil Rule 62.1 allows the Court to issue an indicative ruling under these circumstances. Fed. R. Civ. P. 62.1(a)(2)-(3); *Jones v. Morgan*, No. 24-2271, 2024 U.S. App. LEXIS 17874, 2024 WL 3437590, at *1 (9th

ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING AS PER FED R CIV P 62.1

5:26-cv-03809-BLF

Cir. June 20, 2024) (non-precedential)[1]; *see also United States v. $1,026,781.61 in Funds from Fla. Capitol Bank,* No. CV 09-04381 JVS MLGX, 2013 U.S. Dist. LEXIS 69969, 2013 WL 1943436, at *5 (C.D. Cal. Apr. 16, 2013).

There is no reason to rehash arguments that the Appellant believes is meritorious as to why this Court erred in its application of the state action doctrine on the adjudication of this case. However, this Court seems to have erred in a peculiarly grave way that the Plaintiff-Appellant thought this Court may wish to correct before the appellate proceeding on this Court's judgement ensues in the interests of judicial economy and the parties' resources. "Indicative rulings" are incredibly rare, and a district court should only issue them in extraordinary circumstances." *C.Q. v. River Springs Charter Schs*, No. CV 18-cv-1017 SJO (SHKx), 2018 LX 82761, at *6 (C.D. Cal. Nov. 27, 2018); *Lee v. Mike's Novelties, Inc.*, No. LACV1002225JAKJCX, 2014 WL 12696892, at *2 (C.D. Cal. July 14, 2014).

This Court's judgement of dismissal—which, in part, strongly depends on its finding of law that there was no state action—revolved solely around Defendant Shaw's relationship with Defendant Stanford University Department of Public Safety (SDPS) and, in part, its reading of *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1230 (9th Cir. 1996) and *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 814 (9th Cir. 2010). The Court concluded, thereafter, that the allegations of the complaint most show what "Mr. Shaw [did] in his private capacity[.]" Dkt. No. 209 at 10. Again, there is no need to rehash arguments this Court already addressed—with

---

[1] Unpublished Ninth Circuit opinions are not precedent, but the Court considers the unpublished decisions cited in this order for their persuasive value. *See* Fed. Rules of Appellate Procedure Rule 32.1; *see also* 9th. Cir. Rule 36-3.

3

ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING AS PER FED R CIV P 62.1

5:26-cv-03809-BLF

respect to *George* and *Caviness*—but the Court seems to have made an error of law and facts in this determination beyond its reliance on *George* and *Caviness*. The Court seems to recognize that the Plaintiff may be able to carve out a "liberty interest in her continued SEVIS record." *Id*. at 8: 28. The Court recognizes that it was Mr. Shaw and his actions that resulted in the Plaintiff's revocation of her SEVIS record "without notice and an opportunity to be heard." *Id*. at 9. The Court does not engage in any analysis, however, **as the Plaintiff attempted to persuade this Court**, that the action of controlling SEVIS records may be state action taken under the color of state law.

Applying the customary analysis herein provided by *Lugar v. Edmondson Oil Co*., Inc., 457 U.S. 922, 939 (1982), it is not difficult to see that Defendant Shaw, acting on behalf of the University, could be assumed to be a private party that acted under the color of law and engaged in state action. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937 (emphasis added). Here, the deprivation unquestioningly resulted from the University's "exercise of some right or privilege created by the State or by a rule of conduct imposed by the State" by the federal government. Here, by certifying the university under 8 C.F.R. § 214.3(a), the federal government gave the University "some right or privilege[.]" And, acting on behalf of that privilege and right, when the University revoked the Plaintiff's SEVIS status, it "depende[d] on [that] [government] authority" and engaged in action under the color of law. *See Lindke v. Freed*, 601 U.S. 187, 199 (2024), citing *Polk County v. Dodson*, 454 U. S. 312,

ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING AS PER FED R CIV P 62.1
5:26-cv-03809-BLF

318-319 (1981).

Not only is this the only sensible outcome from *Lugar*'s tiered framework, but, also, being able to prevent someone from entering the United States is both a public function on the side of the University, *see Rendell-Baker v. Kohn*, 457 U.S. 830 (1982), and immigration control is exclusive and historical prerogative of the State. *See Lee v. Katz*, 276 F.3d 550, 557 (9th Cir. 2002). As such, even if there was no close nexus between Defendant Shaw and SDPS, Defendant Shaw's actions, on their own, were state actions, as the Plaintiff argued in the proceedings before this Court.

Accordingly, the Plaintiff moves this Court for an indicative ruling under Federal Rules of Civil Procedure 62.1 as to whether the Court will reconsider its mistake under Federal Rules of Civil Procedure 60 to relieve the parties from its judgement. Provided that the Court intends to indicate its intent to reconsider its order, the Plaintiff shall petition the Ninth Circuit to remand this matter so that this Court may consider this legal error. *Gould v. Mut. Life Ins. Co.*, 790 F.2d 769 (9th Cir. 1986).

So submitted,


DATED: August 7, 2026.


/s/ Jane Doe

JANE DOE
*In Propria Persona*

ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING AS PER FED R CIV P 62.1
5:26-cv-03809-BLF