JANE DOE
c/o Secretary of State, Safe at Home
P.O. Box 1198
Sacramento, CA 95812

Plaintiff, In Propria Persona

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSÉ DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>*v.*<br><br>BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, *et al.*,<br><br>Defendants. | Case No.: 5:26-cv-03809-BLF<br><br>**ADMINISTRATIVE MOTION FOR AN INDICATIVE RULING** |

Plaintiff Jane Doe hereby moves this Honorable Court for an indicative ruling under Federal Rules of Civil Procedure 62.1 on this Court's order declaring the Plaintiff vexatious, *see* Dkt. No. 210, which has been appealed and is pending adjudication before the United States Court of Appeals for the Ninth Circuit. On July 31, 2026, this Court issued an order declaring the Plaintiff vexatious. The Plaintiff appealed on that order the same day. *See also* Dkt. No. 216.

Generally, Federal Rules of Civil Procedure 62.1 provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," *inter alia*, "mistake." The Supreme Court has held that "mistake" in this context includes judicial legal errors. *Kemp v. United States*, 596 U.S. 528, 538-39, 142 S. Ct. 1856, 213 L. Ed. 2d 90 (2022) ("[N]othing in the text, structure, or history of [Rule] 60(b) persuades us to narrowly interpret the otherwise broad term 'mistake' to exclude judicial errors of law."); *see also* 11 Wright & Miller, Fed. Prac. & Proc. § 2858.1 (3d ed. 2025). Since the underlying order and judgement are on appeal to the Ninth Circuit, this Court lacks jurisdiction to amend the order. *See Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). But Civil Rule 62.1 allows the Court to issue an indicative ruling under these circumstances. Fed. R. Civ. P. 62.1(a)(2)- (3); *Jones v. Morgan*, No. 24-2271, 2024 U.S. App. LEXIS 17874, 2024 WL 3437590, at *1 (9th Cir. June 20, 2024) (non-precedential) ; *see also United States v. $1,026,781.61 in Funds from Fla. Capitol Bank*, No. CV 09-04381 JVS MLGX, 2013 U.S. Dist. LEXIS 69969, 2013 WL 1943436, at *5 (C.D. Cal. Apr. 16, 2013). "Indicative rulings" are rare, and a district court should only issue them in extraordinary circumstances. *C.Q. v. River Springs Charter Schs*, No. CV 18-cv-1017 SJO (SHKx), 2018 LX 82761, at *6 (C.D. Cal. Nov. 27, 2018); *Lee v. Mike's Novelties, Inc.*, No. LACV1002225JAKJCX, 2014 WL 12696892, at *2 (C.D. Cal. July 14, 2014).

Given that the Plaintiff's right to sufficient procedural due process before the entry of an injunction against her "is clear and indisputable[,]" *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 98 L. Ed. 106, 74 S. Ct. 145 (1953) (internal quotation omitted), the Plaintiff is of the opinion that a writ of mandamus is a proper remedy to "confine [this Court] to a lawful exercise of its prescribed jurisdiction[,][1]" *Taiwan v. U.S. Dist. Court for the Northern Dist. of Cal*., 128 F.3d 712, 717 (9th Cir. 1997), because "no other adequate means [including a statutory appeal] […] to attain the relief […] she desires" is available to her and that the Plaintiff is being "damaged [and] prejudiced in a way not correctable on appeal[,]" *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977), because "[t]he loss of First Amendment freedoms, **for even minimal periods of time**, unquestionably constitutes irreparable injury." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (emphasis added). The Plaintiff intends to file a petition for a writ of mandamus with the Ninth Circuit to compel this Court to vacate its pre-filing injunction and compel this Court to provide the Plaintiff with a reasonably-calculated notice and a live hearing to contest the entry of such an order. Because it is in the interests of judicial economy for the Ninth Circuit to not be burdened by a writ of mandamus when the error, as here, is as clear, the Plaintiff brings this motion with the hopes that the Court will realize that it should have provided the Plaintiff sufficient process before the entry of such an injunction. A copy of a draft of the writ petition is appended as Exhibit A to this motion.

While the Plaintiff understands that this Court is of the belief that no hearing is required for the entry of such an injunction, the Court's position goes against well-established procedural due

[1] Lack of sufficient due process is a jurisdictional defect. *See, e.g. McDonald v. Mabee*, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608 (1917).

process authority in the Ninth Circuit. *See Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D.Cal. Dec. 20, 2013) (opinion of Freeman, J.) (vocalizing that a hearing is not required before the entry of a pre-filing injunction). For this position, the Court cited the following authorities: *Reddy v. MedQuist, Inc.*, No. CV 12-01324 PSG, 2012 U.S. Dist. LEXIS 171421 (N.D. Cal. Dec. 3, 2012); *Davis v. Fitzgerald*, No. 2:12-CV-1939 JCM (NJK), 2013 U.S. Dist. LEXIS 94668, at *19 n.10 (D. Nev. July 8, 2013); *Fiechtner v. Young*, No. CV 13-9-M-DLC-JCL, 2013 U.S. Dist. LEXIS 31086, at *8 (D. Mont. Feb. 6, 2013); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

***First***, all of these authorities, except the Tenth Circuit case, cited *Molski v. Evergreen Dynasty* Corp., 500 F.3d 1047, 1058 (9th Cir. 2007). In its pertinent part, the Ninth Circuit noted, in *Molski*, that "Molski had the opportunity to oppose the motion, both in writing **and at a hearing**." *Molski*, *ibid.* (emphasis added). For this proposition, the Ninth Circuit cited *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) but added a "cf."[2] notation before the citation and noted that "in a case involving sanctions levied **against an attorney**, that 'an opportunity to be heard does not require an oral or evidentiary hearing on the issue,' but instead that '[t]he opportunity to brief the issue fully satisfies due process requirements'[.]" *Molski, ibid* (emphasis added). And the district court in *Molski* entered a pre-filing injunction while *Molski* was represented by counsel and levied sanctions against Molski's any future counsel from prosecution claims related to the Americans with Disabilities Act (Molski had filed 400 such cases in one

---

[2] Cf. is an abbreviation for the Latin word *confer* or *conferatur*, meaning "compare." Cf. is a signal indicating that the cited source supports a **different claim** (proposition) than the one just made, that it is worthwhile to compare the two claims and assess the difference.

judicial district). Because the Court in the instant case was not entertaining a sanctions motion levied against an attorney but entered a sanctions motion that substantially affects the liberty interest of a natural person, as delineated *infra*, such an entry requires, as delineated *infra*, a live hearing. And even in the context of a sanctions levied against an attorney did the *Molski* district court held a live hearing.

***Second***, though the Tenth Circuit concluded that a live hearing might not be necessary in this context, the Ninth Circuit has indicated substantial doubt as to whether **even a live hearing** complies with the mandates of procedural due process in this context. The former Chief Judge Kozinski, for instance, seriously doubted whether the process provided to Molski's counsel, even where a live hearing was held, was sufficient. He wrote,

> "The district court had no power to make such findings, nor a record to base them on,
>
> because it never held an evidentiary hearing. […] Oh, sure, the docket indicates (somewhat misleadingly) that a 'hearing' was held on the vexatious litigant motion, but it plainly was not an evidentiary hearing. What happened instead is this: The judge spent the first half of the hearing berating Molski and his lawyers, in pretty much the same terms as his subsequent order--which suggests that his views were cast in cement by the time of the 'hearing.' *Compare* Excerpts of Record (ER) 1094 ('After examining plaintiff's extensive collection of lawsuits . . . .'), and ER 1097 ('The Court simply does not believe that Molski suffered 13 identical injuries generally to the same part of his body, in the course of performing the same activity, over a five-day period.'), *with* Mandarin Touch Restaurant, 347 F. Supp. 2d at 864 ('After examining Plaintiff's extensive collection of lawsuits . . . .'", and id. at 865 ('The Court simply does not believe that Molski suffered 13 nearly identical injuries, generally to the same part of his body, in the course of performing the same activity, over a five-day period.'). After the judge was done, Molski's counsel was allowed to address the court, ER 1102-06, but no witnesses testified, no evidence was presented, there was no cross-examination and there were no evidentiary rulings--in short, there was no trial. Molski, whose veracity the district court impugned, was not even present. How then did the judge manage to make factual findings, and how does this panel affirm those findings on appeal?"

*Molski,* 521 F.3d 1215, 1221 (2008) (KONZINSKI, J., dissental).

Although sanctions orders can be issued without a hearing and with written briefing only (and, for instance, when vexatiousness orders are imposed on attorneys for litigation abuse as

sanctions), *see Molski*., 500 F.3d at1059, because the Court herein is interfering with a protected liberty interest of a natural person (instead of enjoining an attorney representing someone else's petition to the government for redress of grievances), it had to provide the Plaintiff with a hearing. Liberty interests "may arise **from the Constitution itself**, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (emphasis added). The right to petition is "one of the most **precious of the liberties** safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524-25, 122 S. Ct. 2390, 153 L. Ed. 2d 499 (2002) (emphasis added). And because the Plaintiff's good name and honor are affected by the Court's inclusion of the Plaintiff in a list that is available to the clerk of the court, the Plaintiff's liberty interest is implicated. *See Wisconsin v. Constantineau*, 400 U.S. 433 (1971). As such, the right to some kind of hearing herein is of paramount importance. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972).

Of course, the Plaintiff does not contest the fact that due process is rigid. It is not. *Mathews v. Eldridge*, 424 U.S. 319 (1976). But the Court herein is putting the Plaintiff on a scarlet-letter list with having provided no opportunity to the Plaintiff to adequately explain herself and showcase that the defendants' misrepresentations of the Plaintiff's litigation activity over the course of her entire life against different parties, on different claims, in just 4 substantive state-court cases and because of "motions practice over the course of **just <u>two</u> federal lawsuits**[,]" *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1067 (9th Cir. 2014) (emphasis added). Due process requires more.

***Third***, this Court's previous order seems to show that the Court was intending to hold a hearing but it did not because of an administrative motion filed by the Plaintiff. *See* Dkt. No. 224.

But the Court misconstrues the Plaintiff's motion: The Plaintiff indicated that **in the case that the Court concluded that she was going to deny the motion, no hearing is needed for that denial.** *See* Dkt. No. 193. The Plaintiff did not move this Court to vacate the hearing if it was inclined to actually grant the motion, because granting the motion would require a hearing, while denying it would not because the denial does not interfere with a protected a liberty interest. It appears that the Court was willing to hold a hearing but it did not because it misunderstood the Plaintiff's administrative motion.

As it happens, this was a case of "[d]isputes arousing [very] **deep passions**" one that "c[a]me to the courtroom[,]" *Liteky v. United States*, 510 U.S. 540, 564, 114 S. Ct. 1147, 1162 (1994) (KENNEDY, J., concurring). The Plaintiff's language should have perhaps been more dulcet. But the Court cannot use those deep passions with which this case was imbued to deprive the Plaintiff of a protected liberty interest and bar her from ever having standing in the Federal Judiciary without at least letting her showcase that she has not, as defendants claim, sued them '15 times' over the same legal subject-matter.

Because a scintilla of belief in due process requires more, the Court should indicate its desire to vacate the injunction, hold an evidentiary hearing, and then determine whether, based on a proper and corrected record, one that is not corrupted by opposing counsel, it will still enter the said injunction. To the extent that the Court does so, the Plaintiff shall petition the Ninth Circuit for a partial remand on the vexatiousness injunction.

DATED: September 21, 2026.

*/s/ Jane Doe*

JANE DOE
*In Propria Persona*